Brian E. Klein (Bar No. 258486)
  bklein@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiff*
*Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC., a corporation; and DOES 1 through 20,<br><br>              Defendants. | Case No. 5:22-cv-03699-EJD (VKD)<br><br>**DECLARATION OF JOSE R. NUÑO IN SUPPORT OF DR. ANDREW FORREST'S MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Edward J. Davila<br><br>Hearing Date: January 19, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Trial Date: Not yet set<br><br>Concurrently Filed with the Notice of Motion and Motion for Leave to Amend the Second Amended Complaint; Request for Judicial Notice; [Proposed] Order |

I, Jose R. Nuño, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice in the United States District Court for the Northern District of California.  I am an attorney at Waymaker LLP, counsel of record to Plaintiff Dr. Andrew Forrest ("Dr. Forrest") in this action.  I make this Declaration in support of Dr. Forrest's Motion for Leave to Amend his Second Amended Complaint ("Motion"). I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2.      On September 17, 2021, Dr. Forrest filed his complaint against defendant Facebook, Inc. ("Facebook"), and filed his first amended complaint ("FAC") on November 12, 2021, both in San Mateo County Superior Court. The FAC asserted five causes of action, inclusive of a cause of action for negligent design.

3.      After several extensions of Facebook's responsive pleading deadline, Facebook demurred to the FAC on January 18, 2022. The matter was fully briefed and set for hearing on April 22, 2022 in front of San Mateo Superior Court Judge, Robert D. Foiles.

4.      On April 21, 2022, Judge Foiles issued a tentative ruling sustaining Facebook's demurrer to the first through fourth causes of action without prejudice, and to the fifth cause of action for negligent design, without leave to amend. With respect to this cause of action, the only reasoning Judge Foiles gave for dismissing the claim with prejudice was that: "Plaintiff cites no authority holding that the legal theory of products liability, including duty of care, extends to interactive computer services."  A true and correct copy of Judge Foiles' April 21, 2022 tentative order is attached here as Exhibit A.  On April 22, 2022, Judge Foiles heard oral argument on the demurrer.

5.      On May 4, 2022, Judge Foiles entered his order affirming his tentative ruling in its entirety, except that Dr. Forrest was granted until June 3, 2022, to file a second amended complaint as to the first four causes of action ("Order"). A true and correct copy of Judge Foiles' May 4, 2022 Order is attached here as Exhibit B and is Docket Entry No. 1-2 in this Action.

6.      On May 5, 2022, Judge Foiles' court clerk served notice of the Order by mail.  A true and correct copy of the May 5, 2022 notice is attached here as Exhibit C.

7.      After receiving the Order, my office began preparing a Writ of Mandate to file in the California Appellate Court to challenge Judge Foiles' dismissal of the negligent design claim with prejudice. The entire writ was drafted and complete and Dr. Forrest was days away from filing the writ at the time Facebook removed this case to federal court on June 23, 2022. Based on my understanding, Dr. Forrest's deadline to file his writ was July 5, 2022.

/ / /

/ / /

/ / /

8.      On July 14, 2022, Donald Pepperman, an attorney at my office, sent an email to Facebook's counsel notifying Facebook about the instant motion and asking whether Facebook would stipulate or consent to allow Dr. Forrest to file a third amended complaint to add back his claim for negligent design. Dr. Forrest offered to provide Facebook with a draft of the third amended complaint for review.  Facebook responded that same day that it would not stipulate without bothering to review the proposed third amended complaint.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 25th day of July, 2022, at Los Angeles, California.

_____
          Jose R. Nuño

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

Law and Motion Calendar
Judge: HONORABLE ROBERT D FOILES
Department 21

400 County Center, Redwood City
Courtroom 2J

Friday, April 22, 2022

IF YOU *INTEND TO APPEAR* ON ANY CASE ON THIS CALENDAR, YOU MUST DO EITHER #1 OR #2, AND YOU MUST DO #3 OF THE FOLLOWING:

1. EMAIL Dept21@Sanmateocourt.org BEFORE 4:00 P.M. CONTEMPORANEOUSLY COPIED TO ALL PARTIES OR THEIR COUNSEL OF RECORD. IF BY EMAIL, IT MUST INCLUDE THE NAME OF THE CASE, THE CASE NUMBER, AND THE NAME OF THE PARTY CONTESTING THE TENTATIVE RULING

2. YOU MUST CALL (650) 261-5121 BEFORE 4:00 P.M. AND FOLLOW THE INSTRUCTIONS ON THE MESSAGE.

3. You must give notice before 4:00 P.M. to all parties of your intent to appear pursuant to California Rules of Court 3.1308(a)(1).

Failure to do both items 1 or 2, and 3 will result in no oral presentation.

At this time, *appearances can be by Zoom Video or by Personal Appearance*. Sign in using your first and last name. Mute your line until your case is called. RECORDING OF A COURT PROCEEDING IS PROHIBITED. PERSONAL APPEARANCES ALLOWED.

Zoom Video Information: NEW CREDENTIALS BELOW (AS OF 07/13/21):
https://sanmateocourt.zoomgov.com/
Meeting ID: 161 328 2775
Password: 392539
Please note: Zoom Meeting can be joined directly from Judge Foiles' page on the court's website.

TO ASSIST THE COURT REPORTER, the parties are ORDERED to: (1) state their name each time they speak and only speak when directed by the Court; (2) not to interrupt the Court or anyone else; (3) speak slowly and clearly; (4) use a dedicated land line if at all possible, rather than a cell phone; (5) if a cell phone is absolutely necessary, the parties must be stationary and not driving or moving; (6) no speaker phones under any circumstances; (7) provide the name and citation of any case cites; and (8) spell all names, even common names.

| Case | Title / Nature of Case |

---

9:00
LINE: 6

21-CIV-05055   DR. ANDREW FORREST VS. FACEBOOK, INC.


DR. ANDREW FORREST                      BRIAN E. KLEIN
FACEBOOK, INC.                          JACOB M. HEATH

---

HEARING ON DEMURRER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANT
FACEBOOK, INC.
**TENTATIVE RULING:**

**Demurrer based on Communications Decency Act**

Demurrer to the entire complaint based on the Communications Decency
Act ("CDA") is sustained as to the first, second, third, fourth, and
fifth causes of action. (47 U.S.C. § 230, subd. (c)(1).)

In *Force v. Facebook*, the plaintiffs were survivors of persons who
were killed in Israel by members of Hamas. The plaintiffs alleged that
Facebook was liable for "giving Hamas a forum with which to
communicate and for actively bringing Hamas' message to interested
parties." Like Plaintiff Forrest, the plaintiffs in *Force* alleged that
Facebook "does not act as a publisher," because "it uses algorithms to
suggest content to users, resulting in 'matchmaking.'" The Court of
Appeal held that using "matchmaking" algorithms to direct content to
readers is a function of a publisher. "[A]rranging and distributing
third-party information inherently forms 'connections' and 'matches'
among speakers, content, and viewers of content, whether in
interactive internet forums or in more traditional media. That is an
essential result of publishing." (*Force v. Facebook, Inc*. (2d Cir.
2019) 934 F.3d 53, 66.)

Like a publisher, Facebook decided "where . . . particular third-party
content should reside and to whom it should be shown. . . ., [and]
what type and format of third-party content they will display." (*Force
v. Facebook, Inc*. (2d Cir. 2019) 934 F.3d 53, 66-67.)

> Facebook's algorithms might cause more such
> "matches" than other editorial decisions. But that
> is not a basis to exclude the use of algorithms
> from the scope of what it means to be a
> "publisher" under Section 230(c)(1). The matches
> also might . . . present users with targeted
> content of even more interest to them . . . . But
> it would turn Section 230(c)(1) upside down to
> hold that Congress intended that when publishers
> of third-party content become especially adept at

performing the functions of publishers, they are
no longer immunized from civil liability.

(Id.)

The *Force* case involved algorithms that directed content to readers
who might be more interested in the content ("matchmaking") Plaintiff
Forrest's complaint repeatedly describes Facebook's acts as "curating
the user experience." Without defining "curating," Plaintiff alleges
that Facebook is doing exactly what it was doing in the *Force* case:
using algorithms to direct content to a subset of users based on those
users' interests and demographics ("data points" (see FAC ¶¶ 3-4, 11,
53, 57, 71.)

As in *Force*, Forrest's claims are based on Facebook's using automation
to determine where certain ads are seen and by whom. Facebook is being
sued for its role as a publisher of ads. Therefore, Section 230(c)(1)
immunizes Facebook from liability for all claims arising from
Facebook's role as a publisher.

Demurrers to the first, second, third, fourth, and fifth claims are be
sustained because each of those claims is based on allegations that
Facebook committed acts in the role of a publisher, which Section
230(c)(1) precludes.

**Additional Grounds for Sustaining Demurrer**

In addition to immunity under the CDA, demurrer to the Second, Fourth,
and Fifth causes of action is sustained for the following reasons.

Demurrer to the Second Cause of Action is sustained because
"substantial assistance" may occur only when the Defendant's "own
conduct, separately considered, constitutes a breach of duty to the
third person." (*Saunders v. Super. Ct*. (1994) 27 Cal. App.4th 832,
846.) "It is essential that the defendant's own conduct was tortious.
The particular defendant who is to be charged with responsibility must
have proceeded tortiously - i.e., with intent to commit a tort or with
negligence." (*Coffman v. Kennedy* (1977) 74 Cal. App. 3d 28, 32.) The
FAC does not allege any acts by Facebook that are independently
tortious.

Demurrer to the Fourth Cause of Action is sustained because a duty to
warn does not exist absent a special relationship between Facebook and
Plaintiff. (*Tarasoff v. Regents of Univ. of Cal*. (1976) 17 Cal. 3d
425, 435.) Plaintiff Forrest argues that a special relationship is
required only when "nonfeasance" causes harm, whereas Plaintiff
alleges "misfeasance." (Opp. at 12-13.) The alleged misfeasance,
however, consists of acts of a publisher, which are immunized by the
CDA.

Demurrer to the Fifth Cause of Action is sustained without leave to amend because Negligent design is a products liability concept. (See Opp. at 12:16-18.) Plaintiff cites no authority holding that the legal theory of products liability, including duty of care, extends to interactive computer services.

**Terms of Service and Statute of Limitations Arguments Lack Merit.**

1.    Demurrer based on Terms of Service lacks merit. The Terms of Service document provides that the Terms govern "your" use of Facebook.  (Mov. RJN, Ex. A, at p.1.) The claims in the FAC are not based on Plaintiff's use of Facebook; they are based on Facebook's conduct. Therefore, the Terms of Service do not apply to Forrest's claims. The claims asserted by Forrest  could be asserted by a person who never used Facebook, but suffered the same harm. It is unreasonable to hold that the Terms of Service are a defense against a Facebook user, but not against a non-Facebook user who has suffered the same harm.

2.    Demurrer based on statute of limitations lacks merit. The demurrer is based on the allegation that Forrest knew of his claims "on or about late March 2019." (Mov. at 20:10.) When a Complaint alleges that a cause of action accrued "on or about" a specific date, a statute-of-limitations argument does not support demurrer. (*Childs v. State of California* (1983) 144 Cal. App. 3d 155, 159-60.) Further, Judicial Council Emergency Rule 9.12 extends the limitations period for six months. Even if "on or about late March 2019" could be an operative date of accrual, the six-month tolling extends the limitations period to some unspecified date in September 2021. The demurrer does not establish that the common law claims are time-barred as a matter of law.

**Ruling**

Demurrer is sustained as to all causes of action. Plaintiff is granted leave of court to file and serve a Second Amended Complaint addressing the above defects, except for the Fifth Cause of action for which leave is not granted, no later than May 20, 2022.

If the tentative ruling is uncontested, it shall become the order of the Court. Thereafter, counsel for Defendant Facebook, Inc.  shall prepare a written order consistent with the Court's ruling for the Court's signature, pursuant to California Rules of Court, Rule 3.1312, and provide written notice of the ruling to all parties who have appeared in the action, as required by law and the California Rules of Court.



**EXHIBIT B**

1  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
4  Facsimile:    +1 650 614 7401

5  Attorneys for Defendant
   FACEBOOK, INC.
6

Electronically
**FILED**
By Superior Court of California, County of San Mateo
ON        05/05/2022
By    /s/  Jimenez, Vanessa
        **Deputy Clerk**

Electronically
**RECEIVED**
4/26/2022

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN MATEO

10

11  DR. ANDREW FORREST, an individual,        Case No. 21-CIV-05055

12              Plaintiff,                     **[PROPOSED] ORDER SUSTAINING
                                              DEFENDANT FACEBOOK INC's
13      v.                                     DEMURRER**

14  FACEBOOK, INC., a Delaware Corporation,    Hearing Date:      April 22, 2022
    and DOES 1 through 20, inclusive,          Time:              9am
15                                             Dept:              Department 21
                Defendant.                     Judge:             Robert D. Foiles
16                                             Trial Date:        None Set
                                               Date Action Filed: September 17, 2021
17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

On April 22, 2022, the Court heard oral argument on Defendant Facebook, Inc.'s ("Facebook") demurrer ("Demurrer") to Plaintiff Dr. Andrew Forrest's First Amended Complaint ("FAC"). After hearing and considering the parties' positions as to the Demurrer, the Court adopted its April 21, 2022 tentative ruling ("Tentative Ruling") sustaining the Demurrer with prejudice as to the Fifth Cause of Action of Plaintiff's FAC and without prejudice as to First through Fourth Causes of Action of the FAC.

The Court granted Plaintiff until June 3, 2022 to file and serve a Second Amended Complaint with respect to the First through Fourth Causes of Action. The Tentative Ruling, attached to this order as **Exhibit A**, is otherwise adopted.

**IT IS ORDERED.**

Electronically
**SIGNED**
By /s/ Foiles, Robert
05/04/2022

Dated _____, 2022

_____
HON. ROBERT D. FOILES
JUDGE OF THE SUPERIOR COURT

# EXHIBIT A

9:00
LINE: 6

21-CIV-05055   DR. ANDREW FORREST VS. FACEBOOK, INC.


DR. ANDREW FORREST                        BRIAN E. KLEIN
FACEBOOK, INC.                            JACOB M. HEATH

HEARING ON DEMURRER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANT
FACEBOOK, INC.
**TENTATIVE RULING:**

**Demurrer based on Communications Decency Act**

Demurrer to the entire complaint based on the Communications Decency
Act ("CDA") is sustained as to the first, second, third, fourth, and
fifth causes of action. (47 U.S.C. § 230, subd. (c)(1).)

In *Force v. Facebook*, the plaintiffs were survivors of persons who
were killed in Israel by members of Hamas. The plaintiffs alleged that
Facebook was liable for "giving Hamas a forum with which to
communicate and for actively bringing Hamas' message to interested
parties." Like Plaintiff Forrest, the plaintiffs in *Force* alleged that
Facebook "does not act as a publisher," because "it uses algorithms to
suggest content to users, resulting in 'matchmaking.'" The Court of
Appeal held that using "matchmaking" algorithms to direct content to
readers is a function of a publisher. "[A]rranging and distributing
third-party information inherently forms 'connections' and 'matches'
among speakers, content, and viewers of content, whether in
interactive internet forums or in more traditional media. That is an
essential result of publishing." (*Force v. Facebook, Inc*. (2d Cir.
2019) 934 F.3d 53, 66.)

Like a publisher, Facebook decided "where . . . particular third-party
content should reside and to whom it should be shown. . . ., [and]
what type and format of third-party content they will display." (*Force
v. Facebook, Inc*. (2d Cir. 2019) 934 F.3d 53, 66–67.)

> Facebook's algorithms might cause more such
> "matches" than other editorial decisions. But that
> is not a basis to exclude the use of algorithms
> from the scope of what it means to be a
> "publisher" under Section 230(c)(1). The matches
> also might . . . present users with targeted
> content of even more interest to them . . . . But
> it would turn Section 230(c)(1) upside down to
> hold that Congress intended that when publishers
> of third-party content become especially adept at

> performing the functions of publishers, they are
> no longer immunized from civil liability.

(Id.)

The *Force* case involved algorithms that directed content to readers
who might be more interested in the content ("matchmaking") Plaintiff
Forrest's complaint repeatedly describes Facebook's acts as "curating
the user experience." Without defining "curating," Plaintiff alleges
that Facebook is doing exactly what it was doing in the *Force* case:
using algorithms to direct content to a subset of users based on those
users' interests and demographics ("data points" (see FAC ¶¶ 3-4, 11,
53, 57, 71.)

As in *Force*, Forrest's claims are based on Facebook's using automation
to determine where certain ads are seen and by whom. Facebook is being
sued for its role as a publisher of ads. Therefore, Section 230(c)(1)
immunizes Facebook from liability for all claims arising from
Facebook's role as a publisher.

Demurrers to the first, second, third, fourth, and fifth claims are be
sustained because each of those claims is based on allegations that
Facebook committed acts in the role of a publisher, which Section
230(c)(1) precludes.

**Additional Grounds for Sustaining Demurrer**

In addition to immunity under the CDA, demurrer to the Second, Fourth,
and Fifth causes of action is sustained for the following reasons.

Demurrer to the Second Cause of Action is sustained because
"substantial assistance" may occur only when the Defendant's "own
conduct, separately considered, constitutes a breach of duty to the
third person." (*Saunders v. Super. Ct.* (1994) 27 Cal. App.4th 832,
846.) "It is essential that the defendant's own conduct was tortious.
The particular defendant who is to be charged with responsibility must
have proceeded tortiously - i.e., with intent to commit a tort or with
negligence." (*Coffman v. Kennedy* (1977) 74 Cal. App. 3d 28, 32.) The
FAC does not allege any acts by Facebook that are independently
tortious.

Demurrer to the Fourth Cause of Action is sustained because a duty to
warn does not exist absent a special relationship between Facebook and
Plaintiff. (*Tarasoff v. Regents of Univ. of Cal.* (1976) 17 Cal. 3d
425, 435.) Plaintiff Forrest argues that a special relationship is
required only when "nonfeasance" causes harm, whereas Plaintiff
alleges "misfeasance." (Opp. at 12-13.) The alleged misfeasance,
however, consists of acts of a publisher, which are immunized by the
CDA.

Demurrer to the Fifth Cause of Action is sustained without leave to amend because Negligent design is a products liability concept. (See Opp. at 12:16-18.) Plaintiff cites no authority holding that the legal theory of products liability, including duty of care, extends to interactive computer services.

**Terms of Service and Statute of Limitations Arguments Lack Merit.**

1.   Demurrer based on Terms of Service lacks merit. The Terms of Service document provides that the Terms govern "your" use of Facebook.   (Mov. RJN, Ex. A, at p.1.) The claims in the FAC are not based on Plaintiff's use of Facebook; they are based on Facebook's conduct. Therefore, the Terms of Service do not apply to Forrest's claims. The claims asserted by Forrest  could be asserted by a person who never used Facebook, but suffered the same harm. It is unreasonable to hold that the Terms of Service are a defense against a Facebook user, but not against a non-Facebook user who has suffered the same harm.

2.   Demurrer based on statute of limitations lacks merit. The demurrer is based on the allegation that Forrest knew of his claims "on or about late March 2019." (Mov. at 20:10.) When a Complaint alleges that a cause of action accrued "on or about" a specific date, a statute-of-limitations argument does not support demurrer. (*Childs v. State of California* (1983) 144 Cal. App. 3d 155, 159-60.) Further, Judicial Council Emergency Rule 9.12 extends the limitations period for six months. Even if "on or about late March 2019" could be an operative date of accrual, the six-month tolling extends the limitations period to some unspecified date in September 2021. The demurrer does not establish that the common law claims are time-barred as a matter of law.

**Ruling**

Demurrer is sustained as to all causes of action. Plaintiff is granted leave of court to file and serve a Second Amended Complaint addressing the above defects, except for the Fifth Cause of action for which leave is not granted, no later than May 20, 2022.

If the tentative ruling is uncontested, it shall become the order of the Court. Thereafter, counsel for Defendant Facebook, Inc.  shall prepare a written order consistent with the Court's ruling for the Court's signature, pursuant to California Rules of Court, Rule 3.1312, and provide written notice of the ruling to all parties who have appeared in the action, as required by law and the California Rules of Court.



**EXHIBIT C**

1   JACOB M. HEATH (STATE BAR NO. 238959)
    jheath@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
3   Menlo Park, CA 94025-1015
    Telephone:   +1 650 614 7400
4   Facsimile:   +1 650 614 7401

5   Attorneys for Defendant
    FACEBOOK, INC.
6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN MATEO

10

11  DR. ANDREW FORREST, an individual,          Case No. 21-CIV-05055

12            Plaintiff,                         **[PROPOSED] ORDER SUSTAINING
                                                 DEFENDANT FACEBOOK INC's
13       v.                                      DEMURRER**

14  FACEBOOK, INC., a Delaware Corporation,      Hearing Date:  April 22, 2022
    and DOES 1 through 20, inclusive,            Time:          9am
15                                               Dept:          Department 21
              Defendant.                         Judge:         Robert D. Foiles
16                                               Trial Date:    None Set
                                                 Date Action Filed: September 17, 2021
17

18

19

20

21

22

23

24

25

26

27

28

Electronically
**FILED**
By Superior Court of California, County of San Mateo
ON    05/05/2022
By    /s/ Jimenez, Vanessa
      Deputy Clerk

**[PROPOSED] ORDER**

    On April 22, 2022, the Court heard oral argument on Defendant Facebook, Inc.'s ("Facebook") demurrer ("Demurrer") to Plaintiff Dr. Andrew Forrest's First Amended Complaint ("FAC"). After hearing and considering the parties' positions as to the Demurrer, the Court adopted its April 21, 2022 tentative ruling ("Tentative Ruling") sustaining the Demurrer with prejudice as to the Fifth Cause of Action of Plaintiff's FAC and without prejudice as to First through Fourth Causes of Action of the FAC.

    The Court granted Plaintiff until June 3, 2022 to file and serve a Second Amended Complaint with respect to the First through Fourth Causes of Action. The Tentative Ruling, attached to this order as **Exhibit A**, is otherwise adopted.

**IT IS ORDERED.**

Electronically
**SIGNED**
By /s/ Foiles, Robert
05/04/2022

Dated _____, 2022

_____
HON. ROBERT D. FOILES
JUDGE OF THE SUPERIOR COURT

- 2 -



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 5/5/2022

In the Matter of: DR. ANDREW FORREST, vs. FACEBOOK, INC., a Delaware Corporation, et al
Case No.: 21-CIV-05055

    I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) ORDER SUSTAINING DEFENDANT FACEBOOK INC'S DEMURRER, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 5/5/2022

                                 Neal I Taniguchi, Court Executive Officer/Clerk

                         By:   _/s/ Vanessa Jimenez_____
                               Vanessa Jimenez, Deputy Clerk

Copies Mailed To:



BRIAN E KLEIN
WAYMAKER LLP
777 SOUTH FIGUEROA STREET
SUITE 2850
LOS ANGELES CA 90017


JACOB M HEATH
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK CA 94025

Rev. Jun. 2016



RECEIVED

MAY **1 2** 2022

Waymaker LLP