1  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025-1015
   Telephone:    +1 650 614 7400
4  Facsimile:    +1 650 614 7401

5  DANIEL S. GUERRA (STATE BAR NO. 267559)
   dguerra@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
7  San Francisco, CA  94105-2669
   Telephone: +1 415 773 5700
8  Facsimile: +1 415 773 5759

9  Attorneys for Defendant,
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>      Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC., A DELAWARE CORPORATION,<br><br>      Defendant. | Case No. 5:22-cv-03699-EJD<br><br>**DEFENDANT FACEBOOK INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT**<br><br>Date:   January 19, 2023<br>Time:   9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Courtroom 4 – 5th Floor<br><br>Trial Date:  None Set |

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 1 |
| III. | LEGAL STANDARD | | 2 |
| IV. | ARGUMENT | | 3 |
| | A. | A Claim That Was Previously Dismissed With Prejudice Cannot Be Re-Alleged In An Amended Complaint. | 3 |
| | B. | Plaintiff Cannot State A Claim For Negligent Design, So Amendment Would Be Futile. | 6 |
| | | 1. Section 230 bars Plaintiff's negligent design claim. | 6 |
| | | 2. Plaintiff cannot allege the requisite duty. | 7 |
| V. | CONCLUSION | | 9 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Butner v. Neustadter*,
   324 F.2d 783 (9th Cir. 1963) ...................................................................................................4

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ...........................................................................................1, 4, 5

*Castner v. First Nat'l. Bank of Anchorage*,
   278 F.2d 376 (9th Cir. 1960) ...................................................................................................5

*Connors v. Home Loan Corp.*,
   No. 08-cv-1134-L(LSP), 2009 WL 1615989 (S.D. Cal. June 9, 2009) ...................................4

*DeSoto v. Yellow Freight Sys., Inc.*,
   957 F.2d 655 (9th Cir. 1992) ...................................................................................................6

*Doe v. Twitter, Inc.*,
   555 F. Supp. 3d 889 (N.D. Cal. 2021) .................................................................................7, 8

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) .................................................................................................8

*Fairbank v. Wunderman Cato Johnson*,
   212 F.3d 528 (9th Cir. 2000) ...................................................................................................5

*Foman v. Davis*,
   371 U.S. 178 (1962) .......................................................................................................2, 3, 4

*Granny Goose Foods, Inc. v. Teamsters.*,
   415 U.S. 423 (1974) .................................................................................................................4

*Klayman v. Zuckerberg*,
   753 F.3d 1354 (D.C. Cir. 2014) ..............................................................................................8

*Leadsinger, Inc. v. BMG Music Publ'g*,
   512 F.3d 522 (9th Cir. 2008) ...................................................................................................3

*Lemmon v. Snap*,
   995 F.3d 1085 (9th Cir. 2021) ........................................................................................5, 7, 8

*Lopez v. Ssmith*,
   203 F.3d 1122 (9th Cir. 2000) (en banc) .................................................................................3

*Pac. Recovery Sols. v. United Behav. Health*,
   508 F. Supp. 3d 606 (N.D. Cal. 2020) ....................................................................................3

*Perfect 10, Inc. v. CCBill LLC*,
   481 F.3d 751 (9th Cir. 2007), opinion amended and superseded ............................................6

*Preaseau v. Prudential Ins. Co. of Am.*,
   591 F.2d 74 (9th Cir. 1979) ...................................................................................................5

*Roshan v. Lawrence*,
   No. 20-CV-04770-AGT, 2021 WL 1164743 (N.D. Cal. Mar. 27, 2021) ................................4

*Ruiz v. Gap, Inc.*,
   No. 07-5739SC, 2009 WL 250481 (N.D. Cal. Feb. 3, 2009) ..................................................3

*Sackett v. Beaman*,
   399 F.2d 884 (9th Cir. 1968) ...................................................................................................3

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) .....................................................................................................4

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
   531 U.S. 497 (2001) .................................................................................................................3

*Tarasoff v. Regents of Univ. of Cal.*,
   17 Cal. 3d 425 (1976) ..............................................................................................................8

**Statutes**

Cal. Civ. Proc. Code § 1008 ............................................................................................................4

Cal. Bus. & Prof. Code § 17200 ......................................................................................................1

47 U.S.C. § 230 ........................................................................................................... *passim*

15 U.S.C. § 1125(a) .........................................................................................................................2

**Other Authorities**

Local Rule 7-9 .................................................................................................................................4

Restatement (Third) of Torts: Prod. Liab. § 19 (1998) ...................................................................8

Rule 12(b)(6) ...............................................................................................................................2, 6

Rule 59(e) ........................................................................................................................................4

## I. INTRODUCTION

In his proposed Third Amended Complaint ("TAC"), Plaintiff Andrew Forrest ("Plaintiff" or "Forrest") seeks to re-allege an already-dismissed—with prejudice—negligent design cause of action. *See* Dkt. 17, Ex. 1. Such a request—which Plaintiff misleadingly styles as a routine motion for leave to amend the complaint—is procedurally improper, incompatible with the nature of a dismissal with prejudice, and in violation of the basic principle that orders entered by a state court prior to removal (like the prejudicial dismissal here) are "treated as though [they were] validly rendered in the federal proceeding." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010). On that basis alone, leave to amend should be denied.

Moreover, Plaintiff's request fails on its own terms because granting leave to amend the Second Amended Complaint ("SAC") to re-add the negligent design claim would be futile. The claim would still be barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 *et seq.*, ("Section 230"), which forecloses liability based on a website's alleged publication, distribution, and/or removal of third-party content, and it would independently fail because Facebook had no duty to protect Forrest from third-party harms. There is no basis for giving Plaintiff another opportunity to litigate a claim that was already dismissed with prejudice. This Court should deny leave to amend.

## II. BACKGROUND

In September 2021, Plaintiff filed this lawsuit in San Mateo County Superior Court. He amended the Complaint in November 2021, asserting claims for common law misappropriation-of-likeness, aiding and abetting fraud, negligent failure-to-warn, and negligent design, as well as violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200. Facebook demurred to the First Amended Complaint ("FAC") in January 2021, arguing that Section 230 bars Forrest's lawsuit in its entirety, and that Forrest failed to allege facts sufficient to state any of his claims.

All of Plaintiff's claims were then—and still are—based on allegations that third-party fraudsters operate a cryptocurrency investment scam and use Facebook's self-service advertising tools to further that scam. The fraudsters allegedly "doctor" Plaintiff's likeness to create ads

"appear[ing] as though Dr. Forrest is sponsoring [an] … investment 'opportunity.'" Dkt. 1-3 ¶¶ 50, 46-51 (SAC). Facebook's system allegedly targets the scam ads (like *all* targeted advertising on the platform) to users who are likely to engage with that content. SAC ¶¶ 48, 54-68. Plaintiff alleges that the scam ads have hurt his reputation and caused him to spend hundreds of thousands of dollars attempting to disassociate himself from the investment scheme. SAC ¶¶ 52, 71-77.

On April 21, 2022, the state court issued a tentative ruling sustaining Facebook's demurrer on multiple grounds. *See* ECF No. 17-1, Declaration of Jose R. Nuño ("Nuño Decl.) ¶¶ 4-7 & Ex. A ("Tentative Ruling"). After holding a brief hearing on the tentative ruling, the court issued an order adopting the tentative ruling in its entirety on May 4, 2022. *Id.*, Ex. B ("Order"); RJN, Ex. 1 ("Hearing Tr."). The state court agreed with Facebook that all of Plaintiff's claims were barred by Section 230, which "immunizes Facebook from liability … arising from Facebook's role as a publisher." *See* Tentative Ruling. The court also agreed that even setting Section 230 aside, Plaintiff failed to state most of his claims—including his negligent design claim. As to that claim, the court observed that "Plaintiff cites no authority holding that the legal theory of products liability, including duty of care, extends to interactive computer services." *Id.* Ultimately, the tentative ruling dismissed all claims; the negligent design claim was dismissed ***with prejudice*** and the other claims without prejudice. *Id.*

On June 17, 2022, Plaintiff filed his SAC, which included all the claims that were previously dismissed without prejudice as well as new claims for unjust enrichment and violations of the Lanham Act, 15 U.S.C. § 1125(a). *See generally* SAC. On June 23, 2022, Facebook removed the case to federal court based on the newly-created federal question jurisdiction. Dkt. 1. Facebook then moved to dismiss the SAC under Rule 12(b)(6). Dkt. 11 ("MTD"). On July 25, 2022, Plaintiff filed the instant motion for leave to amend, which seeks to file a Third Amended Complaint re-alleging the negligent design claim that was previously dismissed with prejudice. Dkt. 17 at 2 ("MTA") (explaining that the TAC is otherwise substantively identical to the SAC); Dkt 17, Ex. 2 (redline between SAC and proposed TAC).

III. **LEGAL STANDARD**

Plaintiff styles his request as a motion for leave to amend, pursuant to which a district

court would consider the so-called *Foman* factors: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion to amend a pleading is addressed to the sound discretion of the district court and must be decided upon the facts and circumstances of each particular case. *Sackett v. Beaman*, 399 F.2d 884, 889 (9th Cir. 1968). Leave to amend is inappropriate if an amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). And the district court's discretion to deny leave to amend is particularly broad where, as here, the plaintiff has previously amended the complaint. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

IV.   **ARGUMENT**

    A.   **A Claim That Was Previously Dismissed With Prejudice Cannot Be Re-Alleged In An Amended Complaint.**

Plaintiff argues that he should be permitted to file a Third Amended Complaint re-alleging his negligent design claim—which the state court already dismissed with prejudice—because "[c]ourts routinely" allow amendment to "include a new cause of action" and "none of the *Foman* factors apply." MTA at 7-8. Even taken at face value, Plaintiff's arguments are incorrect. *See infra* § B. More importantly, though, Plaintiff's entire approach is misguided and procedurally improper because he is *not* seeking to add a "new cause of action" but rather seeking to revive a cause of action that was already dismissed with prejudice.

When a claim is dismissed with prejudice—as the state court dismissed the negligent design claim here—that claim cannot be re-alleged in an amended complaint. Indeed, that is the very definition of a dismissal with prejudice. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-07 (2001) (explaining that a dismissal with prejudice "bar[s] refiling of the same claim"); *Ruiz v. Gap, Inc.*, No. 07-5739SC, 2009 WL 250481, at *3-4 (N.D. Cal. Feb. 3, 2009) ("A motion for leave to amend the Complaint to add a claim that was previously dismissed with prejudice is procedurally improper."); *Pac. Recovery Sols. v. United Behav. Health*, 508 F. Supp.

3

3d 606, 622 (N.D. Cal. 2020) ("In any amended complaint, plaintiffs may not reassert claims that the Court has dismissed with prejudice"); *Connors v. Home Loan Corp.*, No. 08-cv-1134-L(LSP), 2009 WL 1615989, at *5 (S.D. Cal. June 9, 2009) ("[O]nce a claim has been dismissed with prejudice, plaintiff cannot reassert the same claim in an amended complaint.").

On that basis alone, Plaintiff's motion must fail. Plaintiff fails to cite any case suggesting that the *Foman* factors governing typical motions for leave to amend (and on which Plaintiff relies) apply to efforts like this, which fundamentally seek reconsideration of a previous prejudicial dismissal.[1] Indeed, he cites no case in which a plaintiff has sought (or a court has granted) leave to amend for the purpose of re-alleging claims that a court already dismissed with prejudice.

Nor does Plaintiff offer any other valid mechanism by which this Court could ignore or overturn the state court's order. To start, the fact that the case was removed to federal court does not allow Plaintiff (or this Court) to ignore the impact of the prejudicial dismissal. When a case is removed, "[t]he federal court … treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Consequently, an order entered by a state court—like the prejudicial dismissal here—"should be treated as though it had been validly rendered in the federal proceeding." *Carvalho*, 629 F.3d at 887 (quoting *Butner*, 324 F.2d at 786); *Granny Goose Foods, Inc. v. Teamsters.*, 415 U.S. 423, 436

---

[1] While Plaintiff's motion to amend may be better conceptualized as a motion for reconsideration, he does not even attempt to satisfy that more demanding standard. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration available only where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."); *see also Roshan v. Lawrence*, No. 20-CV-04770-AGT, 2021 WL 1164743, at *2 (N.D. Cal. Mar. 27, 2021) (noting that clear error requires not just an erroneous view of the law but "wholesale disregard… [of] controlling precedent," and explaining that such disregard is not shown when the court merely hears an argument but declines to mention a case).
Moreover, any reconsideration motion would be long overdue under either state or federal rules. *See* Rule 59(e) (28 days); Cal. Civ. Proc. Code § 1008 (10 days); *see also* N.D. Cal. Local Rule 7-9 (requiring parties to seek leave before filing any motion for reconsideration and barring reconsideration based on previously-made arguments). Notably, Plaintiff made no attempt to meet the reconsideration deadline in either venue, and showed little urgency in filing either the SAC (he took an extension) or this motion to amend (which was filed over a month after removal, and over a week after Facebook moved to dismiss the SAC).

(1974) ("Congress clearly intended to preserve the effectiveness of state court orders after removal.").[2]

Plaintiff is also wrong to suggest that this Court may "revisit" the state court's order based on the supposed presence of "cogent reasons and exceptional circumstances"— namely, his argument the negligent design claim squares with Ninth Circuit's decision in *Lemmon v. Snap*, 995 F.3d 1085 (9th Cir. 2021) and the fact that the case was removed before the expiration of his "time to file a writ of mandate … in state court." MTA at 11. The cases Plaintiff cites for such a "test" involve the entirely inapposite question of when a district court may grant a motion for summary judgment despite a prior order denying summary judgment in the same case.[3] Unlike Plaintiff's present effort to revive a claim that was dismissed with prejudice, such subsequent summary judgment motions are procedurally permissible. *See Preaseau*, 591 F.2d at 79 and n. 4 (noting that both California and federal law provide that an order denying summary judgment is "'subject to reconsideration by the court at any time'" such that "'a subsequent motion for summary judgment may be made and granted.'"). The cases therefore provide no mechanism that would permit ignoring a prior dismissal with prejudice, nor do they suggest that doing so would be appropriate in this circumstance. On the contrary, they make clear that, even when successive consideration of the same issue is procedurally proper (and here it is not), principles of comity as well as prevention of inconsistent rulings generally weigh in favor of deferring to a prior court's decision. *See Fairbank*, 212 F.3d at 530 ("[O]ne judge should not overrule the prior decisions of another sitting in the same case because of the principles of comity and uniformity [which] ...

---

[2] For similar reasons, it makes no difference that the removal to federal court supposedly prevented Plaintiff from challenging the state court's interlocutory order by way of a writ of mandamus. Mandamus is an extraordinary and rarely-granted remedy, and there is no rule providing that interlocutory orders only take effect if the losing party has an opportunity for mandamus review. Moreover, the state court's dismissal decision will be fully reviewable on appeal to the Ninth Circuit. *See Carvalho,* 629 F.3d at 887 (noting authority to state court's pre-removal decision sustaining the demurrer).

[3] *See Castner v. First Nat'l. Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960) (district court denied initial summary judgment motion; later-assigned district court judge granted subsequent summary judgment motion); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (9th Cir. 1979) (state court denied initial summary judgment motion under California standard; after removal, federal court granted subsequent summary judgment motion under federal standard); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530-532 (9th Cir. 2000) (same; also noting that state and federal summary judgment standards are distinct).

preserve the orderly functioning of the judicial process.").

In sum, Plaintiff offers no support for the proposition that a complaint may be amended to re-allege claims that have already been dismissed with prejudice. On that basis alone, the Court should deny leave to amend.

### B. Plaintiff Cannot State A Claim For Negligent Design, So Amendment Would Be Futile.

Even if it were procedurally permissible to re-allege claims previously dismissed with prejudice, the *Foman* factors would not support addition of the negligent design claim here. It is well-established that leave to amend should be denied when amendment would be futile (*i.e.*, when there is no chance an amended complaint would withstand a motion to dismiss under Rule 12(b)(6)). *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). And here, Plaintiff's proposed negligent design claim still fails on multiple grounds, just as it did at the state court level.

#### 1. Section 230 bars Plaintiff's negligent design claim.

Section 230 "establish[es] broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 767 (9th Cir. 2007) (internal quotations and citations omitted), opinion amended and superseded on denial of reh'g, 488 F.3d 1102 (9th Cir. 2007). As Facebook's motion to dismiss explained, Plaintiff's claims fall squarely under this Section 230 umbrella because (1) Facebook is indisputably a "provider … of an interactive computer service," MTD at §A.2; (2) the scam ads at issue were provided by third party fraudsters and not Facebook, *id.* at §A.3; and (3) each cause of action seeks to treat Facebook as a publisher or speaker of the scam ads, *id.* at §A.4.

The negligent design claim in Forrest's proposed TAC is no different. Forrest alleges that Facebook breached a duty of care by failing to design its platform to "prevent scammers like the Bulgarian Syndicate from accessing, using, and continuing to use Facebook's advertising business." TAC ¶ 223. Thus, like the other claims, Forrest's negligent design theory fundamentally seeks to hold Facebook liable for its decision to transmit (or failure to remove) allegedly harmful third-party content—which is exactly what Section 230 bars.

6

FACEBOOK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
Case No. 5:22-cv-03699-EJD

Plaintiff argues in his motion to amend (as he did before the state court) that his negligent design theories survive Section 230 under the Ninth Circuit's reasoning in *Snap,* 995 F.3d 1085 (9th Cir. 2021). *See* MTA at 12-13. But the negligent design claim in *Snap* only survived Section 230 because the plaintiffs' theory targeted aspects of the site's design *independent* from any third-party content. That is not the case here. Specifically, the *Snap* plaintiffs alleged that the defendant designed its social media product negligently by creating a "Speed Filter" that encouraged users to document themselves driving at high speeds, thereby causing a fatal car accident. *Id*. at 1088–89, 91–92. In declining to find that Section 230 barred the claim, the *Snap* court emphasized that the negligent design theory at issue was *not* based on Snap's publication of any user content encouraging speeding, but rather on the way a "speed filter" itself encouraged harmful behavior. *Id.* Because the negligent design claim did not "at bottom, depend[] on a third party's content" to establish liability, Section 230 did not bar the claim. *Id*. at 1094.

Here, in contrast, Forrest's negligent design theory is completely premised on third party content. The supposed duty is one to "prevent scammers like the Bulgarian Syndicate from accessing, using, and continuing to use Facebook's advertising business" and there would be no harm (and no liability) absent the allegedly harmful scam ads. *See* TAC ¶ 223. The Ninth Circuit made clear in *Snap* that negligent design theories of this type are still barred by Section 230. 995 F.3d at 1093 n.4 (explaining that plaintiffs "would not be permitted under [Section 230] to fault [defendant] for publishing other [] user-content (*e.g.*, snaps of friends speeding dangerously) that may have incentivized the boys to engage in dangerous behavior."); *see also Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 930 (N.D. Cal. 2021) (dismissing negligent design claim on Section 230 grounds "because the nature of the alleged design flaw in this case – and the harm that is alleged to flow from that flaw – is directly related to the posting of third-party content on Twitter."). Plaintiff's proposed negligent design claim is therefore barred by Section 230 and amending the SAC to re-allege that claim would be futile.

**2.    Plaintiff cannot allege the requisite duty.**

Plaintiff's proposed negligent design claim also fails because Facebook did not owe Plaintiff a duty of care to eliminate third-party content he deems objectionable. "[A]s a general

rule, one … owe[s] no duty to control the conduct of another," absent a defendant's "special relationship to either the person whose conduct needs to be controlled" or "to the foreseeable victim of that conduct." *See Tarasoff v. Regents of Univ. of Cal.*, 17 Cal. 3d 425, 435 (1976). And, as the state court recognized in dismissing the negligent-failure-to-warn claim, there is no "special relationship between Facebook and the plaintiff." *See* Tentative Ruling; *see also Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1101 (9th Cir. 2019) (website has no duty to protect users from harm caused by third party content).

Plaintiff's proposed TAC suggests that the requisite "special relationship" exists because Facebook allegedly directed Forrest to create a "verified" Facebook account to better protect against fake accounts using Forrest's likeness. But Plaintiff cites no authority providing that creation of a verified account creates a "special relationship" between a website and its user. And other cases have explained that a website's attempts to mitigate third-party harm (and its representations that it will attempt to do so) do not create a special relationship requiring the website to protect users from such harm. *See Klayman v. Zuckerberg,* 753 F.3d 1354, 1359 (D.C. Cir. 2014). Thus, even aside from Section 230, Forrest's negligent design claim fails.

Plaintiff emphasizes that the state court must have relied on a rationale *other* than Section 230 or the lack of the requisite duty when it dismissed the negligent design claim with prejudice as opposed to without prejudice. *See* MTA at 12-13. But that observation, even if true, has no bearing on the question whether it would be futile to permit Plaintiff to re-allege his negligent design claim (*i.e.,* whether it could survive a motion to dismiss).[4] As explained above, the

---

[4] In any case, the state court's separately-stated reasoning on negligent design was also correct. The court explained: "Plaintiff cites no authority holding that the legal theory of products liability [under California law], including duty of care, extends to interactive computer services." *See* Tentative Ruling. *Snap* does not fit that bill because it merely *assumed* a negligent design claim was available when the parties did not argue otherwise. *Snap*, 995 F.3d at 1029; *see also id.* at n.3 (noting that the parties had not even chosen between California and Wisconsin law). Moreover, as the state court indicated, product liability theories like negligent design are geared toward tangible items, and it is unclear whether they also apply to services" such as Facebook's social media platform. Restatement (Third) of Torts: Prod. Liab. § 19 (1998) ("Services, even when provided commercially, are not products"); *Doe*, 555 at 929-30 (noting open question as to whether social media qualifies as a "product," but dismissing with prejudice on Section 230 grounds). Plaintiff still does not cite any case holding that a negligent design claim can be asserted against an interactive computer service provider under California law.

proposed negligent design claim still fails on multiple grounds.  Thus, even if it were procedurally proper to amend a complaint to re-allege a claim previously dismissed with prejudice, doing so in this case would be futile.

## V. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court reject Plaintiff's motion to amend the SAC.  Plaintiff should not be permitted to re-allege a negligent design claim that was already dismissed with prejudice.

Dated:  August 9, 2022

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Jacob M. Heath*
JACOB M. HEATH

Attorney for Defendant FACEBOOK, INC.