UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>        Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. 22-cv-03699-EJD   (VKD)<br><br>**ORDER RE DECEMBER 13, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 39 |

    The parties ask the Court to resolve their dispute concerning whether defendant Facebook, Inc. (now Meta Platforms, Inc.) should be required to supplement its Rule 26(a) initial disclosures pending resolution of a not-yet-filed motion to stay this litigation. Dkt. No. 39. The Court finds this matter suitable for determination without oral argument. Civil L.R. 7-1(b).

    For the reasons explained below, the Court requires Facebook to supplement its initial disclosures to identify witnesses with relevant information, but this information may not be used or disclosed in connection with Dr. Forrest's private prosecution of Facebook in Australia.

**I.    BACKGROUND**

    Plaintiff Andrew Forrest alleges that Facebook is responsible for promoting and distributing a cryptocurrency scam using Dr. Forrest's name and likeness to other Facebook users. He filed his original complaint in this action in state court on September 17, 2021, and a first amended complaint on November 12, 2021, to which Facebook successfully demurred. Dkt. No. 1, Exs. A-B.

    Dr. Forrest filed a second amended complaint on June 17, 2022 in which he asserted for the first time a claim for relief arising under federal law. *Id.*, Ex. C. Facebook removed the action

here on June 23, 2022.  Dkt. No. 1.  On July 18, 2022, Facebook moved to dismiss the second amended complaint.  Dkt. Nos. 11, 13.  On July 25, 2022, Dr. Forrest moved for leave to file a third amended complaint.  Dkt. No. 17.  Both motions are set for hearing before the presiding judge on February 2, 2023.

Meanwhile, in January 2022, Dr. Forrest initiated a private criminal prosecution against Facebook in Australia.  Dkt. No. 39 at 6.  Facebook says that this criminal proceeding is based on the same allegations that Dr. Forrest relies upon in this civil action.  *Id.* at 7.  Further, Facebook explains, without contradiction, that Dr. Forrest serves in the role of private prosecutor in the criminal proceeding in Australia.  *Id.*

Facebook served its Rule 26(a) initial disclosures on October 3, 2022 in advance of the date first set for an initial case management conference.[1]  Dkt. No. 39-1; *see* Dkt. No. 10.  Facebook identified 11 categories of documents.  Dkt. No. 39-1 at 4-5.  It identified no witnesses by name, save for plaintiff Dr. Forrest.  *Id.* at 3-4.  Instead, Facebook identified witnesses generically as "individuals employed or contracted by Facebook, whose identities are currently unknown to Facebook," with knowledge corresponding to six different subject matter categories.  *Id.*  Although Facebook represented in its initial disclosures that it "will timely supplement this disclosure if and when Facebook identifies additional persons who are likely to have discoverable information that Facebook may use to support its claims and defenses," *id.* at 4, it has not done so.  Neither party has served discovery requests on the other.  Dkt. No. 39 at 7.

## II.  LEGAL STANDARD

Rule 26(a)(1)(A) requires a party to: identify all witnesses and documents (including electronically stored information) that the party may use to support its claims or defenses; provide a computation of each category of damages claimed by the party, if any; identify supporting documents; and identify any applicable insurance agreements.  Fed. R. Civ. P. 26 (a)(1)(A)(i)-(iv).  Before making the disclosures, a party must undertake a "reasonable inquiry" into the facts of the

---

[1] The initial case management conference has been continued to March 9, 2023 in view of the parties' pending motions to dismiss and to amend the operative complaint.  Dkt. No. 28.

2

case. *See* Fed. R. Civ. P. 26(g). Rule 26(g)(1)(A) requires counsel to certify that a party's disclosures are complete and correct as of the time they are made. Fed. R. Civ. P. 26(g)(1)(A). A party is not excused from making disclosures merely because its investigation is incomplete. *See* Fed. R. Civ. P. 26(a)(1)(E). A party has a continuing duty to supplement its initial disclosures. Fed. R. Civ. P. 26(e).

A court may, for good cause, issue an order protecting a party from "annoyance, embarrassment, oppression, or under burden or expense" by, among other things, forbidding the discovery sought or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1)(A), (D).

## III. DISCUSSION

Facebook's initial disclosures regarding witnesses it may use to support a claim or defense do not comply with Rule 26(a). Although it clearly intends to rely on the testimony of witnesses as to six categories of information, it has not identified any of those witnesses, as the rule requires. In the three months since Facebook served the initial disclosures it has not corrected this original deficiency or supplemented them to reflect the information it has obtained as a result of its reasonable inquiry.

Facebook effectively concedes that its initial disclosures are deficient and that supplementation is required. *See* Dkt. No. 39 at 5 ("Under ordinary circumstances, Facebook would be amenable to supplementing its initial disclosures."). However, it wishes to be relieved of this obligation because it is concerned that Dr. Forrest will use the information it discloses to assist in his private prosecution of Facebook in Australia. According to Facebook, "Plaintiff could leverage discovery, arguments, and information obtained in this action to bolster his criminal prosecution. Allowing Plaintiff to build his criminal case through civil discovery in this case would result in substantial prejudice to Facebook, as it would effectively force Facebook to decide between defending itself in the civil case and preserving its rights in the criminal proceeding." *See id.* at 6. Dr. Forrest ignores these arguments in his portion of the joint submission.

Facebook has not shown good cause for a protective order relieving it of its obligation to provide the initial disclosures required by Rule 26(a), and in particular, disclosures identifying the witnesses it may use to support any claims or defenses. "The Constitution does not ordinarily

3

1   require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v.*

2   *Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  While a court may, in its discretion,

3   decide to stay civil proceedings in the face of a parallel criminal proceeding, *id.*, any request for a

4   stay must be made to the presiding judge.

5         Facebook says that it requires only a temporary protective order shielding it from the

6   requirement to make initial disclosures pending resolution of a motion for stay that it intended to

7   bring before the end of 2022.  Dkt. No. 39 at 8-9.  It argues that it "will face irreparable prejudice

8   if this action were to proceed, as it would expose Facebook's strategy or theories with respect to

9   the criminal case." *Id.* at 7.  This argument is not plausible.  Facebook has known of Dr. Forrest's

10  private prosecution in Australia for nearly one year, and it has yet to file a motion to stay this

11  action.  Moreover, Facebook does not explain how identifying witnesses with relevant information

12  and on whom it intends to rely in this action will expose its "strategy and theories," particularly

13  where Facebook has already described the categories of information each witness has.  Dr. Forrest

14  does not demand deposition testimony of any witness at this time—merely the names of Facebook

15  employees who potentially have relevant knowledge.  *Id.* at 8.

16        Meanwhile, Facebook's failure to comply with Rule 26(a) delays the progress of this

17  action.  This delay is inherently prejudicial to Dr. Forrest and undermines the Court's ability to

18  expeditiously resolve this case.  Dr. Forrest's own alleged lack of diligence in seeking discovery

19  from Facebook is no excuse for Facebook's failure to comply with its own discovery obligations.

20  **IV.    CONCLUSION**

21        Facebook may have meritorious grounds for a stay, but no such motion has been filed.

22  The Court is not persuaded that requiring Facebook to comply with its obligations to identify

23  witnesses under Rule 26(a) prejudices Facebook in any meaningful way.  Accordingly, Facebook

24  must supplement its initial disclosures to identify all witnesses that it may use to support its claims

25  or defenses by **January 11, 2023.**  However, Dr. Forrest and his counsel must not use or disclose

26  such information for any purpose in connection with Dr. Forrest's private prosecution in Australia,

27  absent permission from Facebook or this Court.

28  //

**IT IS SO ORDERED.**

Dated: January 2, 2023

                                               VIRGINIA K. DEMARCHI
                                               United States Magistrate Judge