UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-03699-EJD   (VKD)<br><br>**ORDER RE DECEMBER 19, 2022 DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 41 |

The parties ask the Court to resolve their dispute concerning whether the Court should enter a protective order and, if so, with what terms. Dkt. No. 41. The Court finds this matter suitable for determination without oral argument. Civil L.R. 7-1(b).

The Court concludes that entry of a protective order is warranted and resolves the parties' disputes about the terms of such an order, as discussed below.

## I.   BACKGROUND

Plaintiff Andrew Forrest alleges that Facebook is responsible for promoting and distributing a cryptocurrency scam using Dr. Forrest's name and likeness to other Facebook users. He filed his original complaint in this action in state court on September 17, 2021, and a first amended complaint on November 12, 2021, to which Facebook successfully demurred. Dkt. No. 1, Exs. A-B.

Dr. Forrest filed a second amended complaint on June 17, 2022 in which he asserted for the first time a claim for relief arising under federal law. *Id.*, Ex. C. Facebook removed the action here on June 23, 2022. Dkt. No. 1. On July 18, 2022, Facebook moved to dismiss the second amended complaint. Dkt. Nos. 11, 13. On July 25, 2022, Dr. Forrest moved for leave to file a third amended complaint. Dkt. No. 17. Both motions are set for hearing before the presiding

judge on February 2, 2023.

Meanwhile, in January 2022, Dr. Forrest initiated a private criminal prosecution against Facebook in Australia. Dkt. No. 41 at 5. Facebook says that this criminal proceeding is based on the same allegations that Dr. Forrest relies upon in this civil action. *Id.* Further, Facebook explains, without contradiction, that Dr. Forrest serves in the role of private prosecutor in the criminal proceeding in Australia. *Id.*

**II.   DISCUSSION**

The parties disagree regarding whether discovery should proceed at all, in view of Facebook's anticipated motion to stay the case. If discovery does proceed, the parties agree that a protective order is necessary but they disagree about some of its terms.

The Court is not persuaded that entry of a protective order is premature. Discovery is open and Facebook has neither sought nor obtained a stay of the litigation. The parties' main disagreements about the terms of a protective order concern protections against Dr. Forrest's use of discovery obtained in this action in aid of his private prosecution of Facebook in Australia. Dr. Forrest appears to concede that such protections are warranted and does not dispute that he should not be permitted to use such discovery to support his criminal prosecution efforts. *See id.* at 3. The Court agrees with Facebook that, in these circumstances, there is no good reason for protected materials designated under the protective order to be shared with Dr. Forrest's in-house counsel[1] in Australia, or with any other person assisting him in the private prosecution in Australia.

Accordingly, the Court resolves the parties' disputes as follows:

1. Introduction: Court adopts plaintiff's proposal in Exhibit B.
2. Purposes and Limitations: Court adopts plaintiff's proposal.
3. Definitions: Court adopts plaintiff's proposal, except:
    a. Secs. 2.3, 2.4, 2.10 (Model Order)[2]: Unless the parties agree otherwise, no

---

[1] As Dr. Forrest brings this action against Facebook as an individual, it is not clear who "in-house counsel" is or what role such counsel serves with respect to this action.

[2] The Court refers to the Northern District of California's Model Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

"house counsel" (as that term is defined in the Court's model order) of either party shall be entitled to access "Confidential" or "Highly Confidential" protected material.

        b.     Sec. 2.7 (Model Order): Unless the parties agree otherwise, "Expert" shall be defined as:

> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) has not worked for a Party as an employee or contractor within the past 5 years, and (4) at the time of retention, is not anticipated to become an employee or a contractor of a Party or of a Party's competitor.

If the parties dispute whether an entity is a "competitor" of a party for purposes of this definition, they may ask the Court to resolve this dispute using the discovery dispute resolution procedures set forth in the Judge DeMarchi's Standing Order for Civil Cases.

    4.     Scope: Court adopts plaintiff's proposal.

    5.     Duration: Court adopts plaintiff's proposal.

    6.     Designating Protected Material: Court adopts plaintiff's proposal.

    7.     Challenging Confidentiality Designations: Court adopts plaintiff's proposal, except:

        a.     Sec. 6.3 (Model Order): The parties shall comply with the following procedures if judicial intervention is required:

> Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases (and in compliance with Civ. L.R. 79-5, if applicable). In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any discovery letter brief filed pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for Civil Cases.
>
> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the

Producing Party's designation until the Court rules on the challenge.

8. <u>Access to and Use of Protected Material</u>:  Court adopts plaintiff's proposal, except:

a. <u>Sec. 7.3(b)</u>:  Unless the parties agree otherwise, the term "including House Counsel" shall be stricken.

b. <u>Sec. 7.4 (b)</u>:  Unless the parties agree otherwise, this section is stricken. Designated House Counsel of a Receiving Party may not have access to "Highly Confidential" protected material.

c. <u>Sec. 7.5</u>:  This section must be correctly numbered and limited to proposed disclosure of "Highly Confidential" protected material to Experts.

d. <u>Sec. 7.5(a)</u>:  The Court adopts defendant's proposal in Exhibit C for the disclosures a party must make with respect to an Expert, except that a party need not identify "any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest."

e. <u>Sec. 7.5(c)</u>:  The parties shall comply with the following procedures if judicial intervention is required:

> (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may proceed with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such joint discovery letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such joint discovery letter brief must set forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

9. <u>Prosecution Bar (Sec. 8 Model Order)</u>:  The Court adopts plaintiff's proposal that a prosecution bar provision should be omitted as unnecessary.

10. <u>Source Code (Sec. 9 Model Order)</u>:  The Court adopts plaintiff's proposal that a source code provision should be omitted as unnecessary.

11. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>:  The

Court adopts plaintiff's proposal (Sec. 8 of Exhibit B), except references to "Stipulated Protective Order" shall be omitted and replaced with "Protective Order".

12. <u>A Non-Party's Protected Material Sought to Be Produced in this Litigation</u>: The Court adopts plaintiff's proposal (Sec. 9 of Exhibit B).

13. <u>Unauthorized Disclosure of Protected Material</u>: The Court adopts plaintiff's proposal.

14. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>: Unless the parties stipulate to different procedures under Federal Rule of Evidence 502, or the Court orders otherwise, the following provision shall apply:

> When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are as set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

15. <u>Miscellaneous</u>: The Court adopts plaintiff's proposal (Sec. 12 of Exhibit B), except for proposed Sec. 12.4. Facebook has made no showing that any technical data subject to export control laws and regulations will be exchanged during discovery. The Court has otherwise addressed Facebook's concerns by specifying that protected material exchanged in discovery must not be used or disclosed for purposes of Dr. Forrest's private prosecution in Australia. For this reason, the Court does not adopt defendant's proposed sec. 14.3 in Exhibit C.

16. <u>Final Disposition</u>: The Court adopts plaintiff's proposal (Sec. 13 of Exhibit B).

17. <u>Other Proceedings</u>: The Court declines to adopt defendant's proposed Sec. 16 of Exhibit C as defendant offers no explanation for why such a provision is necessary.

### III. CONCLUSION

The parties shall jointly file a proposed protective order that conforms to the Court's directions above by **January 11, 2023**.

**IT IS SO ORDERED.**

Dated: January 2, 2023



VIRGINIA K. DEMARCHI
United States Magistrate Judge