UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No.  5:22-cv-03699-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION FOR STAY OF DISCOVERY ORDERS PENDING REVIEW**<br><br>Re: ECF No. 53 |

On January 2, 2023, Magistrate Judge DeMarchi issued two discovery orders in this case. The first required Defendant Facebook, Inc. ("Facebook")[1] to supplement its initial disclosures by identifying witnesses it may use to support its claims or defenses. ECF No. 42 ("Initial Disclosure Order"). The second required Facebook and Plaintiff Andrew Forrest ("Dr. Forrest") to jointly file a proposed protective order consistent with Magistrate Judge DeMarchi's directions. ECF No. 43 ("PO Order").

Facebook moves for a stay of both discovery orders pending this Court's review of its objections to those orders (ECF Nos. 55, 56). Dr. Forrest did not timely file an opposition, so this motion is now ripe for decision without hearing. Civil L.R. 7-11(c). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion for stay pending review.

---

[1] Facebook, Inc. changed its name to Meta Platforms, Inc. ECF No. 53 at 1 n.1. To avoid confusion, the Court will refer to Defendant as "Facebook."

Case No.: 5:22-cv-03699-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. FOR STAY PENDING REVIEW

1

## I.     LEGAL STANDARD

A motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal. *In re Republic of Ecuador*, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012). The decision to issue a stay is "an exercise of judicial discretion" that "depend[s] upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926)). Four factors guide the analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Coleman v. Schwarzenegger*, Nos. CIV S-90-0520, C01-1351, 2008 WL 4415324, at *5 (E.D. Cal. and N.D. Cal. Sept. 25, 2008) (applying factors to motion to stay magistrate judge's order).

Courts in the Ninth Circuit apply a "flexible approach" to the four factors by balancing them on a "sliding scale." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under this approach, a stay is justified if there are "serious questions going to the merits and a hardship balance that tips sharply toward the [movant]" and the other two factors are also met. *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)) (internal quotations omitted); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-01846-LHK-PSG, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015) (applying "sliding scale" approach to motion to stay magistrate judge's order).

## II.     DISCUSSION

### A.     Order Regarding Initial Disclosures

Facebook argues that the Initial Disclosure Order should be stayed since Facebook will suffer substantial prejudice should it have to supplement its initial disclosures. ECF No. 53. That is so, Facebook contends, because Dr. Forrest is not only the plaintiff in this case, but also serves as the prosecutor in a parallel criminal action in Australia. *Id.*

Case No.: 5:22-cv-03699-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. FOR STAY PENDING REVIEW

2

1    The Court finds that there are serious questions going to the merits of Facebook's
2    objections that justify a stay pending review. When there is a parallel criminal proceeding, a court
3    may pause civil proceedings "in light of the particular circumstances and competing interests
4    involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.
5    1989). Here, there are important questions about how Dr. Forrest's dual role as both plaintiff and
6    prosecutor should be addressed in this case, particularly as to the burden placed on Facebook. *See*
7    *id.* at 903 (identifying burden on defendant as a relevant factor).

8    Moreover, the balance of hardships tips sharply in Facebook's favor.[2] Absent a stay,
9    Facebook's rights as a criminal defendant in Australia may be undermined if Dr. Forrest receives
10   information that he is not entitled to under Australian criminal law. Conversely, a stay will cause
11   little harm to Dr. Forrest. At most, a stay would slightly delay Dr. Forrest from receiving
12   supplemental disclosures, and such delay is not "substantial harm." *Apple*, 2015 WL 13711858, at
13   *1. Further, Dr. Forrest has expressed an interest in staying this case until the United States
14   Supreme Court issues a decision in *Gonzalez v. Google LLC*, No. 21-1333, so any delay will not
15   impair his efforts to prosecute his civil case. ECF No. 53-1 (Decl. of Jacob M. Heath) ¶ 6.

16   Requiring Facebook to supplement its initial disclosures would also cause irreparable
17   injury to Facebook because there is no recourse once Dr. Forrest learns of Facebook's witnesses.
18   And the "public's interest in the integrity of the criminal case is entitled to precedence over the
19   civil litigant." *Belford Strategic Inv. Fund, LLC v. United States*, 2005 WL 3278597, at *4 (N.D.
20   Cal. Nov. 7, 2005) (quoting *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004)).
21   Therefore, issuing a stay would serve the public interest by allowing the criminal case to proceed
22   unhindered by any concerns stemming from Dr. Forrest's dual role.

---

[2] The Court notes that Magistrate Judge DeMarchi took care to ameliorate Facebook's concerns by ordering Dr. Forrest and his counsel not to use or disclose information from the supplemental disclosure in the Australian criminal case. ECF No. 42 at 4. However, it is not immediately clear that such safeguards are sufficient to protect Facebook's rights.

Case No.: 5:22-cv-03699-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. FOR STAY PENDING REVIEW
3

Accordingly, the Court **GRANTS** the motion for stay pending review as to the Initial Disclosure Order.

### B. Order Regarding Protective Order

Facebook argues that the PO Order should be stayed because the protective order it contemplates does not sufficiently protect Facebook's rights in the Australian criminal proceeding. ECF No. 53. However, Facebook has not shown that it would suffer irreparable harm without a stay. A protective order is not discovery. It is a prophylactic measure taken to safeguard materials produced in discovery, but by itself, it does not convey substantive information that might prejudice Facebook. Other than the Initial Disclosure Order requiring supplemental disclosures (which the Court is staying), Facebook has not pointed to any immediate discovery obligations or other discovery served. As such, there is no harm to Facebook while the Court reviews Facebook's objections, and the Court **DENIES** the motion for stay pending review as to the PO Order.

### III. CONCLUSION

Facebook's motion for stay pending review of the Initial Disclosure Order (ECF No. 42) is **GRANTED**, and the Initial Disclosure Order is hereby **STAYED** pending review of Facebook's objections. The motion for stay pending review is **DENIED** as to the PO Order (ECF No. 43).

**IT IS SO ORDERED.**

Dated: January 18, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-03699-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. FOR STAY PENDING REVIEW
4