UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 5:22-cv-03699-EJD<br><br>**ORDER GRANTING IN PART MOTION TO STAY; DENYING AS MOOT MOTIONS FOR RELIEF FROM PRETRIAL ORDERS OF MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 48, 55, 56 |

Before the Court are Defendant Facebook, Inc.'s motions to stay litigation pending criminal proceedings in Australia (ECF No. 48) and for relief from two discovery orders issued by Magistrate Judge DeMarchi (ECF Nos. 55, 56). Having carefully considered the parties' submissions and argument at hearing, the Court **GRANTS IN PART** Facebook's motion to stay and DENIES AS MOOT Facebook's motions for relief.

**I.    BACKGROUND**

Dr. Andrew Forrest brings this suit against Facebook, raising various claims related to Facebook's alleged failure to prevent fraudulent third-party cryptocurrency ads bearing Dr. Forrest's name and likeness from appearing on its platform. Second Am. Compl., ECF No. 1-3. Dr. Forrest initially filed this action in state court on September 17, 2021, and Facebook removed the action to this Court on June 23, 2022. Notice of Removal, ECF No. 1. Concurrent with his civil litigation in California, Dr. Forrest also initiated a private criminal prosecution against Facebook in Australia on January 31, 2022. Decl. of Jacob M. Heath, ECF No. 48-1 ¶ 1;

Facebook's Req. for Judicial Notice ("RJN"), ECF No. 49, Ex. A.[1] The criminal proceedings are ongoing, and Dr. Forrest currently serves as the private prosecutor in those proceedings. Hr'g Tr., ECF No. 76, at 5:3-24.

In December 2022, the parties brought two discovery disputes before Magistrate Judge DeMarchi. ECF Nos. 39, 41. On January 2, 2023, Magistrate Judge DeMarchi issued orders on those disputes. ECF Nos. 42, 43. Soon thereafter, the parties engaged in a flurry of activity, all related to the question of whether a stay, or its equivalent, was appropriate. On January 6, 2023, Facebook filed the instant motion to stay litigation. ECF No. 48. Three days later, on January 9, 2023, Dr. Forrest filed motions to continue the hearing on pending motions to dismiss and for leave to amend, seeking to defer the hearing until after the United States Supreme Court issues its decision regarding Section 230 of the Communications Decency Act. ECF Nos. 50, 51. Two days after that, on January 11, 2023, Facebook moved for an administrative stay of Magistrate Judge DeMarchi's discovery orders so that it could seek relief from those orders with this Court. ECF No. 53. Facebook filed its motions for relief from those discovery orders on January 13, 2023. ECF Nos. 55, 56. On January 18, 2023, the Court entered an order granting in part and denying part Facebook's motion for an administrative stay of the discovery orders, ECF No. 61, but it did not rule on Facebook's motions for a broader stay of the entire litigation or for relief from the discovery orders. The Court now addresses those motions.

**II.     MOTION TO STAY**

The Constitution does not require a stay of civil proceedings in response to parallel criminal proceedings, but if justice so requires, a court may issue a stay in its discretion. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted). A decision on whether to issue a stay must be made "in light of the particular circumstances and competing interests

---

[1] Both parties request judicial notice of Australian court documents and/or sources of Australian law. Facebook's RJN; Dr. Forrest's RJN, ECF No. 67. The Court GRANTS both parties' requests because courts regularly take notice of such documents. *See Zions Bancorp., N.A. v. JPMorgan Chase Bank, N.A.*, No. 3:20-cv-2048-AJB-JLB, 2021 WL 3406641, at *3 (S.D. Cal. Aug. 3, 2021) (taking judicial notice of foreign court documents); *United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 518408, at *4 (N.D. Cal. Feb. 10, 2021) (taking judicial notice of foreign law).

involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Although there is no precise formula for determining when a stay pending parallel criminal proceedings should be granted, courts will often consider the extent to which Fifth Amendment rights are implicated in addition to five other factors, known as *Keating* factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 902-03).

### A.  Summary of Relevant Australian Law

Before the Court turns to its analysis of the stay factors, it begins by briefly addressing Australian criminal procedure and Facebook's criminal rights under Australian law,[2] both of which inform certain of the factors.

#### 1.  Criminal Procedure

In Australia, private citizens may initiate criminal prosecutions. *See* Mem. of Advice of Darren Renton, Responses to Questions ("Renton Mem."), ECF No. 66-2 ¶¶ 36-45. The private citizen who initiates a prosecution is then responsible for investigating the alleged charges, and at proceedings known as disclosure/committal hearings, she presents the evidence she has gathered to the defendant. *Id.* ¶¶ 31-33. The purpose of those hearings is to ensure that relevant evidence has been fully disclosed to the defendant, not to assess the sufficiency of the evidence. *Id.* ¶ 31. If the magistrate presiding over the disclosure/committal hearings is not satisfied that full disclosure has been made, she may adjourn the matter to a future hearing to allow the private prosecutor more time to comply with disclosure obligations, or she may dismiss the charges for want of prosecution.

---

[2] Under Federal Rule of Civil Procedure 44.1, the Court "may consider any relevant material or source" to ascertain foreign law, including reports by experts. *Metabyte, Inc. v. Technicolor S.A.*, No. 20-cv-05506-CRB, 2021 WL 1721394, at *6 (N.D. Cal. Apr. 30, 2021). The Court therefore considers the memorandum of Dr. Forrest's Australian legal expert and the Australian legal authorities submitted by the parties.

1   *Id.* ¶ 33.  If the private prosecutor has fulfilled her disclosure obligations, the magistrate will
2   "commit" the case to a superior court for trial.  *Id.* ¶ 31.

3         Upon committal, a government prosecutor will usually take over the prosecution and may
4   decide to continue or end the prosecution.  *Id.* ¶¶ 37, 41-44.  At that point, the private prosecutor
5   no longer has control over the proceeding and essentially converts to a witness, though the
6   government prosecutor may require the private prosecutor to submit a report of her investigations
7   along with copies of other relevant material.  *Id.* ¶ 43.  Even if the government prosecutor does not
8   take over, a private prosecutor has no power to present an indictment in superior court, so such a
9   decision is equivalent to ending the prosecution.  *Id.* ¶¶ 46-51, 58 (citing *Taylor v A-G (Cth)* (2019)
10  268 CLR 224)

### 2. Rights of the Accused

12        The rights of a criminal defendant in Australia include the right to put the prosecution to
13  proof, the right to not give notice of defenses before the close of the prosecution's case, and the
14  right to assess the prosecution's case before deciding whether to mount a defense.  *X7 v. Australian*
15  *Crime Comm'n* (2013) 248 CLR 92, 123-24 (available at Facebook's RJN, Ex. D); Renton Mem.
16  ¶ 89.  Corporate entities do not have a right against self-incrimination.  Renton Mem. ¶ 81 (citing
17  *Env't Prot. Auth. V Caltex Refin. Co.* (1993) 178 CLR 477).  However, corporations are statutorily
18  protected from being compelled to give evidence or produce documents.  *Id.* ¶ 73 (citing *Evidence*
19  *Act 1906* (WA) s 8).

### B. Keating Factors

21        Due to the unusual circumstances presented by Dr. Forrest's dual role as civil litigant before
22  this Court and private prosecutor in Australia, the Court finds that a short stay is warranted.

23        Although Facebook does not have a right against self-incrimination in Australia, it has
24  statutory rights that protect it from being compelled to give evidence.  Proceeding with civil
25  litigation would require Facebook to participate in discovery, which in turn could undermine
26  Facebook's statutory rights not to provide evidence to Dr. Forrest in his capacity as private
27  prosecutor.  The Court finds that those statutory rights are sufficiently analogous to the Fifth
28  Amendment right against self-incrimination to weigh in favor of a stay.

Moreover, the *Keating* factors favor a stay. Starting with the second factor, the Court finds that Facebook may be burdened absent a stay because civil discovery could expand criminal discovery past its limits or disclose Facebook's defense theories prior to trial. Other courts have found that burdens on those rights support a stay, and the Court agrees. *See SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc). As to the first factor regarding potential prejudice to a plaintiff from delay, the Court determines that, based on Dr. Forrest's representations at hearing, a brief stay will not prejudice him. Hr'g Tr. 20:25-21:9. Likewise, a brief stay will not impact the interests of non-parties or the public—the fourth and fifth *Keating* factors. Finally, the Court finds that the interests of judicial efficiency under the third factor also favor a brief stay because Dr. Forrest has already asked the Court to defer ruling on the pending motions to dismiss and for leave to amend until after the Supreme Court's decision on Section 230. ECF Nos. 50-51.

In sum, the Court finds that it is in the interest of justice to issue a brief stay until shortly after the next scheduled disclosure/committal hearing in the Australian criminal proceeding. Doing so will potentially provide more clarity on the status of the criminal proceedings and Dr. Forrest's role in those proceedings, and such a schedule aligns with Dr. Forrest's request for the Court to defer some of its rulings until after the Supreme Court's Section 230 decision. For these reasons, the Court **GRANTS IN PART** Facebook's motion to stay.

### III. MOTIONS FOR RELIEF FROM DISCOVERY ORDERS

The basis for Facebook's motions for relief from Magistrate Judge DeMarchi's discovery orders essentially reduces to the argument that this litigation should be stayed pending the criminal proceedings in Australia. *See* ECF Nos. 55, 56. Because the Court now issues a stay of the entire case, it **DENIES AS MOOT** Facebook's motions for relief

### IV. CONCLUSION

The Court finds that a short stay is justified and **GRANTS IN PART** Facebook's motion to stay. This action is stayed until **August 17, 2023**, and the pending motion to dismiss (ECF No. 13) and motion for leave to amend (ECF No. 17) are **TERMINATED** without prejudice to renewal after the stay lifts. The status conference set for July 20, 2023, is **CONTINUED** to **August 3, 2023**. The parties shall file a joint status report by **July 26, 2023.**

In their status report, the parties shall describe any new developments in the Australian criminal proceedings, including any information regarding the anticipated conclusion of the committal process. They shall also set forth their positions on how the Supreme Court's Section 230 decision affects this action, including whether additional briefing is necessary on the pending motions to dismiss and for leave to amend. The parties shall additionally meet and confer on whether the stay should be extended. If the parties are in agreement, they should so advise the Court in their status report. If they do not agree, they shall each file briefs of no more than **ten (10) pages** with the joint status report. The parties are advised that the Court already has the benefit of the parties' briefing and oral arguments for the instant motion to stay, so any further briefs on the issue of extending the stay should primarily focus on how new developments in the Australian criminal proceedings affect the stay analysis.

Facebook's motions for relief from Magistrate Judge DeMarchi's discovery orders are **DENIED AS MOOT**. For the avoidance of confusion, the Court specifies that the instant stay affects those discovery orders as follows:

The protective order entered on January 19, 2023, ECF No. 64, is currently in effect and will remain in effect unless superseded by a modified protective order. Upon dissolution of the stay, the parties should meet and confer regarding whether any modifications to the protective order are necessary in light of subsequent developments in the Australian criminal proceedings. If the parties are unable to come to an agreement, they may move this Court for modification of the protective order.

Facebook is under no obligation to supplement its initial disclosures for the duration of the stay. Upon dissolution of the stay, the discovery order regarding Facebook's initial disclosures shall take effect, and Facebook shall comply with that order within **seven (7) days** after the stay lifts.

**IT IS SO ORDERED.**

DATED: March 29, 2023

_____
EDWARD J. DAVILA
United States District Judge