Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendant Meta Platforms, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-cv-03699-PCP<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date: August 22, 2024<br>Time: 10:00 am<br>Dept.: Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

## NOTICE OF MOTION AND MOTION TO STAY

**PLEASE TAKE NOTICE** that on August 22, 2024 at 10:00 a.m., or as soon thereafter as may be heard by the Honorable P. Casey Pitts, United States District Court, San Jose Division, 280 South First Street, San Jose, CA 95113, Defendant Meta Platforms, Inc. ("Meta"), by and through its counsel of record, will and hereby does move this Court to continue to stay the case pending resolution of Meta's Motion for Certification under 28 U.S.C. § 1292(b), Dkt. 130, and, if granted, subsequent appeal of the Court's Order Denying in Part and Granting in Part Meta's Motion to Dismiss Plaintiff's Third Amended Complaint.

This Motion is based on the following Memorandum of Points and Authorities, the pleadings and other documents on file, all matters of which this Court may take judicial notice, and any other argument or evidence that may be received by this Court.

## STATEMENT OF RELIEF SOUGHT

Meta respectfully seeks an order continuing to stay the case pending the resolution of Meta's Motion for Certification under 18 U.S.C. § 1292(b), Dkt. 130, and, if granted, subsequent appeal of the Court's Order Denying in Part and Granting in Part Meta's Motion to Dismiss Plaintiff's Third Amended Complaint.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the case should continue to be stayed pending resolution of Meta's Motion for Certification under 18 U.S.C. § 1292(b), Dkt. 130, and, if granted, subsequent appeal of the Court's Order Denying in Part and Granting in Part Meta's Motion to Dismiss Plaintiff's Third Amended Complaint.

# # #

## I. INTRODUCTION

As the Court invited in its order granting in part and denying in part Meta Platforms, Inc.'s ("Meta") motion to dismiss (the "Order"), Dkt. 121 at 14, Meta respectfully requests that the Court extend the stay of the case that is currently in place in this matter.[1]

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court previously stayed this case pending resolution of parallel criminal proceedings against Meta in Australia. Those proceedings have been discontinued; Australian prosecutors announced that they had found insufficient evidence to prosecute Meta.

Meta nonetheless requests that the stay be extended for a different reason. Meta has moved to certify the Court's Order for interlocutory appeal under 18 U.S.C. § 1292(b) to the extent it declined to apply immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, to bar Plaintiff's state-law claims. Dkt. 130. The Ninth Circuit has instructed that Section 230 protects "websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando Valley* v. *Roommates.Com, LLC*, 521 F.3d 1157, 1174–75 (9th Cir. 2008) (en banc). Meta respectfully submits that the Ninth Circuit should be permitted to resolve the important and dispositive legal question of Section 230's application to this case before Meta is subjected to expensive and time-consuming litigation.

## II. ARGUMENT

Courts are empowered to order a stay of proceedings in the district court pending resolution of an interlocutory appeal. In making this determination, courts examine the factors from the Supreme Court's decision in *Landis*: (1) "the hardship or inequity which a party may suffer if the case is allowed to go forward"; (2) "the possible damage which may result from the granting of a stay"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating

[1] The parties stipulated to move the deadline for this motion to be filed to July 9, which the Court granted. *See* Dkts. 128, 129.

of issues, proof, and questions of law which could be expected to result from a stay."[2] *Kuang* v. *U.S. Dep't of Def.*, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019) (citing *Landis*, 299 U.S. at 254) (cleaned up).

***First***, Meta will suffer "hardship or inequity" if the case goes forward. Section 230 is an immunity statute. *Roommates.Com*, 521 F.3d at 1174 ("We must keep firmly in mind that this is an immunity statute we are expounding."). That immunity protects Meta not just from ultimate liability, but also from "having to fight costly and protracted legal battles." *Id.* at 1174–75. The Ninth Circuit has urged particular caution in "close cases" like this one. "Websites are complicated enterprises, and there will always be close cases where a clever lawyer could argue that something the website operator did encouraged the illegality." *Id.* at 1174. Here, the Court noted that "Dr. Forrest does not clearly allege how Meta's ad tools work or contribute to the challenged ads." Dkt. 121 at 8. "Close" cases like the one at bar—involving "enhancement by implication or development by inference"—should be resolved early and in favor of immunity, lest courts "cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged—or at least tacitly assented to—the illegality of third parties." *Roommates.Com*, 521 F.3d at 1174–75; *cf. Peck* v. *Cnty. of Orange*, 528 F. Supp. 3d 1100, 1105, 1107 (C.D. Cal. 2021) (granting stay pending appeal of partial denial of application of qualified immunity statute, because a "stay will serve the purpose of qualified immunity—to avoid trial and the burdens of pretrial matters"). Thus, a stay will protect Meta from one of the harms that Section 230 was designed to prevent.

***Second***, Plaintiff will not suffer harm from a further stay. This case is still in its early stages; no answer has been filed, no documents have been exchanged, no depositions have been noticed.[3]

---

[2] While some district courts have applied a different test, the courts that have considered the proper standard to apply in cases requesting a stay pending interlocutory appeal have "overwhelmingly concluded" that this test "or something similar" applies, because it applies to the "decision to stay proceedings, regardless of whether the stay is based on a direct appeal or an independent case," as opposed to a decision whether to "stay an injunction or other order." *Kuang*, 2019 WL 1597495, at *3–4 (emphasis added, collecting authority).

[3] Plaintiff's counsel relayed that they would not be filing a Fourth Amended Complaint on July 11, the deadline for them to do so, Dkt. 121 at 14. It is Meta's understanding that the filing of this motion to stay automatically abrogates the July 25 deadline for Meta to answer or respond to the operative Third Amended Complaint. *See* Dkt. 121 at 14 (deadline to answer complaint only

There is no risk of evidence becoming stale, as Meta previously explained. Dkt. 48 at 16–18. And Plaintiff seeks money damages, which weighs in favor of a stay. *See, e.g.*, *CMAX, Inc.* v. *Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (declining to disturb stay as it would only delay recovery of money damages and thus defendant "ha[d] not ma[d]e a strong showing in support of its assertion that it will suffer irreparable damages and a miscarriage of justice"); *Kuang*, 2019 WL 1597495, at *4 (finding no prejudice to plaintiffs in a stay pending appeal even where injunctive relief sought, while recognizing that "some amount of delay is inherent in a stay, and a stay's precise duration will generally be uncertain when based on proceeding before an independent adjudicative body"). If anything, Plaintiff may benefit from a stay, as he will be spared from dedicating resources to litigation that may ultimately be wasted. *See Ottesen* v. *Hi-Tech Pharms, Inc.*, 2024 WL 589089, at *4 (N.D. Cal. Feb. 13, 2024) (granting stay pending interlocutory appeal where "th[e] case ha[d] already been stayed for three years," yet "[i]f the case were to proceed pending Ninth Circuit review, 'significant and potentially unnecessary' resources may be invested by both parties"); *Everest Indemnity Ins. Co.* v. *DeMarco*, 2009 WL 10675019, at *3 (C.D. Cal. Aug. 20, 2009) (granting stay pending appeal where "[t]here is the possibility of hardship to both parties" as "both parties face wasted expenses due to attorneys' fees and potential discovery costs if the Court allows this case to continue").

***Third***, the "orderly course of justice" militates in favor of a stay. It is not only the parties that will save time and resources from a stay—the Court will, too. *See Gustavson* v. *Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("[C]onsiderations of judicial economy are highly relevant."). Because Plaintiff does not intend to file a Fourth Amended Complaint, reversal of the Court's Order on Section 230 grounds would end this case, such that any efforts dedicated to discovery in the interim would be wasted. In the absence of a stay, the Court may be called upon to resolve potential discovery disputes concerning, for example, the parties' protective order, stipulated ESI protocol, and Rule 502(d) order, as well as motions to compel and for protective orders relating to the scope of discovery. *See Saunders* v. *Sunrun, Inc.*, 2020 WL 4601636, at *6

---

operative if "no motion [to stay] is filed").

(N.D. Aug. 11, 2020) ("It would be a waste of judicial resources" to "permit further proceedings, only to have the California Supreme Court" render a "case-dispositive conclusion."); *Kuang*, 2019 WL 1597495, at *4 (staying proceedings pending interlocutory appeal where the appeal "contains issues that may dispose of the case or significantly reshape the merits"); *E. Bay Sanctuary Covenant* v. *Trump*, 2019 WL 1048238, at *3 (N.D. Cal. Mar. 5, 2019) (staying proceedings pending interlocutory appeal where "the Ninth Circuit's resolution of the pending appeal will provide significant, and possibly conclusive, guidance as to the appropriate disposition on the merits" (internal citations omitted)); *Northstar Fin. Advisors Inc.* v. *Schwab Invs*., 2009 WL 1126854, at *1 (N.D. Cal. Apr. 27, 2009) (noting the "potential efficiency" to be gained by staying discovery pending appeal as "issues will be significantly narrowed, thus shaping the scope of discovery and motion practice"); *Fed. Deposit Ins. Corp*. v. *Perry*, 2012 WL 13008979, at *5 (C.D. Cal. Feb. 21, 2012) (granting stay pending certification and appeal of order because resolution in Defendant's favor would "end the litigation" or at least re-focus it); *see also Bennett* v. *United States*, 2021 WL 4902485, at *2 (W.D. Wash. Aug. 31, 2021) (staying proceedings where "[a]n appeal at this stage will assist the Court in determining whether it has subject matter jurisdiction over this case and will conserve the Court and the parties' resources").[4]

## III. CONCLUSION

For the reasons discussed above, Meta's motion to stay should be granted.

[4] While "[t]he likelihood of success on the merits is not an independent factor under *Landis*," *Kuang*, 2019 WL 1597495, at *6, Meta is likely to succeed on appeal. Courts in this District previously have permitted interlocutory appeals after addressing legal questions concerning the scope of Section 230 immunity at the motion-to-dismiss stage. *See J.B.* v. *G6 Hospitality, LLC*, 2021 WL 6621068, at *3 (N.D. Cal. Dec. 16, 2021) (granting a certificate of appealability with respect to a decision under Section 230 because "the nature and extent of the CDA immunity to which Craigslist is entitled will materially affect the outcome (or at a minimum the required framing) of Plaintiff's claims against it"); *Doe* v. *Twitter, Inc.*, 2021 WL 12285614, at *1 (N.D. Cal. Oct. 26, 2021); *see also Doe #1* v. *Twitter, Inc.*, 2023 WL 3220912, at *1–*2 (9th Cir. May 3, 2023) (exercising appellate jurisdiction and concluding that Twitter was entitled to immunity). As Meta has shown, *see* Dkt. 130, an interlocutory appeal is warranted here because the Order presents a "controlling question of law" over which there is a substantial ground for a difference of opinion, and which is likely case-dispositive, 28 U.S.C. § 1292(b)—namely, whether an interactive computer service provider's provision of tools that automatically optimize the advertiser's ad components precludes Section 230 immunity related to an advertiser's use of the tools to publish ads containing illegal content. Meta respectfully submits that the answer to that question, even accepting Plaintiff's allegations as true, is no. *See Calise* v. *Meta Platforms, Inc.*, 103 F.4th 732, 745 (9th Cir. 2024); *Dyroff* v. *Ultimate Software Grp., Inc.*, 934 F.3d 1094, 1094 (9th Cir. 2019).

Dated: July 9, 2024

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Jonathan S. Tam (SBN: 304143)
jtam@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2029 Century Park E, Ste 2000
Los Angeles, CA 90067
Telephone: (310) 982-4350
Facsimile: (310) 982-1805

Thomas Patrick Cordova *(pro hac vice)*
pcordova@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*