Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Jonathan S. Tam (SBN: 304143)
jtam@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
2029 Century Park E, Ste 2000
Los Angeles, CA 90067
Telephone: (310) 982-4350
Facsimile: (628) 226-3210

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>     Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC., a Delaware<br>Corporation, and DOES 1 through 20, inclusive,<br><br>     Defendant. | Case No. 5:22-cv-03699-PCP<br><br>**DEFENDANT META PLATFORMS,<br>INC.'S ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFF'S THIRD<br>AMENDED COMPLAINT**<br><br>Courtroom: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

1   Defendant Meta Platforms, Inc. ("Meta"), by and through its undersigned counsel, hereby

2   answers Plaintiff's Third Amended Complaint (the "TAC") (Dkt. 101) as follows:

3   Except as otherwise expressly stated below, Meta denies each and every allegation

4   contained in the TAC.  Meta further denies that Plaintiff is entitled to the relief requested, or any

5   other relief.

6   Meta expressly denies that it plays any role in "producing" scam ads on its services,

7   including those allegedly involving Plaintiff.  So-called "scam ads," and those that

8   inappropriately use public figures' name or likeness without their consent, violate Meta's

9   policies, including its Advertising Standards (https://transparency.meta.com/policies/ad-

10   standards/).  Meta diligently works to prevent and remove ads and other content that violate its

11   policies.  Meta employs tools and strategies to review ads for compliance with its policies and

12   rejects or takes down ads when it determines that they do not comply with those policies.  Meta

13   further states that, under its policies, Meta's ad review system reviews ads for potential violations

14   before the ad goes live, and that all ads remain subject to re-review.  Meta also maintains that it is

15   immune from suit under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and

16   categorically denies that it materially contributed to any of the content that made the identified

17   advertisements allegedly unlawful.  As Plaintiff admits, the "basic material" is "supplied by

18   criminal scammers," not Meta.  TAC ¶ 4; *see* TAC ¶ 120.

19   Meta states that the headings, sub-headings, and footnotes, throughout the TAC, as well as

20   the attachments to the TAC, which appear to be documents created by Plaintiff, do not constitute

21   well-pled allegations of fact, and therefore require no response.  To the extent a response is

22   required, Meta denies the allegations in the headings, sub-headings, footnotes, and attachments,

23   except as otherwise stated.

24   Meta states that it has made a reasonable inquiry into the allegations in the TAC, but that

25   its factual investigation is ongoing.  Meta reserves the right to seek to amend and/or supplement

26   its Answer as may be necessary, and to request dismissal of the Complaint on any and all

27   grounds.

28

The allegations in the first introductory paragraph (non-numbered) on the first page of the TAC contains characterizations of the TAC and conclusions of law, to which no response is required. To the extent a response is required, Meta admits only that Plaintiff brings this action in an attempt to seek "damages, injunctive relief and other . . . equitable relief," but denies that it engaged in any illegal actions, that the equitable relief Plaintiff seeks is "appropriate," or that Plaintiff is entitled to any of the requested relief. Meta denies the remainder of the allegations in the first introductory paragraph. With respect to Footnote 1, Meta admits that Facebook, Inc. changed its name to Meta Platforms, Inc. in October 2021. Meta denies Plaintiff's definition of "Meta Ads." The remainder of Footnote 1 contains characterizations of the TAC and conclusions of law, to which no response is required. To the extent a response is required, Meta denies the remainder of the allegations in Footnote 1.

## ANSWERS TO SPECIFIC ALLEGATIONS

1. Meta lacks knowledge or information sufficient to form a belief as to the allegation that "Plaintiff Dr. Andrew Forrest is an Australian businessman, philanthropist, and public figure" and on that basis denies it. Meta denies the remainder of the allegations in Paragraph 1. With respect to Footnote 2, Meta denies Plaintiff's definition of "Scam Ads." Meta denies the remainder of the allegations in Footnote 2.

2. Meta admits that an ad bearing the ID 704000364789556 appeared on Meta's services and has been preserved in Meta's Ads Library, but notes that the ad ran for, at most, one day, November 14, 2023, and was run by an ad account that Meta disabled for not following its Advertising Standards. Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies. Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies. Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review. Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 2 and on that basis denies them. Footnote 3 it purports to characterize a webpage in the Meta Ads Library. That document, in its full and correct form,

speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Footnote 3 also purports to characterize Attachments A and B to the Third Amended Complaint, which depict advertisements that Meta admits ran on its services.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Footnote 3, including when the Meta Ads Library was "last visited," and on that basis denies them.

3.      Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 3 and on that basis denies them.

4.      Meta admits that it has an application called Ads Manager.  Meta admits that third-party advertisers can upload materials for use in their ads.  Meta admits that, in or about 2019, Plaintiff requested Meta take down ads featuring his likeness.  Meta denies Plaintiff's definition of "Meta Ads."  Meta denies the remainder of the allegations in Paragraph 4.

5.      Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 5 and on that basis denies them.

6.      Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 6 and on that basis denies them.

7.      Meta denies the allegations in Paragraph 7.

8.      Meta denies the allegations in Paragraph 8.

9.      Paragraph 9 purports to characterize, and quote an excerpt from, a letter dated on or about October 18, 2019.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 9.

10.     Meta denies the allegations in Paragraph 10.

11.     Meta denies the allegations in Paragraph 11.

12.     Meta denies the allegations in Paragraph 12.

13.     Meta admits that it has processes for reviewing ads.  Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.

Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta denies the remainder of the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta admits that Section 230 bars Plaintiff's claims against Meta in this case.

15.     The allegations in Paragraph 15 consist of legal conclusions to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 consist of legal conclusions to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 16.

17.     Meta lacks knowledge or information sufficient to form a belief about the allegations in the first two sentences of Paragraph 17 and on that basis denies them.  Meta denies the remainder of the allegations in Paragraph 17.

18.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 18 and on that basis denies them.

19.     Meta admits it is a Delaware corporation, and that Facebook, Inc. changed its name to Meta Platforms, Inc. in or about October 2021.  Meta's corporate headquarters are located at 1 Meta Way, Menlo Park, California 94025.  Meta denies the remainder of the allegations in Paragraph 19.

20.     Meta admits that it sells advertising placements on its services, including on Facebook, Instagram, Messenger, and third-party applications and websites, to third-party marketers.  Meta denies the remainder of the allegations in Paragraph 20.

21.     Meta admits that its Founder, Chairman, and CEO is Mark Zuckerberg.  Meta denies the remainder of the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 consist of legal conclusions, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 24.

25.     Meta admits that it removed this case from San Mateo Superior Court based on federal question jurisdiction under 28 U.S.C. § 1331 arising from Plaintiff's claim under the Lanham Act, 15 U.S.C. § 1125(a).  The remainder of the allegations in Paragraph 25 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the remainder of the allegations in Paragraph 25.  With respect to Footnote 4, Meta admits that Plaintiff has withdrawn his Lanham Act claim.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Footnote 4 and on that basis denies them.

26.     Meta admits that its corporate headquarters are in the United States.  Meta lacks knowledge or information sufficient to form a belief about the alleged citizenship of Plaintiff and on that basis denies it.  The remainder of the allegations in Paragraph 26 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the remainder of the allegations in Paragraph 26.

27.     Meta admits that its corporate headquarters are in this judicial district.  The remainder of the allegations in Paragraph 27 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the remainder of the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 28.

29.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 29 and on that basis denies them.

30.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 30 and on that basis denies them.

31.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 31 and on that basis denies them.  Meta lacks knowledge or information sufficient to form a belief about the allegations in Footnote 5 and on that basis denies them.

32.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 32 and on that basis denies them.

33.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 33 and on that basis denies them.

34.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 34 and on that basis denies them.

35.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 35 and on that basis denies them.

36.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 36 and on that basis denies them.

37.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 37 and on that basis denies them.

38.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 38 and on that basis denies them.

39.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 39 and on that basis denies them.

40.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 40 and on that basis denies them.

41.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 41 and on that basis denies them.

42.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 42 and on that basis denies them.

43.     Paragraph 43 purports to characterize and quote an advertisement depicted in Attachment A, which Meta admits ran on its services.  Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad

goes live, and that all ads remain subject to re-review.  Meta denies the remainder of the allegations in Paragraph 43.

44.     Meta admits that, in or about 2019, Plaintiff reported to Meta that certain ads concerning him had run on Facebook.  Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 44 and on that basis denies them.

45.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 45 and on that basis denies them.

46.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 46 and on that basis denies them.

47.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 47 and on that basis denies them.

48.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 48 and on that basis denies them.

49.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 49 and on that basis denies them.

50.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 50 and on that basis denies them.

51.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 51 and on that basis denies them.

52.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 52 and on that basis denies them.

53.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 53 and on that basis denies them.

54.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 54 and on that basis denies them.

55.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 55 and on that basis denies them.

56.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 56 and on that basis denies them.

57.     Meta admits that an ad bearing the ID 228855026379900 appeared on Meta's services.  Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 57 and on that basis denies them.  Paragraph 57 purports to characterize a webpage on Meta's Ads Library, cited in Footnote 6, although the link does not appear to show the ad cited.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 57 and Footnote 6.

58.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 58 and on that basis denies them.

59.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 59 and on that basis denies them.

60.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 60 and on that basis denies them.

61.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 61 and on that basis denies them.

62.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 62 and on that basis denies them.

63.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 63 and on that basis denies them.

64.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 64 and on that basis denies them.

65.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 65 and on that basis denies them.

66.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 66 and on that basis denies them.

67.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 67 and on that basis denies them.  Meta lacks knowledge or information sufficient to form a belief about the allegations in Footnote 7 and on that basis denies them.

68.     Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 68 and on that basis denies them.

69.     Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 69 and on that basis denies them.

70.     Meta admits that Mr. Easton had a brief telephone call with Plaintiff in or about May 2019, but denies Plaintiff's incorrect characterization of that telephone call.  Meta denies the remainder of the allegations in Paragraph 70.

71.     Paragraph 71 purports to characterize and quote an excerpt from an email dated on or about May 19, 2019, but actually misquotes it.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 71.

72.     Paragraph 72 purports to characterize and quote an excerpt from an email dated on or about May 19, 2019, but actually misquotes it.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 72.

1    73.    Meta denies the allegations in Paragraph 73.

2    74.    Paragraph 74 purports to characterize and quote excerpts from a letter dated on or

3    about October 18, 2019.  That document, in its full and correct form, speaks for itself.  Meta

4    denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the

5    allegations in Paragraph 74.

6    75.    Paragraph 75 purports to characterize and quote excerpts from a letter dated on or

7    about October 18, 2019.  That document, in its full and correct form, speaks for itself.  Meta

8    denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the

9    allegations in Paragraph 75.

10   76.    Paragraph 76 purports to characterize and quote excerpts from a letter dated on or

11   about October 18, 2019, and to characterize a letter dated on or about May 20, 2019.  Those

12   documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect

13   characterization of those documents.  Meta denies the remainder of the allegations in Paragraph

14   76.

15   77.    Paragraph 77 purports to characterize and quote an excerpt from a letter dated on

16   or about October 18, 2019.  That document, in its full and correct form, speaks for itself.  Meta

17   denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the

18   allegations in Paragraph 77.

19   78.    Paragraph 78 purports to characterize and quote an excerpt from an open letter

20   dated on or about November 8, 2019.  That document, in its full and correct form, speaks for

21   itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta states that Meta

22   responded to Plaintiff's email forwarding that purported open letter, and admits that Mr.

23   Zuckerberg did not personally respond to that open letter.  Meta lacks knowledge or information

24   sufficient to form a belief about the allegations in Paragraph 78 concerning the creation of the

25   purported open letter and on that basis denies them.  Meta denies the remainder of the allegations

26   in Paragraph 78.

27   79.    Meta lacks knowledge or information sufficient to form a belief about the

28   allegations in Paragraph 79 concerning Plaintiff or the alleged off-service activity of Facebook

1  users and on that basis denies them.  Meta denies the remainder of the allegations in Paragraph
2  79.

3        80.    Meta lacks knowledge or information sufficient to form a belief about the
4  allegations in Paragraph 80 and on that basis denies them.

5        81.    Meta admits that Plaintiff's counsel sent letters to Meta's counsel dated on or
6  about April 28, 2023, May 4, 2023, May 9, 2023, May 25, 2023, June 16, 2023, July 7, 2023, and
7  August 1, 2023, while discovery was stayed in this case.  Those documents, in their full and
8  correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those
9  documents.  Meta denies the remainder of the allegations in Paragraph 81.

10        82.    Meta admits that, in part because discovery was stayed in this case at the time
11  Plaintiff sent the letters referenced in Paragraph 81, Meta responded by stating that it was taking
12  steps to preserve information, documents, and data consistent with its obligations under the
13  Federal Rules of Civil Procedure.  Meta denies the remainder of the allegations in Paragraph 82.

14        83.    Meta lacks knowledge or information sufficient to form a belief about the
15  allegations in Paragraph 83 and on that basis denies them.

16        84.    Meta denies the allegations in Paragraph 84.  Footnote 8 purports to characterize
17  Meta's 10-K filing from December 2020.  That document, in its full and correct form, speaks for
18  itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge
19  or information sufficient to form a belief about the allegation as to when that document was "last
20  accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Footnote 8.

21        85.    Meta denies the allegations in Paragraph 85.

22        86.    Paragraph 86 purports to characterize and quote an excerpt from an unnamed,
23  uncited document from 2015.  Meta's Terms and Conditions and Self-Serve Ad Terms in effect
24  as of 2015 speak for themselves, and do not contain the language quoted in Paragraph 86.  Meta
25  thus lacks knowledge or information sufficient to form a belief about the allegations in Paragraph
26  86 and on that basis denies them.

27        87.    Meta admits that there are both Facebook Advertising Terms and Conditions and
28  general Terms of Service.  Paragraph 87 and Footnote 9 purport to characterize versions of

Facebook's Terms and Conditions and Meta's Self-Serve Advertising Terms.  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegations as to when those documents were "last accessed" and on that basis denies them.  Meta denies the remainder of the allegations in Paragraph 87 and Footnote 9.

88.     Meta admits that, prior to May 25, 2018, advertisers with a residence or principal place of business in Australia contracted with Facebook Ireland Ltd. to advertise on Facebook.  Meta further admits that, since May 25, 2018, advertisers with a residence or principal place of business in Australia have contracted with Meta Ireland, previously named Facebook Ireland Ltd., to advertise on Facebook.  Meta further admits that, since February 1, 2016, Designated Australian Advertisers–advertisers with a business address in Australia that have been assigned support by a Meta sales representative within Facebook Australia–have contracted with Facebook Australia Pty Ltd. under Country-Specific Ads Terms.  Meta denies the remainder of the allegations in Paragraph 88.

89.     Meta admits that, prior to April 19, 2018, users of Meta's social media services in Australia agreed to Meta Ireland's Statement of Rights and Responsibilities.  Meta Inc.'s Terms of Service were introduced on April 19, 2018.  Between April 19 and July 14, 2018, users of Meta's social media services in Australia were transitioned from Meta Ireland's Statement of Rights and Responsibilities to Meta Inc.'s Terms of Service.  Since July 14, 2018, users of Meta's social media services in Australia have been subject to Meta Inc.'s Terms of Service.  Meta denies the remainder of the allegations in Paragraph 89.

90.     Meta admits that Audience Network allows advertisers to advertise on selected third-party apps that partner with Meta Audience Network.  Paragraph 90 purports to characterize a webpage, cited in Footnote 10, and characterize and quote excerpts from Meta's Form 10-K for the fiscal year ended December 31, 2021, cited in Footnote 11.  Those documents, in their full and correct form, speaks for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegations as to when those documents were "last accessed" and on that basis denies them.

Meta denies the remainder of the allegations in Paragraph 90 and Footnotes 10 and 11.

91.     The allegations in Paragraph 91 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 91.

92.     Meta denies the allegations in Paragraph 92.

93.     Meta admits that Facebook was founded in February 2004 by Mark Zuckerberg on the campus of Harvard University.  Meta admits that Facebook introduced Facebook public messaging in September 2004.  Meta admits that Facebook expanded to other colleges and universities in 2004.  Meta denies the remainder of the allegations in Paragraph 93.

94.     Meta admits that it launched the Facebook service in May 2007.  Meta denies the remainder of the allegations in Paragraph 94.

95.     Meta admits that, in 2007, it offered a social media service that allowed users to post their content for free, and interact with others.  Meta denies the remainder of the allegations in Paragraph 95.

96.     Meta admits that it launched its ad system for businesses to connect with users and target advertising to the exact audiences they want in 2007.  Paragraph 96 purports to characterize and quote an excerpt from a 2007 Bloomberg Law article entitled Facebook Declares New Era for Advertising, cited in Footnote 12.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 96 and Footnote 12.

97.     Meta admits that it launched its ad system in 2007.  Meta admits that the self-serve ad tools allow third-party businesses to build and target ads to their audiences.  Paragraph 98 purports to characterize Facebook's Form S-1 Registration Statement, and Form 10-K for the fiscal year ended December 31, 2015, cited in Footnote 13.  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when those documents were "last accessed" and on that basis denies it. Meta denies the remainder of the allegations in Paragraph 97 and Footnote 13.

98.     Meta admits that it launched Facebook Marketplace, but denies that it did so in

2007.  Meta denies the remainder of the allegations in Paragraph 98.

99.     Meta admits that, in 2009, 2010, and 2011, advertising accounted for 98%, 95%, and 85%, respectively, of Meta's revenue.  Meta admits that, in 2019, advertising was responsible for more than 98% of Facebook's revenue.  Meta admits that, in 2022, advertising revenue was over $113 billion.  Paragraph 99 purports to characterize Meta's Form S-1 Registration Statement, Facebook's 10-K for the fiscal year ended December 31, 2019, and Meta's 10-K for the fiscal year ended December 31, 2022, cited in Footnotes 14, 15, and 16, respectively.  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegations as to when the documents cited in Footnotes 15 and 16 were "last accessed" and thus denies them.  Meta denies the remainder of the allegations in Paragraph 99 and Footnotes 14, 15, and 16.

100.    Meta admits that Facebook filed its registration  to become a publicly traded company in 2012.  Paragraph 100 purports to characterize Meta's Form S-1 Registration Statement, cited in Footnote 17.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 100 and Footnote 17.

101.    Paragraph 101 purports to characterize Facebook's S-1 Registration Statement, Facebook's 10-K for the fiscal year ended December 31, 2012, and Facebook's 10-K for the fiscal year ended December 31, 2020, cited in Footnote 18.  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when those documents were "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 101 and Footnote 18.

102.    Paragraph 102 purports to quote from Facebook's Form S-1 Registration Statement, cited in Footnote 19.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 102 and Footnote 19.

103.     Paragraph 103 purports to characterize and quote excerpts from Facebook's Form 10-K for the fiscal year ended December 31, 2018, and Meta's Form 10-K for the fiscal year ended December 31, 2021, cited in Footnote 20.  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when those documents were "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 103 and Footnote 20.

104.     Paragraph 104 purports to characterize and quote an excerpt from Facebook's Form S-1 Registration Statement, cited in Footnote 21.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 104 and Footnote 21.

105.     Meta denies the allegations in Paragraph 105.

106.     Paragraph 106 purports to characterize and quote excerpts from Facebook's Form 10-K for the fiscal year ended December 31, 2016, cited in Footnotes 22 and 23.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 106 and Footnotes 22 and 23.

107.     Meta denies the allegations in Paragraph 107.

108.     Meta admits that it provides tools for advertisers that allow them to create and manage ad campaigns on Facebook and other services.  Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta denies the remainder of the allegations in Paragraph 108.  Meta denies the allegations in Footnote 24.

109.     Meta denies the allegations in Paragraph 109.

110.     Meta admits that it provides advertisers with a tool called Ads Manager, which is designed to allow advertisers to create, publish and manage Meta ad campaigns.  Meta admits that when a prospective advertiser sets up an Ad Manager account, an advertiser must set up a Facebook Page and provide a payment method.  Meta admits that an advertiser is asked to identify a goal for their ad.  Meta denies the remainder of the allegations in Paragraph 110.

111.     Meta admits that an advertiser creating an ad campaign must designate if the ad campaign fits into one of several special categories, including housing, employment, credit, social issues, elections, or politics, which subjects the ad to additional limitations.  Meta further states that it restricts options for certain ad categories, including credit, employment, and housing to prevent discriminatory practices on its services.  Meta denies the remainder of the allegations in Paragraph 111.

112.     Meta admits that it provides tools to advertisers to allow them to make choices about the appearance of their ad including by uploading media, text, and other contents.  Meta denies the remainder of the allegations in Paragraph 112.

113.     Meta admits that advertisers for certain types of ads can include or exclude certain demographics from the audience for the ad.  Meta admits it provides a tool called Advantage Detailed Targeting that allows advertisers to reach a broader group of users.  Meta denies the remainder of the allegations in Paragraph 113.

114.     Meta denies the allegations in Paragraph 114.  With respect to Footnote 25, Meta denies the allegations in Footnote 25.

115.     Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta admits businesses are told when their ads are rejected and can seek a re-review if they believe they were incorrectly rejected.  Meta further states that, if an ad is rejected, Meta may restrict an advertiser's ad account, business account, or address so that that

account or asset cannot be used to advertise across Meta's services.  Meta denies the remainder of the allegations in Paragraph 115.

116.    Meta denies the allegations in Paragraph 116.

117.    Paragraph 117 purports to characterize and quote an excerpt from Form 10-K for the fiscal year ended December 31, 2021, cited in Footnote 26.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 117 and Footnote 26.

118.    Meta admits that it collects revenue from ads posted on its services. Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies.  Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies.  Meta further states that review takes place before an advertiser pays for an ad on Meta's services.  Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review.  Meta lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of Paragraph 118 and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 118.

119.    Meta denies the allegations in Paragraph 119.

120.    Meta admits that it offers a tool called Dynamic Creative to advertisers, which, among other things, takes media and other ad components provided by the advertiser and mixes them and matches them to improve ad performance.  Paragraph 120 purports to characterize a webpage, cited in Footnote 27.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief as to when that document was "last accessed" and on that basis denies the allegation.  Meta denies the remainder of the allegations in Paragraph 120 and Footnote 27.

121.    Meta admits that it offers a tool called Dynamic Creative to advertisers, which, among other things, takes media and other ad components provided by the advertiser and mixes them and matches them to improve ad performance.  Paragraph 121 purports to characterize a webpage, cited in Footnote 28.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 121 and Footnote 28.

122.    Meta denies the allegations in Paragraph 122.

123.    Meta admits that it offers a tool to some advertisers called Advantage+ Creative, which offers some features that use generative AI, but further states that the content and text of the advertisements are supplied by advertisers and not Meta.  Meta further states that Advantage+ Creative is not available to ads in special categories.  Meta admits that, through the Audience Network tool, its ads may be shown to off-site viewers, as well as to viewers on its own services.  Paragraph 123 purports to characterize webpages cited, in Footnotes 31 and 32.  Those documents, in their full and correct form, speaks for themselves.  Meta denies Plaintiff's incorrect characterization of those documents.  Meta lacks knowledge or information sufficient to form a belief about the allegations as to when those documents were "last accessed" and on that basis denies them.  Meta denies the remainder of the allegations in Paragraph 123 and Footnotes 30, 31, and 32.  Meta lacks knowledge or information sufficient to form a belief as to the allegations in Footnote 29 and on that basis denies them.

124.    Meta admits that Advantage+ Creative includes the option to add music, optimize images and videos, and add 3D animation, but further states that these options do not materially contribute to the content or text of the advertisement, which is supplied by advertisers and not Meta.  Meta further states that Advantage+ Creative is not available to ads in special categories.  Meta denies the additional allegations in Paragraph 124.

125.    Meta admits that Ads Manager includes a tool for A/B tests, which allows the advertiser to split its budget between two different variations of an ad so that the advertiser can evaluate the success of the different versions.  Meta denies the remainder of the allegations in Paragraph 125.  Meta denies the allegations in Footnote 33.

1    126.    Meta denies the allegations in Paragraph 126.

2    127.    Meta admits it provides a tool called Advantage Detailed Targeting to allow

3    advertisers to reach a broader group of users.  Meta denies the remainder of the allegations in

4    Paragraph 127.

5    128.    Meta admits that it offers a campaign setup called Tailored Campaigns for

6    advertisers to efficiently set up their ad campaigns.  Paragraph 128 purports to characterize and

7    quote a webpage, cited in Footnotes 34 and 35.  That document, in its full and correct form,

8    speaks for itself.  Meta denies Plaintiff's incorrect characterization of that documents.  Meta lacks

9    knowledge or information sufficient to form a belief about the allegation as to when that

10   document was "last accessed" and on that basis denies it Meta denies the remainder of the

11   allegations in Paragraph 128 and Footnotes 34 and 35.

12   129.    Meta admits that it offers a feature called Audience Network that facilitates the

13   publication of Meta ads to third-party partner apps and websites.  Paragraph 129 purports to

14   characterize a webpage, cited in Footnote 36.  That document, in its full and correct form, speaks

15   for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks

16   knowledge or information sufficient to form a belief about the allegation as to when that

17   document was "last accessed" and on that basis denies it.  Meta denies the remainder of the

18   allegations in Paragraph 129 and Footnote 36.

19   130.    Meta states that Paragraph 130 purports to characterize and quote an excerpt from

20   a webpage, cited in Footnote 37.  That document, in its full and correct form, speaks for itself.

21   Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or

22   information sufficient to form a belief about the allegation as to when that document was "last

23   accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph

24   129 and Footnote 36.

25   131.    Meta admits that it sells ad inventory on its own social media services and through

26   publication of ads to third-party partner apps and websites.  Meta denies the remainder of the

27   allegations in Paragraph 131.

28   132.    Meta admits that advertisers have the option of using detailed targeting, which

allows advertisers to refine the group of people Meta shows their ads to. Meta admits advertisers have the option to use lookalike audiences with Meta's ad delivery system to attempt to find other users with similar demographics, interests and behaviors as the advertiser's original audience. Meta denies the remainder of the allegations in Paragraph 132.

133.     Meta denies the allegations in Paragraph 133.

134.     Meta lacks the knowledge or information sufficient to form a belief about the allegations in Paragraph 134 and on that basis denies them.

135.     Meta denies the allegations in Paragraph 135.

136.     Paragraph 136 purports to refer to a letter dated on or about October 18, 2019. That document, in its full and correct form, speaks for itself. Meta denies Plaintiff's incorrect characterization of that document. Meta denies the remainder of the allegations in Paragraph 136.

137.     Meta denies the allegations in Paragraph 137.

138.     Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies. Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies. Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review. Meta denies the remainder of the allegations in Paragraph 138.

139.     Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies. Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies. Meta further states that, under its policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and that all ads remain subject to re-review. Meta denies the remainder of the allegations in Paragraph 139.

140.     Meta states that Meta diligently works to prevent and remove ads and other content that violate its policies. Meta further states that Meta employs tools and strategies to review ads for compliance with its policies and rejects or takes down ads when it determines that they do not comply with those policies. Meta further states that, under its policies, Meta's ad

1  review system reviews ads for potential violations before the ad goes live, and that all ads remain

2  subject to re-review.  Meta denies the remainder of the allegations in Paragraph 140.

3       141.   Paragraph 141 purports to characterize and quote an excerpt from a letter dated on

4  or about October 18, 2019.  That document, in its full form, speaks for itself.  Meta denies

5  Plaintiff's incorrect characterization of that document.  Meta admits that on or about October 18,

6  2019, its legal counsel communicated to Plaintiff that it adjusted detection mechanisms to look

7  for policy-violating ads featuring Plaintiff.  Meta states that Meta diligently works to prevent and

8  remove ads and other content that violate its policies.  Meta further states that Meta employs tools

9  and strategies to review ads for compliance with its policies and rejects or takes down ads when it

10  determines that they do not comply with those policies.  Meta further states that, under its

11  policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and

12  that all ads remain subject to re-review.  Meta further states that it engages multiple enforcement

13  systems, including proactive, reactive, machine learning, and human review enforcement systems

14  to identify misleading ads.  Meta denies the remainder of the allegations in Paragraph 141.

15       142.   Meta admits that a search for "Andrew Forrest" in Meta's Ads Library identifies

16  advertisements that purport to include Plaintiff's image but do not appear to use his name in text.

17  Meta denies the remainder of the allegations in Paragraph 142.

18       143.   Meta denies the allegations in Paragraph 143.

19       144.   Meta states that it requires all advertisers to abide by its policies, including policies

20  prohibiting unlawful content and infringement of others' rights.  Meta states that Meta diligently

21  works to prevent and remove ads and other content that violate its policies.  Meta further states

22  that Meta employs tools and strategies to review ads for compliance with its policies and rejects

23  or takes down ads when it determines that they do not comply with those policies.  Meta further

24  states that, under its policies, Meta's ad review system reviews ads for potential violations before

25  the ad goes live, and that all ads remain subject to re-review.  Meta denies the remainder of the

26  allegations in Paragraph 144.

27       145.   Meta denies the allegations in Paragraph 145.

28       146.   Meta states that Meta diligently works to prevent and remove content that violates

1   its policies. Meta lacks knowledge or information sufficient to form a belief about the remainder

2   of the allegations in Paragraph 146 and on that basis denies them.

3       147.   Meta lacks information concerning the meaning of "the original Scam Ads."  Meta

4   admits that Facebook's policies as of in or about June 2018 permitted ads promoting

5   cryptocurrency and related content only from pre-approved advertisers.  To obtain approval,

6   advertisers were required to submit a form providing details including all relevant licenses and

7   regulatory certifications, and related business information associated with an advertiser's account.

8   When Facebook's policies were updated in or about 2019, they continued to require pre-approval

9   for advertisers wishing to promote cryptocurrency trading products and services.  Meta denies the

10  remainder of the allegations in Paragraph 147.

11      148.   Meta admits that it requires businesses to use their own authentic business assets to

12  run ads, and that if Meta determines that an inauthentic ad account was used to run ads, that

13  account may be restricted and/or removed.  Meta states that Meta diligently works to prevent and

14  remove ads and other content that violate its policies.  Meta further states that Meta employs tools

15  and strategies to review ads for compliance with its policies and rejects or takes down ads when it

16  determines that they do not comply with those policies.  Meta further states that, under its

17  policies, Meta's ad review system reviews ads for potential violations before the ad goes live, and

18  that all ads remain subject to re-review.  Paragraph 148 purports to characterize and quote an

19  excerpt from a webpage, cited in Footnote 38.  That document, in its full and correct form, speaks

20  for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks

21  knowledge or information sufficient to form a belief about the allegation as to when that

22  document was "last accessed" and on that basis denies it.  Meta denies the remainder of the

23  allegations in Paragraph 148 and Footnote 38.

24      149.   Meta admits that it requires incorporated and/or registered business entities to

25  show a TIN, proof of identity, and a business formation document that shows the name of the

26  beneficial owners of the business.  Paragraph 149 purports to characterize and quote an excerpt

27  from a webpage, cited in Footnote 39.  That document, in its full and correct form, speaks for

28  itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge

or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 149 and Footnote 39.

150.    Meta denies the allegations in Paragraph 150.

151.    Meta denies the allegations in Paragraph 151.

152.    Meta admits that it diligently works to prevent and remove content that violates its policies, including by restricting advertisers' accounts that use inauthentic assets and false identities.  Meta admits that third-party scammers continue to evolve in response to Meta's enforcement with new deceptive behaviors, causing Meta to continually refine its enforcement methods.  Meta admits that it publicly discloses its ongoing efforts and commitment to building better technology, hiring more people and working with law enforcement, security experts and other companies to counter the issue of false identities by third parties on its services.  Paragraph 152 purports to characterize a webpage, cited in Footnote 40.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies the allegation.  Meta denies the remainder of the allegations in Paragraph 152 and Footnote 40.

153.    Meta admits that it has a program called Meta Verified.  Paragraph 153 purports to characterize a webpage, cited in Footnote 41.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the allegation as to when that document was "last accessed" and on that basis denies it.  Meta denies the remainder of the allegations in Paragraph 153 and Footnote 41.

154.    Meta admits that it diligently works to prevent and remove content that violates its policies.  Meta admits that third-party scammers continue to evolve in response to Meta's enforcement with new deceptive behaviors, causing Meta to continually refine its enforcement methods.  Paragraph 154 purports to characterize a webpage, cited in Footnote 42.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect

1  characterization of that document.  Meta lacks knowledge or information sufficient to form a

2  belief about the allegation as to when that document was "last accessed" and on that basis denies

3  it.  Meta denies the remainder of the allegations in Paragraph 154 and Footnote 42.

4        155.    Meta admits that an ad bearing the Library ID 2545915081794489, sponsored by

5  "exeed" and paid for with Thai Baht, appeared on Meta's services and had between 30,000 and

6  35,000 impressions, but notes that the ad was removed because it did not comply with Meta's

7  policies.  Paragraph 155 and Footnote 43 purport to characterize a webpage. That document, in its

8  full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that

9  document.  Meta denies the remainder of the allegations in Paragraph 155.  Meta lacks knowledge

10  or information sufficient to form a belief about the remainder of the allegations in Footnote 43,

11  including when that document was "last accessed" and on that basis denies them.

12        156.    Meta denies the allegations in Paragraph 156.

13        157.    Meta admits that it may ask advertisers of financial products to verify information

14  about their business.  Paragraph 157 purports to characterize webpages, cited in Footnote 44.

15  Those documents, in their full and correct form, speak for themselves.  Meta denies Plaintiff's

16  incorrect characterization of those documents.  Meta denies the remainder of the allegations in

17  Paragraph 157.  Meta lacks knowledge or information sufficient to form a belief about the

18  remainder of the allegations in Footnote 44, including the date on which the webpages were "last

19  accessed" and on that basis denies them.

20        158.    Meta denies the allegations in Paragraph 158.

21        159.    The allegations in Paragraph 159 consist of legal conclusions, to which no

22  response is required.  To the extent a response is required, Meta denies the allegations in

23  Paragraph 159.  Paragraph 159 purports to characterize a webpage, cited in Footnote 45.  That

24  document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect

25  characterization of that document.  Meta denies the remainder of the allegations in Paragraph 159.

26  Meta lacks knowledge or information sufficient to form a belief about the remainder of the

27  allegations in Footnote 45, including the date on which the webpage was "last accessed" and on

28  that basis denies them.

160.    The allegations in Paragraph 160 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 consist of legal conclusions, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 161.  Paragraph 161 purports to characterize a webpage, cited in Footnote 46.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 161. Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Footnote 46, including the date on which the webpage was "last accessed" and on that basis denies them.

162.    Meta states that, to obtain pre-approval to promote ads in Australia concerning cryptocurrency exchanges or trading platforms, borrowing or lending, wallets that offer additional services, mining, or investment, an advertiser is required to prove that it holds an AUSTRAC Registration from the Australian Transaction Reports and Analysis Center; or an Australian Financial Services License or Australian Markets License from the Australian Securities and Investments Commission.  Paragraph 162 purports to characterize a webpage, cited in Footnote 47.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 162 and Footnote 47.

163.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 163 and on that basis denies them.

164.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 164 and on that basis denies them.

165.    Meta denies the allegations in Paragraph 165.

166.    Meta denies the allegations in Paragraph 166.

167.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 167 and on that basis denies them.

168.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 168 and on that basis denies them.  Paragraph 168 purports to characterize and quote an excerpt from a webpage cited in Footnote 48.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Footnote 48, including the date on which the webpage was "last accessed" and on that basis denies them.

169.    Meta denies the allegations in Paragraph 169.

170.    Meta admits that, since in or about 2018, Meta's policies have required that advertisers promoting cryptocurrency have Meta's written permission to do so on Facebook.  In Australia, licensure is provided by the ASIC, and registration/enrollment by AUSTRAC.  Meta denies the remainer of the allegations in Paragraph 170.

171.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 171 and on that basis denies them.

172.    Meta denies the allegations in Paragraph 172.

173.    Meta denies the allegations in Paragraph 173.

174.    Meta denies the allegations in Paragraph 174.

175.    Paragraph 175 purports to characterize a filing from litigation between Wissam Al Mana and Facebook Ireland Ltd, cited in Footnote 51.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  As of the date of this ANSWER, Meta denies the allegations in Paragraph 175 and Footnote 51.

176.    Meta denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 77 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 177.

178.    Meta admits that it prohibits ads that limit Meta's access to evaluate the destination page used in the ads, such as through cloaking.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 178 and on that basis denies them.

179.    Meta denies the allegations in Paragraph 179.

180.    Meta denies the allegations in Paragraph 180.

181.    Meta denies the allegations in Paragraph 181.

182.    Meta denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 183.

184.    Meta denies the allegations in Paragraph 184.

185.    Meta denies the allegations in Paragraph 185.

186.    Meta denies the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta admits that Plaintiff's claims are barred by Section 230 of the Communications Decency Act.  Meta denies the remainder of the allegations in Paragraph 187.

188.    Meta denies the allegations in Paragraph 188.

189.    Meta admits that, prior to May 25, 2018, advertisers with a residence or principal place of business in Australia contracted with Facebook Ireland Ltd. to advertise on Facebook. Meta further admits that, since May 25, 2018, advertisers with a residence or principal place of business in Australia have contracted with Meta Ireland, previously named Facebook Ireland Ltd., to advertise on Facebook.  Meta further admits that, prior to April 19, 2018, users of Meta's social media services in Australia agreed to Meta Ireland's Statement of Rights and Responsibilities. Meta Inc.'s Terms of Service were introduced on April 19, 2018.  Between April 19 and July 14, 2018, users of Meta's social media services in Australia were transitioned from Meta Ireland's Statement of Rights and Responsibilities to Meta Inc.'s Terms of Service.  Since July 14, 2018, users of Meta's social media services in Australia have been subject to Meta Inc.'s Terms of Service.  Meta denies the remainder of the allegations in Paragraph 189.

190.    Meta admits that, prior to May 25, 2018, advertisers with a residence or principal place of business in Australia contracted with Facebook Ireland Ltd. to advertise on Facebook.

Meta further admits that, since May 25, 2018, advertisers with a residence or principal place of business in Australia have contracted with Meta Ireland, previously named Facebook Ireland Ltd., to advertise on Facebook.  Meta further admits that, prior to April 19, 2018, users of Meta's social media services in Australia agreed to Meta Ireland's Statement of Rights and Responsibilities. Meta Inc.'s Terms of Service were introduced on April 19, 2018.  Between April 19 and July 14, 2018, users of Meta's social media services in Australia were transitioned from Meta Ireland's Statement of Rights and Responsibilities to Meta Inc.'s Terms of Service.  Since July 14, 2018, users of Meta's social media services in Australia have been subject to Meta Inc.'s Terms of Service.  Meta denies the remainder of the allegations in Paragraph 190.

191.    Meta admits that neither Meta Inc. nor Meta Ireland have a principal place of business in Australia.  The remainder of the allegations in Paragraph 191 consist of legal conclusions, to which no response is required. To the extent a response is required, Meta admits that neither Meta Inc. nor Meta Ireland is registered to do business in Australia.  Meta denies the remainder of the allegations in Paragraph 191.

192.    Paragraph 192 purports to characterize the Terms of Service applicable to users of Meta's social media services in Australia.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Further, the allegations in Paragraph 192 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 192.

193.    Paragraph 193 purports to characterize and quote an excerpt from a webpage, cited in Footnote 52.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Further, the allegations in Paragraph 193 consist of legal conclusions, to which no response is required.  Meta denies the remainder of the allegations in Paragraph 193.  Meta lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Footnote 52, including when the document cited was "last accessed" and on that basis denies them.

194.    Meta admits that neither Meta Inc. nor Meta Ireland has an official address for service of process in Australia.  Meta denies the remainder of the allegations in Paragraph 194.

195.    Meta admits that it does not directly utilize any computer hardware located in Australia as part of its automated ad review processes.  Meta further admits that it does not use any human reviewers located in Australia as part of its ad review process.  Meta denies the remainder of the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta admits that it has taken the position that it can only be sued in the United States in this case.  Meta denies the remainder of the allegations in Paragraph 196.

197.    Paragraph 197 and Footnote 53 purport to characterize and quote an excerpt from a letter dated on or about August 27, 2019.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 197 and Footnote 53.

198.    Paragraph 198 purports to characterize and quote an excerpt from a letter dated on or about August 27, 2019.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 198.

199.    Paragraph 199 and its subparts purports to characterize and quote an excerpt from a letter dated on or about August 27, 2019.  That document, in its full and correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that document.  Meta denies the remainder of the allegations in Paragraph 199.

200.    The allegations in Paragraph 200 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta maintains that Plaintiff's claims are barred by Section 230 of the Communications Decency Act.  Meta denies the remainder of the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta maintains that Plaintiff's claims are barred by Section 230 of the Communications Decency Act.  Meta denies the remainder of the allegations in Paragraph 201.

1       202.    Meta denies the allegations in Paragraph 202.

2       203.    The allegations in Paragraph 203 consist of legal conclusions, to which no

3   response is required.  To the extent a response is required, Meta denies the allegations in

4   Paragraph 203.

5       204.    Meta lacks knowledge or information sufficient to form a belief about the

6   allegations about why Plaintiff filed this case in California and on that basis denies them.  The

7   allegations in Paragraph 204 also consist of legal conclusions, to which no response is required.

8   To the extent a response is required, Meta denies the allegations in Paragraph 204.

9       205.    Meta lacks knowledge or information sufficient to form a belief about the

10  allegations in Paragraph 205 and on that basis denies them.

11      206.    Meta lacks knowledge or information sufficient to form a belief about the

12  allegations in Paragraph 206 and on that basis denies them.

13      207.    Meta lacks knowledge or information sufficient to form a belief about the

14  allegations in Paragraph 207 and on that basis denies them.

15      208.    Meta admits that it does not directly utilize any computer hardware located in

16  Australia as part of its automated ad review processes.  Meta admits that it does not use any

17  human reviewers located in Australia as part of its ad review process.  Meta denies the remainder

18  of the allegations in Paragraph 208.

19      209.    Meta admits that, prior to May 25, 2018, advertisers with a residence or principal

20  place of business in Australia contracted with and paid revenues to Facebook Ireland Ltd. to

21  advertise on Facebook.  Meta further admits that, since May 25, 2018, advertisers with a

22  residence or principal place of business in Australia have contracted with and paid revenues to

23  Meta Ireland, previously named Facebook Ireland Ltd., to advertise on Facebook.  Meta further

24  admits that, since February 1, 2016, Designated Australian Advertisers–advertisers with a

25  business address in Australia that have been assigned support by a Meta sales representative

26  within Facebook Australia–have contracted with and paid revenues to Facebook Australia Pty

27  Ltd.  Meta denies the remainder of the allegations in Paragraph 209.

28      210.    Meta admits that, prior to May 25, 2018, advertisers with a residence or principal

place of business in Australia contracted with and paid revenues to Facebook Ireland Ltd. to advertise on Facebook.  Meta further states that, since May 25, 2018, advertisers with a residence or principal place of business in Australia have contracted with and paid revenues to Meta Ireland, previously named Facebook Ireland Ltd., to advertise on Facebook. Meta further admits that, since February 1, 2016, Designated Australian Advertisers–advertisers with a business address in Australia that have been assigned support by a Meta sales representative within Facebook Australia–have contracted with and paid revenues to Facebook Australia Pty Ltd.  Meta denies the remainder of the allegations in Paragraph 210.

211.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 211 and on that basis denies them.

212.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 212 and on that basis denies them.

213.    The allegations in Paragraph 213 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 213.

214.    The allegations in Paragraph 214 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 214.

215.    Meta denies the allegations in Paragraph 215.

216.    Meta denies the allegations in Paragraph 216.

217.    Meta denies the allegations in Paragraph 217.

218.    Meta denies the allegations in Paragraph 218.

219.    Meta lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 219 and on that basis denies them.

220.    The allegations in Paragraph 220 consist of legal conclusions, to which no response is required

221.    The allegations in Paragraph 221 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in

1   Paragraph 221.

2        222.    Meta lacks knowledge or information sufficient to form a belief about the

3   allegations in Paragraph 222 and on that basis denies them.

4        223.    Meta denies the allegations in Paragraph 223.

5        224.    The allegations in Paragraph 224 consist of legal conclusions, to which no

6   response is required.  To the extent a response is required, Meta denies the allegations in

7   Paragraph 224.

8        225.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

9   subject to a tolling agreement between the parties tolling the statute of limitations for the claim

10  for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

11  elected not to amend.  Thus, no response should be required.  To the extent a response is required,

12  Meta denies the allegations in Paragraph 225.

13       226.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

14  subject to a tolling agreement between the parties tolling the statute of limitations for the claim

15  for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

16  elected not to amend.  Thus, no response should be required.  To the extent a response is required,

17  Meta admits that there is an email dated on or about May 20, 2019.  That document, in its full and

18  correct form, speaks for itself.  Meta denies Plaintiff's incorrect characterization of that

19  document.  Meta denies the remainder of the allegations in Paragraph 226.

20       227.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

21  subject to a tolling agreement between the parties tolling the statute of limitations for the claim

22  for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

23  elected not to amend.  Thus, no response should be required.  To the extent a response is required,

24  Meta lacks knowledge or information sufficient to form a belief about the allegations in

25  Paragraph 227 and on that basis denies them.

26       228.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

27  subject to a tolling agreement between the parties tolling the statute of limitations for the claim

28  for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

1   elected not to amend.  Thus, no response should be required.  To the extent a response is required,

2   Meta denies the allegations in Paragraph 228.

3         229.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

4   subject to a tolling agreement between the parties tolling the statute of limitations for the claim

5   for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

6   elected not to amend.  Thus, no response should be required.  To the extent a response is required,

7   Meta denies the allegations in Paragraph 229.

8         230.    Plaintiff voluntarily dismissed his Second Cause of Action for promissory estoppel

9   subject to a tolling agreement between the parties tolling the statute of limitations for the claim

10   for twelve months and allowing Plaintiff to amend, if he chose.  Dkt. 104 at 3 n.1.  Plaintiff

11   elected not to amend.  Thus, no response should be required.  To the extent a response is required,

12   Meta denies the allegations in Paragraph 230.

13         231.    Meta denies the allegations in Paragraph 231.

14         232.    Meta denies the allegations in Paragraph 232.

15         233.    Meta denies the allegations in Paragraph 233.

16         234.    The allegations in Paragraph 234 consist of legal conclusions, to which no

17   response is required.  To the extent a response is required, Meta denies the allegations in

18   Paragraph 234.

19         235.    Paragraph 235 consists of legal conclusions, to which no response is required.  To

20   the extent a response is required, Meta denies the allegations in Paragraph 235.

21         236.    Meta denies the allegations in Paragraph 236.

22         237.    Meta denies the allegations in Paragraph 237.

23         238.    Meta denies the allegations in Paragraph 238.

24         239.    The allegations in Paragraph 239 consist of legal conclusions, to which no

25   response is required.  To the extent a response is required, Meta denies the allegations in

26   Paragraph 239.

27         240.    Meta denies the allegations in Paragraph 240.

28         241.    Meta denies the allegations in Paragraph 241.

242.     The allegations in Paragraph 242 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 242.

243.     The allegations in Paragraph 243 consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 243.

244.     Meta denies the allegations in Paragraph 244.

245.     The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 245.

246.     The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 246.

247.     The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 247.

248.     The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  The allegations in Paragraph 248 also consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 248.

249.     The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 249.

250.    The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 250.

251.    The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 251.

252.    The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  The allegations in Paragraph 252 also consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 252.

253.    The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  The allegations in Paragraph 253 also consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 253.

254.    The Court dismissed Plaintiff's Fourth Cause of Action for negligent failure to warn, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 12-13.  Plaintiff elected not to amend.  Thus, no response should be required.  The allegations in Paragraph 254 also consist of legal conclusions, to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 254.

255.    The Court dismissed Plaintiff's Fifth Cause of Action for unjust enrichment, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 13-14.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 255.

256.    The Court dismissed Plaintiff's Fifth Cause of Action for unjust enrichment, with

leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 13-14.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 256.

257.    The Court dismissed Plaintiff's Fifth Cause of Action for unjust enrichment, with leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 13-14.  Plaintiff elected not to amend.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 257.

258.    The Court dismissed Plaintiff's Sixth Cause of Action for declaratory relief, without leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 14.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 258.

259.    The Court dismissed Plaintiff's Sixth Cause of Action for declaratory relief, without leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 14.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 259.

260.    The Court dismissed Plaintiff's Sixth Cause of Action for declaratory relief, without leave to amend, in its June 17, 2024 Order.  Dkt. 121 at 14.  Thus, no response should be required.  To the extent a response is required, Meta denies the allegations in Paragraph 260.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof not otherwise legally assigned to it, Meta asserts the following separate and additional defenses to the TAC brought against it.  In listing the defenses below, Meta does not knowingly or intentionally waive any defenses, including arguments about which issues fall within Plaintiff's burden of proof.  Meta also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its ANSWER to assert such additional defenses or claims.

### **FIRST DEFENSE**
### **(Failure to State a Claim Upon Which Relief Can Be Granted)**

The TAC, and each purported cause of action asserted therein, fail to state a claim upon which relief can be granted.

1

**SECOND DEFENSE**
**(Speculative Damages)**

2

3          The TAC, and each purported cause of action asserted therein, are barred, in whole or in

4   part, because Plaintiff's alleged damages, if any, are speculative, remote, imaginary, contingent,

5   or merely possible.

**THIRD DEFENSE**
**(Lack of Specificity and Particularity)**

6

7          The TAC, and each purported cause of action asserted therein, are barred, in whole or in

8   part, because they lack the requisite specificity.  The TAC fails to state facts with particularity as

9   to those causes of action that require Plaintiff to plead as such.

10

**FOURTH DEFENSE**
**(Actions Outside the Scope of Authority)**

11

12          The TAC, and each purported cause of action asserted therein, are barred, in whole or in

13   part, because the action(s) alleged in the TAC, to the extent such action(s) occurred, was (were)

14   outside the scope of any purported agency.  Meta did not authorize, adopt or ratify any such

15   action(s), and/or Meta did not know of nor should have known of any such action(s).

16

**FIFTH DEFENSE**
**(No Vicarious Liability)**

17

18          Meta denies being vicariously liable for the acts of other parties.  Meta contends that at no

19   time or place set forth in the TAC did any other person alleged to be at fault operate in such a way

20   that Meta can be held vicariously liable for their acts.  Should any other person be deemed to have

21   any affiliation with Meta, then such other person was independently responsible for their own

22   actions, means and methods; their actions were neither required nor incident to their duties; and

23   their actions could not have been reasonably foreseen by Meta.  Accordingly, the doctrines of

24   respondeat superior and agency are inapplicable and Meta has no vicarious liability for acts or

25   omissions by said other defendants or third parties.

26

27

28

1

2

**SIXTH DEFENSE**
**(No Legal Duty)**

3

4

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Meta does not owe a legal duty to Plaintiff.

5

6

**SEVENTH DEFENSE**
**(Standing)**

7

8

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Plaintiff cannot show that he has standing for the harms that he alleges Meta caused.

9

10

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Causation)**

11

12

13

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Meta's conduct was not the actual or proximate cause of any loss allegedly suffered by Plaintiff.

14

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

15

16

Plaintiff failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

17

18

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

19

20

21

The equitable relief sought in the TAC is barred, in whole or in part, by the doctrine of unclean hands.  Upon information and belief, Plaintiff knew about, consented to, participated in and/or allowed the conduct of which he now complains.

22

23

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

24

25

26

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, by the doctrine of laches.  Upon information and belief, Plaintiff unreasonably delayed before pursuing his purported rights.

27

28

1
2

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

3       The TAC, and each purported cause of action asserted therein, are barred by the

4   applicable statutes of limitations, including but not limited to those provided in or relating to

5   California Code of Civil Procedure sections 335, 339, 3425.3, and any other applicable statutes of

6   limitations.

**SIXTH AFFIRMATIVE DEFENSE**
7                                   **(Waiver)**

8       The TAC, and each purported cause of action asserted therein, are barred, in whole or in

9   part, by the doctrine of waiver.

10              **SEVENTH AFFIRMATIVE DEFENSE**
                **(Intervening Acts and/or Omissions)**
11

12      All or part of the damages alleged in the TAC were caused by the acts and/or omissions of

13  other persons or entities (including without limitation, acts and/or omissions of Plaintiff and/or

14  persons who acted on his behalf), for whose conduct Meta is not legally responsible, which

15  intervened between the alleged acts and/or omissions of Meta and the alleged damages of

16  Plaintiff.  The alleged damages, if any, are therefore not recoverable from Meta.  In the

17  alternative, any damages which Plaintiff may be entitled to recover against Meta must be reduced

18  to the extent that such damages are attributable to persons or entities other than Meta.

19              **EIGHTH AFFIRMATIVE DEFENSE**
                **(Comparative Fault or Offset)**
20

21      All or part of the damages alleged in the TAC were caused by the acts and/or omissions of

22  other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or

23  persons who acted on his behalf), for whose conduct Meta is not legally responsible.  Therefore,

24  if Plaintiff is found to be entitled to recover any of the alleged damages, Meta's share thereof

25  must be apportioned or reduced to the extent that such damages are attributable to persons or

26  entities other than Meta.

27
28

1

2

**NINTH AFFIRMATIVE DEFENSE**
**(Indispensable Parties)**

3

4

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Plaintiff failed to name and join indispensable and/or necessary parties.

5

6

**TENTH AFFIRMATIVE DEFENSE**
**(Unforeseeable Acts)**

7

8

9

10

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused by unanticipated and unforeseeable acts.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Ratification)**

11

12

13

14

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because Meta did not have either actual or constructive notice or advance knowledge of any of the allegedly tortious conduct referenced in the TAC, and therefore did not knowingly or impliedly ratify any such conduct.

15

16

**TWELFTH AFFIRMATIVE DEFENSE**
**(Section 230 of Communications Decency Act)**

17

18

19

20

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, by Section 230 of the Communications Decency Act.  Meta is a provider of an interactive computer service.  The TAC seeks to treat Meta, under state law causes of action, as a publisher or speaker of information provided by another information content provider.

21

22

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Justifiable Conduct)**

23

24

25

26

The TAC, and each purported cause of action asserted therein, are barred, in whole or in part, because any and all conduct of which Plaintiff complains by Meta was a just and proper exercise of management discretion on the part of Meta undertaken for a fair and honest reason under the circumstances then existing.

27

28

1

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Limitation of Damages)**

2

3        The TAC, and each purported cause of action asserted therein, are barred, in whole or in

4   part, because, by using Meta's services, Plaintiff agreed to Facebook's Terms of Service, which

5   limit liability for content shared by users of Meta's services and limit damages.

6

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

7

8        The TAC, and each purported cause of action asserted therein, are barred, in whole or in

9   part, by the First Amendment to the United States Constitution.

10

**RESERVATION OF ADDITIONAL DEFENSES**

11        Meta reserves the right to raise any additional defenses, affirmative or otherwise, and any

12   counterclaims which may become apparent through discovery in the course of this action.

13        WHEREFORE, Meta respectfully requests entry of judgment against Plaintiff and in favor

14   of Meta and that the Court award Meta any such relief as the Court deems just and appropriate.

15   Dated:  September 5, 2024           By:   */s/ Karen L. Dunn*

16                                            Karen L. Dunn (*pro hac vice*)
                                            kdunn@paulweiss.com

17                                        **PAUL, WEISS, RIFKIND, WHARTON**
                                            **& GARRISON LLP**

18                                        2001 K Street, NW
                                            Washington, DC 20006

19                                        Telephone: (202) 223-7300
                                            Facsimile:  (202) 223-7420

20

21                                        Walter F. Brown Jr. (SBN: 130248)
                                            wbrown@paulweiss.com

22                                        Meredith R. Dearborn (SBN: 268312)
                                            mdearborn@paulweiss.com

23                                        **PAUL, WEISS, RIFKIND, WHARTON**
                                            **& GARRISON LLP**

24                                        535 Mission Street, 24th Floor

25                                        San Francisco, CA 94105
                                            Telephone: (628) 432-5100

26                                        Facsimile:  (628) 232-3101

27                                        Jonathan S. Tam (SBN: 304143)
                                            jtam@paulweiss.com

28

1

2

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
2029 Century Park E, Ste 2000
Los Angeles, CA 90067
Telephone: (310) 982-4350
Facsimile: (628) 226-3210

3

4

5

6

Thomas Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

7

8

9

10

11

12

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile:  (650) 614-7401

13

14

15

16

*Attorneys for Defendant Meta Platforms, Inc..*

17

18

19

20

21

22

23

24

25

26

27

28