| | |
|---|---|
| Karen L. Dunn (*pro hac vice*) | John C. Quinn (*pro hac vice*) |
| kdunn@paulweiss.com | jquinn@heckerfink.com |
| **PAUL, WEISS, RIFKIND, WHARTON** | Amit Jain (*pro hac vice*) |
|   **& GARRISON LLP** | ajain@heckerfink.com |
| 2001 K Street, NW | Hyatt Mustefa (*pro hac vice*) |
| Washington, DC 20006 | hmustefa@heckerfink.com |
| Telephone: (202) 223-7300 | Jocelyn Hassel (*pro hac vice*) |
| Facsimile:  (202) 223-7420 | jhassel@heckerfink.com |
| | Tayonna Ngutter (*pro hac vice*) |
| Walter F. Brown Jr. (SBN: 130248) | tngutter@heckerfink.com |
| wbrown@paulweiss.com | **HECKER FINK LLP** |
| Meredith R. Dearborn (SBN: 268312) | 350 Fifth Avenue, 63rd Floor |
| mdearborn@paulweiss.com | New York, NY 10118 |
| **PAUL, WEISS, RIFKIND, WHARTON** | Telephone: (212) 763-0883 |
|   **& GARRISON LLP** | |
| 535 Mission Street, 24th Floor | Joshua Matz (*pro hac vice*) |
| San Francisco, CA 94105 | jmatz@heckerfink.com |
| Telephone: (628) 432-5100 | **HECKER FINK LLP** |
| Facsimile:  (628) 232-3101 | 1050 K Street NW, Suite 1040 |
| | Washington, DC 20001 |
| *Attorneys for Defendant Meta Platforms, Inc.* | Telephone: (212) 763-0883 |
| | |
| [Additional Counsel on Signature Page] | *Attorneys for Plaintiff Dr. Andrew Forrest* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST, | Case No. 22-cv-03699-PCP |
| Plaintiff, | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| META PLATFORMS, INC., a Delaware Corporation, and DOES 1 through 20, inclusive. | The Hon. P. Casey Pitts |
| Defendant. | |

In accordance with Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Order that the parties file an Updated Joint Case Management Statement, Plaintiff, Dr. Andrew Forrest ("Dr. Forrest"), and Defendant Meta Platforms, Inc. ("Meta") submit the following Updated Joint Case Management Statement.  A Case Management Conference ("CMC") is scheduled for October 31, 2024.

**1.    Jurisdiction and Service**

Meta removed this case from California Superior Court based on federal question jurisdiction.  ECF # 1 at ¶ 5.  Meta is subject to personal jurisdiction in this District, and venue is appropriate under 28 U.S.C. § 1391(b).  Meta has been served.

**2.    Facts**

**Dr. Forrest**:  Dr. Andrew Forrest is one of Australia's preeminent businessmen and a globally recognized philanthropist. In bringing this lawsuit, Dr. Forrest seeks to hold Meta liable for its role in the creation, targeting, and success of scam advertisements (the "Scam Ads") shown on its Facebook and Instagram platforms. These Scam Ads use Dr. Forrest's name and likeness to falsely imply or explicitly state he endorses certain schemes promoted in the Ads. Australians and others have been defrauded out of millions of dollars by the Scam Ads, and Dr. Forrest himself has suffered reputational and other harm from the misuse of his valuable name and image. Before filing this lawsuit, Dr. Forrest put Meta on notice of the Scam Ads, demanding repeatedly, in writing and verbally, that Meta take action to prevent the creation and dissemination of Scam Ads. Meta did nothing effective to stop the Scam Ads. Instead, Meta continues to materially contribute to, co-create, facilitate, develop, and profit from Scam Ads that misappropriate Dr. Forrest's name and likeness and cause him harm.

In addition to the agreed-upon issues listed by the parties below, the following factual issues are also in dispute:

- whether Meta materially contributed to the Scam Ads in question; and
- whether Meta negligently designed and operated its platforms in a way which facilitated and otherwise failed to screen and review for Scam Ads.

**Meta**: In his Third Amended Complaint ("TAC"),[1] Dr. Forrest alleges that third-party fraudsters used his likeness and image, without his consent, to create advertisements that falsely represent him as promoting certain "scam" investment opportunities or financial products. (TAC ¶ 55.) According to Dr. Forrest, Meta's advertising tools "co create" these ads, materially contributing to the aspect of these ads that he alleges is illegal. This is not true. Rather, <u>advertisers</u> are responsible for supplying the material elements of an ad (including any images and text), creating the ad, and ultimately deciding how an ad looks before it is distributed. Contrary to Dr. Forrest's allegations, any alterations Meta's tools make do not materially contribute to the allegedly illegal content of the advertisements about which Dr. Forrest complains. Meta is entitled to immunity from Dr. Forrest's claims under Section 230 of the Communications Decency Act. Further, Meta has meaningful safeguards in place and has developed robust processes in an effort to combat the creation and distribution of scam and fraudulent advertisements. Meta further submits that Dr. Forrest's list of "factual" issues in dispute are more appropriately characterized as legal issues.

The parties agree that the principal factual issues in dispute include:

- whether Meta used Dr. Forrest's identity, including his name and likeness, without his consent;

- whether Meta failed to deploy reasonable measures to identify and reject suspect advertising clients before scam and fraudulent advertisements are produced or disseminated;

- whether Meta profited from ads that allegedly misappropriated Dr. Forrest's name or likeness; and

- whether Dr. Forrest has been harmed by Meta's alleged acts and omissions.

### 3. Legal Issues

Following the Court's Motion to Dismiss Opinion (the "Opinion") rendered on June 17, 2024, Dr. Forrest's remaining causes of action, both asserted under California law, are for: (1)

---

[1] The Third Amended Complaint was filed in the Northern District of California on December 1, 2023. The First and Second Amended Complaints were filed in the Superior Court of the State of California, County of San Mateo (on September 17, 2021 and June 17, 2022 respectively).

negligence and (2) misappropriation.² The parties agree that the currently disputed legal issues include:

- whether Section 230(c)(1) of the Communications Decency Act affords a defense to Meta from liability in this case;

- whether Meta is liable for negligence;

- whether Meta is liable for misappropriation;

- whether Dr. Forrest has and continues to suffer harm by Meta's alleged acts and omissions; and

- whether Dr. Forrest is entitled to relief, including injunctive relief.

### 4. Motions

**Pending Motions:** There are no motions currently pending with the Court.

**Prior Motions:** Since the previous Joint Case Management Statement filed on October 12, 2023 (Dkt. No. 87), on January 19, 2024, Meta filed a Motion to Dismiss Plaintiff's Third Amended Complaint.³ On June 17, 2024, the Court granted the Motion to Dismiss in part and denied it in part, sustaining Dr. Forrest's negligence and misappropriation claims. The Opinion also permitted Meta to make a motion to request that the existing stay be extended. On June 28, the parties proposed a stipulation and proposed order extending Meta's deadline to move to stay until July 9, which the Court approved on July 1, 2024. On July 3, 2024, Meta filed a Motion for Certification under 28 U.S.C. § 1292(b) of the Court's Opinion, and on July 9, 2024, Meta filed a Motion to Stay pending the resolution of Meta's Motion for Certification. On August 22, 2024, the Court denied both of those motions.

---

² Dr. Forrest agreed to dismiss his promissory estoppel claim voluntarily. In the Opinion, the Court dismissed Dr. Forrest's claims for the negligent failure to warn, unjust enrichment, and declaratory judgment claims with leave to amend. Dr. Forrest did not further amend his complaint.

³ As noted *supra* n.1, the First Complaint and the Second Amended Complaint were filed in the Superior Court of the State of California, County of San Mateo (Case No. 21-CIV-05055) prior to the removal of this case to the Northern District of California. On July 18, 2022, Meta filed a Motion to Dismiss the Second Amended Complaint in the Northern District of California.

**Anticipated Motions:**

**Dr. Forrest**: Dr. Forrest may file a Cross-Motion for Partial Summary Judgment to exclude the Section 230 affirmative defense.

**Meta:**  As the Court contemplated, Meta anticipates filing an early Motion for Summary Judgment on Section 230 immunity grounds.  *See* 2024-08-22 Hrg. Tr. 42:6-43:7.

### 5. Amendment of Pleadings

The parties do not anticipate amending any pleadings at this time.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and are continuing to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to take regarding evidence preservation.  The parties are continuing to meet and confer regarding evidence preservation issues, and agree that, if necessary, it may be productive to discuss those issues with the Court at the appropriate time, or potentially through the process set forth in Magistrate Judge DeMarchi's Standing Order for Civil Cases.

### 7. Disclosures

On October 3, 2022, the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).  On August 29, 2024, Meta supplemented its initial disclosures.

### 8. Discovery

**A. Discovery Taken to Date**

There has been no discovery to date.

**B. Scope and Subjects of Anticipated Discovery**

The parties have agreed to a bifurcated discovery schedule, first engaging in discovery regarding the asserted Section 230 affirmative defense, focusing on whether and how Meta allegedly materially contributed to the allegedly illegal content. Through a meet-and-confer process, the parties have reached an initial shared understanding that such discovery will include (though not be limited to) ad creation, and that the parties will further discuss appropriate discovery requests related to ad targeting. The parties further agree that it would be most productive to meet

and confer further on issues relating to the scope of discovery in view of requests and responses, once served. Following completion of this discovery, Meta then intends to file an early Motion for Summary Judgment on Section 230 grounds, and Dr. Forrest may file a Cross-Motion for Partial Summary Judgment to defeat any defense under Section 230. To the extent Meta's Motion for Summary Judgment on Section 230 immunity grounds is denied, the parties will complete the remainder of discovery. If that discovery proceeds, and without waiving any objections, the scope of anticipated discovery includes non-privileged matter relevant to the claims and defenses in this action and proportional to the needs of the case.

    **C.**  **Report on Stipulated E-Discovery Order**

The parties have reviewed the Model ESI Guidelines for the Northern District. The parties plan to meet and confer regarding the identification of appropriate custodians, search terms, and timeframes for ESI searches in response to their respective discovery requests. The parties are meeting and conferring regarding an e-Discovery stipulation.

    **D.**  **Discovery Plan**

The parties agree to the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and the Court's Local Rules and Standing Orders. The parties agree to meet and confer regarding any further stipulations or protocols that may become necessary as discovery progresses. The parties also agree to meet and confer further on the number, and identity, of document custodians and custodial searches in view of discovery requests, once served, and agree that the first phase of discovery will also include non-custodial, targeted searches. For information regarding initial disclosures, scheduling, the scope and bifurcation of discovery, and ESI, please refer to Paragraphs 7, 8A, 8C, 15 of this Updated Joint Case Management Statement, respectively.

    **9.**  **Class Action**

This is not a class action.

    **10.**  **Related Cases**

    **A.**  **Australian Criminal Proceeding**

N/A - The Australian court dismissed the case on April 12, 2024.

**11. Relief**

**Dr. Forrest:** Dr. Forrest seeks (i) compensatory damages; (ii) punitive damages; (iii) injunctive relief prohibiting Meta from engaging in the negligent, unlawful, and unfair conduct alleged in the TAC; (iv) a declaration rejecting Meta's affirmative defense under 47 U.S.C. § 230; and (v) other and further relief, including his attorneys' fees. Dr. Forrest disputes that Meta is entitled to any relief, including special costs or attorneys' fees.

**Meta:** Meta seeks the following relief: (i) judgment in favor of Meta and against Plaintiff; (ii) an order that this is an exceptional case and an award of Meta's attorneys' fees, expenses, and costs pursuant to 15 U.S.C. § 1117(a); (iii) an award of costs and reasonable attorneys' fees; and (iv) an award of other such relief as the Court may deem appropriate. Meta disputes that Plaintiff is entitled to the relief listed above or any other relief. At this stage of the litigation, Meta is not in a position to describe the basis on which any alleged damages should be calculated in the event liability were established.

**12. Settlement and ADR**

The parties conferred and have not agreed to private mediation.

**13. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties have not presently identified any issues that can be narrowed. The parties will work in good faith to narrow any issues as discovery proceeds.

**15. Scheduling**

As discussed above, the parties have reached agreement on a proposed bifurcated discovery schedule, with the first phase of this case focusing on Meta's asserted defense under Section 230. To the extent the Court denies Meta's Motion for Summary Judgment on Section 230 immunity grounds, the parties agree to confer on a schedule to complete merits discovery on the remaining issues in dispute.

6

UPDATED JOINT CASE MANAGEMENT STATEMENT    CASE NO. 22-CV-03699-PCP

| Event | Deadline |
|---|---|
| Substantial completion of document production | March 31, 2025 |
| Completion of fact discovery | May 30, 2025 |
| Exchange of opening expert reports | June 30, 2025 |
| Exchange of rebuttal expert reports | July 30, 2025 |
| Completion of all expert discovery | August 29, 2025 |
| Meta's Motion for Summary Judgment on Section 230 defense | October 1, 2025 |
| Dr. Forrest's Opposition to Meta's Summary Judgment Motion, and Dr. Forrest's Cross-Motion for Partial Summary Judgment (if applicable) | November 3, 2025 |
| Meta's Reply in Further Support of Summary Judgment, and Opposition to Dr. Forrest's Cross-Motion for Partial Summary Judgment (if applicable) | November 24, 2025 |
| Dr. Forrest's Reply in Further Support of Partial Summary Judgment (if applicable) | December 8, 2025 |

The parties' agreement to the above schedule is contingent upon efficiency and compromise in the meet-and-confer process and a reasonable scope of discoverable information with respect to Section 230 issues. Should the parties need additional time to complete discovery, the parties will meet and confer in good faith to revise the proposed schedule.

**16.    Trial**

Dr. Forrest and Meta expect a trial to run 5–7 full days, depending on whether the issues, as outlined herein, can be narrowed between now and the date of trial.

**17.    Disclosure of Non-Party Interested Entities or Person**

Meta has filed the Certification of Interested Entities or Persons Required by Civil L.R. 3-15. As set forth therein, Meta states that, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or that (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**18. Professional Conduct**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Additional Matters**

The parties hereby stipulate to receive service of pleadings and written discovery in this case electronically in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

The parties have not identified any additional matters that require the Court's attention at this time.

DATED: October 17, 2024

Respectfully submitted,

By:

/s/ John C. Quinn

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Amit Jain (*pro hac vice*)
ajain@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
Ashley M. Romero (SBN: 286251)
ashley@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192

*Attorneys for Plaintiff Dr. Andrew Forrest*

/s/ Karen L. Dunn

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*