1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    SAN JOSE DIVISION

4  DR. ANDREW FORREST, AN          )   C-22-03699 PCP
   INDIVIDUAL,                     )
5                                  )   SAN JOSE, CALIFORNIA
                    PLAINTIFF,     )
6                                  )   OCTOBER 26, 2023
            VS.                    )
7                                  )   PAGES 1-12
   FACEBOOK, INC., A DELAWARE      )
8  CORPORATION, AND DOES 1 THROUGH )
   20, INCLUSIVE,                  )
9                                  )
                    DEFENDANTS.    )
10  _____

11

12            TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE P. CASEY PITTS
13            UNITED STATES DISTRICT JUDGE

14  A P P E A R A N C E S:

15  FOR THE PLAINTIFF:    HECKER FINK LLP
                          BY:  JOHN C. QUINN
16                            AMIT JAIN
                          350 FIFTH AVENUE, 63RD FLOOR
17                        NEW YORK, NEW YORK  10118

18                        SINGLETON SCHREIBER
                          BY:  LESLIE A. BRUECKNER
19                        591 CAMINO DE LA REINA, SUITE 1025
                          SAN DIEGO, CALIFORNIA  92108

20

21        APPEARANCES CONTINUED ON THE NEXT PAGE

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595

24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

1

2     APPEARANCES (CONTINUED)

3

4     FOR THE PLAINTIFF:        DEREK G. HOWARD LAW FIRM, INC.
                                BY:  DEREK G. HOWARD
5                               42 MILLER AVENUE
                                MILL VALLEY, CALIFORNIA  94941
6

7

8     FOR THE DEFENDANT:        PAUL, WEISS, RIFKIND, WHARTON & GARRISON
                                BY:  WALTER F. BROWN, JR
9                               535 MISSION STREET, 24TH FLOOR
                                SAN FRANCISCO, CALIFORNIA  94105
10
                                BY:  AMY L. BARTON
11                              1285 AVENUE OF THE AMERICAS
                                NEW YORK, NEW YORK  10019
12

13    ALSO PRESENT:             ABIMBOLA OLADOKUN

14

15

16

17

18

19

20

21

22

23

24

25

```
1    SAN JOSE, CALIFORNIA                    OCTOBER 31, 2024

2                    P R O C E E D I N G S

3         (COURT CONVENED AT 1:00 P.M.)

4              THE CLERK:  CALLING CASE NUMBER 22-CV-3699, FORREST

5    VERSUS META PLATFORMS, ON TODAY FOR THE CASE MANAGEMENT

6    CONFERENCE.

7              WILL THE PARTIES PLEASE APPROACH AND STATE THEIR

8    APPEARANCES FOR THE RECORD, BEGINNING WITH PLAINTIFF'S COUNSEL.

9              MR. QUINN:  GOOD AFTERNOON, YOUR HONOR.

10             JOHN QUINN FROM HECKER FINK ON BEHALF OF PLAINTIFF,

11   DR. FORREST.

12             THE COURT:  GOOD AFTERNOON.

13             MR. BROWN:  GOOD AFTERNOON, YOUR HONOR.

14             WALTER BROWN AND AMY BARTON FROM PAUL WEISS ON BEHALF OF

15   META PLATFORMS.  AND WITH US TODAY IS OUR CLIENT, ABI OLADOKUN

16   FROM META.

17             THE COURT:  GOOD AFTERNOON.

18             SO WE'RE HERE FOR THE CASE MANAGEMENT CONFERENCE, AND I

19   APPRECIATE THE PARTIES' JOINT CASE MANAGEMENT STATEMENT.

20             THERE'S JUST A FEW THINGS HERE THAT I WANTED TO TALK

21   ABOUT, AND THEN WE CAN TALK THROUGH ANYTHING ELSE THAT MIGHT

22   COME UP.

23             FIRST, THE FIRST IS JUST IN SETTLEMENT AND ADR, SINCE THE

24   PARTIES HAVE CONFERRED AND HAVE NOT AGREED TO PRIVATE

25   MEDIATION, SO WHAT HAVE THE PARTIES AGREED TO, IF ANYTHING?
```

1       MR. QUINN:  I THINK IT'S FAIR TO SAY WE'VE AGREED

2   IT'S NOT A TIME EITHER PARTY IS EXCITED ABOUT TALKING ABOUT

3   RESOLUTION, AND LOOK FORWARD TO COMPLETING AT LEAST THIS FIRST

4   PHASE OF DISCOVERY.

5       THE COURT:  OKAY.

6       MR. BROWN:  I THINK THAT'S RIGHT.  I THINK IT'S JUST

7   A LITTLE PREMATURE WOULD BE THE WAY I WOULD SAY IT.

8       THE COURT:  I MEAN, I THINK WHAT I WOULD LIKE TO DO

9   IS, YOU KNOW, IF WE GET -- I AM GOING TO WANT THIS CASE, AT

10  SOME POINT, TO GO TO SOME ALTERNATIVE DISPUTE RESOLUTION

11  PROCEDURE.  THAT'S REQUIRED UNDER OUR LOCAL RULES AND IT'S

12  IMPORTANT.

13      I AM COMFORTABLE SETTING A DEADLINE, YOU KNOW, IF YOU WANT

14  TO SET IT NOW, SAY, 90 DAYS AFTER THE RULING ON ANY MOTION FOR

15  SUMMARY JUDGMENT, WITH THE UNDERSTANDING THE PARTIES CAN

16  REVISIT THAT POSITION, AND IF THERE'S GOOD REASON TO PUSH IT

17  OUT FURTHER, IF THERE'S FURTHER DEVELOPMENTS THAT MAKE IT

18  NECESSARY THAT MAKE IT PRODUCTIVE, I'M COMFORTABLE WITH THAT.

19      BUT I WOULD LIKE THE PARTIES TO REACH AGREEMENT, AND I

20  WOULD SAY WITHIN 28 DAYS, ON WHAT THEY WILL PURSUE.  SO THERE'S

21  NO REQUIREMENT THAT YOU IMMEDIATELY UNDERTAKE THAT ARBITRATION,

22  OR MEDIATION OR WHATEVER FORM -- YOU KNOW, THE COURT ALSO

23  OFFERS SOME OTHER OPTIONS THROUGH OUR ADR PROGRAM.

24      BUT I THINK IT IS USEFUL JUST TO GET THE PARTIES TALKING

25  ABOUT IF AND WHEN THEY GET THERE, WHAT THAT WILL LOOK LIKE.

1   AND IF YOU CHOOSE PRIVATE MEDIATION, IF YOU THINK THAT'S WHERE

2   YOU MIGHT BE WHEREVER DOWN THE ROAD, IDENTIFY THE SPECIFIC

3   NAMED MEDIATOR THAT YOU'RE GOING TO USE SO THAT YOU -- THEN YOU

4   CAN GET AN APPOINTMENT 18 MONTHS DOWN THE ROAD, BUT AT LEAST

5   YOU'LL HAVE IT IF YOU NEED IT.

6           MR. BROWN:  SO THE IDEA WOULD BE TO AGREE IN 28 DAYS

7   WHAT THAT PROCEDURE MIGHT BE AND THAT COULD THEN OCCUR, SAY, 90

8   DAYS AFTER A RULING?

9           THE COURT:  YEAH.  AND YOU CAN PUT ACTUALLY THAT --

10  THERE'S A SECTION, OR THE DEADLINE -- THERE'S THE DEFAULT

11  DEADLINE AND ALTERNATIVE DEADLINE.  YOU CAN PUT THAT ON OUR

12  FORM.  THERE'S A FORM FOR DOING THE STIPULATION ON THE NORTHERN

13  DISTRICT WEBSITE.

14      AND THEN I JUST WANTED -- I MEAN, I APPRECIATE THE -- I'M

15  COMFORTABLE WITH THE PROPOSAL TO SET A SCHEDULE THROUGH, YOU

16  KNOW, MOTIONS FOR SUMMARY JUDGMENT ON THE SECTION 230 ISSUE AS

17  WE TALKED ABOUT AT THE LAST HEARING IN THIS MATTER, SO I'M

18  COMFORTABLE WITH THAT.

19      I GUESS MY ONLY QUESTION IS, AS I'M LOOKING AT THE

20  SCHEDULE, ESPECIALLY IF THERE'S GOING TO BE CROSS JUDGMENTS, IT

21  SEEMS THAT WE'RE GETTING TO -- THE HEARING BEFORE ME IS

22  PROBABLY GOING TO BE, YOU KNOW, MID-JANUARY 2026 AT THE

23  EARLIEST, BECAUSE I'M GOING TO WANT SOME TIME WITH THE BRIEFS

24  BEFORE WE HAVE A HEARING AND, YOU KNOW, THREE WEEKS WOULD MEAN

25  DECEMBER 29TH, WHICH IS PROBABLY NOT A TIME ANYONE WANTS TO BE

1    HERE ARGUING THIS MOTION, SO THEN WE GET TO THE OTHER SIDE OF

2    THE HOLIDAYS.

3         IT'S A LITTLE EARLIER IF IT'S JUST ONE PARTY MOVING, BUT,

4    STILL, WE'RE GETTING WAY DOWN THERE.

5         YOU KNOW, THERE'S A LOT OF TIME BUILT IN HERE FOR WHAT

6    SEEMS LIKE, YOU KNOW -- IN THE FIRST INSTANCE, IT SEEMS LIKE

7    FACEBOOK -- META, EXCUSE ME -- PROBABLY HAS THE INFORMATION

8    ABOUT WHAT IT DOES AND SO WOULD BE ABLE TO PUT TOGETHER A

9    SUMMARY JUDGMENT MOTION, AND YOU COULD SEE THEN PLAINTIFF

10   SAYING, WELL, THIS IS THE DISCOVERY WE NEED TO TAKE TO OPPOSE

11   THAT.

12        I'M NOT CERTAIN HOW MUCH EXPERT TESTIMONY -- THERE'S A LOT

13   OF TIME FOR EXPERT TESTIMONY HERE.

14        SO I GUESS MY QUESTION IS TO THE PARTIES, DO YOU REALLY

15   NEED MORE THAN A YEAR FROM NOW IN ORDER TO GET TO THE POINT

16   WHERE WE START BRIEFING THE MOTION FOR SUMMARY JUDGMENT ON THIS

17   ISSUE?

18             MR. BROWN:  WELL, LET ME GIVE YOU MY THOUGHTS, YOUR

19    HONOR.

20        I THINK THE ANSWER IS PROBABLY NOT.  WE HAVE COME UP WITH

21    A SCHEDULE.

22        AS WE LOOK AT THIS ISSUE, WE DON'T NECESSARILY THINK IT'S

23    SUSCEPTIBLE TO EXPERT TESTIMONY, THE SECTION 230 ISSUE.

24        I THINK THE ISSUE IS GOING TO BE WHAT META'S TOOLS DO OR

25    DON'T DO.  IT'S GOING TO BE MAYBE A TUTORIAL, IT'S GOING TO BE

1    AN EXAMINATION OF THE TOOLS.  BUT THAT STRIKES ME AS LAY

2    TESTIMONY.

3         AND CERTAINLY THE ULTIMATE ISSUE HERE IS NOT AN

4    APPROPRIATE SUBJECT FOR EXPERT TESTIMONY.

5         SO I DON'T KNOW THAT WE WOULD ENVISION EXPERTS, AND THAT

6    WOULD BE AN AREA WHERE YOU COULD CARVE BACK SOME TIME.

7         I DO THINK THE FRONT END OF DOCUMENT PRODUCTION, THERE

8    WILL BE A LOT TO DO, AND I THINK THAT DEADLINE IN MARCH IS

9    PROBABLY AMBITIOUS AS IT IS.

10        BUT THAT WOULD BE MY THOUGHT ABOUT WHERE WE COULD PEEL

11   THIS BACK AND GET TO A DECISION POINT EARLIER.

12        MR. QUINN:  YES, SO FROM THE PLAINTIFF'S PERSPECTIVE,

13   I THINK WE DO EXPECT EXPERTS WILL BE REQUIRED HERE, AND PARTLY

14   THAT HAS TO DO WITH THE COMPLEXITY AND SOPHISTICATION OF THE

15   SOFTWARE THAT WE'RE TALKING ABOUT.

16        WE OBVIOUSLY ARE AT A VERY EARLY STAGE AND HAVE MUCH LESS

17   INFORMATION THAN META DOES, BUT OUR BASIC UNDERSTANDING IS THAT

18   AN ADVERTISER SITS DOWN TO SOME INTERFACE PROVIDED BY META, AND

19   THERE ARE A NUMBER OF DIFFERENT TOOLS AND THERE HAVE BEEN

20   DIFFERENT INTERFACES OVER TIME AND THIS HAS ALL BEEN HAPPENING

21   SINCE 2019, SO THERE'S A LOT THERE TO TRACK.

22        BUT BASICALLY A WOULD-BE ADVERTISER SITS IN FRONT OF SOME

23   INTERFACE AND THEY CAN PROVIDE TEXT, THEY CAN PROVIDE IMAGES,

24   AND THEY CAN PROVIDE AUDIENCE TARGET METRICS, GOALS, THAT SORT

25   OF THING.  I DON'T MEAN TO OVERSIMPLIFY THIS BECAUSE I THINK

1    THERE'S A LOT OF DIFFERENT WAYS THEY PROVIDE THINGS.

2         AND THEN A LAYER OF SOFTWARE ACTS UPON THAT IN DIFFERENT

3    WAYS AND BEGINS PUSHING SOME ADS OUT TO SOME USERS AND

4    MONITORING BEHAVIOR AND RECYCLING THAT BACK, MODIFYING THE AD,

5    CHANGING HOW IT WAS CREATED.

6         AND AS WE THINK ABOUT HOW WE'RE GOING TO TAKE DISCOVERY TO

7    ASSESS WHETHER THAT PROCESS IS A MATERIAL CONTRIBUTION, WE

8    THINK ABOUT TWO PILLARS.  ONE IS UNDERSTANDING WHAT IS

9    HAPPENING WITH THAT SOFTWARE AS BEST WE CAN.  ARE THERE A.I.

10   MACHINE LEARNING COMPONENTS?  ARE THERE ALGORITHMS RUNNING THAT

11   ARE MAKING CHOICES ABOUT MIXING AND MATCHING DIFFERENT PIECES

12   OF SOFTWARE AND TEXT?  WHAT IS THE BASIC JUST ARCHITECTURE OF

13   THAT SOFTWARE, WHICH IS NOT PUBLIC INFORMATION AND IS

14   COMPLICATED?

15        AND THEN AS WE UNDERSTAND SOME OF THOSE PIECES, OKAY,

16   THERE'S AN A.I. RUNNING IN THERE, 10 PERCENT OF THAT SOFTWARE

17   IS QUERYING SOME A.I. TOOL.  WHAT WAS THAT TOOL TAUGHT TO DO?

18   WHAT CHOICES WERE MADE IN HOW THAT WAS DESIGNED AND CALIBRATED?

19        AND SO UNDERSTANDING SOME OF THAT WE EXPECT TO BE QUITE

20   COMPLEX.  WE'VE HAD SOME PRODUCTIVE DISCUSSIONS, BUT I THINK

21   ALREADY ARE FINDING THERE ARE QUESTIONS, THERE ARE ISSUES,

22   THERE'S GOING TO BE DIFFICULTY AROUND THE TYPE OF DATA.  THIS

23   ISN'T EMAILS AROUND A TRANSACTION THAT WENT WRONG.  THESE ARE

24   MACHINE LEARNING ALGORITHMS.  SO THERE'S THAT.

25        AND THEN THE WHOLE OTHER WAY OF LOOKING AT THIS IS KIND OF

1   COMPARING INPUTS AND OUTPUTS.  WHAT WAS DATA PUT IN BY THE

2   ADVERTISERS AND THEN WHAT WAS THE AD THAT ULTIMATELY RAN?

3        AND THERE, TOO, WE'VE GOT MORE THAN A THOUSAND ADS THAT

4   WE'VE IDENTIFIED.  WE'VE BEEN PRESSING ON THIS QUESTION OF

5   INPUTS AND WHAT DATA EXISTS FOR FOUR TO SIX WEEKS NOW AND

6   HAVEN'T REALLY GOTTEN A CLEAR ANSWER AS TO WHAT'S THERE.

7        SO AS WE LOOK AT IT, THERE'S A LOT THERE TO DO AND TO

8   LEARN AND UNDERSTAND, AND WE EXPECT WE WILL NEED EXPERT

9   TESTIMONY TO SPEAK TO SOME OF THOSE TOOLS AND HOW THEY REALLY

10  OPERATE.

11        THE COURT:  SO, I MEAN, AND I GUESS I -- I CAN

12  UNDERSTAND THERE MIGHT BE SOME NEED FOR EXPERT TESTIMONY, YOU

13  KNOW, JUST TO UNDERSTAND, TO MAKE SURE -- JUST ABOUT HOW THESE

14  SYSTEMS ARE OPERATING AND THINGS LIKE THAT.  SO I'M SYMPATHETIC

15  TO THAT.

16        BUT I ALSO THINK IT'S, YOU KNOW, THAT WE'RE TALKING ABOUT

17  AN EARLY SUMMARY JUDGMENT MOTION ON THESE QUESTIONS, RIGHT?

18  AND WE'RE NOT TALKING ABOUT NECESSARILY, YOU KNOW, PREPARING

19  FOR WHATEVER OUR EXPERT TESTIMONY IS GOING TO BE FOR TRIAL.

20        SO I GUESS THE QUESTION, MY QUESTION TO YOU IS, IS

21  THERE -- YOU KNOW, I'VE HAD -- IN SOME CASES WHAT I'VE HAD TO

22  DO IS IF YOU HAVE -- YOU SAY, IF YOU'RE GOING TO DO --

23  SOMETIMES THE FULL BLOWN EXPERT TESTIMONY IS GOING TO BE AFTER

24  CLASS CERTIFICATION, FOR EXAMPLE, IN A CASE LIKE THAT THAT YOU

25  WILL SAY, IF YOU HAVE EXPERT TESTIMONY THAT YOU WANT TO PUT IN

1   IN SUPPORT OF YOUR MOTION FOR CLASS CERTIFICATION, SUBMIT IT

2   WITH YOUR MOTION AND MAKE SURE YOU HAVE TIME FOR THE OTHER SIDE

3   TO DEPOSE THE PERSON AND THEN THEY CAN PUT THEIR EXPERT ON.

4        SO WHAT I'M WONDERING, IS THERE A WAY TO COMBINE, TO MOVE

5   THE MOTION FOR SUMMARY JUDGMENT SCHEDULE UP AND INCLUDE IN THAT

6   ENOUGH TIME TO, IF A PARTY -- IF IT'S JUST PLAINTIFFS WHO WANT

7   TO HAVE AN EXPERT, THEN YOU CAN PUT THAT FORWARD AND THERE'S

8   TIME TO DEPOSE THAT EXPERT.

9        THERE'S ALSO TIME FOR META TO FIND A REBUTTAL EXPERT IF

10  THEY WANT TO.

11       IT SEEMS LIKE WE SHOULD BE ABLE TO COMBINE THOSE DEADLINES

12  RATHER THAN TREATING THIS AS IF WE'RE DOING THE ENTIRE CASE

13  BEFORE THE MOTION FOR SUMMARY JUDGMENT IS FILED.

14       MR. BROWN:  I THINK WE WOULD SEE IT THE SAME WAY,

15  YOUR HONOR.

16       THE COURT:  OKAY.

17       MR. QUINN:  IF I MAY, JUST TO MAKE SURE I UNDERSTAND,

18  WE WOULD ESSENTIALLY DO THE EXPERT PROCESS IN PARALLEL WITH

19  BRIEFING ITSELF, MAYBE STRETCHING THOSE INTERIM DATES OUT A

20  LITTLE BIT, BUT GETTING THROUGH THOSE TWO THINGS IN PARALLEL

21  RATHER THAN SEQUENCE.

22       THE COURT:  EXACTLY.

23       MR. QUINN:  HAPPY TO EXPLORE THAT, AND I THINK WE CAN

24  WORK SOMETHING OUT.

25       THE COURT:  OKAY.  SO MAYBE WHAT I'LL ASK IS, WITHIN

1    28 DAYS, IN ADDITION TO THE STIPULATION IN YOUR PLAN FOR

2    ALTERNATIVE DISPUTE RESOLUTION, SUBMIT A REVISED PROPOSED CASE

3    SCHEDULE FOR ADDRESSING SUMMARY JUDGMENT ON THE SECTION 230

4    ISSUES.

5         AND, YOU KNOW, LET'S TRY AND GET THIS -- I KNOW THIS IS AN

6    IMPORTANT ISSUE TO META.  OBVIOUSLY IT'S AN IMPORTANT THRESHOLD

7    ISSUE, SO I'D LIKE TO GET IT HEARD SOONER THAN THE CURRENT

8    SCHEDULE PROVIDES IF WE CAN DO THAT.

9              MR. QUINN:  UNDERSTOOD.

10             THE COURT:  AND MAYBE IF YOU -- IF YOU -- I'LL LOOK

11   FOR THAT IN 28 DAYS.  IF YOU'RE COMING UP WITH SOME

12   UNRESOLVABLE ISSUES, YOU CAN SUBMIT A STIPULATION TO ANOTHER

13   STATUS CONFERENCE AND THEN WE CAN MEET TOGETHER AGAIN.

14             MR. QUINN:  UNDERSTOOD.  SOUNDS GOOD.

15             THE COURT:  OKAY.  IS THERE ANYTHING ELSE THAT THE

16   PARTIES NEED FROM ME TODAY?

17             MR. BROWN:  I DON'T THINK SO FROM META'S STANDPOINT,

18   YOUR HONOR.

19             MR. QUINN:  I THINK WE'RE MAKING PROGRESS.

20        WE HAVE FLAGGED IN HERE, YOUR HONOR, SOME PRESERVATION

21   QUESTIONS THAT WE'VE BEGUN TO ASK AND THAT WE MAY NEED TO SPEAK

22   TO JUDGE DEMARCHI ABOUT THEM.  WE ARE MAKING SOME HEADWAY, NOT

23   AS MUCH AS WE WANT, BUT CAN AVAIL OURSELVES OF THE MAGISTRATE

24   JUDGE'S PROCESS.

25             THE COURT:  YEAH, JUDGE DEMARCHI WILL BE YOUR

1    RESOURCE FOR THAT IN THE FIRST INSTANCE.  IF ONE OF YOU ARE

2    UNHAPPY WITH THAT, YOU CAN COME TO ME.  BUT SHE'S THE MASTER OF

3    ALL THESE THINGS, SO YOU SHOULD WORK WITH HER IN THE FIRST

4    INSTANCE.

5         AND WORK WITH ONE ANOTHER TO TRY AND INVOLVE HER AND ME AS

6    LITTLE AS POSSIBLE.  OBVIOUSLY WE HAVE VERY GOOD COUNSEL ON

7    BOTH SIDES IN THIS CASE, SO I'M SURE YOU CAN RESOLVE MOST OF

8    THE NON-SUBSTANTIVE ISSUES AND LET US REALLY FOCUS ON THE

9    MERITS.

10             MR. BROWN:  I'M CONFIDENT THAT WE CAN RESOLVE THEM.

11             MR. QUINN:  AS AM I.

12        AND I APPRECIATE THE SUBTLE PRONUNCIATION CLARIFICATION,

13   YOUR HONOR.

14             THE COURT:  ALL RIGHT, GREAT.

15        WELL, THANK YOU.  THEN WE'LL END TODAY'S HEARING AND LET

16   EVERYONE HEAD OFF TO ENJOY THEIR HALLOWEEN.

17             MR. QUINN:  THANK YOU, YOUR HONOR.

18             MR. BROWN:  THANK YOU, YOUR HONOR.

19             THE CLERK:  THANK YOU.  COURT IS CONCLUDED.

20        (THE PROCEEDINGS WERE CONCLUDED AT 1:12 P.M.)

21

22

23

24

25

```
 1

 2

 3                    CERTIFICATE OF REPORTER

 4

 5

 6

 7         I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

 8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

 9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15
                         _____
16
                         LEE-ANNE SHORTRIDGE, CSR, CRR
17                       CERTIFICATE NUMBER 9595

18                       DATED:  NOVEMBER 11, 2024

19

20

21

22

23

24

25
```