Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &**
  **SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile:  (650) 614-7401

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-03699-PCP<br><br>**STIPULATION AND [PROPOSED] ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)**<br><br>Judge: Hon. Virginia K. Demarchi<br><br>Re: Dkt. No. 177<br><br>MODIFIED BY THE COURT |

1. **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure, in connection with discovery in the above-captioned litigation, of documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this proceeding or any other federal or state proceeding, regardless of the circumstances of the disclosure.  This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

2. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time. As soon as practicable after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

3. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

a) Within fourteen (14) business days of receipt of a Clawback Notice, the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents (collectively, the "Clawback Materials"), unless the receiving party challenges the assertion of privilege or protection, in which instance the receiving party may sequester the Clawback Materials until such challenge is resolved, provided that if such a challenge is denied or withdrawn, the receiving party shall promptly return and/or destroy the Clawback Materials. The receiving party shall promptly certify to the producing party when the return, destruction, and/or sequestration of the Clawback Materials, as relevant, is complete.

b) If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within 14 business days of receiving the Clawback Notice.

c) Within 14 business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, ~~either party may submit the issue to the Court for a determination.~~ the parties shall comply with the discovery dispute procedures set out in Judge DeMarchi's Standing Order for Civil Cases.

d) The receiving party must not use or disclose the Clawback Materials covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

e) The producing party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to this paragraph, of establishing the applicability of the claimed privilege.

4. **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined Document(s) that facially appear, in light of facts known to the receiving party, to be subject to a claim of privilege or protection, the receiving party promptly shall (i) sequester the Document(s), and (ii) within five (5) business days of such discovery, notify the producing party of the possible

production or disclosure by identifying the bates range(s) of the Document(s) the receiving party believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). Such a notice will not waive the identifying party's ability to subsequently challenge any assertion of privilege with respect to the identified document(s). Upon the producing party receiving a Production Notice, if the producing party wishes to assert a claim of privilege, it shall follow the procedure in paragraph 2 above, within five (5) business days of receiving a Production Notice from the identifying party. The receiving party may challenge the clawback of any such documents in accordance with the procedure in paragraph 3 above.

5.  **PROCEDURES DURING DEPOSITION AND HEARING**

a)  If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, joint defense or common interest privilege, or work product doctrine, the producing party may, in its sole discretion, do one or more of the following: (a) allow the Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Document but instruct the witness not to answer questions concerning the parts of the Document containing privileged or protected material; or (c) object to the use of the Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court. In all events, once the Document is no longer in use at the deposition, the receiving party shall promptly sequester all copies of the Document. As to any testimony subject to a claim of privilege or work product protection, the producing party shall serve a Clawback Notice within five (5) business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as

practicable after the Court's decision. For the avoidance of doubt, this subsection (a) applies to Documents covered by privilege or work product protection only; it does not apply to any non-privileged, non-work-product Documents covered by privacy laws and regulations.

      b)    If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is covered by privacy laws, regulations, or any other immunity from discovery but is not privileged or subject to work product protection, the producing party shall have the same options set forth in Paragraph 5(a), above, provided that, in the event the producing party exercises option 5(a)(c), and in the event the party taking the deposition does not agree to refrain from questioning on the document, the producing party shall have a reasonable opportunity during the deposition to seek a ruling from the Court, but in the event the Court is not available to give such a ruling during the reasonable time scheduled for the deposition, the producing party's objection shall be noted for the record and the party taking the deposition may proceed to ask questions and elicit testimony concerning the Document in question. In such event, once the Document is no longer in use at the deposition, the receiving party shall promptly sequester all copies of the Document, and as to any testimony protected by privacy laws, regulations, or any other immunity from discovery, the producing party shall serve a Clawback Notice within five (5) business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable, with regard to the relevant testimony and the relevant Document. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony and the relevant Document in accordance with Section 3.

      c)    If a receiving party uses Protected Documents in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those Protected Documents in advance of the briefing event or hearing, the producing party must serve a Clawback Notice within four business days of receipt of the briefing or the hearing. Thereafter, the procedures set forth in Section 3 apply. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the receiving party shall (a) withdraw the portion of the

briefing and exhibits that contain privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

6. **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained, privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.  The party must promptly notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information.

7. **EXTENSION OF DEADLINES**

The parties may agree by email to extend the periods specified in the paragraphs above.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 27, 2024                **Respectfully submitted,**

**PAUL, WEISS, RIFKIND, WHARTON, & GARRISON LLP**

By:  */s/ Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
535 Mission Street. 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

**ORRICK, HERRINGTON &**

|   |   |
|---|---|
| 1 | **SUTCLIFFE LLP** |
| 2 | Jacob M. Heath (SBN: 238959) |
| 3 | jheath@orrick.com |
|   | 1000 Marsh Road |
| 4 | Menlo Park, CA 94025-1015 |
|   | Telephone: (650) 614-7400 |
| 5 | Facsimile: (650) 614-7401 |
| 6 |   |
| 7 | *Attorneys for Defendant Meta Platforms, Inc.* |

Dated: December 27, 2024

**HECKER FINK LLP**

By: */s/ John C. Quinn*
John C. Quinn

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
350 Fifth Ave., 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
1050 K St. NW, Suite 1040
Washington, D.C. 20001
Telephone: (212) 763-0883

**SINGLETON SCHREIBER**

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

**BAILEY & GLASSER LLP**

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3934

**DEREK G. HOWARD LAW FIRM, INC.**

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
Ashley M. Romero (SBN: 286251)
ashley@drekhowardlaw.com
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Karen L. Dunn, am the ECF user whose identification and password are being used to file this document. I attest under penalty of perjury that concurrence in this filing has been obtained from counsel listed above.

Dated: December 27, 2024

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Karen L. Dunn*
Karen L. Dunn (*pro hac vice*)

AS MODIFIED BY THE COURT
**IT IS SO ORDERED** that the foregoing Agreement is approved.

DATED: December 31, 2024

*[signature]*
Hon. Virginia K. DeMarchi
United States Magistrate Judge

-9-
STIPULATED AND [PROPOSED] ORDER PURSUANT TO FEDERAL RULES OF EVIDENCE 502(D)
CASE NO. 22-CV-03699-PCP