**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL    212.763.0886
DIRECT EMAIL   jquinn@heckerfink.com

March 7, 2025

<u>VIA CM/ECF</u>

Hon. Virginia K. DeMarchi
United States District Court
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

    Re: *Dr. Andrew Forrest v. Meta Platforms, Inc.*, No. 5:22-cv-03699-PCP (N.D. Cal.)

Dear Judge DeMarchi:

    Pursuant to Your Honor's Standing Order for Civil Cases, Plaintiff Dr. Andrew Forrest and Defendant Meta Platforms, Inc. ("Meta") respectfully submit this Joint Discovery Letter Brief.

### I.  STATEMENT OF DISPUTE

    Plaintiff served Interrogatories 1-9 on November 21, 2024, seeking information about Meta's advertising systems. Meta invoked Rule 33(d), promising to supplement responses with documents and Bates identifiers without a date certain. Meta has not supplemented responses or identified documents to date, and Plaintiff asserts Rule 33(d) is inappropriate given Meta's document production limitations and the relative burden in light of technical complexity. Plaintiff seeks an order directing Meta to provide substantive, complete responses by March 17. On March 4, Meta offered to supplement responses to Interrogatories 2, 3, and 5, and 8 by March 25. The parties did not agree.

### II.  PLAINTIFF'S POSITION

    Judge Pitts denied Meta's Section 230 motion to dismiss based on allegations that Meta's ad systems contributed to the content of the Scam Ads at issue. The Court ordered the parties to conduct discovery on Meta's ad systems, noting that "presumably all the evidence . . . is in Meta's possession at this time." Aug. 22, 2024 Tr. 22:16-17. Indeed, Meta's complex advertising software, algorithms, and AI systems are the prototypical "black box"—outsiders cannot fully comprehend these proprietary systems simply by reading Meta's public-facing materials. Accordingly, Plaintiff sought basic, necessary information about Meta's advertising systems, including by serving fact interrogatories on November 21.

# Hecker Fink LLP

Three months have passed, and only three weeks remain until substantial completion. Yet Meta has not answered a single Interrogatory. Instead, Meta invoked Federal Rule of Civil Procedure 33(d) without producing answering records. To date, Meta has produced mostly printouts of public webpages, Forms 10-K and similar public disclosures, a few marketing and sales strategy documents, and five user-facing videos about scams. Plus, as set forth in a companion letter brief submitted today, Meta's tactic of limiting its production only to documents about certain public ad "tools" (repeated in this submission) makes clear that Meta will never produce documents sufficient to fully answer these Interrogatories.

Meta's refusal to properly answer or produce deprives Plaintiff of information necessary not just to prove his case, but to resolve discovery disputes without court intervention. This Court should order Meta to substantively respond by March 17.

### A.  Meta's Insufficient Response

On November 21, Plaintiff served Meta with Interrogatories aimed at understanding how Meta's proprietary systems, software, algorithms, and AI tools interact with ads. Interrogatory 1, for example, asked Meta to "describe the step-by-step process" that occurs when creating an ad. Interrogatory 2 asked that Meta "[l]ist and describe every product, service, feature or tool provided or used by Meta that can affect in any way the content or display of an Advertisement." Interrogatories 3 and 5 asked Meta to "[l]ist and describe" every Content Modification Tool[1] and Optimization Tool. The Interrogatories thus sought basic information about Meta's black box. They were also designed to aid Plaintiff in obtaining information not only relevant to Section 230, but that would enable Plaintiff to engage meaningfully during the document discovery process.

In its written responses, Meta did not provide a single substantive answer. For Interrogatories 1-6 and 9, Meta invoked Rule 33(d)—but it did not produce records. Meta explained it would amend its responses to identify "documents sufficient to ascertain the answer[s]" at an undefined later time.

Meta objected to Interrogatories 7 and 8, which asked Meta to describe its Ad-Review and Performance Evaluation processes, "including any impact that [such processes] can have on Content Modification or Optimization." Meta asserted these Interrogatories were "not relevant to Meta's Section 230 defense," even though the Interrogatories expressly tied back to core Section 230 issues. *See* ECF 121 at 8-9 (citing Dr. Forrest's allegations "that Meta has 'active involvement' in deciding what ads look like and who they are shown to" as presenting a key "factual dispute" for Section 230 purposes).[2]

Since then, Meta has not amended its responses to Interrogatories 1-6 and 9. Instead, as outlined in the parties' companion letter brief filed today, Meta has approached document discovery by flipping the burden (*e.g.*, by demanding that Plaintiff identify Meta's Content Modification or Optimization software by name before it agrees to produce associated data, despite its failure to answer Interrogatories 3 and 5).

---

[1] Capitalized terms are defined in the attached excerpts.
[2] Meta also objected to Interrogatory 10. Plaintiff does not currently seek Court intervention regarding this Interrogatory, but reserves all rights.

Hecker Fink LLP

On March 4, Meta proposed to supplement its responses to Interrogatories 2, 3, 5, and 8 by March 25, if Plaintiff withdrew his dispute as to all the Interrogatories. But again Meta offered only to produce and cite documents relating to "tools," and repeatedly refused to define what that meant. And Meta still refused altogether to respond to Interrogatory 7, even as we once again explained its relevance.

      **B.**      **The Court Should Order Meta to Answer the Interrogatories**

Meta's failure to properly answer these Interrogatories is inappropriate for at least three reasons.

***First***, the purpose of interrogatories is "obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried." *Woods v. Kraft Foods, Inc.*, 2006 WL 2724096, at *4 (E.D. Cal. Sept. 21, 2006). Courts compel responses to fact interrogatories of the kind here "whether early or late in a case." *Kolker v. VNUS Med. Techs., Inc.*, 2011 WL 5057094, at *6 (N.D. Cal. Oct. 24, 2011). Rule 33(d) provides a limited exception for how interrogatories may be answered, but it does not absolve the responding party of the "duty to specify, by category and location, the records from which answers to interrogatories can be derived." *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Where a party fails to specify where answers can be found—to say nothing of refusing to produce documents entirely—Rule 33(d) provides no refuge. *See Walt Disney Co.*, 168 F.R.D. at 284; *Gaby's Bags, LLC v. Mercari, Inc.*, 2021 WL 211639, at *1 (N.D. Cal. Jan. 21, 2021).

Here, Plaintiff's Interrogatories were meant to provide him with a sufficient initial understanding of how Meta's internal processes work to aid the document discovery process and inform forthcoming summary judgment practice. Three months later, with substantial completion approaching, Meta has provided only promises about forthcoming documents; the vast majority of documents it has produced to date are printouts of versions of public webpages. Meta has not amended its responses to identify any of these documents as responsive. For good reason: None of this discovery advances Plaintiff's understanding of how Meta's software, algorithms, or AI systems work.

By withholding this information, Meta forces Plaintiff to conduct discovery in the dark— a problem compounded by Meta repeatedly flipping its burden. Nor is it clear that Meta intends to answer Plaintiff's Interrogatories with sufficient time for Plaintiff to utilize its answers. Instead, Meta continues to deny any obligation to respond before substantial completion, and its latest promise is to respond "aligned with" substantial completion. The Court should not countenance Meta's misuse of Rule 33(d) to delay meaningful discovery and run out the clock.[3]

***Second***, as explained in the parties' companion letter brief, Meta has attempted to shrink the scope of its discovery obligations in violation of Rule 26(b)(1). Specifically, Meta intends to

---

[3] The cases Meta cites for its assertion that courts "decline to compel interrogatory responses before substantial completion" are uniformly inapposite: These cases concern *contention* interrogatories, for which "the responding party [often] has not yet obtained enough information through discovery to respond." *Folz v. Union Pacific R.R. Co.*, 2014 WL 357929, at *2 (S.D. Cal. Jan. 31, 2024).

unilaterally limit its production to the Content Modification Tools and Optimization Tools that Dr. Forrest specifically identified in the Third Amended Complaint based on publicly available materials. Alternatively, Meta states it will produce documents relevant only to the tools or systems *it* believes implicate Section 230. As a result, Meta's answers to Interrogatories 2 through 6 will necessarily be incomplete.

Meta also refuses to answer Interrogatory 7 based on a spurious relevance objection. The "impact that the results of [Meta's Ad-Review] process[] can have on Content Modification or Optimization"—*i.e.*, the "feedback loop"—is plainly relevant to the material contribution inquiry.

***Third***, even if Meta produced sufficient documents answering these Interrogatories, Rule 33(d) would only be appropriate "if the burden of deriving or ascertaining the answer [would] be substantially the same for either party." Fed. R. Civ. P. 33(d). "An important—often key—factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents." *RSI Corp. v. Int'l Bus. Machines Corp.*, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012). Thus, invoking Rule 33(d) is not appropriate where, for example, responsive documents are "replete" with terms only the responding party understands. *RSI Corp.*, 2012 WL 3095396, at *2. Here, complete responses to the Interrogatories will involve Meta's complex proprietary technologies and internal processes; Meta is better positioned to understand these processes and documents describing them, and Plaintiff needs complete responses to conduct meaningful document discovery.[4] If Meta "already knows the answers to [Plaintiff's] questions, it is far more efficient for [Meta] to provide those answers rather than requiring [Plaintiff] to derive them for" himself. *Id.*

### C. Proposed Resolution

Given the foregoing, Plaintiff respectfully requests the Court order Meta to provide substantive, complete responses to Interrogatories 1-9 by March 17, 2025, fourteen days before the deadline for substantial completion of document discovery. In the alternative, Plaintiff requests that the Court order Meta to produce responsive records and amend its responses to identify those records by March 17.

### III. DEFENDANT'S POSITION

Plaintiff's appeal to the Court is unwarranted. Barring limited objections, Meta told Plaintiff it would respond to interrogatories pursuant to Federal Rule of Civil Procedure Rule 33(d) ("Rule 33(d)"), has produced responsive documents, and is working diligently to finalize productions and supplement responses. There is no pretext of delay. Although fact discovery does not end until May 30, Meta intends to identify documents responsive to interrogatories well before that deadline and aligned with the substantial completion date, and offered to amend responses to Interrogatories 2, 3, 5, and 8 by March 25. Plaintiff refused to accept this offer.

Plaintiff now asks the Court to order Meta to "provide substantive, complete responses" to Plaintiff's interrogatories or, in the alternative, "produce responsive records and amend its

---

[4] An appropriate document production may suffice as to Interrogatories 4 and 6, but would not as to the remaining Interrogatories, which relate to Meta's advanced software and processes.

**Hecker Fink LLP**

5

responses to identify those records" by March 17.  This arbitrary deadline is untethered to the Scheduling Order, and falls *before* the deadline for substantial completion of document production on March 31, and *well before* the May 30 deadline to complete fact discovery.

        A.        **Meta Will Promptly Supplement Responses as its Investigation Continues.**

Plaintiff argues Meta must supplement its interrogatory responses by March 17 because the substantial completion date of March 31 approaches.  But the substantial completion date relates only to document production, not interrogatory responses.  Additionally, the discovery cutoff is May 30.  Plaintiff provides no reason for why Meta must be obligated to fully supplement all interrogatory responses by March 17.[5]

Courts consistently decline to compel interrogatory responses before substantial completion of pre-trial *discovery*, let alone document production deadlines early in pretrial discovery.[6]  *See, e.g., Folz* v. *Union Pac. R.R. Co.*, 2014 WL 357929, at *1-2 (S.D. Cal. Jan. 31, 2014) (collecting cases); *HTC Corp.* v. *Tech. Props. Ltd.*, 2011 WL 97787, at *2-3 (N.D. Cal. Jan. 12, 2011) (denying motion to compel interrogatory response before substantial completion of pretrial discovery because "[w]hile it is clear that discovery is underway, it is still very much ongoing and not near its end").  Courts even permit parties to supplement their discovery responses up until, and even *after*, the close of discovery.  *See Jarose* v. *Cnty. of Humboldt*, 2020 WL 4219714, at *3 (N.D. Cal. July 23, 2020) (denying motion to strike interrogatory responses amendments made 42 days after close of fact discovery); *Baxter Healthcare Corp.* v. *Fresenius Med. Care Holding, Inc.*, 2009 WL 904152, at *3 (N.D. Cal. Apr. 2, 2009) (denying plaintiff's motion to strike because "[d]eadlines are not to be enforced mindlessly")(citation omitted).[7]

Meta committed to supply Bates numbers once they become available.  However, collecting and reviewing the documents sufficient to respond to Plaintiff's sweeping interrogatories is time intensive.  For example, Plaintiff's demand for a description of "*every* Meta Advantage feature, tool, product, or service that was used in connection with *any* of the Scam Ads" (Interrogatory 9) (emphases added) requires a thorough investigation of complex data in numerous tables, not to mention identification of the "Scam Ads."  As noted in the concurrently submitted letter, Meta is working diligently to identify alleged Scam Ads, reviewing 500,000+ potential documents.  In turn, Meta intends to amend responses as its investigation reveals responsive information, aligned with the substantial completion deadline and prior to the fact discovery deadline.  Moreover, in an attempt to avoid burdening the Court, Meta offered to amend responses to Interrogatories 2, 3, 5, and 8 by March 25.

For those reasons, Plaintiff's demand for supplemental responses by March 17, prior to the substantial completion deadline, is unreasonable.

---

[5] *Gaby's Bags* is distinguishable.  There, the defendant pledged to amend responses "at some unspecified time in the future."  2021 WL 211639, at *2.  Here, Meta has committed to supplement interrogatory responses well in advance of the close of fact discovery, the date the case management order envisions.

[6] Even if the date for "substantial completion" of document production were relevant to interrogatories, there is no basis to order interrogatory responses *prior* to that date.

[7] Plaintiff misrepresents *Kolker*—the Court said it could compel interrogatory responses "whether early or late in a case," referring only to straightforward interrogatories seeking the "identity of witnesses or documents."  2011 WL 5057094, at *6.

### B.     Plaintiff's Objections to Rule 33(d) Responses Are Unfounded.

Plaintiff objects to documentary responses, asking the Court to order Meta to "substantively respond," "answer the Interrogatories," or "provide substantive, complete responses."  Meta has no such obligation.  Pursuant to Rule 33(d), Meta will produce responsive documents and supplement responses with corresponding Bates numbers.

A party may produce documents if "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records" and "the burden of ascertaining the answer will be substantially the same for either party."  Fed. R. Civ. P. 33(d); *see, e.g.*, *Assoc. Indus. Ins. Co.* v. *Ategrity Specialty Ins. Co.*, 2023 WL 3316888, at *2 (N.D. Cal. May 8, 2023); *Baxter Healthcare Corp.* v. *Fresenius Med. Care Holding, Inc.*, 2008 WL 5272186, at *2 (N.D. Cal. Dec. 15, 2008) (finding "Rule 33(d) makes it entirely appropriate to shift the burden" to the requesting party.).

Here, Meta invoked Rule 33(d) because it anticipates information responsive to Plaintiff's Interrogatories 1-6 and 9 is contained in documentation and can equally be compiled by Plaintiff as by Meta.  Meta further anticipates amending its responses to Plaintiff's sweeping requests aligned with the substantial completion deadline and prior to the fact discovery deadline.  Accordingly, Plaintiff's speculation that Meta's forthcoming amended responses will be inadequate does not satisfy his burden to demonstrate that Meta's Rule 33(d) responses are insufficient, "whether because the information is not fully contained in the documents or because it is too difficult to extract."  *Ategrity* at *2; *accord* Moore's Federal Practice - Civil § 33.105.

Plaintiff fails to carry that burden, arguing that Meta may not rely on Rule 33(d) because "complete responses to the Interrogatories will involve Meta's complex proprietary technologies and internal processes; Meta is better positioned to understand these processes and documents describing them."  But ***all*** parties understand their own materials best.  On this logic, ***no*** party could ever rely on Rule 33(d).  Furthermore, Plaintiff's high-level argument sweeps inconvenient details under the rug: consider that Interrogatories 4 and 6 ask Meta to identify "team(s), group(s), or department(s) involved in" "Optimization" and "Content Modification," which immediately bring to mind printouts of reporting lines.[8]  Plaintiff's "[b]arebones" burden arguments fail to demonstrate that Rule 33(d) responses will be inadequate here.  *See id.* at *2, 3.

Plaintiff also asks this Court to prevent Meta from invoking Rule 33(d) in anticipation that Meta "will not produce sufficient records," based on its productions to date.  As explained above, Meta is diligently producing documents on a rolling basis and anticipates amending responses aligned with the substantial completion deadline and prior to the fact discovery deadline.  Plaintiff's speculation provides no basis for the Court to order interrogatory responses beyond the requirements of Rule 33(d).

---

[8] In footnote 4, Plaintiff acknowledges this fact only now, despite Meta's prior request for more specific objections.  If anything, the Court should order Plaintiff to further meet and confer.

**Hecker Fink LLP**

Plaintiff claims that Meta's answers to Interrogatories 2-6 will be incomplete because Meta will produce documents related only to Content Modification Tools and Optimization Tools, which Plaintiff identified from public sources. As explained in today's joint letter regarding scam ad disputes, Meta's investigation has not identified any other tools that impact the creative content of ads. Plaintiff provides no reason Meta's response would be incomplete.

Finally, Plaintiff's attempt to compel responses to Interrogatories 7 and 8 is unwarranted. During meet and confers, Plaintiff specified that these requests only referred to whether a "feedback loop" exists. Meta agreed to reconsider. As Meta informed Plaintiff on March 4, Meta stands on its objection to Interrogatory 7 because it is irrelevant to Discovery Phase I regarding Meta's Section 230 defense. Interrogatory 7 seeks information about the process whereby Meta reviews advertisements for compliance with its advertising standards and policies. That is irrelevant to whether Meta materially contributes to the alleged illegality of advertisements appearing on its services. *See Calise* v. *Meta Platforms, Inc.*, 103 F.4th 732, 744-45 (9th Cir. 2024). Interrogatory 8 also falls outside the scope of Phase 1, but in the interest of cooperation, Meta is investigating any impact on ads content from "targeting" efforts, subject to Meta's other responses and objections, and will supplement its response by March 25.

Although Plaintiff's complaints are unripe, Meta is committed to resolving this dispute. Accordingly, Meta offered to provide supplemental responses to Interrogatories 2, 3, 5, and 8 by March 25, 2025, and Plaintiff refused this offer. Meta continues to diligently work towards complete responses to the rest of Plaintiff's sweepingly broad interrogatories aligned with the substantial completion deadline and prior to the fact discovery deadline.

## IV. WHETHER THE COURT SHOULD HOLD A HEARING

### A. Plaintiff's Position

The Court should conduct a hearing. A hearing would assist the Court in resolving the dispute because the issues are highly technical in nature, Meta's proprietary systems add even greater complexity, and Meta has refused to provide basic information necessary to narrow or resolve the dispute.

### B. Defendant's Position

Defendant does not believe a hearing is necessary because of the good progress Meta has made in its investigation and cooperative engagement with Plaintiff to respond to their Interrogatories. Meta intends to supplement its responses aligned with the deadline for substantial completion of document production and in accordance with this Court's Scheduling Order. Meta intends to continue to amend its responses as its investigation reveals relevant documentation.

## V. CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

Hecker Fink LLP

8

Document discovery is to be substantially completed by March 31, 2025. Fact discovery is to be completed by May 30, 2025. The parties submitted, and the Court approved, a schedule in which expert discovery occurs in parallel with early summary judgment briefing, as follows:

| Event | Deadline |
|---|---|
| Meta's Motion for Summary Judgment on Section 230 defense and opening expert report (if applicable) | July 15, 2025 |
| Dr. Forrest's Opposition to Meta's Summary Judgment Motion; Dr. Forrest's Cross-Motion for Partial Summary Judgment (if applicable); and Dr. Forrest's opening expert report (if applicable) | August 29, 2025 |
| Meta's Reply in Further Support of Summary Judgment; Opposition to Dr. Forrest's Cross-Motion for Partial Summary Judgment (if applicable); and rebuttal expert report (if applicable) | September 29, 2025 |
| Dr. Forrest's Reply in Further Support of Partial Summary Judgment (if applicable) and rebuttal expert report (if applicable) | October 29, 2025 |

## VI.   COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

Lead counsel conferred by video conference on February 21, 2025. John Quinn of Hecker Fink represented Dr. Forrest. Karen Dunn, Meredith Dearborn, and Amy Barton of Paul, Weiss represented Meta. The parties agreed to extend the Court's five-day filing deadline to March 7, 2025.

## VII.   ATTACHMENTS

The following discovery requests and responses are attached to this letter:

- Exhibit 1:  Plaintiff's First Set of Interrogatories

- Exhibit 2:  Defendant Meta Platforms Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories

Hecker Fink LLP

9

Dated: March 7, 2025　　　　　　　　　　　HECKER FINK LLP

　　　　　　　　　　　　　　　　　　　　　By:　*/s/ John C. Quinn*
　　　　　　　　　　　　　　　　　　　　　　　　John C. Quinn
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　Dr. Andrew Forrest

Dated: March 7, 2025　　　　　　　　　　　PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

　　　　　　　　　　　　　　　　　　　　　By:　*/s/  Walter F. Brown*
　　　　　　　　　　　　　　　　　　　　　　　　Walter F. Brown
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　Meta Platforms, Inc.