# EXHIBIT C

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
Melissa F. Zappala (*pro hac vice*)
mzappala@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendant Meta Platforms, Inc.*

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

*Attorneys for Plaintiff Dr. Andrew Forrest*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST, an individual,

Plaintiff,

v.

META PLATFORMS, INC.

Defendant.

Case No. 22-CV-03699-PCP (VKD)

**[PROPOSED] SECOND AMENDED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

Judge: The Honorable Virginia K. DeMarchi

**PROTECTIVE ORDER**

WHEREAS, the Parties hereto desire to obtain a protective order to prevent inappropriate dissemination or inappropriate disclosure of information and tangible things; which are believed to be confidential and proprietary by the holder thereof; and WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions govern the disclosure of information and tangible things in these proceedings.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court hereby enters the following Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles. Moreover, as set forth in Section 14.4, below, this Protective Order does not entitle any party to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Protected Material: Protected Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record (as well as their support

staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.5 Disclosure or Discovery Material: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) has not worked for a Party as an employee or contractor within the past 5 years, and (4) at the time of retention, is not anticipated to become an employee or a contractor of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Protected Material" representing or consisting of Source Code as defined in section 2.17.

2.9 House Counsel: attorneys who are employees, including contractors, of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.12 Party: any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that qualifies for protection under FRCP 26(c) that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 Source Code: computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any

use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b) <u>for testimony given in deposition or other pretrial hearing</u>, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all

pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Protective Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, if there is not an objection or challenge to the re-redesignation, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such

destruction within 14 calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material. If necessary, a party may request an overlay or reproduction of portions of previously produced discovery in the event that the destruction of inadvertently produced Protected Materials would alter family relationships or other responsive and non-privileged portions of previous productions. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in a separate 502(d) order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. The Parties shall comply with the following procedures if

judicial intervention is required:

If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases (and in compliance with Civ. L.R. 79-5, if applicable). In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any discovery letter brief filed pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for Civil Cases.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

(a) A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b) Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

(c) A Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION) for the Duration of this Protective Order.

(d) A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Data Security of Protected Material. Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must employ reasonable administrative, technical, and physical safeguards to protect and secure the Protected Material

from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material.

7.3 Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees, and contractors (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(h) the author or recipient of a document containing the Protected Material or a

custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5 Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY

CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to five Experts (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the Protected Material or a custodian who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Disclosure or Discovery Material to Experts.

(a) Unless otherwise ordered by the or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any public patents or public patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the Protected Material sought through part (5) of such an Expert disclosure, if the Expert believes any of this Protected Material is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever Protected Material the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the Protected Material specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may proceed with the discovery dispute resolution procedure outlined in Judge DeMarchi's Standing Order for Civil Cases (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such joint discovery letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any

such joint discovery letter brief must set forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

8. PROSECUTION BAR

8.1 Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the patent-in-suit as well as the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material to which access is received, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post grant review, covered business method patent review, or inter partes review). This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material is first received by the individual and ends two (2) years after the Duration of this action has expired.

9. DISCLOSURE AND INSPECTION OF SOURCE CODE

(a) To the extent production or disclosure of Source Code is requested in this case, a Producing Party may permit inspection of Source Code in a manner that maintains security and confidentiality of the requested Source Code. Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and only individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed, as set

forth in Paragraphs 7.5 and 7.6 may inspect the Source Code.

(b) Any Source Code to be produced or disclosed in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection. A secured computer containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer"), will be made available during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location. The Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

(c) The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial. Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph (b) above. In no case will the Receiving Party receive more than 25 consecutive pages or an aggregate of more than 250 pages of Source Code during the duration of the case without prior written approval of the Producing Party or by order of the Court. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is

requesting. Within five (5) business days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day. The Requesting Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth in Section 6.

(d) The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored. Upon five (5) business days' advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 9(h) below. The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) and must not convert any of the Protected Material contained in the paper copies into any electronic format. Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers must be used instead) and must be omitted from pleadings and other papers. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. The Receiving Party may create paper printouts of, or images of, limited excerpts of Source Code in a pleading, court filing, expert report, trial exhibit, demonstrative, deposition exhibit/transcript, mediation brief, and drafts of these documents, provided that the Receiving Party discloses to the Producing Party 14 business days in advance the number of consecutive lines of Source Code it intends to include in such a document. Unless otherwise ordered, if a given excerpt of Source Code

does not exceed 50 consecutive lines of code, it may be included in a document pursuant to this section. The Producing Party may challenge the number of consecutive lines of Source Code the Receiving Party intends to include in a document pursuant to this section, and must do so within 7 business days of the Receiving Party's notice. Any disputes about the number of consecutive lines of Source Code to be included in a document will be resolved by the Court if the parties are unable to reach agreement pursuant to the dispute. Challenged consecutive lines of Source Code in excess of 50 consecutive lines of code may not be used in a document by the Receiving Party until the matter is resolved by the Court. To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code. The Producing Party is not required to create a new Source Code Computer for the purpose of depositions. Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(e) The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Producing or Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software

requested by the Receiving Party. By way of example, the Producing Party will not compile or debug software for installation.

(f) The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, or device of any kind, is prohibited from the Source Code review room.

(g) The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take notes (hand-written or electronic) relating to the Source Code but may not copy the Source Code into the notes.

(h) The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of five (5) persons[1] identified by the Receiving Party, excluding Outside Counsel, may have access to the Source Code. The Receiving Party may request that additional, specific persons be permitted access to the Source Code, and the Producing Party will not unreasonably deny such a request.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE", that Party must:

(a) promptly notify in writing the Designating Party. Such notification must

[1] For the purpose of this provision, a "person" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports.

include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material. The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Protected Order provides against disclosure in any other litigation.

10.2 The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Protective Order.

(b) The terms, remedies, and relief provided by this Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(d) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties and Court will enter a separate Order under Federal Rule of Evidence 502(d) that governs the production of documents subject to the attorney-client privilege or work product protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Export Control. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Producing Party shall be responsible for identifying any such technical data subject to export control laws so that the Receiving Party can take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" Protected Material (including copies) in physical and electronic form. The viewing of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.

"CONFIDENTIAL" Protected Material may ~~only~~ be disclosed to Plaintiff, Dr. Forrest, and his personal attorneys in Australia only if ~~specific individuals to whom disclosure is~~ reasonably necessary for this litigation and in accordance with Section 7.3 of this Order upon the execution of the "Acknowledgement and Agreement to be Bound" (Exhibit A) ~~by the Receiving Party~~. The "Acknowledgement and Agreement to be Bound" of Plaintiff's Australian personal attorneys shall be provided to Meta prior to disclosure of any "CONFIDENTIAL" Protected Material in Australia. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15. FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit

a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: Respectfully submitted,

Dated: **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:____________________________________

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
Melissa F. Zappala (*pro hac vice*)
mzappala@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: **HECKER FINK LLP**

By:__________________________________

John C. Quinn*
jquinn@heckerfink.com
Hyatt Mustefa*
hmustefa@heckerfink.com
Jocelyn Hassel*
jhassel@heckerfink.com
Tayonna Ngutter*
tngutter@heckerfink.com
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz*
jmatz@heckerfink.com
Joanne Grace Dela Peña*
jdelapena@heckerfink.com
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

* *admitted pro hac vice*

**SINGLETON SCHREIBER, LLP**

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

**BAILEY & GLASSER LLP**

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

**DEREK G. HOWARD LAW FIRM, INC.**

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

IT IS SO ORDERED.

DATED: , 2025

Hon. Virginia K. DeMarchi
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ___________________ [print or type full name], of ________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on ___________ in the case of *Dr. Andrew Forrest v. Facebook, Inc.*, 5:22-CV-03699-VKD. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________________ [print or type full name] of _______________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: ______________________________

City and State where sworn and signed: _________________________________

Printed name: ______________________

[printed name]

Signature: ___________________________

[signature]