UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-cv-03699-PCP (VKD)<br><br>**ORDER RE MAY 8, 2025 DISCOVERY DISPUTE RE DEFENDANT'S DISCOVERY REQUESTS**<br><br>Re: Dkt. No. 205 |

Plaintiff Andrew Forrest and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve their dispute concerning Meta's interrogatories and requests for documents. Dkt. No. 205. The Court held a hearing on this matter on May 20, 2025. Dkt. No. 209.

As discussed during the hearing, the parties frame their dispute at a high level: Whether Dr. Forrest should be required to conduct a search for ESI and other documents in his possession, custody, or control that are responsive to Meta's RFPs 2 and 5-27, and to respond to Meta's Interrogatories Nos. 1-4. For the reasons explained below and during the hearing, the Court finds that Meta's discovery requests are generally directed to relevant subject matter, and while some requests may be overbroad in some respects, they are not categorically disproportionate to the needs of the case. Accordingly, the Court orders further proceedings regarding these requests, as set out below.

**1.     Meta's Document Requests**

With respect to Meta's disputed document requests, Dr. Forrest advises that he has already produced responsive scam advertisements, Ad IDs, and the filings and disclosures he made in the criminal proceeding he initiated against Meta in Australia. He argues that this production should

be sufficient, especially because "Meta is the party with exclusive access to the *only* information that will answer whether Meta's proprietary tools or processes contribute to the content of the Scam Ads." Dkt. No. 205 at 5.  Meta acknowledges the productions Dr. Forrest has made, but it argues that these productions appear to be incomplete in view of the factual allegations in Dr. Forrest's complaint. *Id.* at 2.

Having reviewed the disputed document requests, the Court finds that most of them track the allegations of Dr. Forrest's complaint. *See id.*, Ex. 1.  Importantly, these allegations are the basis for the factual dispute at the heart of the Meta's section 230 immunity defense to Dr. Forrest's claims.  As the presiding judge observed:

> Although Dr. Forrest does not clearly allege how Meta's ad tools work or contribute to the challenged ads, he does allege that the tools affect ad content in a manner that could at least potentially contribute to their illegality.  Dr. Forrest alleges not simply that Meta provided "neutral tools" which may have been used by other parties for "unlawful purposes," . . . but that Meta has "active involvement" in deciding what ads look like and who they are shown to and that its automated tools "supercharge Meta's ability to produce and drive the Scam Ads to vulnerable viewers," which has "been a substantial factor in the continuing production, dissemination, and success" of the challenged ads.  Compl. ¶¶ 126, 135.  *These allegations present a factual dispute* regarding whether Meta's ad systems were neutral tools that anyone could use (or misuse) or whether the tools themselves contributed to the content of the ads, including to the aspects of the content that are allegedly illegal.

Dkt. No. 121 at 8-9 (emphasis added).  While Meta undoubtedly has superior information about how its own tools and processes operate, Dr. Forrest contests Meta's assertions about these tools and processes based on his own investigation, and he successfully opposed Meta's motion to dismiss his claims on that basis.  Clearly, Meta is entitled to take discovery of the contrary information Dr. Forrest says that he has.

The Court is not persuaded that Dr. Forrest's document production to date captures all relevant and responsive documents Meta has requested.  The Court orders the parties to confer regarding what searches have been undertaken to date and what additional searches might be required to fully respond to Meta's disputed requests for production.

### 2. Meta's Interrogatories

The parties do not specifically address Meta's disputed interrogatories, and it appears that they have not adequately conferred about the information Meta seeks. To the extent Dr. Forrest objects to any of Interrogatories Nos. 1-4, the parties must confer about these objections and attempt to resolve them before seeking relief from the Court.

### 3. Attorney-Client Privilege and Work Product Protection

Dr. Forrest argues that the documents and information Meta seeks are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Dkt. No. 205 at 7. These arguments are not well-supported. Dr. Forrest has not provided a privilege log identifying any responsive documents or information that are so protected, and it is not self-evident that the discovery Meta seeks implicates any such privilege or protection. In any event, a claim of privilege or protection must be made and supported in compliance with Rule 26(b)(5) and applicable law. *See* Fed. R. Civ. P. 26(b)(5); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (summarizing requirements for documenting privilege/protection claims). Moreover, both attorney-client privilege and work product protection can be waived where a party has publicly disclosed or put at issue the information in question. *See, e.g., Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, No. 23-cv-05721-EKL (VKD), 2025 WL 41936, at *5–6 (N.D. Cal. Jan. 6, 2025).

If Dr. Forrest resists Meta's discovery on the basis of attorney-client privilege or work product protection, he must adequately support the privilege or protection claimed.

\*\*\*

With the Court's guidance in mind, the parties must confer regarding this dispute. They must file a joint status report by **June 3, 2025**, advising the Court of any disagreements that remain and their agreed or respective proposals for resolving those disagreements.

**IT IS SO ORDERED.**

Dated: May 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3