UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANDREW FORREST,

    Plaintiff,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 22-cv-03699-PCP (VKD)

**ORDER RE AUGUST 1, 2025 DISCOVERY DISPUTE RE NATIVE DATA**

Re: Dkt. No. 241

The parties ask the Court to resolve a dispute regarding Dr. Forrest's request that Meta produce "raw data" and database schema for all relevant data sources so that plaintiff's expert can determine, for each Scam Ad at issue, what tools or processes were applied to the ad, and what those tools or processes did to the ad between "input" and "output."[1] Dkt. No. 241. The Court heard oral argument regarding this matter on August 12, 2025.[2] Dkt. No. 252.

At the hearing, Meta represented that it has produced and is producing responsive data

---

[1] Meta asks the Court to seal portions of the joint discovery brief, asserting that it contains non-public details regarding the "design and mechanics of its data storage system" and the ad data collected and stored in this system. *See* Dkt. No. 249-1. As Meta's sealing motion relates to a discovery matter, the lower good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, the Court has reviewed the information Meta seeks to seal and finds that, while the letter does address these topics, the references to this information are at a very high level of generality and do not reveal sensitive, non-public information. The Court does not find good cause to seal the material Meta has designated. Meta shall file an unredacted version of the discovery letter brief on the public docket no later than August 25, 2025.

[2] In advance of the hearing, Meta filed an administrative motion asking the Court to conduct the hearing on this dispute under seal. Dkt. No. 250. The Court denied Meta's request for the reasons stated on the record and did not conduct the hearing under seal. *See* Dkt. No. 252.

exported from the Hive data warehouse, together with "mapping" information, that will allow Dr. Forrest and his expert to understand and analyze, for each Scam Ad, the advertiser's ad input, the tools selected by the advertiser, and the "creative optimizations" applied to the ad. Meta contends it should not be required to produce in addition the database schema for the relevant data sources.

The Court is unable to finally resolve the parties' disagreement about the sufficiency of Meta's not-yet-completed production of data for each Scam Ad. In view of Meta's representations regarding the significance of its forthcoming production of mapping data, the Court orders as follows:

1. By **August 28, 2025**, Meta must complete its production of Scam Ad data from the relevant data sources, including the mapping data.

2. After plaintiff's expert has an opportunity to evaluate Meta's data production, the parties must confer further regarding the sufficiency of the production. If a dispute remains, the Court asks that the parties submit a supplemental joint discovery letter identifying the specific areas of disagreement and their respective proposals for resolution. The supplemental joint discovery letter may include supporting declarations from each party's respective expert or technical personnel. The supplemental joint discovery letter shall be filed by **September 11, 2025**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Dated: August 14, 2025

Virginia K. DeMarchi
United States Magistrate Judge