**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

535 Mission Street, 25th Floor
San Francisco, CA 94105
+1 628 432 5100

**Walt Brown**
**Direct Dial:** +1 628 432 5111
**Email:** wbrown@paulweiss.com

**New York**
**Brussels**
**Hong Kong**
**London**
**Los Angeles**
**Tokyo**
**Toronto**
**Washington, DC**
**Wilmington**

September 26, 2025

**VIA CM/ECF**
Honorable Virginia K. DeMarchi
U.S. District Court for the Northern District of California
280 South 1st Street
Courtroom 2 – 5th Floor
San Jose, CA 95113

Re: *Dr. Andrew Forrest* v. *Meta Platforms, Inc.*, No. 5:22-cv-03699-PCP/VKD (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to this Court's Standing Order for Civil Cases, Plaintiff Dr. Andrew Forrest and Defendant Meta Platforms, Inc. respectfully submit this Joint Discovery Letter Brief.

## I. STATEMENT OF DISPUTE

Meta contends Plaintiff must serve a privilege log of materials withheld from disclosure in the "Australian Criminal Proceedings." Plaintiff relied on those disclosures in purported satisfaction of his obligations in this case, and now must comply with the rules applicable to this case, which require such a log. Plaintiff maintains there was no obligation to log such documents, which are from a different proceeding and were not withheld here, and that he has fully complied with his obligations in this litigation. Moreover, Plaintiff's Australian counsel has attested that it would be extremely burdensome or impossible to reconstruct this document set.

## II. DEFENDANT'S POSITION

To satisfy his discovery obligations in this case, Plaintiff represented he has reproduced his disclosures from the criminal proceedings he commenced against Meta in Australia based on his view of their relevance to this litigation. But Plaintiff refuses to provide a log of materials withheld on privilege grounds from the Australian Criminal Proceedings, and therefore withheld from this case.

During discovery, Meta propounded requests for Plaintiff to produce documents concerning, among other things, Meta's advertising tools and processes, Plaintiff's

allegations about those tools and processes, and the alleged scam advertisements about which Plaintiff complains—materials this Court held were discoverable. *See* Dkt. 213. Plaintiff took the position that he had complied with his discovery obligations in this case largely by re-producing the documents that he previously disclosed in the Australian Criminal Proceedings following a collection and review process. *See, e.g.*, Dkt. 212, Tr. 18:18–22 ("[O]ur position is that the production of the scam ad compilations and collections as best we can muster them in the Australian productions have largely addressed those issues insofar as Dr. Forrest has those in his possession."); Dkt. 205 at 5.

Plaintiff represented that he withheld materials from disclosure in the Australian Criminal Proceedings on privilege grounds, which he thus necessarily "with[e]ld[]" from his production in this case.[1] *See* Fed. R. Civ. P. 26(b)(5). After Plaintiff represented that no privilege log was required or prepared for the Australian Criminal Proceedings, Meta sought production of a privilege log. This litigation is subject to different rules, and a privilege log is required even if one was not needed for the Australian proceedings. Yet Plaintiff has steadfastly refused. Plaintiff has offered several excuses for failing to do so. None holds water.

*First*, Plaintiff argues he need not prepare a privilege log for this case because his disclosures in the Australian Criminal Proceedings complied with Australian privilege law. In the Australian state where Plaintiff commenced his prosecution, he says, privilege logs are not required.[2] But Plaintiff cannot argue that he has complied with the discovery rules in this case by re-producing his disclosures in the Australian Criminal Proceedings, while simultaneously maintaining that those disclosures are exempt from the discovery rules in this case. As this Court explained, "Dr. Forrest is here in U.S. court seeking relief, and that means U.S. discovery … we have to look at Rule 26 and the rules that govern all discovery."

---

[1] Plaintiff asserts these materials were not withheld from *this* litigation. But it was Plaintiff who refused to conduct custodial searches in response to Meta's requests, which would have resulted in the privilege review process he claims was not done.

[2] Plaintiff's prosecution of Meta was commenced in Western Australia, which has its own discovery rules for criminal matters. Contrary to Plaintiff's assertions, it was never resolved in the Australian Criminal Proceedings whether Plaintiff complied with those rules. Plaintiff had objected to Meta's demand that Plaintiff prepare a privilege log, claiming the request was oppressive and not required under statute or general law. In response to a summons issued by Meta, Plaintiff provided a list of several documents over which he claimed privilege, so Meta could test those claims. The criminal charges at issue were dismissed before the Australian court could rule on Plaintiff's privilege claims, which underscores the need for Plaintiff's privilege determinations to be addressed here.

Dkt. 212, Tr. 12:18–21. The rules governing discovery in this case clearly require the creation and exchange of privilege logs:

- This Court recently ordered both parties, "[b]y August 28, 2025 … [to] exchange privilege logs reflecting any documents withheld from production on grounds of a privilege or protection to date." Dkt. 257 at 1.

- The parties' court-ordered ESI Protocol instructs that, "[e]xcept as provided otherwise … for any document withheld in whole, the Producing Party will produce privilege logs…. [T]he Producing Party will ensure that all final privilege logs are produced within 60 calendar days following the substantial completion of document production." Dkt. 179 § 9(a).

- This Court's Standing Order for Civil Cases provides that "[p]rivilege logs shall be promptly provided, and updated periodically, as documents are reviewed for production." Hon. DeMarchi Civ. S.O. at 2.

*Second*, Plaintiff claims Footnote 5 of the ESI Protocol somehow excuses him from preparing a privilege log. But Footnote 5 states only that "the provisions of this Section 9 shall not apply to privilege logs *created* for purposes of other cases or investigations and *re-produced* in this case. To the extent such logs are *re-produced*, they shall be provided in the same format in which they were *originally produced*." Dkt. 179 § 9 n.5 (emphasis added). Footnote 5's meaning is obvious: If a party re-produces a privilege log that it previously produced in another matter, it may do so without altering the log to conform to the ESI Protocol's specifications. Footnote 5 is plainly inapplicable where, as here, no such log was ever "created" or "originally produced" in the Australian Criminal Proceedings, much less "re-produced" here.

*Third*, Plaintiff asserts it would be unduly burdensome to prepare a privilege log. This is so, he contends, because "[t]here is no existing repository or identifiable set of documents that were withheld or excluded in the Australian Criminal Proceeding on privilege grounds." Ex. 1 ¶ 9. That is a purported burden of Plaintiff's own making. Plaintiff conducted his review of materials for production in the Australian Criminal Proceedings well into 2023, after having already commenced this litigation in September 2021. *See* Dkt. 1. Given Plaintiff's expressed belief that there is substantial alignment between the issues in the Australian Criminal Proceedings and this case, *see, e.g.*, Dkt. 212, Tr. 18:18–22, Plaintiff had every incentive—and obligation, *see* Cal. Civ. Proc. Code § 2031.240(c)(1)—to catalog and preserve any materials that he withheld from disclosure on privilege grounds in the Australian Criminal Proceedings. Moreover, an undue burden objection must be substantiated with details explaining and quantifying the claimed burden, *see, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2018 WL 4378727, at *2 (N.D. Cal. Apr. 25, 2018),

which Plaintiff has failed to do.[3] And this Court implicitly addressed any burden concerns in thrice ordering the parties to prepare privilege logs. *See Cuevas* v. *ConAm Management Corp.*, 2019 WL 2009872, at *2 (S.D. Cal. May 7, 2019).

*Fourth*, Plaintiff says "it is far from clear how the requested privilege log would advance this case in any way" and "Meta has made no showing of need that might justify" preparing a privilege log. That amounts to a demand that Meta either take Plaintiff's word that nothing of relevance was withheld from production on privilege grounds, or blindly prove otherwise. That is antithetical to the purpose of a privilege log, which is to determine if materials have been incorrectly withheld and should be produced. Taken to its logical conclusion, Plaintiff's argument would obviate creating a privilege log in every case. Instead of producing a privilege log, Plaintiff offers only the Declaration of Steven Lewis, his outside counsel in the Australian Criminal Proceedings. *See* Ex. 1. Plaintiff contends the Lewis Declaration suffices because "[a] privilege log is not the only option … for expressly making a privilege claim." Sedona Conference, Commentary on Privilege Logs 241 & n.27, 25 Sedona Conf. J. 543 (2024).

Plaintiff is mistaken. A declaration is only an adequate substitute for a privilege log if "the responding party" thereby "satisfies its burden to substantiate its assertion of privilege." *Id.* at 242. The responding party, Plaintiff, must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); *see* Dkt. 179 § 9(c) ("[E]ach party's privilege log must be sufficiently detailed and informative to justify the privilege or protection claimed."). The Lewis Declaration does not. Its description of the materials withheld from disclosure from the Australian Criminal Proceedings is limited to the following:

> Documents determined to contain privileged materials were either (a) voluntarily produced without waiver of privilege; (b) withheld from disclosure; or (c) partially redacted and disclosed, as appropriate. Certain other documents, such as opinions of counsel and correspondence with counsel, were excluded from the review on privilege grounds.

Ex. 1 ¶ 8.

---

[3] Even Plaintiff recognizes he has failed to substantiate his claimed burden. *See infra* at 8 ("Plaintiff is prepared to submit a supplemental declaration … providing additional details about … the feasibility and burdens associated with Meta's request.").

That does not substantiate Plaintiff's claims of privilege, or "enable other parties to assess [Plaintiff's privilege] claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

* * *

Meta requests that Plaintiff be ordered to produce a log of materials withheld from disclosure in the Australian Criminal Proceedings on privilege grounds, and thus from production in this case. The log should comply with the discovery rules and orders applicable to this case. Alternatively, Plaintiff's privilege objections should be deemed waived.

## III. PLAINTIFF'S POSITION

Meta served its document requests nine months ago, and in that time Plaintiff has conducted a reasonable search, timely produced more than 10,000 pages of documents, completed his production in accordance with the Court's guidance, conferred extensively with Meta about the scope of the production, and satisfied his privilege logging obligations under all the applicable rules and orders. In this initial phase of the case, which focuses on material contribution, both parties have relied on targeted collections, and neither has agreed to conduct, or conducted, or demanded that the other side conduct, custodial ESI searches.

Meta has not challenged the sufficiency of Plaintiff's production or questioned his logging of any documents withheld in *this* litigation. Instead, Meta seeks a log of privilege determinations made by Australian counsel in an Australian legal proceeding, where no such log was required and thus none was prepared. Plaintiff only ever agreed to reproduce the produced documents from that proceeding; there is no identifiable set of unproduced documents, and such documents were not part of Plaintiff's review set here. And all the relevant factors—including proportionality, relevance, and the presumptively privileged status of the documents—weigh strongly against requiring Plaintiff to reopen and expand his search now.

### A. Relevant Background

Plaintiff has conducted a reasonable search for responsive documents, guided by prior rulings from this Court and Judge Pitts. In this initial phase, the Court has advised that "discovery ought to encompass" how Meta's tools and processes affect an ad, "from input to output." 3/18/25 Tr. 61:9-22 (DeMarchi, J.); *see also* 8/22/24 Tr. 22:16-17 (Judge Pitts: "presumably all the evidence relevant to the defense is in Meta's possession at this time"). And, consistent with the Court's May 21, 2025 order, Plaintiff has produced custodial emails, expert reports relating to his investigation of Meta's ad tools, and other documents related to Scam Ad tracking efforts. *See* ECF 213 at 2 ("While Meta undoubtedly has superior

information about how its own tools and processes operate…Meta is entitled to take discovery of the contrary information Dr. Forrest says that he has."). Plaintiff has also produced Scam Ads and Scam IDs. Meta has raised no complaint about the completeness of these productions.

Meta instead contends that Plaintiff should prepare a privilege log relating to the criminal proceeding he initiated against Meta in Australia years ago. Specifically, Meta requests "a log of materials withheld from disclosure in the Australian Criminal Proceedings on privilege grounds, and thus from production in this case."

As an initial matter, while Plaintiff did reproduce here the disclosures he made in Australia, the unproduced documents from that proceeding were never part of Plaintiff's review set in this litigation. He did not collect or review them here—and, for the reasons explained below, he was not required to do so.

Moreover, as Plaintiff's Australian counsel has attested, no privilege log was required in the Australian criminal proceeding, and there is no identifiable set of "privileged documents" that counsel can simply review and log now. *See* Declaration of Steven Lewis, Ex. 1, ¶ 9. Nor was Australian counsel required to maintain such a repository. *See id.* ¶ 13. We understand from Australian counsel that it would be extremely burdensome and potentially impossible to reconstruct the set now.

Australian counsel has attested, to the best of his knowledge and belief, that Plaintiff's claims, assertions, and determinations regarding privilege satisfied the applicable requirements in the Australian criminal proceeding. *See id.* ¶ 13. Importantly, Meta was a party to the Australian criminal proceeding and had an opportunity to test Plaintiff's privilege claims there. *See id.* ¶¶ 10-11.[4] At the conclusion of the disclosure process, Dr. Forrest certified that he had given full disclosure, and the court accepted that certification and committed Meta to trial. *Id.* ¶ 12. Meta never challenged the certification. *Id.*

Meta's portion of this joint letter misstates Plaintiff's position. For example, Meta suggests that Plaintiff relied solely on the Australian disclosures to satisfy his production obligations here. Quite the opposite: Plaintiff began producing Scam Ad data in February, and, based on the Court's May 2025 guidance, he conducted additional searches and made

---

[4] Meta's footnote 2 is incorrect. The open issue when the case concluded was not whether Plaintiff had "complied with" Australian discovery rules, but rather about a specific summons for particular documents. More generally, the parties actively engaged on the privilege issues, even litigating certain claims in court, and those issues were indeed resolved. *See id.* ¶¶ 10-11.

additional productions of material underlying his allegations. Meta also refers to Plaintiff's "belief that there is substantial alignment" between the Australian and U.S. proceedings. While Plaintiff agrees that both actions involve Meta, there are also important factual and legal differences, and Plaintiff has never taken the position that all documents in the Australian disclosures are responsive or relevant here. Plaintiff simply reproduced the disclosures in full to ensure that Meta's U.S. counsel had that material.

**B. The Court Should Reject Meta's Demand for a Privilege Log**

Plaintiff has fully satisfied his privilege logging obligations in this litigation, and there is no requirement to log a different set of documents, from a different proceeding where no log was required, particularly where Meta has made no showing of need that might justify this burdensome exercise. Indeed, it is far from clear how the requested privilege log would advance this case in any way. Since the last dispute letter on these issues, Plaintiff has conferred extensively with Meta, including responding to multiple rounds of written questions, yet Meta has not identified any deficiency in Plaintiff's production. For the reasons explained below, the Court should deny Meta's request.

First, the documents at issue were not withheld in this litigation, and there is no obligation to assert privilege—in the form of a privilege log or otherwise—over documents outside a party's reasonable review set, as opposed to documents "a party withholds." *See* Fed. R. Civ. P. 26(b)(5)(A). By way of example, there likely are thousands of privileged emails about Meta's ad tools sitting in the files of Meta lawyers, but they do not appear on a Meta privilege log here—presumably because Meta did not collect, review, and withhold them as part of its document review.

Second, efforts to reconstruct the Australian document set are not justified under Rule 26(b)(1). All three of the Rule 26(b)(1) factors—privilege, proportionality, and relevance—weigh strongly against Meta's request. In particular:

- Because Meta's request relates solely to documents that Plaintiff's Australian counsel have determined to be privileged, the request does not involve a "nonprivileged matter."

- As discussed in the Lewis Declaration, there is no existing set of "privileged documents" for counsel to log, and reconstructing the set would be extremely burdensome and thus disproportionate, at best.

- Regarding relevance, the Court ruled in May 2025 that the proper focus of Plaintiff's productions is "the contrary information Dr. Forrest says that he has" regarding material contribution. ECF 213 at 2. Plaintiff promptly searched for

and produced those materials, and Meta has not complained of any deficiencies or requested additional searches.

Third, in any event, Plaintiff has fully complied with his logging obligations in this litigation, including under the ESI order and applicable rules.

When a party reproduces documents from a prior proceeding, the ESI order allows the party to rely on the work that was previously done. Specifically, the usual requirements do not apply to "privilege logs created for purposes of other cases or investigations and re-produced in this case." ECF 179 ¶ 9 n.5. "To the extent such logs are re-produced, they shall be provided in the same format in which they were originally produced." *Id.* Here, no privilege log was required or prepared in the Australian proceeding, and none is required here.

Still, on August 28, Plaintiff provided Meta with the attached declaration from Australian counsel describing the privilege review and attesting to its sufficiency. "A privilege log is not the only option…for expressly making a privilege claim," and courts accept declarations in lieu of privilege logs in appropriate cases. *See* The Sedona Conference, Commentary on Privilege Logs 241 & n.27, 25 SEDONA CONF. J. 543 (2024), https://www.thesedonaconference.org/sites/default/files/meeting_paper/4.1%2520Commentary%2520on%2520Privilege%2520Logs.pdf; *see also Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH-VCF, 2020 WL 5750850 (D. Nev. Sept. 25, 2020) (declaration and discussion of documents at hearing was sufficient).

**Proposed resolution**: The Court should deny Meta's request for a privilege log. The Court should likewise reject Meta's alternative position that "Plaintiff's privilege objections should be deemed waived"—a harsh and unreasonable sanction where Plaintiff has relied on good-faith arguments that no log was required. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (requiring case-by-case "reasonableness analysis").

If the Court would like additional information before ruling, Plaintiff is prepared to submit a supplemental declaration from Australian counsel, providing additional details about the Australian proceeding, the feasibility and burdens associated with Meta's request, and any other information that would be helpful to the Court.

## IV. WHETHER THE COURT SHOULD HOLD A HEARING

### A. Defendant's Position

This Court should conduct a hearing on this matter. Previous hearings that this Court has conducted have been productive in resolving the parties' disputes. Meta is optimistic that a hearing for this matter would be similarly beneficial. As this Court is aware, the parties will be filing a discovery dispute letter concerning Meta's production of "native" data on Friday, October 3. *See* Dkt. 270. Meta suggests that it may be most prudent to schedule a single hearing to address both matters.

### B. Plaintiff's Position

Plaintiff respectfully submits that the Court should deny Meta's request without a hearing on the straightforward ground that no log is required. If the Court is not prepared to deny the request outright, Plaintiff requests a hearing to discuss the fact-specific issues that bear on whether burdensome efforts to reconstruct the document set are justified, as well as the level of comity due to the Australian courts in connection with the treatment of privilege issues in private criminal prosecutions.

## V. CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

| **Event** | **Deadline** |
|---|---|
| Completion of fact discovery | October 29, 2025 |
| Meta's Motion for Summary Judgment on Section 230 defense and opening expert report(s) (if applicable) | December 15, 2025 |
| Dr. Forrest's Opposition to Meta's Summary Judgment Motion; Cross-Motion for Partial Summary Judgment (if applicable); and opening expert report(s) (if applicable) | January 30, 2026 |
| Meta's Reply in Further Support of Summary Judgment; Opposition to Dr. Forrest's Cross-Motion for Partial Summary Judgment (if applicable); and rebuttal expert report(s) (if applicable) | March 2, 2026 |

| | |
|---|---|
| Dr. Forrest's Reply in Further Support of Partial Summary Judgment (if applicable) and rebuttal expert report(s) (if applicable) | April 1, 2026 |

## VI. COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

Lead counsel conferred by video conference on September 4, 2025. John Quinn of Hecker Fink represented Plaintiff. Melissa Felder Zappala of Dunn Isaacson Rhee LLP and Amy Barton of Paul, Weiss, Rifkind, Wharton & Garrison LLP represented Meta.

## VII. ATTACHMENTS

The following document is attached:

- Exhibit 1: August 29, 2025 Declaration of Steven Lewis.

Dated: September 26, 2025

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Walter F. Brown*
Walter F. Brown
Attorney for Defendant
Meta Platforms, Inc

Dated: September 26, 2025

HECKER FINK LLP

By: */s/ John C. Quinn*
John C. Quinn
Attorney for Plaintiff
Dr. Andrew Forrest