# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST,

Plaintiff,

v.

META PLATFORMS, INC.

Defendant.

Case No. 22-CV-03699-PCP (VKD)

**DECLARATION OF STEVEN LEWIS**

I, Steven Lewis, declare as follows:

1. I am a resident of Sydney, New South Wales, Australia and principal with the law firm Mark O'Brien Legal. I make this declaration based on my own personal knowledge.

2. I acted as external lawyer (counsel) to Dr. Andrew Forrest in connection with the private criminal prosecution of Meta Platforms, Inc. ("Meta") in Australia (the "Australian Criminal Proceeding").[1]

3. In the Australian Criminal Proceeding, Meta was charged with dealing with property, namely a computer cluster, where there was a risk that the property would become instrument of crime.

4. In his capacity as prosecutor, Dr. Forrest had an affirmative obligation to disclose any material in his possession, custody, or control that was relevant to the prosecution, including all material that would be helpful in Meta's defense. *See* Criminal Procedure Act (WA) [2004] § 42 (Austl.). Consistent with this obligation, Dr. Forrest made substantial document disclosures to Meta, including the voluntary production of privileged information without waiver of privilege.

5. Meta and its counsel were actively involved throughout the disclosure process,

[1] Facebook, Inc. changed its name to Meta Platforms, Inc. in 2021. This declaration refers to the company as "Meta Platforms, Inc." or "Meta."

including with respect to privilege issues. Meta reviewed rolling productions for over 16 months. During that time, Meta's Australian counsel sent at least 34 separate letters requesting additional searches for 134 separate categories of documents. This yielded an additional 15 volumes of supplemental disclosures (without any admissions to their relevance).

6. The document collection and review process was conducted at the direction of my law firm, Mark O'Brien Legal. It included material collected from Dr. Forrest, Fortescue Metals Group, the Minderoo Foundation, and Tattarang Pty Ltd.

7. As documents were collected, Mark O'Brien Legal conducted a manual, document-by-document review.

8. Documents determined to be relevant and non-privileged were disclosed to Meta. Documents determined to contain privileged material were either (a) voluntarily produced without waiver of privilege; (b) withheld from disclosure; or (c) partially redacted and disclosed, as appropriate. Certain other documents, such as opinions of counsel and correspondence with counsel, were excluded from the review on privilege grounds.

9. No privilege log was required or prepared in the Australian Criminal Proceeding. There is no existing repository or identifiable set of documents that were withheld or excluded in the Australian Criminal Proceeding on privilege grounds.

10. At various points, Meta's counsel raised questions about Dr. Forrest's positions on privilege, but it ultimately did not challenge those positions.

11. Meta did file a summons (subpoena), parts of which Dr Forrest resisted on the grounds that the documents sought were subject to privilege. Dr Forrest's objection was subject to a contested interlocutory hearing. In a judgment handed down on 22 December 2023, the court upheld Dr Forrest's claim for privilege.

12. At the conclusion of this lengthy disclosure process, and after Dr. Forrest certified that he had given full disclosure, the court, being satisfied that full disclosure had been given, committed Meta to trial. At no stage did Meta challenge the certification.

13. To the best of my knowledge and belief, Dr. Forrest's claims, assertions, and determinations regarding privilege satisfied the applicable requirements in the Australian Criminal

Proceeding. As the lawyer (attorney) with primary responsibility for the privilege determinations, I hereby attest to their sufficiency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 29 August 2025.

City and state: Sydney, New South Wales.

Steven Lewis