UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>        Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 22-cv-03699-PCP (VKD)<br><br>**ORDER RE SEPTEMBER 26, 2025 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 272 |

Plaintiff Andrew Forrest and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve their dispute concerning plaintiff's obligations to support his privilege claims with respect to documents plaintiff withheld from disclosure in the private criminal prosecution proceedings he initiated against Meta in Australia in January 2022. Dkt. No. 272; *see* Dkt. No. 42 at 2. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

As the plaintiff, Dr. Forrest must provide discovery to Meta in compliance with the Federal Rules of Civil Procedure. At present, discovery in this action is limited to a "first phase" of discovery directed to facts bearing on Meta's section 230 immunity defense. *See* Dkt. No. 172 at 2; Dkt. No. 213 at 2. The Court has already issued several orders resolving the parties' disputes about what discovery properly falls within the scope of the "first phase." *See, e.g.,* Dkt. Nos. 192, 213, 257, 259.

With respect to assertions of privilege or other protections, the Court provided the following direction in its May 21, 2025 order:

> [A] claim of privilege or protection must be made and supported in compliance with Rule 26(b)(5) and applicable law. *See* Fed. R. Civ.

> P. 26(b)(5); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (summarizing requirements for documenting privilege/protection claims). Moreover, both attorney-client privilege and work product protection can be waived where a party has publicly disclosed or put at issue the information in question. *See, e.g., Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, No. 23-cv-05721-EKL (VKD), 2025 WL 41936, at *5–6 (N.D. Cal. Jan. 6, 2025).
>
> If Dr. Forrest resists Meta's discovery on the basis of attorney-client privilege or work product protection, he must adequately support the privilege or protection claimed.

Dkt. No. 213 at 3.

Nothing in the Court's prior orders requires Dr. Forrest to "reconstruct" the set of materials collected for review and production in the Australian criminal proceedings, and the fact that he has elected to provide the documents he disclosed in the Australian criminal proceedings to Meta in this action does not define the scope of his obligations to prepare a privilege log under Rule 26(b)(5) here. Rather, Dr. Forrest must identify and log those documents within his possession, custody or control that are responsive to Meta's document requests and within the scope of the "first phase" of discovery, but that he has not produced based on a claim of attorney-client privilege, work product protection, or other applicable protection. Dr. Forrest is not excused from these obligations merely because he made a prior disclosure in the Australian criminal proceedings and Australian law did not require a privilege log or similar identification of withheld documents. The burden of compliance with Rule 26(b)(5) in this case is the same burden every litigant must bear, and Dr. Forrest has not established that the burden on him is unusual or excessive.

Section 9 of the ESI order (Dkt. No. 179) does not assist the Court in resolving this dispute. Footnote 5, on which Dr. Forrest relies, does not apply because Dr. Forrest has not "re-produced in this case," and does not rely upon, a "privilege log[] created for purposes of other cases or investigations." *See* Dkt. No. 179 at 7 n.5.

In sum, it is not clear from Dr. Forrest's portion of the joint discovery dispute letter that he has satisfied his obligations under Rule 26(b)(5) and the Court's August 13, 2025 order (Dkt. No. 257). While he asserts that he has "never taken the position that all documents in the Australian disclosures are responsive or relevant here" (Dkt. No. 272 at 7), Dr. Forrest does not clearly

address whether he and his counsel have independently undertaken to determine whether Dr. Forrest is presently withholding from production on the basis of a privilege or protection any documents that would otherwise be subject to production now.  Dr. Forrest may not simply rely on determinations made by Australian counsel applying Australian law in a different proceeding to satisfy his obligations here.[1]  While Dr. Forrest is correct that there are different ways to identify and establish the existence of a privilege or protection, *see, e.g., In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2022 WL 17072016, at *2–3 (N.D. Cal. Nov. 17, 2022), here, the parties have agreed to exchange privilege logs, and the Court ordered those logs exchanged by August 28, 2025.  *See* Dkt. No. 179, sec. 9(a); Dkt. No. 257.

Accordingly, Dr. Forrest must provide a privilege log that complies with Rule 26(b)(5) and the ESI order with respect to all privileged or protected documents within the scope of the "first phase" of discovery.  Assuming he has not yet fully complied with these obligations, Dr. Forrest must provide an amended privilege log to Meta no later than **October 24, 2025**.

**IT IS SO ORDERED.**

Dated: October 3, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] Mr. Lewis, Dr. Forrest's Australian counsel, acknowledges that he identified privileged material in the course of making disclosures in the Australian criminal proceedings and either withheld that material from disclosure or excluded it from review. Dkt. No. 272-1 ¶ 8. However, it is not clear whether any of that privileged material is within the scope of "first phase" discovery in this case.