# EXHIBIT 3

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 5:22-cv-03699-PCP

**DEFENDANT META PLATFORMS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant, Meta Platforms, Inc. ("Meta"), by their undersigned counsel, respond and object to Plaintiff's November 21, 2024 First Set of Requests for Production of Documents (the "Requests," and each request set forth therein, a "Request"):

**GENERAL OBJECTIONS**

1. Meta objects to the Requests, and the definitions and instructions contained therein, to the extent they are inconsistent with or premature due to the bifurcated discovery schedule focusing first on Meta's Section 230 defense, as ordered by the Court. Dkt. 172.

2. Meta objects to the Requests, and the definitions and instructions contained therein, to the extent they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

3. Meta objects to the Requests to the extent they are overbroad and not proportional to the needs of this case, considering the importance of the issues in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Meta objects to the Requests, and the definitions and instructions therein, to the extent they are inconsistent with the agreement of the parties under any Protective Order, ESI Protocol, Rule 502(d) order, or other Order of the Court in this case.

5. Meta objects to the Requests to the extent they seek documents not within its possession, custody, or control or require Meta to obtain information not currently in its possession, custody, or control.

6. Meta objects to the Requests to the extent they ask Meta to provide documents that (a) are readily available to Plaintiff as a matter of public record or otherwise or (b) can be obtained from some other source that is more convenient, less burdensome, or less expensive than obtaining them from Meta.

7. Meta objects to the Requests to the extent they seek documents that are in whole or in part protected from disclosure under the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege; were prepared in anticipation of litigation or for trial; or are subject to any other privilege or exemption from discovery under applicable laws or rules. Meta will not produce documents protected by such privileges or protections. Nothing contained in these Responses is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. Specific Objections contained in the Responses below on the grounds of privilege are provided for emphasis and clarity only, and the absence of such an objection is neither intended, nor should be interpreted, as evidence that Meta does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is not intended to waive those privileges and protections. Any such disclosure shall be handled consistent with the agreement of the parties under any Protective Order, ESI Protocol, Rule 502(d) Order, or other Order of the Court in this case. Meta reserves the right to demand that Plaintiff return, destroy, or sequester any privileged or protected information produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and any other agreement of the parties and/or order of the Court.

8. Meta objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this case. These Responses are not intended to be, and should not be construed as, an agreement or concurrence by Meta with Plaintiff's characterization of any facts, circumstances, and/or legal obligations. Meta reserves the right to contest any such characterization as inaccurate.

9. Meta objects to the Requests to the extent they seek the production of trade secrets; information that is confidential, proprietary, commercially sensitive, or competitively significant; personal information relating to Meta, its affiliates, and Meta's employees, clients, customers, or counterparties; or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings or is protected from disclosure by legal protections governing the privacy rights of consumers and other persons. Any such information will be provided only

upon the entry of an appropriate protective order and any/all other such requirements applicable to the requested documents or information.

10. Meta's Responses and production of documents shall not be construed as an admission of the relevancy, materiality, or admissibility of any document, fact, issue, or piece of information. Meta reserves the right to object to the admissibility in evidence of all or any part of the Responses herein or of any documents produced in response to these Requests.

11. Meta's Responses and production of documents shall not be construed as an admission of authenticity upon their use in a deposition or at trial.

12. Meta's Responses and production of documents as part of phase one of the bifurcated discovery schedule, which focuses on Meta's Section 230 defense, should not be construed as an admission of relevancy or lack of overbreadth, vagueness, ambiguity, burden, or privilege with respect to requests for production of documents served in phase two.

13. Meta objects to the Requests to the extent they seek documents prior to January 1, 2019.

14. If a response indicates that Meta will produce documents, that response is not an actual or implied representation that any such documents exist or are within the possession, custody, and/or control of Meta.

15. Meta reserves all rights and Objections, whether or not stated herein, including, without limitation, the right to supplement, modify, or amend its Responses and Objections.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Meta objects to the Definitions and Instructions as vague and ambiguous because they reference other Definitions and Instructions, and because they purport to use terms that Meta does not use in the ordinary course of its business.

2. Meta objects to the definition of "Ad-Review" as overbroad and unduly burdensome because it includes "any machine, system, technology, process, approach, or practice that Meta uses to review Advertisements." Meta will construe "Ad-Review" to refer to Meta's process for reviewing Advertisements for scams and frauds.

3. Meta objects to the definition of "Advertisement" as overbroad and unduly burdensome because it includes "any message, notice or other content that appears on any Meta platform (*e.g.*, Facebook, Instagram), and/or on any other website or application through Meta's Audience Network." Meta will construe "Advertisement" to refer to an advertisement that appears on Meta's services, Facebook and Instagram.

4. Meta objects to the definition of "Application Programming Interface" ("API") as overbroad and unduly burdensome because it includes "any item or piece of software that enables two applications to interact with each other, or through which two applications interact with each other" that Meta did not create or does not operate. Meta will construe "Application Programming Interface" to refer to items or pieces of software that enable two applications to interact with each other, or through which two applications interact with each other, that are created or operated by Meta and available on its services, Facebook and Instagram, to its Advertisers.

5. Meta objects to the definition of "Content Modification" as overbroad and unduly burdensome because it includes "any act or conduct of any kind by Meta that engages or interacts with an Input and affects in any manner the Ad-Creative." Meta will construe "Content Modification" to refer to the process through which Advertisers use Ad-Creative in Advertisements on Facebook and Instagram.

6. Meta objects to the definition of "Content Modification Tool" as overbroad and unduly burdensome because it includes "any Meta feature, tool, product, or service that performs or engages in Content Modification." Meta will construe "Content Modification Tool" to refer to the tools identified in the Third Amended Complaint ("TAC") that Advertisers can use to create Advertisements on Facebook and Instagram.

7. Meta objects to the definition of "Decision Document" as overbroad and unduly burdensome because it includes "any Document containing, memorializing, discussing, or reflecting a decision by a Meta executive, supervisor, project manager, or other team or departmental leader within Meta relating to any feature, tool, product or service." Meta will construe "Decision Document" to refer to Meta's finalized policies and procedures with respect to Content Modification Tools or Optimization Tools.

8. Meta objects to the definition of "Design Document" as overbroad and unduly burdensome because it includes "any proposal, concept, design, or engineering Document relating to any feature, tool, product, or service." Meta will construe "Design Document" to refer to source code.

9. Meta objects to the definition of "Input" as it is overbroad and unduly burdensome because it includes "any and all data and information provided by an Advertiser to Meta, or made available to Meta from or concerning the Advertiser." Meta will construe "Input" to refer to the Ad-Creative that an Advertiser provides to Meta for use in Advertisements.

10. Meta objects to the definition of "Meta" as overbroad and unduly burdensome because it includes "Defendant Meta Platforms, Inc. and all of its agents, employees, contractors, vendors, members, officers, directors, executives, principals, representatives, subsidiaries, affiliates, related companies, predecessor companies, assigns, attorneys and/or all persons authorized or purporting to act on its behalf." Meta will construe "Meta" to refer to Defendant Meta Platforms, Inc.

11. Meta objects to the definition of "Meta Advantage" as overbroad and unduly burdensome because it includes "any of Meta's automated features, tools, services, or products that engage or interact with or affect Advertisements." Meta will construe "Meta Advantage" to refer to "Advantage+ Creative."

12. Meta objects to the definition of "Optimization" as overbroad and unduly burdensome because it includes "any act or conduct of any kind by Meta." Meta will construe "Optimization" to refer to the process through which Advertisers impact their Audience, and/or User Engagement with respect to an Advertisement using an "Optimization Tool."

13. Meta objects to the definition of "Optimization Tool" as overbroad and unduly burdensome because it includes "any Meta feature, tool, product, or service that performs or engages in Optimization." Meta will construe "Optimization Tool" to refer to the tools identified in the TAC that allow Advertisers to impact their Audience size, and/or User Engagement with respect to an Advertisement.

14. Meta objects to the definition of "Performance Evaluation" as vague and ambiguous.

15. Meta objects to the definition of "Placement" as overbroad and unduly burdensome because it includes an Advertisement being "displayed, presented, transmitted, or communicated, whether on a platform, webpage, or mobile application, or other application on any device." Meta will construe "Placement" to refer to an Advertisement that is displayed or presented on Meta's services, Facebook and Instagram.

16. Meta objects to the definition of "Review Document" as overbroad and unduly burdensome because it includes "any Document related to any assessment or evaluation concerning risk, trust and safety, integrity, counter-abuse, security, or other similar review with respect to any Meta feature, tool, product, or service, as well as all process reports or analyses, activity and data flow analyses, or similar compilations of data and information." Meta will construe "Review Document" to refer to documents memorializing Meta's policies and procedures regarding its Ad-Review process.

17. Meta objects to the definition of "Scam Ads" as overbroad and unduly burdensome because it includes "Advertisements that use Plaintiff's name or likeness" and "all drafts, versions, and iterations thereof." Meta will construe "Scam Ads" to refer to Advertisements that Plaintiff has specifically identified for Meta, and that allegedly feature Plaintiff's name and/or likeness without Plaintiff's authorization, promote fake cryptocurrency and other fraudulent financial schemes, and have appeared on Meta's services, Facebook and Instagram.

18. Meta objects to the definition of "Scam Advertiser" as overbroad and unduly burdensome because it includes "any Advertiser that creates or begins or attempts to create a Scam Ad." Meta will construe "Scam Advertiser" to refer to advertisers who create a Scam Ad.

19. Meta objects to the definition of "Scam Advertiser-Account" as overbroad and unduly burdensome because it includes accounts "created, maintained or used by a Scam Advertiser." Meta will construe "Scam Advertiser-Account" to refer to accounts used by advertisers who create a Scam Ad.

20. Meta objects to the definition of "User Engagement" as overbroad, unduly burdensome, and vague because it includes the "manner in which an Audience member, whether on or off Meta's platforms, views or interacts with any Advertisement." Meta will construe "User Engagement" to refer to the data and metrics that Meta collects regarding a viewer's engagement with an Advertisement appearing on Meta's services, Facebook and Instagram.

21. Meta objects to the definition of "User Interface" as overbroad and unduly burdensome because it includes "interfaces, webpages, and software" that Meta did not create or does not operate. Meta will construe "User Interface" to refer to the means by which users interact with Meta's services, Facebook and Instagram, on interfaces, webpages, and software created or operated by Meta.

22. Meta objects to the Instruction to produce "all Documents and Communications described, in their entirety, along with any attachments, drafts, and non-identical copies" to the extent that it is inconsistent with the Requests.

23. Meta objects to the Instruction that "capitalized terms have the meanings ascribed to them in the Third Amended Complaint" to the extent that Meta objected to those same terms in its Answer to the TAC. Dkt. 155.

24. Meta objects to the Instruction that "all undefined terms used in the Requests shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner" to the extent that such terms are vague, unspecific or overbroad.

25. Meta objects to the Instruction that Meta "comply with the Local Rules of the Northern District of California and any applicable Standing Orders of the Judges assigned to this case, including but not limited to setting forth in detail the facts upon which the assertion of privilege is based and/or providing a privilege log" to the extent it is inconsistent with the agreement of the parties under any Protective Order, ESI Protocol, Rule 502(d) order, or other Order of the Court in this case.

26. Meta objects to the Instruction to produce "all Documents in [Meta's] possession, custody, or control which are responsive to these Requests" because it is overbroad and not

proportional to the needs of this case, and to the extent it is inconsistent with the terms of any Request.

27. Meta objects to the meaning of "possession" because it is not proportional to the needs of case and is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the terms of any ESI Protocol or other Order of the Court in this case.

28. Meta objects to the Instruction that "[e]ach Request should be construed independently and without reference to any other Request" to the extent that it is inconsistent with the Requests, which refer or relate to each other.

**SPECIFIC RESPONSES AND OBJECTIONS**

Subject to and without waiving any of the foregoing General Objections and Objections to Definitions and Instructions (collectively, "General Objections"), which are incorporated by reference into each of the following Specific Responses and Objections, Meta responds and objects to the Requests as follows:

**REQUEST NO. 1:**

Every Scam Ad.

**RESPONSE TO REQUEST NO. 1:**

Meta incorporates its objections to the defined term "Scam Ad." Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because a copy of every Scam Ad (and, as described below, other information about every Scam Ad) is not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because Meta believes the identification number of the Scam Ads is within Plaintiff's possession, custody, or control. Meta further objects to this Request because the burden of identifying every Scam Ad (and, as described below, other information about every Scam Ad) is not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any Scam Ad

identified by Plaintiff by valid identification number to date, to the extent they exist. To the extent additional Scam Ads are identified by Plaintiff by valid identification number, Meta will conduct a reasonable search proportional to the needs of this case and produce such additional Scam Ads, to the extent they exist. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 2:**

For each Scam Ad, Documents sufficient to show all metadata.

**RESPONSE TO REQUEST NO. 2:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "all metadata" about "each Scam Ad." Meta further objects to this Request because "all metadata" about "each Scam Ad" is not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the term "metadata" is vague and ambiguous as used in this Request, in that "metadata" is undefined.

Subject to and without waiving the foregoing General and Specific Objections, Meta is willing to meet and confer with Plaintiff about what kind of "metadata" is sought in this Request and to identify a reasonable and proportional set of "metadata" to provide in response to this Request. Meta will not produce materials beyond the scope specified in this Response.

**REQUEST NO. 3:**

For each Scam Ad, Documents sufficient to identify the Scam Advertiser(s) and Scam Advertiser-Account(s) associated with the Scam Ad.

**RESPONSE TO REQUEST NO. 3:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**<u>REQUEST NO. 4:</u>**

For each Scam Ad, Documents sufficient to identify the date on which the Scam Advertiser commenced the process of creating the Scam Ad, the date on which the Scam Advertiser completed the process of creating the Scam Ad, the date on which Meta approved and/or authorized the Scam Ad, the date on which the Scam Ad was enabled and/or available for Placement by Meta and/or by the Scam Advertiser, the date of the first Placement of the Scam Ad, and the date of the last Placement of the Scam Ad.

**<u>RESPONSE TO REQUEST NO. 4:</u>**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to identify the dates requested for each Scam Ad produced in response to Request No. 1. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**<u>REQUEST NO. 5:</u>**

For each Scam Ad, Documents sufficient to show any User Interface and Application Programming Interface used by the Scam Advertiser to create, modify, or review the Scam Ad.

**<u>RESPONSE TO REQUEST NO. 5:</u>**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the terms "User Interface" and

"Application Programming Interface" are vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to. Meta will interpret those terms according to the definitions identified above.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 6:**

For each User Interface and API responsive to Request No. 5, Documents sufficient to identify any prompt or solicitation by Meta for Input from the Scam Advertiser.

**RESPONSE TO REQUEST NO. 6:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because the phrase "prompt or solicitation by Meta" is vague and ambiguous, in that it is unclear what Plaintiff is referring to, and is undefined.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 7:**

For each User Interface and API responsive to Request No. 5, Documents sufficient to show which fields of Inputs were mandatory for the Scam Advertiser to provide and which fields of Inputs were optional.

**<u>RESPONSE TO REQUEST NO. 7:</u>**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**<u>REQUEST NO. 8:</u>**

For each Scam Ad, Documents sufficient to show all Inputs.

**<u>RESPONSE TO REQUEST NO. 8:</u>**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "all Inputs" is vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**<u>REQUEST NO. 9:</u>**

For each Scam Ad, Documents sufficient to show all data and information collected by or inferred by or made available to Meta from a source other than the Scam Advertiser that was used or had any role in or effect on the Ad-Creative, Ad-Review, Content Modification, Optimization,

Placement, selection or determination of Audience, or Performance Evaluation, or that otherwise impacted the Scam Ad, including Documents sufficient to identify the source(s) of such data and information.

**RESPONSE TO REQUEST NO. 9:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents unrelated to Ad-Creative, Content Modification, or Optimization as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "inferred by" is vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to, or generally what is sought by this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Ad-Creative, Content Modification, or Optimization concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 10:**

For each Scam Ad, Documents sufficient to identify all of the software, machine learning, or AI tools that processed any Inputs, or that processed any data or information responsive to Request No. 9, including but not limited to any Content Modification Tools or Optimization Tools.

**RESPONSE TO REQUEST NO. 10:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "all of the software, machine learning, or AI tools." Meta further objects to this Request because not "all of the software, machine learning,

or AI tools" are relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "software, machine learning, or AI tools" is vague and ambiguous as used in this Request, in that Plaintiff could be referring to a wide range of tools.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Content Modification Tools or Optimization Tools concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 11:**

For each Scam Ad, Documents sufficient to identify any Meta Ads Manager features, tools, products, or services that were available for use by the Scam Advertiser, including but not limited to any Content Modification Tools or Optimization Tools.

**RESPONSE TO REQUEST NO. 11:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent it seeks documents unrelated to Content Modification Tools or Optimization Tools as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "Meta Ads Manager features, tools, products, or services that were available for use" is vague and ambiguous as used in this Request, in that Plaintiff could be referring to a wide range of Ads Manager features, tools, products or services.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Content Modification Tools or Optimization Tools concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further

states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 12:**

For each Scam Ad, Documents sufficient to identify any Meta Ads Manager features, tools, products, or services that were used or enabled by the Scam Advertiser, including but not limited to any Content Modification Tools or Optimization Tools and including Documents sufficient to identify whether the features, tools, products, or services were enabled by default or affirmatively enabled by the Scam Advertiser.

**RESPONSE TO REQUEST NO. 12:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent it seeks documents unrelated to Content Modification Tools or Optimization Tools as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "Meta Ads Manager features, tools, products, or services" is vague and ambiguous as used in this Request, in that Plaintiff could be referring to a wide range of Ads Manager features, tools, products or services. Meta further objects to this Request because the phrases "enabled by default" and "affirmatively enabled" are vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Content Modification Tools or Optimization Tools concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 13:**

For each Scam Ad, Documents sufficient to show all Content Modification.

**RESPONSE TO REQUEST NO. 13:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents concerning Content Modification concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 14:**

For each Scam Ad, Documents sufficient to show all Optimization.

**RESPONSE TO REQUEST NO. 14:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents concerning Optimization concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 15:**

For each feature, tool, product, or service responsive to Requests No. 10, 11, or 12, all Design Documents.

**RESPONSE TO REQUEST NO. 15:**

Meta incorporates its Objections to Requests Nos. 1, 10, 11, and 12, and to the defined terms used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 16:**

For each feature, tool, product, or service responsive to Requests No. 10, 11, or 12, all Review Documents.

**RESPONSE TO REQUEST NO. 16:**

Meta incorporates its Objections to Requests Nos. 1, 10, 11, and 12, and to the defined terms used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 17:**

For each feature, tool, product, or service responsive to Requests No. 10, 11, or 12, all Communications or Decision Documents that relate to any risk that the feature, tool, product, or service (or Advertisers' actual or potential uses of the feature, tool, product, or service) might pose to Advertisers, End-Users, Third Parties or Meta, including but not limited to any risk relating to potential misappropriation of likeness or fraud.

**RESPONSE TO REQUEST NO. 17:**

Meta incorporates its Objections to Requests Nos. 1, 10, 11, and 12, and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it requests "all Communications or Decision Documents." Meta further objects to this Request to the extent that it seeks documents relating to fraud as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "any risk that the feature, tool, product, or service might pose" is vague and ambiguous as used in this Request, in that it is unclear what "risk" Plaintiff is referring to. Meta further objects to the phrase "potential misappropriation or likeness or fraud" to the extent the phrase is intended to suggest any legal conclusion. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 18:**

For each feature, tool, product, or service responsive to Requests No. 10, 11, or 12 that utilizes machine learning and/or Artificial Intelligence, Documents sufficient to show all training, including but not limited to the initial data sets used for training; dates or date range of initial training; data sets used for subsequent training; dates or date ranges of subsequent training; any

input models, including primary intended use and any identified out-of-scope use; and data instrumentation.

**<u>RESPONSE TO REQUEST NO. 18:</u>**

Meta incorporates its Objections to Requests Nos. 1, 10, 11, and 12, and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "all training." Meta further objects to this Request because the phrases "input models," "primary intended use," "out-of-scope use," and "data instrumentation" are vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to.

Subject to and without waiving the foregoing General and Specific Objections, Meta is willing to meet and confer with Plaintiff about the "training" sought in this Request and to identify a reasonable and proportional set of "training" to provide in response to this Request.

**<u>REQUEST NO. 19:</u>**

For each feature, tool, product, or service responsive to Requests No. 10, 11, or 12 that utilizes machine learning and/or Artificial Intelligence Documents sufficient to show any instructions, prompts, or prompt iteration from Meta related to the Ad-Creative, targeting, Content Modification, Optimization, Placement, selection of Audience, Ad-Review or Performance Evaluation; any predictive and/or adaptive analytics reporting and analyses; and verification and validation analyses.

**<u>RESPONSE TO REQUEST NO. 19:</u>**

Meta incorporates its Objections to Requests Nos. 1, 10, 11, and 12, and the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents relating to targeting, Placement, Audience, Ad-Review, and Performance Evaluation as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "instructions, prompts, or prompt iteration" is vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to, as Plaintiff could be referring to a wide range of instructions, prompts, or prompt iteration.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Ad-Creative, Content Modification, or Optimization that are responsive to this Request. Meta further states that it will produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 20:**

For each Scam Ad, Documents sufficient to identify any Campaign associated with the Scam Ad, including but not limited to Campaign-level, Ad-Set-level, or Ad-level workflows for each Scam Ad.

**RESPONSE TO REQUEST NO. 20:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 21:**

Documents sufficient to identify every auction or bidding process involving a Scam Ad.

**RESPONSE TO REQUEST NO. 21:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 22:**

For each auction or bidding process responsive to Request No. 21, Documents sufficient to show all participants, bids, and acquisition costs.

**RESPONSE TO REQUEST NO. 22:**

Meta incorporates its Objections to Request No. 21, and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "acquisition costs" is vague and ambiguous in that it is unclear what "acquisition costs" Plaintiff is referring to.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 23:**

For each Scam Ad, Documents sufficient to show all Placement(s), whether on a Meta platform or Audience Network platform.

**RESPONSE TO REQUEST NO. 23:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 24:**

For each Scam Ad, Documents sufficient to identify the number of End-Users to whom the Scam Ad was displayed, presented, or transmitted.

**RESPONSE TO REQUEST NO. 24:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's

Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 25:**

Documents sufficient to identify and show each of the fields or categories of data and information collected or inferred by or made available to Meta concerning each End-User, including but not limited to Documents sufficient to identify the source(s) of such field or category of data and information.

**RESPONSE TO REQUEST NO. 25:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "inferred by" is vague and ambiguous as used in this Request, in that it is unclear what Plaintiff is referring to by "inferred by."

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 26:**

For each Scam Ad, Documents sufficient to show all User Engagement.

**RESPONSE TO REQUEST NO. 26:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 27:**

For each Scam Ad, Documents sufficient to show, following the first Placement, any Content Modification or Optimization based on data or information concerning User Engagement.

**RESPONSE TO REQUEST NO. 27:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 28:**

For each Scam Ad, Documents sufficient to show all Performance Evaluation.

**RESPONSE TO REQUEST NO. 28:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 29:**

For each Scam Ad, Documents sufficient to show any action taken by Meta as a result of Performance Evaluation, including but not limited to any Content Modification, Optimization, Ad-Review, or change relating to Audience or Placement, or any change to a Content Modification Tool or Optimization Tool.

**RESPONSE TO REQUEST NO. 29:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent that it seeks documents unrelated to Content Modification or Optimization as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents relating to Content Modification or Optimization concerning the Scam Ads produced in response to Request No. 1 that are responsive to this Request. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 30:**

Documents sufficient to show any Policy that relates to any Scam Ad, including but not limited to any Policy containing requirements that relate to any Scam Ad, any Policy containing restrictions that relate to any Scam Ad, and any Policy that relates to Meta's review or assessment of any Scam Ad or of any data or information associated with any Scam Ad.

**RESPONSE TO REQUEST NO. 30:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any relevant, non-privileged versions of Meta's Terms of Service and Advertising Standards. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 31:**

For each Scam Advertiser, all contractual agreements, including terms of service, between the Scam Advertiser and/or Meta.

**RESPONSE TO REQUEST NO. 31:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any relevant, non-privileged versions of Meta's Terms of Service and Advertising Standards. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 32:**

Documents sufficient to identify any Scam Ad that was identified for or subject to Ad-Review.

**RESPONSE TO REQUEST NO. 32:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 33:**

Documents sufficient to show any method by which any Scam Ad was identified for or subject to Ad-Review, including any Flag, the reason or basis for such Flag, and the individuals, entities, or processes that caused the Flag or otherwise identified the Scam Ad for Ad-Review.

**RESPONSE TO REQUEST NO. 33:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 34:**

Documents sufficient to identify the features, tools, products, or services involved in the Ad-Review process, including any User Interface or API used by the Scam Advertiser in connection with the Ad-Review process.

**RESPONSE TO REQUEST NO. 34:**

Meta incorporates its Objections Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "features, tools, products, or services involved in the Ad-Review process" is vague and ambiguous as used in this Request, in that Plaintiff could be referring to a wide range of Ad Review features, tools, products, or services. Meta further objects to this Request because the terms "User Interface" and "API" are vague and ambiguous as used in this Request. Meta will interpret those terms according to the definitions identified above.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 35:**

For each Scam Ad that was identified for or subject to Ad-Review, Documents sufficient to show all determinations made or actions taken by Meta with respect to the Scam Ad, the Scam Advertiser, or the Scam Advertiser-Account, including but not limited to any Content Modification, Optimization, Placement, selection or determination of Audience, or Performance Evaluation.

**RESPONSE TO REQUEST NO. 35:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "all determinations made or actions taken by Meta." Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 36:**

For each Scam Ad that was identified for or subject to Ad-Review, Documents sufficient to show whether and how any data or information related to the Scam Ad, the Scam Advertiser, or the Scam Advertiser-Account was put into, made or remained available to, or removed from any Optimization Tool or Content Modification Tool.

**RESPONSE TO REQUEST NO. 36:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those

tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 37:**

For each Scam Ad that was identified for or subject to Ad-Review, Documents sufficient to show any change to the availability or functionality of any Meta Ads Manager product, service, feature, or tool available to the Scam Advertiser.

**RESPONSE TO REQUEST NO. 37:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 38:**

For each Scam Advertiser, Documents sufficient to identify all Advertiser-Accounts associated with the Scam Advertiser.

**RESPONSE TO REQUEST NO. 38:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 39:**

Documents sufficient to identify and show each of the fields or categories of data and information collected or inferred by or made available to Meta in connection with each Scam Advertiser and each Scam Advertiser-Account, including Documents sufficient to identify the source(s) of such field or category of data and information.

**RESPONSE TO REQUEST NO. 39:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because the phrase "inferred by" is vague and ambiguous as used in this Request, in that it is unclear what "inferred by" means.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 40:**

For each Scam Advertiser-Account, Documents sufficient to identify all other Advertisements and Campaigns associated with the Scam Advertiser-Account.

**RESPONSE TO REQUEST NO. 40:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 41:**

Documents sufficient to identify any Scam Advertiser-Account that was identified or Flagged for Account-Review.

**RESPONSE TO REQUEST NO. 41:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 42:**

Documents sufficient to show the reason or basis for which any Scam Advertiser or Scam Advertiser-Account was identified or Flagged for Account-Review.

**RESPONSE TO REQUEST NO. 42:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 43:**

For each Scam Advertiser or Scam Advertiser-Account that was identified for or subject to Account-Review, Documents sufficient to show any changes in the data or information available to or used by any Optimization Tools or Content Modification Tools, or any changes to the functionality or use of any Optimization Tools or Content Modification Tools, with respect to any Advertisements by the Scam Advertiser or associated with the Scam Advertiser-Account.

**RESPONSE TO REQUEST NO. 43:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents sufficient to show the operation of relevant portions of Ads Manager, and how those tools may affect the content of Advertisements on Meta's services. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 44:**

All Communications related to any Scam Ad.

**RESPONSE TO REQUEST NO. 44:**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll Communications related to any Scam Ad." Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 45:**

All Communications involving or related to any Scam Advertiser and/or Scam Advertiser-Account.

**<u>RESPONSE TO REQUEST NO. 45:</u>**

Meta incorporates its Objections to Request No. 1 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks documents "[a]ll Communications involving or related to any Scam Advertiser and/or Scam Advertiser-Account." Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**<u>REQUEST NO. 46:</u>**

Documents (including but not limited to organizational charts) sufficient to identify the names and roles of all individuals, teams, groups, and/or departments involved with Meta Ads Manager, including but not limited to those involved in developing, implementing, or troubleshooting features, tools, products, or services within Meta Ads Manager; those involved in marketing Meta Ads Manager; those involved in setting, enforcing, or updating Policies relevant to Advertisements; and those involved with Ad-Review, and including any vendors, contractors, or Third Parties.

**<u>RESPONSE TO REQUEST NO. 46:</u>**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because the phrase "features, tools, products, or services within Meta Ads Manager" is vague and ambiguous as used in this Request, in that Plaintiff could be referring to a wide range of Ads Manager features, tools, products or services.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged

documents that are responsive to this Request. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 47:**

All Documents related to Meta's Section 230 defense.

**RESPONSE TO REQUEST NO. 47:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, including because it seeks "[a]ll Documents related to Meta's Section 230 defense." Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Meta further objects to this Request because it does not identify with reasonable particularity the categories of documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A). Meta further objects to this Request because "related to Meta's Section 230 defense" is a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Meta will conduct a reasonable search proportional to the needs of this case and produce any non-privileged documents that it will use at trial to support its Section 230 defense. Meta will not produce materials beyond the scope specified in this Response. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 48:**

Documents sufficient to identify all private litigation related to Meta's advertising business in which Meta was a party during the Relevant Time Period, including but not limited to lawsuits brought by Meta against Advertisers, such as lawsuits involving cloaking, as well as lawsuits brought against Meta, such as the lawsuits involving Yusaku Maezawa, Rafal Brzoska, Wissam al Mana, and John de Mol.

**RESPONSE TO REQUEST NO. 48:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to

this Request as overbroad and unduly burdensome, and not proportional to the needs of this case. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 49:**

All Documents produced by Meta in all private litigation responsive to Request No. 48.

**RESPONSE TO REQUEST NO. 49:**

Meta incorporates its Objections to Request No. 48 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll Documents." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because it is an improper "copycat" request and thus impermissible under the Federal Rules of Civil Procedure. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1–2 (N.D. Cal. Oct. 18, 2017) (holding that a request for production of documents produced in a separate case does not comply with the Federal Rules of Civil Procedure). Meta further objects to this Request because it seeks documents that may be covered by confidentiality requirements and/or protective orders entered in another case or proceeding.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 50:**

All final judgments, consent decrees, or settlement agreements in all private litigation responsive to Request No. 48.

**RESPONSE TO REQUEST NO. 50:**

Meta incorporates its Objections to Request No. 48. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll final judgments, consent decrees, or settlement agreements." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because it seeks settlement agreements that may be covered by confidentiality provisions that prohibit disclosure.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 51:**

Documents sufficient to identify all government investigations, inquiries, enforcement actions, prosecutions, consent decrees, and/or settlements related to Meta's advertising business during the Relevant Time Period. Such investigations, inquiries, enforcement actions, prosecutions, consent decrees, and/or settlements include but are not limited to the United States Federal Trade Commission ("FTC") Order to File a Special Report pursuant to the resolution, dated December 11, 2020, entitled "Resolution Directing Use of Compulsory Process to Collect Information Regarding Social Media and Video Streaming Service Providers' Privacy Practices"; the FTC investigation regarding advertising for fraudulent products and scams; the Australian Competition and Consumer Commission lawsuit against Meta regarding crypto scam advertisements; the Japanese government investigation/enforcement action regarding scam advertisements; the European Court of Justice action involving Max Schrems regarding processing of personal data for advertisements without user consent; and the Netherlands Authority for Consumers and Markets action regarding personalized advertisements based on consumer data.

**RESPONSE TO REQUEST NO. 51:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of

this case, because it seeks documents sufficient to identify "all government investigations, inquiries, enforcement actions, prosecutions, consent decrees, and /or settlements related to Meta's advertising business." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 52:**

All Documents produced by Meta in all government investigations, inquiries, enforcement actions, prosecutions, consent decrees, and/or settlements responsive to Request No. 51.

**RESPONSE TO REQUEST NO. 52:**

Meta incorporates its Objections to Request No. 51 and to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll Documents." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request because it is an improper "copycat" request and thus impermissible under the Federal Rules of Civil Procedure. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1–2 (N.D. Cal. Oct. 18, 2017) (holding that a request for production of documents produced in a separate case does not comply with the Federal Rules of Civil Procedure). Meta further objects to this Request because it seeks documents that may be covered by confidentiality requirements and/or protective orders entered in another case or proceeding.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**Request No. 53:**

All final judgments, consent decrees, or settlement agreements in all government investigations, inquiries, enforcement actions, prosecutions, consent decrees, and/or settlements responsive to Request No. 51.

**Response To Request No. 53:**

Meta incorporates its Objections to Request No. 51. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll final judgments, consent decrees, or settlement agreements." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**Request No. 54:**

Documents sufficient to show Meta's Policies, processes, and practices with respect to FIRE, as it relates to Advertisements.

**Response To Request No. 54:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**Request No. 55:**

All Documents relating to both FIRE, on the one hand, and Dr. Forrest and/or any of the Scam Ads, Scam Advertisers, or Scam Advertiser-Accounts, on the other hand.

**RESPONSE TO REQUEST NO. 55:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll Documents." Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 56:**

Documents sufficient to show Meta's Policies, processes, and practices with respect to Meta's Facial Recognition systems in connection with Advertisements.

**RESPONSE TO REQUEST NO. 56:**

Meta incorporates its Objections to the defined terms used in this Request. Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

**REQUEST NO. 57:**

All Documents relating to both Meta's Facial Recognition systems, on the one hand, and Dr. Forrest and/or any of the Scam Ads, Scam Advertisers, or Scam Advertiser-Accounts, on the other hand.

**Response To Request No. 57:**

Meta incorporates its Objections to Request No. 1, and to the defined terms used in this Request. Meta further objects to this Request because it seeks documents that are not relevant. Meta further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of this case, because it seeks "[a]ll Documents." Meta further objects to this Request because it seeks documents not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt. 172. Meta further objects to this Request to the extent it seeks the production of documents or the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Based on the foregoing General and Specific Objections, Meta will not produce documents in response to this Request. Meta is willing to meet and confer concerning this Request.

December 23, 2024
New York, New York

*/s/ Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Jonathan S. Tam (SBN: 304143)
jtam@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2029 Century Park East, Suite 2000
Los Angeles, CA 90067-3006
Telephone: (310) 982-4350
Facsimile: (628) 226-3210

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
Thomas Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I am employed in the County of New York, State of New York. I am over the age of 18 years and not a party to this action. My business address is Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064.

On December 23, 2024, I caused the following document(s) to be served:

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

via electronic mail delivery to the person(s), address(es), and email address(es) set forth below:

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Amit Jain (*pro hac vice*)
ajain@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
John Roddy (*pro hac vice*)
jroddy@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Katherine E. Charonko (*pro hac vice*)
kcharonko@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capital Street
Charleston, WV 25301
Telephone: (304) 345-6555

Elizabeth L. Stryker (*pro hac vice*)
estryker@baileyglasser.com
**BAILEY & GLASSER LLP**
94 Long Street, Suite 200
Westover, WV 26501
Telephone: (304) 594-0087

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
Ashley M. Romero (SBN: 286251)
ashley@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192

*Attorneys for Plaintiff Dr. Andrew Forrest*

The party on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 23, 2024 at Orlando, Florida.

*/s/ T. Patrick Cordova*