UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>          Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>          Defendant. | Case No. 22-cv-03699-PCP   (VKD)<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO CLOSE OCTOBER 21, 2025 HEARING**<br><br>Re: Dkt. No. 279 |

On October 17, 2025, defendant Meta Platforms, Inc. ("Meta") filed an administrative motion to close the courtroom during the hearing regarding the parties' supplemental joint discovery dispute letter (Dkt. No. 274), set for October 21, 2025. Dkt. No. 279. On October 20, 2025, plaintiff Andrew Forrest filed an opposition to Meta's administrative motion. Dkt. No. 280. As the administrative motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Meta asks the Court to conduct the discovery hearing under seal because the discovery dispute concerns "considerable non-public details relating to the design, mechanics, and contents of its data storage systems and repositories," including "non-public details about Meta's proprietary data storage systems as they relate to completely sensitive ad data, and information relating to what and from where its proprietary production tool pulls such ad data." Dkt. No. 279 at 1. Dr. Forrest opposes Meta's request, arguing that the joint discovery dispute letter includes only some confidential material and that less restrictive alternatives to sealing the courtroom are available, such conducting discussion of confidential matters at a "sidebar" during the hearing.

*See* Dkt. No. 280.  Dr. Forrest asks that, at a minimum, the Court conduct the hearing in a manner that permits his in-house counsel to attend.  *Id.* at 5.

The Court finds that good cause exists to conduct the hearing under seal.  *See Kamakana*, 447 F.3d at 1179-80.  The Court anticipates that the hearing will include discussion of material that is Confidential and Highly Confidential – Attorneys' Eyes Only, particularly given the Court's instructions to the parties about advanced preparation for the hearing.  *See* Dkt. No. 276.  It would be impractical for the Court to interrupt the hearing to conduct "sidebar" proceedings every time Confidential or Highly Confidential – Attorneys' Eyes Only material is mentioned.  As there is no need for Dr. Forrest's in-house counsel to participate in the hearing (or even attend the hearing), the Court will not structure the hearing solely to accommodate Dr. Forrest's in-house counsel's attendance.  If the parties order a transcript of the hearing, the Court will require them to confer regarding appropriate redactions so that a public version of the transcript may be filed on the docket, and so that a version of the transcript can be shared with persons permitted access to Confidential information, but not Highly Confidential – Attorneys' Eyes Only information.

Accordingly, the Court grants Meta's motion to conduct the October 21, 2025 discovery hearing under seal.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Virginia K. DeMarchi
United States Magistrate Judge