John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
breminlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

*Attorneys for Plaintiff Dr. Andrew Forrest*

[Additional Counsel on Signature Page]

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

*Attorneys for Defendant Meta Platforms, Inc.*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST,

Plaintiff,

v.

META PLATFORMS, INC.

Defendant.

Case No. 22-CV-03699-PCP (VKD)

**[PROPOSED] ORDER RE OCTOBER 3, 2025 SUPPLEMENTAL DISCOVERY DISPUTE RE NATIVE DATA**

The Honorable Virginia K. DeMarchi

# [PROPOSED] ORDER

On October 21, 2025, the Court ordered that the parties "must confer regarding Meta's further investigation of relevant data sources, and must submit their proposal for completion of 'first phase' document discovery to the Court by **October 28, 2025**." ECF 284. Having considered the parties' proposed order, the Court ORDERS as follows:

1. On **October 27, 2025**, Plaintiff identified to Meta the creative optimizations for which Plaintiff asks Meta to further investigate the existence of relevant data and the feasibility of its production.[1]

2. If requested by Meta, the parties shall confer by **October 31, 2025** regarding the scope of creative optimizations Plaintiff identified for further investigation.

3. By **November 7, 2025**, Meta must (1) substantially complete its production of what Meta understands to be the original videos uploaded by advertisers in connection with the alleged Scam Ads and (2) begin its production of additional text data. Meta shall make productions of such data on a rolling basis, concluding no later than December 5. If Meta determines that it is not reasonably feasible to complete its production of such data by the specified date, Meta shall notify Plaintiff and explain why in writing no later than November 17, 2025, so that the parties can meet and confer ahead of the joint status report due November 25, 2025. *See* Paragraph 6.

4. By **November 17, 2025**, Meta must (1) complete its investigation as to whether it can identify and retrieve the component parts of the Scam Ads that were impacted by the creative optimizations identified by Plaintiff; and (2) report its findings in writing to Plaintiff. If, for any creative optimization, Meta determines that it is possible to extract the Scam Ad components impacted by such optimization, Meta shall state in its report whether such extraction is reasonably feasible and if so, its proposed timeline to extract and produce such data. If, for any optimization, Meta determines that it is not reasonably feasible to extract the Scam Ad components impacted by such optimization, Meta shall notify Plaintiff and explain why in writing no later than November 17, 2025, so that the parties can meet and confer ahead of the joint status report due November 25,

[1] Plaintiff has informed Meta that, by agreeing to identify these optimizations, he does not intend to limit his ability to seek specific additional discovery upon a showing of good cause.

2025. *See* Paragraph 6. If Meta determines that additional time is necessary to complete its investigation as to any of the optimizations identified by Plaintiff, Meta shall notify Plaintiff and explain why in writing no later than November 17, 2025, so that the parties can meet and confer ahead of the joint status report due November 25, 2025.

5. By **November 21, 2025**, the parties must meet and confer regarding the results of Meta's investigation.

6. By **November 25, 2025**, the parties shall file a joint status report regarding the results of Meta's investigation, and shall include any additional requests for relief relating to Meta's investigation and production of additional alleged Scam Ad data arising out of the following orders of this Court: Dkt. 276, Dkt. 284, and the instant order.

7. By **December 5, 2025**, Meta shall substantially complete its production of all alleged Scam Ad data that Meta had identified prior to the October 21 hearing, including the original videos, additional text data, and thumbnails, and any additional alleged Scam Ad data arising out of Meta's further investigations per the following orders of this Court: Dkt. 276, Dkt. 284, and the instant order. Meta shall complete its production by **December 12, 2025**; provided, however, if Meta notifies Plaintiff after November 17, 2025 that it is not reasonably feasible to produce such data, then the parties must agree, or Meta must seek a court order pursuant to the discovery dispute resolution procedures outlined in the Court's Standing Order for Civil Cases providing, that Meta need not produce such data or that Meta shall produce such data by a different date.

8. Pursuant to Judge Pitts' October 27, 2025 order (ECF 287), the extension of fact discovery is limited to discovery related to completion of the investigation and production regarding the matters addressed in Dkts. 273, 276, and 284. In seeking an extension of the fact discovery deadline, the parties submitted competing position statements as to whether Dr. Forrest should be permitted to serve requests for admission in connection with Meta's ongoing document production and investigation. *See* ECF 286-1 at 3-6. The October 27 order provides that "[t]he magistrate judge assigned to this case shall determine whether, during the extended period of fact discovery, Dr. Forrest may issue requests for admission in connection with Meta's ongoing

document production and investigation." ECF 287 at 2. Having reviewed the parties' position statements, the Court orders as follows: [Meta's Position: Plaintiff is not permitted to serve new discovery requests, including requests for admission] // [Plaintiff's Position: Plaintiff may serve requests for admission in connection with Meta's ongoing document production and investigation].

Dated: October 28, 2025

Respectfully submitted,

*/s/ John C. Quinn*
John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
breminlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**

*/s/ Walter F. Brown Jr.*
Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road

42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192

*Attorneys for Plaintiff Dr. Andrew Forrest*

Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

**IT IS SO ORDERED.**

Dated:________________________

______________________________
Hon. Virginia K. DeMarchi,
Magistrate Judge