UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-03699-PCP (VKD)<br><br>**ORDER RE NOVEMBER 24, 2025 DISCOVERY DISPUTE RE PLAINTIFF'S REQUEST TO SERVE RFAS**<br><br>Re: Dkt. No. 293 |

Plaintiff Andrew Forrest and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve their dispute concerning whether Dr. Forrest should be permitted to serve requests for admissions ("RFAs") on Meta after the deadline to complete "first phase" fact discovery.[1] Dkt. No. 293. The Court finds this dispute suitable for resolution without oral argument.[2] Civil L.R. 7-1(b).

At present, discovery in this action is limited to a "first phase" of discovery directed to facts bearing on Meta's section 230 immunity defense. *See* Dkt. No. 172 at 1; Dkt. No. 213 at 2; Dkt. No. 273 at 1. This discovery specifically includes for each Scam Ad at issue, information

---

[1] *See* Dkt. No. 287 at ECF 3.

[2] Mr. Forrest moves to seal portions of discovery dispute letter and exhibits (Dkt. Nos. 293, 293-1) on the ground that Meta claims the contents are confidential. Dkt. No. 294. Meta agrees regarding the specific portions of the discovery dispute letter and exhibits proposed to be sealed. Dkt. No. 297. As Mr. Forrest's sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179- 80 (9th Cir. 2006). Good cause appearing, the Court grants Mr. Forrest's sealing motion. Unredacted portions of the discovery letter and exhibits shall remain under seal.

about what tools or processes were applied to the ad, and what those tools or processes did to the ad between "input" and "output." The Court has issued several orders resolving the parties' disputes about what discovery properly falls within the scope of the "first phase." *See, e.g.,* Dkt. Nos. 192, 213, 257, 259, 276, 289. Discovery relating to this "first phase" closed on October 29, 2025, except for the "completion of investigation and production regarding the matters addressed" in the Court's orders at Dkt. Nos. 284, 276, and 273. *See* Dkt. No. 287. These orders concern Meta's investigation of and production from its relevant data sources, and Dr. Forrest's disclosure of a privilege log that complies with Rule 26(b)(5) and the ESI order.

Dr. Forrest now asks for leave to serve 77 RFAs on Meta after the close of "first phase" discovery.[3] Dkt. No. 293 at 2, 3; Dkt. No. 293-1. He describes these RFAs as "directed at recently disclosed preservation failures and technical topics going to the heart of Meta's material contribution defense, which will aid the Court in understanding how Meta's ad tools work and how Meta's preservation failures should impact its consideration of material facts." Dkt. No. 293 at 1. He claims these RFAs serve two purposes: First, Meta's admissions will "confirm [its] spoliation of evidence," and will assist Dr. Forrest in demonstrating how Meta's "discovery misconduct" has prejudiced Dr. Forrest's ability to oppose Meta's section 230 immunity defense, and in briefing his anticipated request for sanctions. *Id.* at 3. Second, Meta's admissions will "assist the Court in distilling material facts from a voluminous and complex record" that includes 16 terabytes of data and hundreds of technical documents. *Id.* Dr. Forrest argues that his RFAs should be considered timely served because Meta did not comply with its own discovery obligations, and so he could not have served his RFAs earlier. *Id.* at 3-4.

Meta argues that Dr. Forrest has not established good cause to serve belated RFAs. *Id.* at 4. It argues that all of Dr. Forrest's RFAs could have been served before the October 29, 2025 deadline, and that his ability and obligation to do so are independent of any discovery conduct by Meta. *Id.* at 5-6.

Because Dr. Forrest seeks to obtain answers to RFAs served after the "first phase"

---

[3] Dr. Forrest provided his RFAs to Meta on November 7, 2025, nine days after the deadline to complete discovery.

discovery deadline, he must establish "good cause" to do so. *See* Civil L.R. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In assessing whether there is good cause to modify a scheduling deadline, courts principally consider whether a party has demonstrated diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992); *Lawson v. BMW of N. Am. LLC*, No. 21-cv-02063-BLF, 2023 WL 6165697, at *2 (N.D. Cal. Sept. 20, 2023).

Dr. Forrest consigns his discussion of "good cause" to a footnote in the joint discovery dispute letter. Dkt. No. 293 at 3 n.3. Nevertheless, the Court has reviewed Dr. Forrest's 77 RFAs and has fully considered his explanation for why he believes he should be permitted to obtain answers to them. As Dr. Forrest concedes, many of his RFAs ask Meta to admit facts about "the capabilities of [the] tools and processes" applied to the Scam Ads. *See id.* at 3 (Dr. Forrest citing RFAs 39, 42, 46, 54, 57, 60, 64, 71, 74). Others ask for admissions about Meta's own actions with respect to the Scam Ads, or the contents of data sources and documents it produced earlier in the discovery period. *See, e.g.,* Dkt. No. 293-1 (RFAs 1-5, 18, 21-24, 30, 31-77). These RFAs do not reference or depend on any information belatedly disclosed by Meta at or near the October 29, 2025 deadline. *See* Dkt. No. 293 at 5-6 (discussing specific RFAs). Dr. Forrest does not explain why he could not have served them earlier, and he does not respond to Meta's RFA-specific arguments. Instead, he argues that having Meta's admissions to these RFAs would be helpful for him and/or the Court. But "helpfulness" does not satisfy the good cause standard which requires Dr. Forrest to show that he was diligent in seeking these admissions before the scheduling deadline. He cannot simply "reserve the right" to serve RFAs after the deadline has passed. As nothing prevented Dr. Forrest from timely serving most of the 77 RFAs, he has not established diligence.

There are a few exceptions. As Meta concedes, some of Dr. Forrest's RFAs are directed to specific data sources that Meta produced and explained only a few weeks before the October 29, 2025 "first phase" deadline. *See id.* at 6. Thus, Dr. Forrest did not have an opportunity to obtain

additional discovery about these data sources.  Accordingly, the Court will permit Dr. Forrest to obtain Meta's responses to **RFAs 6-17**.  These RFAs are deemed served as of the date of this order.  Meta shall serve written responses in compliance with Rule 36.

**IT IS SO ORDERED.**

Dated: December 5, 2025

Virginia K. DeMarchi
United States Magistrate Judge