John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

*Attorneys for Plaintiff Dr. Andrew Forrest*

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Karen L. Dunn (pro hac vice)
kdunn@dirllp.com
Melissa F. Zappala (pro hac vice)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

*Attorneys for Defendant Meta Platforms, Inc.*

[Additional Counsel Listed in Associated Joint Status Report]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>                        Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC.<br><br>                        Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**[PROPOSED] ORDER RESETTING INTERIM DEADLINES RE OCTOBER 3, 2025 SUPPLEMENTAL DISCOVERY DISPUTE RE NATIVE DATA**<br><br>The Honorable Virginia K. DeMarchi |

**[PROPOSED] ORDER**

Having considered the parties' proposal for completion of the "first phase" of document discovery, the Court ORDERS as follows:

1.      By **December 19, 2025**, the parties must meet and confer regarding the status of Meta's ongoing investigation.

2.      By **January 14, 2026**, Meta must (1) complete its investigation as to whether it can identify and retrieve the component parts of the Scam Ads that were impacted by the creative optimizations identified by Plaintiff; and (2) report its findings in writing to Plaintiff. If, for any creative optimization, Meta determines that it is possible to extract the Scam Ad components impacted by such optimization, Meta shall state in its report whether such extraction is reasonably feasible and if so, its proposed timeline to extract and produce such data. If, for any optimization, Meta determines that it is not reasonably feasible to extract the Scam Ad components impacted by such optimization, Meta shall notify Plaintiff and explain why in writing no later than January 14, 2026, so that the parties can meet and confer ahead of the joint status report due January 23, 2026. If Meta determines that additional time is necessary to complete its investigation as to any of the optimizations identified by Plaintiff, Meta shall notify Plaintiff and explain why in writing no later than January 14, 2026, so that the parties can meet and confer ahead of the joint status report due January 23, 2026.

3.      By **January 20, 2026**, the parties must meet and confer regarding the results of Meta's investigation.

4.      By **January 23, 2026**, the parties shall file a joint status report regarding the results of Meta's investigation, and shall include any additional requests for relief relating to Meta's investigation and production of additional alleged Scam Ad data arising out of the following orders of this Court: Dkt. 276, Dkt. 284, Dkt. 289, and the instant order. The Court sets no word or page limits on any "joint" portion of the status report; however, if any party files a separate statement regarding any matter within the scope of that report, such separate statement shall not exceed 1,000 words.

5.      By **January 30, 2026**, Meta shall substantially complete its production of all alleged Scam Ad data arising out of Meta's investigation per the following orders of this Court: Dkt. 276, Dkt. 284, Dkt. 289, and the instant order. Meta shall complete its production by **February 6, 2026**; provided, however, if Meta notifies Plaintiff after January 14, 2026 that it is not reasonably feasible to produce such data, then the parties must agree, or Meta must seek a court order pursuant to the discovery dispute resolution procedures outlined in the Court's Standing Order for Civil Cases providing, that Meta need not produce such data or that Meta shall produce such data by a different date.

**IT IS SO ORDERED.**


Dated:_____                          _____
                                                          Hon. Virginia K. DeMarchi,
                                                          Magistrate Judge