John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

*Attorneys for Plaintiff Dr. Andrew Forrest*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST,

Plaintiff,

v.

META PLATFORMS, INC.

Defendant.

Case No. 22-CV-03699-PCP (VKD)

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

The Honorable P. Casey Pitts

Pursuant to Civil Local Rule 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), Plaintiff Andrew Forrest respectfully submits this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge regarding ECF 299, Judge DeMarchi's Order Re November 24, 2025 Discovery Dispute Re Plaintiff's Request to Serve RFAs (the "December 5 Order" or "Order").

## I. INTRODUCTION

Dr. Forrest brings this motion in support of his request to serve RFAs on Defendant Meta Platforms, Inc. ("Meta"), which the Magistrate Judge denied in part on December 5, 2025.[1] *See* ECFs 293, 294, 299. The proposed RFAs are directed at recently disclosed preservation failures and technical topics going to the heart of Meta's material contribution defense, which will aid the Court in understanding how Meta's ad tools work and how Meta's preservation failures should impact its consideration of material facts. These RFAs react to and depend on Meta's incomplete document production and ongoing investigation, and Dr. Forrest prepared them as soon as Meta supplied sufficient information for him to do so. *See* ECF 293 at 1-2. In the briefing below, Meta erroneously claimed—and the Magistrate Judge appears to have accepted—that Dr. Forrest was required to demonstrate "good cause" to modify a scheduling order. This was legal error, since the operative scheduling order required no modification. To the contrary, that scheduling order already expressly authorized the Magistrate Judge to permit the proposed RFAs. In addition, the December 5 Order misapplied the good cause standard by requiring that each individual RFA "reference or depend on" recently disclosed information, rather than considering Dr. Forrest's overall diligence and his reasonable reliance on Meta's representations. ECF 299 at 3. Accordingly, for the reasons explained below, the Court should set aside the relevant portions of the Order and authorize Dr. Forrest to serve the remaining RFAs.

## II. RELEVANT BACKGROUND

This Court bifurcated discovery into two phases. As the December 5 Order explains, the first phase of discovery is "directed to facts bearing on Meta's section 230 immunity defense," and

---

[1] The December 5 Order granted Dr. Forrest's request to serve RFAs 6-17, which Meta conceded were based on recently disclosed information. ECF 299 at 3-4. This motion requests relief only as to the ruling on the remaining RFAs.

"[t]his discovery specifically includes for each Scam Ad at issue, information about what tools or processes were applied to the ad, and what those tools or processes did to the ad between 'input' and 'output.'" ECF 299 at 1-2. For over a year, Dr. Forrest has diligently pursued that Scam Ad data from Meta, including by repeatedly challenging Meta's deficient production and obtaining court orders to enforce his requests. *See* ECF 293 at 2; *see also* ECFs 259, 270, 276, 284, 289.

The briefing below sets forth the key facts underlying this dispute. *See* ECF 293. Since the end of last year, Dr. Forrest has sought to work cooperatively with Meta to gather Scam Ad data and address increasingly troubling indications of serious preservation failures by Meta, *see id.* at 2, which Dr. Forrest expects to address in a spoliation motion once Meta has completed its remaining investigation and document production. For example, Dr. Forrest relied for months on Meta's representation that finished ads rendered to End-Users are "retained indefinitely," only to be told in July that Meta had not in fact retained "pictorial representations" of rendered ads. *See id.* Shortly after this disclosure, Dr. Forrest sought court intervention to compel Meta to produce the data that remained and to disclose information about its investigation, expressly reserving his rights as to "any preservation failures relating to data associated with the Scam Ads." *See* ECFs 241 and 262 at 3 n.4; *see also* ECF 293 at 2. The parties litigated these issues between August and October, and the Magistrate Judge entered a series of orders granting Dr. Forrest's requests for relief, directing Meta to disclose substantial new information about its investigation and submit to further discovery. *See* ECF 293 at 1-2; *see also* ECFs 259, 270, 276, 284, 289. In particular, Meta was forced to disclose in mid-October that it had failed to retain relevant data, *see* ECF 293 at 2 n.2, even though the parties corresponded through counsel about these potential claims as far back as 2019, *see id.* at 2 n.1.

Meta's investigation is still ongoing, and the associated preservation issues are still developing. Nevertheless, Dr. Forrest informed Meta of his intent to serve RFAs aimed at making a clear record of its preservation failures, and he raised the issue with the Court as soon as Meta indicated that it intended to raise a timeliness challenge to those RFAs. *See id.* at 2; ECF 286 at 2; ECF 286-1 at 3-4, 6. In the operative scheduling order, this Court addressed the issue as follows: "The magistrate judge assigned to this case shall determine whether, during the extended period

of fact discovery, Dr. Forrest may issue requests for admission in connection with Meta's ongoing document production and investigation." ECF 287 at 3.

On October 29, the Magistrate Judge issued a final ruling on the parties' monthslong dispute regarding Meta's investigation and production. *See* ECF 289. In the same order, the Magistrate Judge established a process for Dr. Forrest to submit proposed RFAs and seek leave. *See id.* at 4. Dr. Forrest immediately prepared a set of 77 RFAs and provided them to Meta, and the parties submitted a joint letter brief on November 24. *See* ECF 293 at 2. Among other things, Dr. Forrest argued that "[b]ecause the operative case schedule authorizes [the Magistrate Judge] to permit RFAs so long as they are 'issue[d]' by December 19, ECF 287 at 3, good cause to modify a case schedule is not required (though Plaintiff would also satisfy that standard)." *Id.* at 2-3.

On December 5, the Magistrate Judge denied Dr. Forrest's request to serve all but a handful of his RFAs. ECF 299. The Order reasoned that the RFAs were "belated" and required a showing of good cause because the first phase of discovery had closed on October 29, "except for the 'completion of investigation and production regarding the matters addressed' in [specific court orders]." *Id.* at 2-3. It concluded that Dr. Forrest could not demonstrate good cause because, except as to 12 of the 77 RFAs, the RFAs did not "reference or depend on any information belatedly disclosed by Meta at or near the October 29, 2025 deadline." *Id.* at 3. The Order thus assessed good cause on an RFA-specific basis, and it did not address Dr. Forrest's argument that the RFAs "depend[ed] on a holistic assessment of Meta's investigation and productions." ECF 293 at 4.

## III. STANDARD OF REVIEW

A district court reviews a magistrate judge's discovery ruling under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 USC § 636(b)(1)(A). Review of legal conclusions is de novo, *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010), and the district court may reverse the magistrate judge's decision if it concludes the decision rests on "legal error," *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992).

## IV. ARGUMENT

It was legal error to adopt Meta's flawed position that Dr. Forrest was required to show "good cause to modify a scheduling deadline," ECF 299 at 3, despite the fact that no modifications

were needed or sought. And even if good cause were required, Dr. Forrest has met that standard because he demonstrated the necessary diligence and reasonably relied on Meta's representations, and the RFAs will be helpful to the Court at summary judgment.

**A. Requiring Good Cause Was Reversible Error**

The December 5 Order starts from the mistaken premise that Dr. Forrest's RFAs were "belated" and thus required a showing of "good cause to modify a scheduling deadline." *Id.* at 2-3. But that is not the case. Rather, the October 27 scheduling order provides:

> The magistrate judge assigned to this case shall determine whether, during the extended period of fact discovery, Dr. Forrest may issue requests for admission in connection with Meta's ongoing document production and investigation.

ECF 287 at 3. Thus, as Dr. Forrest explained below, the scheduling order *already* authorized the Magistrate Judge to permit RFAs, so long as those RFAs were "issued 'in connection with Meta's ongoing document production and investigation' and 'during the extended period of fact discovery' (i.e., between now and December 19)." ECF 293 at 3 (citing ECF 287 at 3).

Despite this plain language, the December 5 Order assumed that Dr. Forrest's proposed RFAs were "belated," even though there was ample time to "issue" them by December 19. *See* ECF 287 at 3. And the Order assumed the necessity of a showing of "good cause to modify a scheduling deadline," even though Dr. Forrest did not seek to modify any deadline. ECF 299 at 3.

By imposing a good cause requirement where none applied, the December 5 Order misinterpreted the operative scheduling order and committed legal error. *See United States v. S. Cal. Edison, Co.*, No. 1:01-CV-5167 OWW DLB, 2005 WL 7862243, at *2 (E.D. Cal. Sept. 23, 2005) (reversing magistrate judge based on "incorrect" "interpretation" of the district court's order). Moreover, the Order refused to consider important discretionary factors regarding the purpose of the RFAs and their utility to this Court at summary judgment, which are particularly pronounced here given the scale and complexity of both the data production and the spoliation, dismissing all those factors as irrelevant to good cause. *See* ECF 299 at 3; *see also* ECF 293 at 3 (discussion of how the RFAs would streamline the evidence and issues). For the reasons explained in the prior briefing, the proposed RFAs are well-justified under the circumstances, and this Court should exercise its discretion to authorize Dr. Forrest to serve the remaining RFAs.

### B. In the Alternative, Dr. Forrest Has Demonstrated Good Cause

Even if good cause were required, the December 5 Order misapplied that standard. For at least two reasons, there is good cause to issue the proposed RFAs.

First, as the December 5 Order acknowledges, good cause turns primarily on "whether a party has demonstrated diligence." *See* ECF 299 at 3. Dr. Forrest explained at length his efforts to hold Meta to its discovery obligations, as well as why Meta's ongoing discovery failures prevented him from serving RFAs earlier. *See* ECF 293 at 2-4. Among other things, he repeatedly informed both Meta and the Magistrate Judge of his intention to serve RFAs; escalated the matter to this Court as soon as Meta objected on timeliness grounds (which it waited to do until its purported deadline had already passed); and provided the proposed RFAs to Meta a full six weeks before the December 19 close of "the extended period of fact discovery." *See* ECF 293 at 2; ECF 287 at 3. By focusing not on this diligence but instead on whether each RFA, on its own, "reference[d] or depend[ed] on" specific details "belatedly disclosed by Meta at or near the October 29, 2025 deadline,"[2] the December 5 Order ran afoul of the Magistrate Judge's own explanation of the good cause standard, as well as the broader case law. *See* ECF 299 at 2-3; *see also Veasley ex rel. Veasley v. United States*, No. 3:12-CV-03053-WQH, 2015 WL 1013699, at *4 (S.D. Cal. Mar. 9, 2015).

Second, Dr. Forrest justifiably relied on Meta's representations that it would produce data sufficient to satisfy Dr. Forrest's document requests. *See* ECF 293 at 4. It was not until October—after a series of court orders forced Meta to undertake additional investigation and report the results to Dr. Forrest—that this claim was disproven and a clearer picture of Meta's preservation failures emerged. *See id.* at 2. Thus, the timing of the RFA's "was not due to Plaintiff's negligence, but instead his reasonable reliance on [Defendant's] assertion[s]." *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 233 (C.D. Cal. 2020).

## V. CONCLUSION

For the reasons explained above, the Court should grant Dr. Forrest's motion and order Meta to respond to his RFAs by February 6, 2025.

---

[2] Even on its own terms, this requirement is flawed. To obtain answers by October 29, Dr. Forrest would have needed the relevant information in time to prepare and serve RFAs by September 29. *See* Civil Local Rule 37-3.

Dated: December 19, 2025

Respectfully submitted,


/s/ John C. Quinn
John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419


*Attorneys for Plaintiff Dr. Andrew Forrest*

**CERTIFICATE OF SERVICE**

I, John C. Quinn, hereby certify that on December 19, 2025, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn