UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW FORREST,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-03699-PCP<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 304 |

Now before the Court is plaintiff Dr. Andrew Forrest's motion for relief from the magistrate judge's nondispositive pretrial order denying him leave to serve certain requests for admission (RFAs) on defendant Meta Platforms, Inc. For the reasons below, the order is denied.

On October 27, 2025, this Court granted the parties' joint request for an extension of time to complete fact discovery concerning Meta's "completion of investigation and production regarding the matters addressed" in specified discovery orders. *See* Dkt. No. 287, at 1. Finding "that there [wa]s good cause for [the] extension," the Court moved the deadline for such discovery from October 29 to December 19, 2025. *Id.* But the Court declined to resolve Dr. Forrest's request for a similar extension of time to serve "RFAs … in connection with Meta's ongoing document production and investigation." *Id.* Instead, the Court ordered that the magistrate judge "shall determine whether, during the extended period of fact discovery, Dr. Forrest may issue [such] requests for admission." *Id.* at 2.

Dr. Forrest then sought leave from the magistrate judge to serve 77 RFAs on Meta during the period of extended fact discovery, contending that the RFAs "are directed at recently disclosed preservation failures and technical topics going to the heart of Meta's material contribution defense" in this action. *See* Dkt. No. 293, at 1. The magistrate judge granted in part and denied part Dr. Forrest's requests. First, the magistrate judge concluded that Dr. Forrest could serve the

RFAs after the applicable discovery cut-off only upon a showing of "good cause." *See* Dkt. No. 299, at 3. The magistrate judge then concluded that Dr. Forrest had failed to establish good cause for his belated service of 65 of the proposed RFAs, as those RFAs "do not reference or depend on any information belatedly disclosed by Meta at or near the October 29, 2025 deadline." *Id.* at 3. But the magistrate judge permitted Dr. Forrest to serve 12 RFAs that "are directed to specific data sources that Meta produced and explained only a few weeks before the October 29, 2025 … deadline." *Id.* The magistrate judge reasoned that Dr. Forrest demonstrated "good cause" for belated service of those RFAs because he "did not have an opportunity to obtain additional discovery about these data sources." *Id.* at 3–4.

Dr. Forrest now moves for relief from the magistrate judge's denial of his request for leave to serve 65 of his proposed RFAs. *See* Dkt. No. 304. On review of such a nondispositive ruling, the Court asks only whether the magistrate judge's reasoning was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The magistrate judge's order was neither.

First, Dr. Forrest argues that the magistrate judge's order rests on reversible legal error (i.e., is "contrary to law") because it required that Dr. Forrest establish good cause to serve the RFAs. But as the magistrate judge noted, a party seeking to serve discovery requests after the applicable cut-off generally must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); Civ. L.R. 37-3. Dr. Forrest insists that the usual good-cause requirement does not apply here because this Court previously authorized the magistrate judge to "determine whether … [he] may issue requests for admission in connection with Meta's ongoing document production and investigation." *See* Dkt. No. 287, at 2. In Dr. Forrest's view, this language compelled the magistrate judge to permit his belated service of any RFAs connected to Meta's ongoing document production and investigation, even absent a showing of good cause. If that is what this Court had meant, it would have said so. The magistrate judge correctly understood that this Court's order merely asked the magistrate judge to undertake the usual good-cause inquiry with respect to the RFAs.

Second, Dr. Forrest argues that he has demonstrated good cause to issue all his proposed RFAs. But the magistrate judge's contrary conclusion was not "clearly erroneous." *See* Fed. R.

2

Civ. P. 72(a). As Dr. Forrest explains in his motion, "good cause turns primarily on whether a party has demonstrated diligence." The magistrate judge reasonably concluded that Dr. Forrest had not established diligence (and thus good cause) with respect to 65 of his proposed RFAs because they neither "reference [n]or depend on information belatedly disclosed by Meta near the October 29, 2025 deadline," and Dr. Forrest did not convincingly explained why he could not have served those particular RFAs earlier. *See* Dkt. No. 299, at 3.

For the foregoing, Dr. Forrest's motion, Dkt. No. 304, is DENIED.

**IT IS SO ORDERED.**

Dated: January 12, 2026

P. Casey Pitts
United States District Judge