# EXHIBIT 4

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2905

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>            Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>            Defendant. | Case No. 5:22-cv-03699-PCP<br><br>**DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY NOS. 1 AND 8** |

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"
PROTECTED MATERIAL HIGHLIGHTED*

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Meta Platforms, Inc.

2    ("Meta"), by its undersigned counsel, provides its supplemental responses and objections to

3    Plaintiff's Interrogatory Nos. 1 and 8.

4    <u>**GENERAL OBJECTIONS**</u>

5    Meta incorporates by reference, as though fully set forth herein, its General Objections as

6    set forth in its Responses and Objections to Plaintiff's First Set of Interrogatories, served on

7    December 23, 2024; its Supplemental Responses and Objections to Plaintiff's Interrogatory

8    Nos. 2, 3, and 5, served on March 25, 2025; its Supplemental Responses and Objections to

9    Plaintiff's Interrogatory Nos. 4, 6, and 7, served on April 25, 2025; its Second Supplemental

10   Responses and Objections to Plaintiff's Interrogatory No. 2, served on May 30, 2025; and its

11   Second Supplemental Responses and Objections to Plaintiff's Interrogatory No. 5, served on

12   June 27, 2025.

13   **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

14   Meta incorporates by reference, as though fully set forth herein, its Objections to

15   Definitions and Instructions, as set forth in its Responses and Objections to Plaintiff's First Set of

16   Interrogatories, served on December 23, 2024; its Supplemental Responses and Objections to

17   Plaintiff's Interrogatory Nos. 2, 3, and 5, served on March 25, 2025; its Supplemental Responses

18   and Objections to Plaintiff's Interrogatory Nos. 4, 6, and 7, served on April 25, 2025; its Second

19   Supplemental Responses and Objections to Plaintiff's Interrogatory No. 2, served on May 30,

20   2025; and its Second Supplemental Responses and Objections to Plaintiff's Interrogatory No. 5,

21   served on June 27, 2025.

22   **SPECIFIC RESPONSES AND OBJECTIONS**

23   Subject to and without waiving any of the foregoing General Objections and Objections to

24   Definitions and Instructions, which are incorporated by reference into each of the following

25   specific responses and objections, Meta responds and objects to Interrogatory Nos. 1 and 8 as

26   follows:

27   **INTERROGATORY NO. 1:**

28   Describe the step-by-step process that occurs when an Advertiser creates an

1    Advertisement, including all steps taken by the Advertiser and all steps taken by Meta, from the

2    beginning of the process through and including any Content Modification, Optimization, and

3    Placement.

4    **RESPONSE TO INTERROGATORY NO. 1:**

5    Meta incorporates its Objections to the defined terms used in this Interrogatory. Meta

6    further objects to this Interrogatory to the extent it is an inaccurate, incomplete, or misleading

7    description of the facts, and assumes the truth of allegations in the TAC that Meta disputes. Meta

8    further objects to this Interrogatory to the extent that it seeks information not relevant to Meta's

9    Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkt.

10   172.

11   Subject to and without waiving any of the foregoing General and Specific Objections,

12   pursuant to Federal Rule of Civil Procedure 33(d), Meta will conduct a reasonable search

13   proportional to the needs of this case and produce any non-privileged documents sufficient to

14   ascertain the answer to this Interrogatory. Meta further states that it will produce any non-

15   privileged documents sufficient to show the operation of relevant portions of Ads Manager, and

16   how those tools may affect the content of Advertisements on Meta's services. Meta will amend

17   these Responses to provide the Bates numbers of such documents.

18   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

19   Subject to and without waiving any of the foregoing General and Specific Objections, Meta

20   supplements its Response to Interrogatory No. 1 as follows:

21   An advertiser can create an Advertisement in Ads Manager. *See generally*

22   META-0016880. Each Advertisement, ███████████████ is part of an Ad Set. Each

23   Ad Set, ██████████████, is part of a Campaign. ███████████████

24   ████████████

25   To create an Advertisement in Ads Manager, an advertiser first creates a Campaign and

26   selects a Campaign Objective. Available Campaign Objectives are sales, leads, engagement,

27   traffic, awareness, and app promotion. Campaign Objectives help advertisers achieve the outcome

28   that the advertiser would find most valuable. In the Campaign creation stage, an advertiser can

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

2

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"*
*PROTECTED MATERIAL HIGHLIGHTED*

1    toggle on A/B testing, which allows an advertiser to compare two versions of an ad strategy by

2    changing variables such as ad images, ad text, audience, or placement.  According to Meta's

3    Advertising Standards, "[a]ny United States advertiser or advertiser targeting the United States,

4    Canada or certain parts of Europe that is running financial products and services, housing or

5    employment ads, must self identify as a Special Ad Category, as it becomes available, and run

6    such ads with approved targeting options."  Types of Special Ad Categories include "Financial

7    products and services," "Employment," "Housing," and "Social issues, elections or politics."

8    Advertisements relating to a Special Ad Category can be subject to limitations in terms of the

9    targeting and Advantage+ creative enhancements that are available for the Advertisement.  For

10   example, certain audience options, including lookalike audience and saved audience, are limited

11   or unavailable for housing, employment, and financial products and services Advertisements for

12   advertisers based in or reaching certain countries.  Likewise, Advantage+ creative enhancements

13   that incorporate generative AI ("Gen AI") may not be available for certain Special Ad Categories.

14        After creating a Campaign, an advertiser will move on to Ad Set creation.  *See*

15   META-0016880.  An Ad Set allows an advertiser to group Advertisements that share settings for

16   how and when to run.  Settings defined at the Ad Set level will automatically apply to all

17   Advertisements in the Ad Set.  The settings available to an advertiser in Ad Set creation will vary

18   based on the selected Campaign Objective.  For example, an advertiser may not be able to use

19   Dynamic Creative for its Ad Set if the advertiser selected sales or app promotion as its Campaign

20   Objective.[1]  *See also* Meta's Second Supplemental Response to Interrogatory No. 2 dated May 30,

21   2025.  An advertiser can also select the budget and schedule for its Ad Set.  An advertiser can seek

22   to select the Audience for its Advertisement during Ad Set creation and can enable Tools to

23   facilitate this, including audience controls and Advantage+ audience.  Audience controls limit who

24   can see an advertiser's ads by categories such as locations, minimum age, custom audiences, and

25

26   [1]  If an advertiser enables Dynamic Creative during Ad Set creation, the advertiser will not be able to adjust
     individual Advantage+ creative enhancements (by nature of the Dynamic Creative Tool's function).  An
27   advertiser will still be able to make other changes at the Ad Creation stage, including by selecting the text and
     creative that will be used in the Advertisement.  If Dynamic Creative is available to an advertiser during Ad Set
28   creation, Flexible Format will not be available during Ad Creation.

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO                  3
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"*
*PROTECTED MATERIAL HIGHLIGHTED*

1    languages.  An advertiser can also utilize Advantage+ audience to find its campaign audience.  *See*

2    *also* Meta's Amended Response to Interrogatory No. 5 dated March 25, 2025.  An advertiser can

3    also adjust the Placement of its Advertisements by using Tools such as Advantage+ placements.

4    *See also* Meta's Amended Response to Interrogatory No. 5 dated March 25, 2025.

5        After creating an Ad Set, an advertiser will move on to Ad Creation.  *See* META-0016880.

6    An advertiser will select a Facebook Page and Instagram account connected with the advertiser's

7    business.  An advertiser will then select a Format: Single Image or Video, Carousel, Collection, or

8    Flexible Format.  Advertisements using the Single Image or Video Format will display a still

9    image, video, or slideshow for the user, depending on the media uploaded by the advertiser.

10   Advertisements using the Carousel Format showcase two or more images or videos, each with its

11   own headline, description, link, and call to action.  Advertisements using the Collection Format

12   pair a video or image with a row of product images below it.  Advertisements using Flexible

13   Format allow the ad delivery system to automatically determine what media or media combination,

14   such as Single Image, Video, or Carousel, to show users.  An advertiser can upload up to 10 images

15   and videos in connection with a single Flexible Format Advertisement.  *See also* Meta's Second

16   Supplemental Response to Interrogatory No. 2 dated May 30, 2025.

17       Different format options enable the advertiser to opt in to different enhancements at the Ad

18   Creation stage in Ads Manager.  In general, after selecting the format for its Advertisement, an

19   advertiser can opt in to certain Advantage+ creative enhancements, including Image generation,

20   Background generation, Expand image, Image animation, Text generation, Text improvements,

21   Adapt multi-image format, Adapt to placement, Add catalog items, Add details to ad layout, Add

22   overlays, Dynamic description, Dynamic media, Enhance CTA, Highlight carousel card, Image

23   brightness and contrast, Info labels, Music, Profile end card, Relevant comments, Store locations,

24   Video effects, Visual touch-ups, and 3D animation.  However, certain Advantage+ creative

25   enhancements are only available for opt in for certain formats.  For example, Highlight carousel

26   card and Profile end card are only available for Advertisements that use the Carousel format.

27   Likewise, certain Advantage+ creative enhancements are only available for opt in if the advertiser

28

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO          4
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

CASE NO. 5:22-cv-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"*
*PROTECTED MATERIAL HIGHLIGHTED*

1  enabled certain Campaign Objectives.  For example, Store locations is only available for

2  Campaigns that use the sales, traffic, or engagement Objectives.

3  Meta's Advantage+ creative enhancements that use Gen AI ("Gen AI enhancements"),

4  including Image generation, Background generation, Expand image, Image animation, Text

5  generation, Text improvements, and Visual touch-ups, are among the Advantage+ creative

6  enhancements that may be available for opt-in during the Ad Creation stage in Ads Manager.

7  Some of Meta's Gen AI enhancements may not be available to advertisers in certain Special Ad

8  Categories, such as financial services and pharma/health, and in ads for housing, employment or

9  financial services/credit, social issues, elections, or politics, along with certain countries, given the

10  highly regulated environment that advertisers in these verticals or countries operate in.  Text

11  improvements, is designed to surface key information about an Advertisement.  When an

12  advertiser toggles on this feature, keywords and phrases will be taken from the advertiser's original

13  ad copy and displayed directly or adjusted to better fit on or around the ad creative, such as text

14  overlays, footers, prominent headlines, and more.  Text generation is a Gen AI feature that allows

15  advertisers to create diverse text variations.  To use Text generation in Advantage+ creative, an

16  advertiser must first provide input text.  Text generation can generate up to five variations of the

17  inputted text.  An advertiser selects which variations, if any, it would like to enable as an option to

18  display with its Advertisement.  Text generation is available for primary text and headline text.

19  An advertiser can preview versions of its Advertisement in the Ad preview section of Ads

20  Manager.  An advertiser can review how its Advertisement may appear on different Placements

21  and how Advantage+ creative enhancements may be applied.  An advertiser completes the Ad

22  Creation process in Ads Manager by clicking "publish."

23  Meta will automatically review the Advertisement against Meta Advertising Standards.

24  *See* META-0016880. Meta's Ad Review process is identified in its Supplemental Response to

25  Interrogatory No. 7 dated April 25, 2025.

26

27

28

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

5

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL."*
*PROTECTED MATERIAL HIGHLIGHTED*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



*See* META-0008778.

*See* META-0091188.

*See* META-0092243.

*See* META-0077041.

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

6

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL."*
PROTECTED MATERIAL HIGHLIGHTED

1

2

3

4

5   *See id.*

6   Meta's investigation is ongoing. Meta reserves the right to further supplement its Response

7   to this Interrogatory.

8   **INTERROGATORY NO. 8:**

9   Describe Meta's Performance Evaluation process step-by-step, including any impact that

10   the results of such process, or any data or information collected or created by such process, can

11   have on Content Modification or Optimization.

12   **RESPONSE TO INTERROGATORY NO. 8:**

13   Meta incorporates its Objections to the defined terms used in this Interrogatory. Meta

14   further objects to this Interrogatory to the extent that it seeks information relating to Performance

15   Evaluation as not relevant to Meta's Section 230 defense in accordance with the bifurcated

16   schedule as ordered by the Court. *See* Dkt. 172.

17   Based on the foregoing General and Specific Objections, Meta contends that there is no

18   basis for this Interrogatory, and therefore, no further response is required.

19   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

20   Subject to and without waiving any of the foregoing General and Specific Objections, Meta

21   states that on the parties' January 31, 2025 meet and confer, Plaintiff articulated that—despite the

22   language of Interrogatory No. 8 and Plaintiff's revised definition of "Performance Evaluation" as

23   set forth in his January 15, 2025 letter—he was seeking information as to whether there is any

24   "feedback loop" as part of the ad creation process. Meta noted that the term "feedback loop" is

25   vague and ambiguous but nonetheless agreed, at the parties' March 28, 2025 meet and confer, to

26   identify the ▓▓▓▓▓▓▓▓▓▓ as an example of what Meta understands Plaintiff to mean

27   by reference to a "feedback loop."

28

1    Accordingly, Meta supplements its Response to Interrogatory No. 8 as follows: Meta

2    incorporates by reference as though fully set forth herein the discussion of ███████████ in

3    Meta's Supplemental Response to Interrogatory No. 1.

4    Meta's investigation is ongoing.  Meta reserves the right to further supplement its Response

5    to this Interrogatory.

6

7    August 22, 2025                    /s/ Karen L Dunn
     Washington, D.C.                   Karen L. Dunn (*pro hac vice*)
                                        kdunn@dirllp.com
8                                       Melissa F. Zappala (*pro hac vice*)
                                        mzappala@dirllp.com
9                                       **DUNN ISAACSON RHEE LLP**
                                        401 9th Street NW
10                                      Washington, DC 20004
                                        Telephone: (202) 240-2900
11                                      Facsimile: (202) 240-2905

12                                      Meredith R. Dearborn (SBN: 268312)
                                        mdearborn@dirllp.com
13                                      **DUNN ISAACSON RHEE LLP**
                                        345 California Street, Suite 600
14                                      San Francisco, CA 94104-2671
                                        Telephone: (202) 240-2900
15                                      Facsimile: (202) 240-2050

16                                      Walter F. Brown Jr. (SBN: 130248)
                                        wbrown@paulweiss.com
17                                      **PAUL, WEISS, RIFKIND, WHARTON &**
                                                 **GARRISON LLP**
18                                      535 Mission Street, 25th Floor
                                        San Francisco, CA 94105
19                                      Telephone: (628) 432-5100
                                        Facsimile: (628) 232-3101
20
                                        Amy L. Barton (*pro hac vice*)
21                                      abarton@paulweiss.com
                                        Thomas Patrick Cordova (*pro hac vice*)
22                                      pcordova@paulweiss.com
                                        **PAUL, WEISS, RIFKIND, WHARTON &**
23                                                 **GARRISON LLP**
                                        1285 Avenue of the Americas
24                                      New York, NY 10019-6064
                                        Telephone: (212) 373-3000
25                                      Facsimile: (212) 757-3990

26                                      Jonathan S. Tam (SBN: 304143)
                                        jtam@paulweiss.com
27                                      **PAUL, WEISS, RIFKIND, WHARTON &**
                                                 **GARRISON LLP**
28                                      2029 Century Park East, Suite 2000

Los Angeles, CA 90067-3006
Telephone: (310) 982-4350
Facsimile: (628) 226-3210

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &**
    **SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

9

CASE NO. 5:22-cv-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"*
*PROTECTED MATERIAL HIGHLIGHTED*

1

## CERTIFICATE OF SERVICE

2      I am employed in the County of New York, the State of New York.  I am over the age of

3   18 years and not a party to this action.  My business address is Paul, Weiss, Rifkind, Wharton &

4   Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064.

5      On August 22, 2025, I caused the following document(s) to be served:

6   **DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND**
    **OBJECTIONS TO PLAINTIFF'S INTERROGATORY NOS. 1 AND 8**

7

8   via electronic mail delivery to the person(s), address(es), and email address(es) set forth below:

9   John C. Quinn (*pro hac vice*)                    Elizabeth Ryan (*pro hac vice*)
    jquinn@heckerfink.com                             eryan@baileyglasser.com
    Hyatt Mustefa (*pro hac vice*)                    John Roddy (*pro hac vice*)
10  hmustefa@heckerfink.com                           jroddy@baileyglasser.com
    Jocelyn Hassel (*pro hac vice*)                   **BAILEY & GLASSER LLP**
11  jhassel@heckerfink.com                            101 Arch Street, 8th Floor
    Tayonna Ngutter (*pro hac vice*)                  Boston, MA 02110
12  tngutter@heckerfink.com                           Telephone: (617) 439-6730
    **HECKER FINK LLP**
13  350 Fifth Avenue, 63rd Floor                      Katherine E. Charonko (*pro hac vice*)
    New York, NY 10118                                kcharonko@baileyglasser.com
14  Telephone: (212) 763-0883                         **BAILEY & GLASSER LLP**
                                                      209 Capital Street
15  Joshua Matz (*pro hac vice*)                      Charleston, WV 25301
    jmatz@heckerfink.com                              Telephone: (304) 345-6555
16  Joyce Dela Peña (*pro hac vice*)
    jdelapena@heckerfink.com                          Elizabeth L. Stryker (*pro hac vice*)
17  Kaitlin Konkel (*pro hac vice*)                   estryker@baileyglasser.com
    kkonkel@heckerfink.com                            **BAILEY & GLASSER LLP**
18  **HECKER FINK LLP**                               94 Long Street, Suite 200
    1050 K Street NW, Suite 1040                      Westover, WV 26501
19  Washington, DC 20001                              Telephone: (304) 594-0087
    Telephone: (212) 763-0883
20                                                    Derek G. Howard (SBN: 118082)
    Leslie Brueckner (SBN: 140968)                    derek@derekhowardlaw.com
21  lbrueckner@singletonschreiber.com                 **DEREK G. HOWARD LAW FIRM, INC.**
    **SINGLETON SCHREIBER**                           42 Miller Avenue
22  591 Camino de la Reina, Suite 1025                Mill Valley, CA 94941
    San Diego, CA 92108                               Telephone: (415) 432-7192
23  Telephone: (619) 573-1851
                                                      Brian Remlinger (*pro hac vice*)
24                                                    bremlinger@heckerfink.com
                                                      **DEREK G. HOWARD LAW FIRM, INC.**
25                                                    1050 K Street NW, Suite 1040
                                                      Washington, DC 20001
26                                                    Telephone: (202) 742-2660

27  *Attorneys for Plaintiff Dr. Andrew Forrest*

28

---

DEFENDANT META PLATFORMS, INC.'S                                    CASE NO. 5:22-cv-03699-PCP
SUPPLEMENTAL RESPONSES & OBJECTIONS TO          10          *REVISED: DESIGNATED "CONFIDENTIAL"*
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8                        *PROTECTED MATERIAL HIGHLIGHTED*

1        The party upon whom this electronic mail has been served has agreed in writing to such

2  form of service pursuant to agreement.

3        I declare, under penalty of perjury, that the foregoing is true and correct and that this

4  declaration was executed on August 22, 2025 in Washington, D.C.

5

6

7                              */s/ T. Patrick Cordova*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT META PLATFORMS, INC.'S
SUPPLEMENTAL RESPONSES & OBJECTIONS TO
PLAINTIFF'S INTERROGATORY NOS. 1 AND 8

11

CASE NO. 5:22-CV-03699-PCP
*REVISED: DESIGNATED "CONFIDENTIAL"*
*PROTECTED MATERIAL HIGHLIGHTED*