1  Karen L. Dunn (*pro hac vice*)
   kdunn@dirllp.com
2  Melissa F. Zappala (*pro hac vice*)
   mzappala@dirllp.com
3  **DUNN ISAACSON RHEE LLP**
   401 9th Street NW
4  Washington, DC 20004
   Telephone: (202) 240-2900
5  Facsimile (202) 240-2050

6  Meredith R. Dearborn (SBN: 268312)
   mdearborn@dirllp.com
7  **DUNN ISAACSON RHEE LLP**
   345 California Street, Suite 600
8  San Francisco, CA 94104-2671
   Telephone: (202) 240-2900
9  Facsimile: (202) 240-2050

   Walter F. Brown, Jr. (SBN: 130248)
   wbrown@paulweiss.com
   **PAUL, WEISS, RIFKIND,**
   **WHARTON & GARRISON LLP**
   535 Mission Street, 25th Floor
   San Francisco, CA 94105
   Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101

   Amy L. Barton (*pro hac vice*)
   abarton@paulweiss.com
   T. Patrick Cordova (*pro hac vice*)
   pcordova@paulweiss.com
   Anne Simons (*pro hac vice*)
   asimons@paulweiss.com
   Paloma Rivera (*pro hac vice*)
   privera@paulweiss.com
   **PAUL, WEISS, RIFKIND,**
   **WHARTON & GARRISON LLP**
   1285 Avenue of the Americas
   New York, NY 10019-6064
   Telephone: (212) 373-3000
   Facsimile: (212) 757-3990

13  *Attorneys for Defendant Meta Platforms, Inc.*

15  **UNITED STATES DISTRICT COURT**

16  **NORTHERN DISTRICT OF CALIFORNIA**

17  **SAN JOSE DIVISION**

| | |
|---|---|
| 18  DR. ANDREW FORREST, | Case No. 22-CV-03699-PCP (VKD) |
| 19        Plaintiff, | **DEFENDANT META PLATFORMS,** |
| 20     v. | **INC.'S ADMINISTRATIVE MOTION** **TO CLOSE FEBRUARY 24 HEARING** |
| 21  META PLATFORMS, INC., | **ON THE JOINT DISCOVERY LETTER** **BRIEF (DKTS. 307, 307-4, 307-5, 307-6,** |
| 22        Defendant. | **308-3, 308-4, 308-5, 308-6)** |
| 23 | The Honorable Virginia K. DeMarchi |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       Pursuant to Civil Local Rule 7-11 of the United States District Court for the Northern

3   District of California, Defendant Meta Platforms, Inc. ("Meta") respectfully submits this

4   Administrative Motion seeking to close the courtroom during the February 24, 2026 hearing on

5   the parties' Joint Discovery Letter Brief (Dkts. 307, 307-4, 307-5, 307-6 (redacted); Dkts. 308-3,

6   308-4, 308-5, 308-6 (filed under seal)) (the "Discovery Letter Brief").

7       **I.     STATEMENT OF RELEVANT FACTS**

8       On February 9, 2026, the parties filed the Discovery Letter Brief.  In connection with that

9   dispute, Plaintiff and Meta included in the Discovery Letter Brief and exhibits considerable non-

10  public details relating to: (i) Meta's non-public, proprietary backend systems and processes for ad

11  review, delivery, and optimization, including the internal names of those processes; and (ii) Meta's

12  internal nonpublic corporate structure, including the specific groups into which its employees are

13  organized (the "Confidential Information").

14      On February 9, Plaintiff provisionally filed portions of the Discovery Letter Brief and

15  exhibits under seal.  *See* Dkts. 307, 307-4, 307-5, 307-6 (redacted); Dkts. 308-3, 308-4, 308-5,

16  308-6 (filed under seal).  On the same date, Plaintiff filed his Administrative Motion to Consider

17  Whether Another Party's Material Should Be Sealed, specifically seeking to seal the portions of

18  the Discovery Letter Brief and exhibits reflecting the Confidential Information (the

19  "Administrative Motion").  *See* Dkt. 308.  On February 17, Meta filed the Declaration of Walter

20  F. Brown, Jr. in Support of Plaintiff's Administrative Motion (the "Brown Declaration").  *See* Dkt.

21  310.

22      A hearing on the parties' Discovery Letter Brief is set for Tuesday, February 24, at 10:00

23  a.m. before Judge DeMarchi.

24      Meta conferred with Plaintiff on this motion pursuant to Civil Local Rule 7-11(a) and

25  Plaintiff opposes closing the February 24 hearing.

26      **II.    ARGUMENT**

27      This Court should close the hearing on the Discovery Letter Brief because: (1) the

28  Discovery Letter Brief and accompanying exhibits rely in significant part on the Confidential

---

DEFENDANT META PLATFORMS, INC.'S ADMIN.
MOTION TO CLOSE FEBRUARY 24 HEARING     - 1 -     CASE NO. 5:22-CV-03699-PCP (VKD)

1  Information that has been filed—and should remain—under seal; and (2) avoiding discussion of

2  the Confidential Information would inhibit this Court's and the parties' ability to fully address the

3  issues presented in the Discovery Letter Brief and accompanying exhibits.

4       *First*, the Confidential Information should remain under seal.  *See* Dkt. 310.  When courts

5  in this Circuit consider a motion to seal information that is only "tangentially related to the merits

6  of a case," like the Confidential Information at issue here, they apply "the less exacting 'good

7  cause' standard."  *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097–101 (9th Cir.

8  2016).  In line with this authority, this Court previously held that the "good cause standard" applied

9  to seal information concerning "a discovery matter" in this case.  *See, e.g.*, Dkt. 289 at 3 n.2 ("As

10  Mr. Forrest's sealing motion relates to a discovery matter, the good cause standard applies."); *see*

11  *also In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2023 WL 5667891,

12  at *1 (N.D. Cal. Aug. 21, 2023) ("The discovery hearing at issue here does not address the merits

13  of either party's claims or defenses, so the Court will apply the 'good cause' standard of Rule

14  26(c).").

15       Here, as explained in the prior Brown Declaration (Dkt. 310), good cause exists to seal the

16  Confidential Information because it is narrowly tailored to include only "specific, proprietary, and

17  confidential information about Meta's ad review, optimization, and delivery systems and

18  processes, including internal names of those processes, and Meta's internal organizational

19  structure."  Dkt. 310 ¶ 5.  Sealing limited portions of the Discovery Letter and associated exhibits

20  will not impede the public's understanding of the judicial process because Meta seeks to seal only

21  "proprietary information . . . not essential to the public's understanding of the merits of this dispute

22  or this case."  *Id.* ¶ 6.  The Confidential Information consists of "detailed, proprietary information"

23  about "how Meta's ad review, optimization, and delivery systems and processes are designed,

24  organized, and operated, as well as how Meta's corporate structure is organized."  *Id.* ¶ 8.  If

25  revealed, competitors could be "give[n] . . . the ability to imitate Meta's systems and processes,

26  thereby causing competitive harm."  *Id.* (collecting cases, including *Campbell* v. *Facebook Inc.*,

27  No. 13-cv-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016)).  In addition, disclosure

28  of the Confidential Information "could be used by bad actors to infiltrate, exploit, and misuse"

Meta's internal processes. *Id.* ¶ 9 (collecting cases, including *Music Grp. Macao Com. Offshore Ltd.* v. *Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015)).  For these reasons, courts—including this Court in this case—have routinely sealed the type of information that Meta seeks to seal here, including information about "the operation of proprietary systems" and "information related to a company's non-public corporate structure."  *Id.* ¶ 10 (collecting cases, including Dkt. 289 at 3 n.2; *Calhoun* v. *Google LLC*, No. 20-cv-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *Bold Ltd.* v. *Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024)).

*Second*, opening the hearing on the Discovery Letter Brief to the public—which would require counsel and the Court to avoid mentioning any Confidential Information—would inhibit a full and productive discussion of the issues at stake.  This Court recently granted Meta's request to seal the courtroom for a hearing on a discovery dispute that concerned "considerable non-public details relating to the design, mechanics, and contents of its data storage systems and repositories."[1]  Dkt. 281 at 1.  Similarly, the issues raised in the Discovery Letter Brief and exhibits turn on confidential details of Meta's ad review, optimization, and delivery systems and processes, including the internal names of those processes.  A productive discussion will require the parties to discuss such details, but the parties cannot do so in an open hearing without divulging the Confidential Information.  As a result, there are no feasible alternatives to closure that would protect Meta's compelling interests in maintaining the confidentiality of the information filed under seal.  *Cf. In re Google RTB*, 2023 WL 5667891, at *1–2 (denying motion to seal portions of hearing transcript where hearing had already been "open to the public").

Plaintiff has conveyed to Meta that he opposes this motion.  *See* Declaration of Walter F. Brown, Jr. in Support of Defendant's Administrative Motion to Close February 24 Hearing ¶ 4. Plaintiff argued that less restrictive means than sealing, like sidebars, are available to protect the

---

[1] This Court previously declined Meta's request to close the courtroom for a hearing on a different discovery dispute.  *See* Dkt. 259 at 1 n.2.  This Court concluded that "most of what seems to be presented in the letter is at a very high level" and "[t]here's many things that are already in the public domain" such that this Court was "not convinced . . . that we need to seal this matter in order to have a . . . productive conversation."  Dkt. 258 at 4.  The same cannot be said for the Confidential Information at issue in the Discovery Letter Brief.

1    Confidential Information, much of which Plaintiff argues is already in the public domain.  *Id.*

2    Sidebars may not be the most efficient means of protecting Meta's Confidential Information during

3    this hearing, however, given the focus on Meta's proprietary systems and the level of detail that

4    Meta anticipates may be necessary to discuss.  Indeed, this Court recently rejected a similar

5    argument by Plaintiff.  *See* Dkt. 281 at 2 ("It would be impractical for the Court to interrupt the

6    hearing to conduct 'sidebar' proceedings every time Confidential or Highly Confidential –

7    Attorneys' Eyes Only material is mentioned.").

8         **III.    CONCLUSION**

9         Meta respectfully requests that this Court close the February 24, 2026 hearing on the

10   Discovery Letter Brief.

11

12    Dated:  February 19, 2026                    By: */s/ Walter F. Brown, Jr.*

13                                                  Walter F. Brown, Jr. (SBN: 130248)
                                                    wbrown@paulweiss.com
14                                                  **PAUL, WEISS, RIFKIND,**
                                                    **WHARTON & GARRISON LLP**
15                                                  535 Mission Street, 25th Floor
                                                    San Francisco, CA 94105
16                                                  Telephone: (628) 432-5100
                                                    Facsimile: (628) 232-3101
17
                                                    Amy L. Barton (*pro hac vice*)
18                                                  abarton@paulweiss.com
                                                    T. Patrick Cordova (*pro hac vice*)
19                                                  pcordova@paulweiss.com
                                                    Anne Simons (*pro hac vice*)
20                                                  asimons@paulweiss.com
                                                    Paloma Rivera (*pro hac vice*)
21                                                  privera@paulweiss.com
                                                    **PAUL, WEISS, RIFKIND,**
22                                                  **WHARTON & GARRISON LLP**
                                                    1285 Avenue of the Americas
23                                                  New York, NY 10019-6064
                                                    Telephone: (212) 373-3000
24                                                  Facsimile: (212) 757-3990

25                                                  Karen L. Dunn (*pro hac vice*)
                                                    kdunn@dirllp.com
26                                                  Melissa F. Zappala (*pro hac vice*)
                                                    mzappala@dirllp.com
27                                                  **DUNN ISAACSON RHEE LLP**
                                                    401 9th Street NW
28                                                  Washington, DC 20004

Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*