| | |
|---|---|
| John C. Quinn (*pro hac vice*) <br> jquinn@heckerfink.com <br> Hyatt Mustefa (*pro hac vice*) <br> hmustefa@heckerfink.com <br> Jocelyn Hassel (*pro hac vice*) <br> jhassel@heckerfink.com <br> Tayonna Ngutter (*pro hac vice*) <br> tngutter@heckerfink.com <br> Tanveer Singh (*pro hac vice*) <br> tsingh@heckerfink.com <br> **HECKER FINK LLP** <br> 350 Fifth Avenue, 63rd Floor <br> New York, NY 10118 <br> Telephone: (212) 763-0883 <br><br> Joshua Matz (*pro hac vice*) <br> jmatz@heckerfink.com <br> Kaitlin Konkel (*pro hac vice*) <br> kkonkel@heckerfink.com <br> Joanne Grace Dela Peña (*pro hac vice*) <br> jdelapena@heckerfink.com <br> Brian Remlinger (*pro hac vice*) <br> bremlinger@heckerfink.com <br> **HECKER FINK LLP** <br> 1050 K Street NW, Suite 1040 <br> Washington, DC 20001 <br> Telephone: (212) 763-0883 | Leslie Brueckner (SBN: 140968) <br> lbrueckner@singletonschreiber.com <br> **SINGLETON SCHREIBER, LLP** <br> 591 Camino de la Reina, Suite 1025 <br> San Diego, CA 92108 <br> Telephone: (619) 573-1851 <br><br> Elizabeth Ryan (*pro hac vice*) <br> eryan@baileyglasser.com <br> **BAILEY & GLASSER LLP** <br> 176 Federal Street, 5th Floor <br> Boston, MA 02110 <br> Telephone: (617) 439-6730 <br><br> Derek G. Howard (SBN: 118082) <br> derek@derekhowardlaw.com <br> **DEREK G. HOWARD LAW FIRM, INC.** <br> 42 Miller Avenue <br> Mill Valley, CA 94941 <br> Telephone: (415) 432-7192 <br> Facsimile: (415) 524-2419 |

*Attorneys for Plaintiff Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. <br><br> Defendant. | Case No. 22-CV-03699-PCP (VKD) <br><br> **PLAINTIFF DR. ANDREW FORREST'S RESPONSE IN OPPOSITION RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308)** <br><br> The Honorable Virginia K. DeMarchi |

Pursuant to Civil L.R. 79-5(f)(4), Plaintiff Dr. Andrew Forrest respectfully submits this response in opposition to the sealing request made by Meta pursuant to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* ECF 308 (administrative motion); ECF 310 (Meta's declaration in support of sealing). Meta seeks to seal portions of the parties' Joint Discovery Letter Brief re: Fraud Scoring and the accompanying exhibits (the "Letter Brief"), which are the subject of an upcoming discovery hearing before Judge DeMarchi set for February 24. Meta has failed to show good cause to seal the conditionally redacted material because (1) much of the material is already in the public domain; (2) Meta has not made the particularized showing required to seal confidential business information; and (3) Meta is seeking to seal ordinary terms and phrases that are not confidential or proprietary. Accordingly, as set forth more fully below, the Court should deny sealing.

I. **BACKGROUND**

This discovery dispute arose after Plaintiff learned from Reuters reporting—sourced from internal Meta documents—that Meta had failed to disclose responsive information in discovery. *See* ECF 308-3 at 2. As Plaintiff explained in his portion of the Letter Brief, a November 2025 Reuters article "reveal[ed] that, after Meta creates different ad versions and alters and optimizes them differently—i.e., makes its contributions—it scores the resulting variants specifically for the likelihood of fraud." *Id.*[1] In addition, Plaintiff described a December 2025 article concerning "specific tools at issue in discovery," which reported that "Advantage+ (a tool central to discovery) used AI to generate 'more enticing' variants, including suggesting new text that 'violated Reuters policy against making false statements.'" *Id.*[2] After learning of these articles, Plaintiff sent Meta a detailed deficiency letter citing that reporting. *Id.* Meta took weeks to respond and then refused to supplement or correct its document production and interrogatory responses, *see* Fed. R. Civ.

---

[1] Jeff Horwitz, *Meta Is Earning a Fortune on a Deluge of Fraudulent Ads, Documents Show*, Reuters (Nov. 6, 2025), https://www.reuters.com/investigations/meta-is-earning-fortune-deluge-fraudulent-ads-documents-show-2025-11-06/.

[2] Jeff Horwitz, *Meta's "Trusted Experts" Helped Me Run Scam Ads on Facebook and Instagram*, Reuters (Dec. 15, 2025), https://www.reuters.com/investigations/metas-trusted-experts-helped-me-run-scam-ads-facebook-instagram-2025-12-15/.

P. 26(e), and the parties submitted the Letter Brief on February 9, 2026.

The parties filed two versions of the Letter Brief: a public, redacted version (ECF 307) and an unredacted version filed under conditional seal (ECF 308).  Prior to filing, Meta requested redaction of specific portions pursuant to the Second Amended Protective Order, ECF 234 (the "Protective Order").  Thus, as required by Section 14.4 of the Protective Order, Plaintiff filed those parts of the Letter Brief under conditional seal, reserving "all rights to challenge Defendant's sealing requests and confidentiality designations." ECF 308 at 1.

On February 17, Meta filed a declaration in support of sealing.  ECF 310.  Meta urged the Court to seal the material conditionally redacted from the Letter Brief, pointing to potential harm to Meta's business and security interests.  ECF 310 ¶¶ 7-9.  Counsel represented that "disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage" and "could be used by bad actors." *Id.*  Meta's filing also included a chart listing the portions of the Letter Brief for which Meta is requesting sealing.  ECF 310-1.  For each item, Meta asserted that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." *Id.* at 1-5 (repeating this language verbatim in each of the 16 entries).

On February 19, Meta filed an administrative motion to close the February 24 hearing, contending that the hearing will involve material that was filed, and should remain, under seal. ECF 312.  Plaintiff will separately respond to that motion.

II.   **LEGAL STANDARD**

"The law recognizes two qualified rights of access to judicial proceedings and records": "a common-law right of access to inspect and copy judicial records and documents" and "a First Amendment right of access to criminal proceedings." *Perry v. Schwarzenegger*, 302 F. Supp. 3d 1047, 1053 (N.D. Cal. 2018) (quoting *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011)). With respect to the common-law right of access, courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "If a court record is not one that has traditionally been kept secret, one of two standards

is used to determine whether the presumption of public access may be overcome." *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-1389, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008). When a motion is "more than tangentially related to the merits of a case," the "compelling reasons" standard applies to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). For other motions, the party seeking sealing must make a "particularized showing" under the "good cause" standard. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138). Regardless of the procedural posture, requests to restrict public access must be narrowly tailored under Civil Local Rule 79-5, and Rule 79-5(e) emphasizes that "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances."

## III.  ARGUMENT

Meta has not shown good cause to restrict public access to the conditionally sealed material. To the contrary, the material it seeks to seal is either: (1) already in the public domain; (2) not eligible for sealing because Meta has failed to make the required particularized showing; or (3) ordinary language that is not confidential or proprietary. Plaintiff has attached a reproduced version of Meta's chart (ECF 310-1) that includes a column with his position for each entry. *See* Ex. A. For the reasons explained below and in the attached chart, the Court should deny sealing.

First, Meta cannot establish "good cause to uphold the confidential designations of the documents" because much of "the information . . . is already in the public domain." *In re Twitter Inc. Sec. Litig.*, No. 16-cv-5314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (quoting *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-4984, 2015 WL 1006534, at *6 (N.D. Cal. Mar. 6, 2015)). Once material designated as confidential has been disclosed to the public, the rationale for sealing—that public access should be restricted because disclosure would result in harm—no longer applies. *See, e.g.*, *Dangaard v. Instagram, LLC*, No. 22-1101, 2024 WL 5097420, at *1 (N.D. Cal. Dec. 12, 2024) (denying Meta's sealing requests where information was "readily available in the public record and does not warrant sealing"); Protective Order, ECF 234 ¶ 3 (excluding from protection "any information that . . . becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order").

1   Here, the declaration of Meta's counsel and accompanying chart do not even acknowledge the
2   Reuters reporting, let alone "explain how what it proposes to seal here differs from the material
3   that is already publicly available." *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155, 2023
4   WL 5667891, at *2 (N.D. Cal. Aug. 21, 2023).  Nor does Meta acknowledge the prior disclosure
5   of much of this material on its own webpages.[3]  As explained in more detail in Exhibit A, the Court
6   should deny sealing of all material that is already public—whether through news reporting, Meta's
7   prior disclosures, or some other source.

8         Second, as to the rest, Meta fails to make the particularized showing required to seal
9   confidential business information.  In support of its sealing request, Meta has submitted a
10  declaration from counsel that offers generic, unsupported statements regarding Meta's business
11  and security interests.  ECF 310.  These boilerplate, conclusory statements are devoid of detail,
12  and many are couched in hypothetical terms.  *See, e.g.*, *id.* ¶ 8 (stating that disclosures "*may* give
13  competitors the ability to imitate Meta's systems and processes" (emphasis added)); *id.* ¶ 9
14  (asserting that disclosures "*could* be used by bad actors to infiltrate, exploit, and misuse Meta's
15  internal processes" (emphasis added)).  Such assertions fall far short of the "particularized
16  showing" required under Rule 26(c).  *See Kamakana*, 447 F.3d at 1180.  Indeed, "supporting
17  declarations may not rely on vague boilerplate language or nebulous assertions of potential harm"
18  to justify sealing; instead, they "must explain with particularity why any document or portion
19  thereof remains sealable." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-8103, 2022 WL
20  4074653, at *1 (N.D. Cal. Sep. 5, 2022) (citation modified).

21        The chart attached to Meta's declaration, while ostensibly submitted to provide item-by-
22  item substantiation for Meta's sealing requests, only underscores these deficiencies.  Each entry
23  recites the same conclusory language—"[i]f this information were disclosed, it could
24  competitively harm Meta and enable bad actors to exploit Meta's systems"—with no specifics as
25  to how or why disclosure of the referenced material would lead to that result.  *See* ECF 310-1 at

---

[3] *See, e.g., About Ads in Review*, Meta, https://www.facebook.com/business/help/204798856225114?id=649869995454285; *About Ad Delivery*, Meta, https://www.facebook.com/business/help/1000688343301256?id=561906377587030; *Frauds, Scams, and Deceptive Practices*, Meta, https://transparency.meta.com/policies/community-standards/fraud-and-scams/.

1-6. A litigant cannot establish good cause based on "assertions of harm [that] are generic and do not address the potential effects of the disclosure of the *particular* identifiers and processes." *Google RTB Consumer Priv. Litig.*, 2023 WL 5667891, at *2 (emphasis added).

Finally, Meta asks this Court to seal ordinary words and phrases that are not specific to Meta's proprietary systems and processes. But a party does not have "good cause to seal generic technical terms and other commonly used phrases," *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-cv-3745, 2025 WL 2856297, at *2 (N.D. Cal. Oct. 8, 2025) (DeMarchi, J.), and courts have previously rejected Meta's efforts to seal this type of information, *see In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. May 21, 2025), ECF 1030 at 2 ("Meta has also not demonstrated good cause to generic or high-level references to publicly or commonly known terms and concepts . . . , untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is *proprietary* or *confidential* to its business." (emphasis added)).

Because Meta has not met its burden as to any of the sealing requests, the Court should deny Meta's requests. If the Court finds that Meta has shown good cause to seal some subset of the information (for example, the names of specific systems or processes), Plaintiff respectfully requests that the Court order Meta to refile the Letter Brief with updated redactions.

**IV.   CONCLUSION**

For the reasons explained above, the Court should deny Meta's administrative motion.

Dated: February 23, 2025                                    Respectfully submitted,

*/s/ John C. Quinn*
John C. Quinn (*pro hac vice*)                              Leslie Brueckner (SBN: 140968)
jquinn@heckerfink.com                                       lbrueckner@singletonschreiber.com
Hyatt Mustefa (*pro hac vice*)                              **SINGLETON SCHREIBER, LLP**
hmustefa@heckerfink.com                                     591 Camino de la Reina, Suite 1025
Jocelyn Hassel (*pro hac vice*)                             San Diego, CA 92108
jhassel@heckerfink.com                                      Telephone: (619) 573-1851
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com                                     Elizabeth Ryan (*pro hac vice*)
Tanveer Singh (*pro hac vice*)                              eryan@baileyglasser.com
tsingh@heckerfink.com

| | |
|---|---|
| **HECKER FINK LLP** | **BAILEY & GLASSER LLP** |
| 350 Fifth Avenue, 63rd Floor | 176 Federal Street, 5th Floor |
| New York, NY 10118 | Boston, MA 02110 |
| T: 212.763.0883 | Telephone: (617) 439-6730 |
| | |
| Joshua Matz (*pro hac vice*) | Derek G. Howard (SBN: 118082) |
| jmatz@heckerfink.com | derek@derekhowardlaw.com |
| Joanne Grace Dela Peña (*pro hac vice*) | **DEREK G. HOWARD LAW FIRM, INC.** |
| jdelapena@heckerfink.com | 42 Miller Avenue |
| Kaitlin Konkel (*pro hac vice*) | Mill Valley, CA 94941 |
| kkonkel@heckerfink.com | Telephone: (415) 432-7192 |
| Brian Remlinger (*pro hac vice*) | Facsimile: (415) 524-2419 |
| bremlinger@heckerfink.com | |
| **HECKER FINK LLP** | |
| 1050 K Street NW \| Suite 1040 | |
| Washington, DC 20001 | |
| T: 212.763.0883 | |

*Attorneys for Plaintiff Dr. Andrew Forrest*

6

PLAINTIFF DR. ANDREW FORREST'S RESPONSE IN OPPOSITION RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308) | CASE NO. 22-CV-03699-PCP (VKD)

## CERTIFICATE OF SERVICE

I, John C. Quinn, hereby certify that on February 23, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

---

PLAINTIFF DR. ANDREW FORREST'S RESPONSE IN OPPOSITION RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 308) |
CASE NO. 22-CV-03699-PCP (VKD)