**Plaintiff's Response to Meta's Sealing Requests**

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Joint Discovery Letter Brief | Page 3, third paragraph, part of second sentence, part of fifth sentence, part of seventh sentence, and part of eighth sentence | This text should be redacted because it refers to the internal systems and processes for ad optimization and delivery, including the internal names of these processes, which reveals specific, nonpublic information about Meta's proprietary ad review processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material corresponds to information that was disclosed in the November 6, 2025 Reuters article[1] and Meta webpages.[2]<br><br>Ordinary language and non-confidential concepts: The referenced material uses generic terms to discuss non-confidential processes.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Page 4, first paragraph, part of first sentence, and part of third sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material corresponds to information that was disclosed in the |

---

[1] "Meta is earning a fortune on a deluge of fraudulent ads, documents show," Reuters, https://www.reuters.com/investigations/meta-is-earning-fortune-deluge-fraudulent-ads-documents-show-2025-11-06/ ("November 2025 Reuters article").

[2] "About ad quality," Meta, https://www.facebook.com/business/help/423781975167984; "About ad delivery," Meta, https://www.facebook.com/business/help/1000688343301256?id=561906377587030.

1

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | December 15, 2025 Reuters article,[3] among other sources.<br><br>Ordinary language and non-confidential concepts: The referenced material utilizes non-confidential and generic terms. Neither sentence references any proprietary system or process.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Page 5, sixth paragraph, part of last sentence | This text should be redacted because it refers to the backend process of ad review, which reveals specific information about Meta's proprietary ad review systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material provides a high-level description of the same tools and processes discussed in the Reuters reporting and Meta's own webpages.[4]<br><br>Failure to make required showing: Meta has provided no particularized basis for its |

---

[3] "Meta's 'Trusted Experts' helped me run scam ads on Facebook and Instagram," Reuters, https://www.reuters.com/investigations/metas-trusted-experts-helped-me-run-scam-ads-facebook-instagram-2025-12-15/ ("December 2025 Reuters article").

[4] December 2025 Reuters article; "About ads in review," Meta, https://www.facebook.com/business/help/204798856225114?id=649869995454285, "Breaking Down Facebook's Ad Review Process," Facebook (May 20, 2021), https://www.facebook.com/business/news/facebook-ad-policy-process-and-review.

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | assertions regarding competitive harm and potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Pages 5-6, seventh paragraph, part of first sentence, second sentence, third sentence, part of fourth sentence, part of fifth sentence, part of sixth sentence, part of seventh sentence, eighth sentence, and part of last sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, including internal names of these processes, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material discusses processes already revealed to the public by Reuters and Meta itself.[5] In addition, some of the referenced material appears unredacted in other parts of the Letter Brief.<br><br>Ordinary language and non-confidential concepts: Much of the referenced material utilizes generic terms and phrases that do not have a specialized or technical meaning. To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and |

---

[5] November 2025 Reuters article (discussing penalty bids); December 2025 Reuters article (discussing variant generation); "About ad quality," *supra* n.2; "About ad delivery," *supra* n.2; "Meta Advantage+ Creative," Meta, https://www.facebook.com/business/ads/meta-advantage-plus/creative.

3

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Page 6, first paragraph, part of second sentence, part of fourth sentence, and part of fifth sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, including internal names of these processes, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material corresponds to information that has already been publicly disclosed in the Reuters reporting and Meta's own webpages.[6]<br><br>Ordinary language and non-confidential concepts: The referenced material utilizes generic terms and phrases that refer to non-confidential processes. To the extent that disclosure of the generic process description could lead to competitive harm or be exploited by bad actors, it has already been publicly disclosed in the Reuters reporting and Meta's own webpages,[7] and Meta has failed to make the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and |

---

[6] November 2025 Reuters article; "About ad quality," *supra* n.2.

[7] December 2025 Reuters article (journalist performing experiment with fraudulent ads); November 2025 Reuters article; "About ad quality," *supra* n.2.

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Pages 6-7, fourth paragraph, part of second sentence, part of third sentence, and part of fifth sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, including internal names of these processes, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material involves text, terminology, and concepts that are already in the public domain, including through the Reuters reporting and Meta's own webpages.[8]<br><br>Ordinary language and non-confidential concepts: The second of the three highlighted phrases is an ordinary-language phrase that consists almost entirely of generic terms. To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |
| Joint Discovery Letter Brief | Page 7, second paragraph, part of seventh sentence and | This text should be redacted because it refers to the backend process of ad optimization and | Meta has failed to demonstrate good cause for multiple reasons. |

---

[8] November 2025 Reuters article; "About ad quality," *supra* n.2.

5

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
|  | part of tenth sentence | delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | <u>Prior public disclosure</u>: The referenced material has already been disclosed to the public, including through Meta's own webpages.[9]<br><br><u>Failure to make required showing</u>: To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing of competitive harm or potential exploitation by bad actors. Nor has Meta provided any other particularized basis for its assertions. |
| Joint Discovery Letter Brief | Page 7, footnote seven, part of second sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br><u>Prior public disclosure</u>: The referenced material was previously disclosed in the Reuters reporting.[10] Indeed, this concept is a focus of the November 2025 Reuters article.<br><br><u>Failure to make required showing</u>: Meta has provided no particularized basis for its assertions regarding competitive harm and |

---

[9] "About dynamic creative," Meta, https://www.facebook.com/business/help/170372403538781?id=244556379685063 (explaining that "multiple creative elements … are automatically combined to generate different ad variations for your audience").

[10] November 2025 Reuters article.

6

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | potential exploitation by bad actors. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 1 and 8 | Page 2, Supplemental Response to Interrogatory No. 1, second paragraph, part of second sentence, and part of third sentence, and last sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The general concepts referenced here have already been publicly disclosed by both Reuters reporting and Meta's webpages.[11]<br><br>Failure to make required showing: To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing of competitive harm or potential exploitation by bad actors. Nor has Meta provided any other particularized basis for its assertions. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 1 and 8 | Page 5 last paragraph through page 7 second paragraph, Supplemental Response to Interrogatory No. 1, excluding cited Bates documents | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: Most of the referenced material concerns Meta's publicly known processes. While Meta asserts that it "reveals specific, nonpublic information," most, if not all, of the proper nouns are discussed both in the Reuters |

---

[11] December 2025 Reuters article; "The Ad Set Level: What You Need to Know," Meta, https://www.facebook.com/business/learn/lessons/ad-set-level-overview.

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | competitively harm Meta and enable bad actors to exploit Meta's systems. | reporting and on Meta's public webpages.[12]<br><br>Ordinary language and non-confidential concepts: Much of the referenced material involves ordinary language rather than proprietary terms or phrases. To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 1 and 8 | Page 7, Supplemental Response to Interrogatory No. 8, first paragraph, part of second sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The relevant concept has been disclosed on Meta's public webpages.[13] |

---

[12] December 2025 Reuters article (screenshot of "Meta's AI systems," showcasing ability to get multiple generated images as an element for the final, displayed ad via "Advantage+ creative image generation," with acknowledgment that Meta will "show the images when it's likely to help improve performance"); "About ad delivery," *supra* n.2; "Understanding and optimizing your ad campaign," Meta, https://developers.meta.com/horizon/resources/optimize-ad-campaign/.

[13] "How to use ad relevance diagnostics," Meta, https://www.facebook.com/business/help/436113280262012?id=561906377587030 (discussing various rankings that are readily accessible to advertisers).

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | systems and processes.  If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Failure to make required showing: To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing of competitive harm or potential exploitation by bad actors. Nor has Meta provided any other particularized basis for its assertions. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 1 and 8 | Page 8, Supplemental Response to Interrogatory No. 8, first paragraph, part of first sentence | This text should be redacted because it refers to the backend process of ad optimization and delivery, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes.  If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The relevant concept has been disclosed on Meta's public webpages.[14]<br><br>Failure to make required showing: To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing of competitive harm or potential exploitation by bad actors. Nor has Meta provided any other particularized basis for its assertions. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 4, 6, and 7 | Pages 8-9, Supplemental Response to Interrogatory No. 4, second paragraph, | This text should be redacted because it refers to Meta's corporate internal organizational structure, which reveals | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Ordinary language and non-confidential concepts: Many |

---

[14] *Id.*

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | part of first sentence; third paragraph, part of first sentence; third paragraph, part of first sentence; fourth paragraph, part of first sentence; fifth paragraph, part of first sentence | specific, nonpublic information about the groups into which Meta's employees are organized. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | of the referenced terms are generic and do not refer to proprietary concepts. To the extent that Meta's position relies on references to Meta's corporate internal organizational structure, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 4, 6, and 7 | Pages 9-10, Supplemental Response to Interrogatory No. 6, second paragraph, part of first sentence; third paragraph, part of first sentence; fourth paragraph, part of first sentence; fifth paragraph, part of first sentence; sixth paragraph, part of first sentence | This text should be redacted because it refers to Meta's corporate internal organizational structure, which reveals specific, nonpublic information about the groups into which Meta's employees are organized. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Ordinary language and non-confidential concepts: Many of the referenced terms are generic and do not refer to proprietary concepts. To the extent that Meta's position relies on references to Meta's corporate internal organizational structure, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Meta's Suppl. Responses and Objections to Interrogatory Nos. 4, 6, and 7 | Page 11, Supplemental Response to Interrogatory No. 7, second paragraph, last sentence | This text should be redacted because it refers to the backend process of ad review, which reveals specific information about Meta's proprietary ad review systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: The referenced material provides a high-level description of the same tools and processes discussed in the Reuters reporting and Meta's own webpages.[15]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |

---

[15] December 2025 Reuters article; "About ads in review," *supra* n.4; "Breaking Down Facebook's Ad Review Process," *supra* n.4.

| Document | Portions Requested to Be Sealed by Meta | Meta's Stated Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| META-0105928-36 | Entire document | This text should be redacted because it refers to the backend process of ad optimization and delivery, including internal names of these processes, which reveals specific, nonpublic information about Meta's proprietary ad optimization and delivery systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Meta has failed to demonstrate good cause for multiple reasons.<br><br>Prior public disclosure: Meta seeks to seal the entire nine-page document barring one line, but this document involves concepts and features that are openly discussed by Meta on its public webpages and that were referenced by Reuters.[16]<br><br>Ordinary language and non-confidential concepts: Many of the referenced terms are generic and do not refer to proprietary concepts. To the extent that Meta's position relies on the use of specific terms it contends are proprietary, it has not made the required particularized showing.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions regarding competitive harm and potential exploitation by bad actors. |

---

[16] November 2025 Reuters article (discussing auction and penalty bids); "How to use ad relevance diagnostics," *supra* n. 13 (discussing rankings), "About ad quality," *supra* n.2 (discussing analysis of ads through "many sources including feedback from people viewing or hiding the ad"); "About ad delivery," *supra* n.2 (discussing metrics such as cost per optimization event); "About pacing," Meta, https://www.facebook.com/business/help/1754368491258883?id=561906377587030; "About lookalike audiences," Meta, https://www.facebook.com/business/help/164749007013531?id=401666839442328.