| | |
|---|---|
| John C. Quinn (*pro hac vice*) <br> jquinn@heckerfink.com <br> Hyatt Mustefa (*pro hac vice*) <br> hmustefa@heckerfink.com <br> Jocelyn Hassel (*pro hac vice*) <br> jhassel@heckerfink.com <br> Tayonna Ngutter (*pro hac vice*) <br> tngutter@heckerfink.com <br> Tanveer Singh (*pro hac vice*) <br> tsingh@heckerfink.com <br> **HECKER FINK LLP** <br> 350 Fifth Avenue, 63rd Floor <br> New York, NY 10118 <br> Telephone: (212) 763-0883 <br><br> Joshua Matz (*pro hac vice*) <br> jmatz@heckerfink.com <br> Kaitlin Konkel (*pro hac vice*) <br> kkonkel@heckerfink.com <br> Joanne Grace Dela Peña (*pro hac vice*) <br> jdelapena@heckerfink.com <br> Brian Remlinger (*pro hac vice*) <br> bremlinger@heckerfink.com <br> **HECKER FINK LLP** <br> 1050 K Street NW, Suite 1040 <br> Washington, DC 20001 <br> Telephone: (212) 763-0883 | Leslie Brueckner (SBN: 140968) <br> lbrueckner@singletonschreiber.com <br> **SINGLETON SCHREIBER, LLP** <br> 591 Camino de la Reina, Suite 1025 <br> San Diego, CA 92108 <br> Telephone: (619) 573-1851 <br><br> Elizabeth Ryan (*pro hac vice*) <br> eryan@baileyglasser.com <br> **BAILEY & GLASSER LLP** <br> 176 Federal Street, 5th Floor <br> Boston, MA 02110 <br> Telephone: (617) 439-6730 <br><br> Derek G. Howard (SBN: 118082) <br> derek@derekhowardlaw.com <br> **DEREK G. HOWARD LAW FIRM, INC.** <br> 42 Miller Avenue <br> Mill Valley, CA 94941 <br> Telephone: (415) 432-7192 <br> Facsimile: (415) 524-2419 |

*Attorneys for Plaintiff Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. <br><br> Defendant. | Case No. 22-CV-03699-PCP (VKD) <br><br> **PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CLOSE FEBRUARY 24 HEARING (ECF 312)** <br><br> The Honorable Virginia K. DeMarchi |

Plaintiff Dr. Andrew Forrest respectfully submits this opposition to the administrative motion of Defendant Meta Platforms, Inc. ("Meta") to close the February 24 hearing on the Joint Discovery Letter Brief re: Fraud Scoring and the accompanying exhibits (the "Letter Brief"). *See* ECF 312. Although Meta seeks to close the hearing in full, the Letter Brief consists primarily of publicly filed and non-confidential material. Meta has sought only limited redactions, and the Court has not yet ruled on whether even those excerpts qualify for sealing.

Regardless of how the Court resolves Meta's sealing requests, it should reject Meta's request to close the hearing. Closing a courtroom to the public is an extreme measure, and Meta has failed to appropriately tailor its request or meet the high bar for denying public access to court proceedings. With respect to the non-confidential material that makes up the vast majority of the Letter Brief—which all parties agreed should be publicly filed—there is no basis for closure, and the Court should hear the parties' arguments in open court. The remaining question is whether the limited excerpts for which Meta has requested sealing warrant a fully closed hearing. They do not, both because these excerpts do not meet the standard for sealing (a matter that is fully briefed and that the Court may decide before the hearing) and because, even if sealing were warranted, the parties can avoid referencing those limited details in open court.

## I.   BACKGROUND

On February 9, 2026, the parties filed two versions of the Letter Brief: a public, redacted version (ECF 307) and an unredacted version filed under conditional seal (ECF 308). Prior to filing, Meta requested redaction of specific portions pursuant to the Second Amended Protective Order, ECF 234 (the "Protective Order"). Thus, as required by Section 14.4 of the Protective Order, Plaintiff filed those parts of the Letter Brief under conditional seal, reserving "all rights to challenge Defendant's sealing requests and confidentiality designations." ECF 308 at 1.

On February 17, Meta filed a declaration in support of sealing. ECF 310. Meta urged the Court to seal the material conditionally redacted from the Letter Brief, pointing to potential harm to Meta's business and security interests. ECF 310 ¶¶ 7-9. Counsel represented that Meta seeks to seal "only limited portions of the Letter and Exhibits that are necessary to protect its proprietary confidential information," *id.* ¶ 5, and that "Meta is leaving unsealed general descriptions of its ad

review, optimization, and delivery systems and processes—it only seeks to protect from disclosure specific technical and confidential details," *id.* ¶ 6.

On February 19, Meta filed an administrative motion to close the February 24 hearing. ECF 312. Meta argued that the Court should close the courtroom to the public because: (1) "the Discovery Letter Brief and accompanying exhibits rely in significant part on the Confidential Information that has been filed—and should remain—under seal"; and (2) "avoiding discussion of the Confidential Information would inhibit this Court's and the parties' ability to fully address the issues presented in the Discovery Letter Brief and accompanying exhibits." *Id.* at 1-2.

The Court has previously ruled on two motions by Meta to close the courtroom, one filed ahead of the August 12, 2025 hearing and the other filed ahead of the October 21, 2025 hearing. With respect to the August 12 hearing, which involved the parties' dispute over whether Meta should be ordered to expand its search for and production of Scam Ad data, the Court denied Meta's request, explaining that "most of what seems to be presented in the letter is at a very high level" and "[t]here's many things that are already in the public domain." 8/12/25 Tr. 4:4-20. The Court directed the parties to be sensitive to the issue and alert the Court if needed, *see id.* 4:14-20, and the parties were able to proceed with a public hearing pursuant to that guidance. With respect to the October 21 hearing—which involved more detailed, technical discussion of the potential sources of Scam Ad data—the Court determined that closure was warranted. ECF 281.

## II.  LEGAL STANDARD

"The law recognizes two qualified rights of access to judicial proceedings and records": "a common-law right of access to inspect and copy judicial records and documents" and "a First Amendment right of access to criminal proceedings." *Perry v. Schwarzenegger*, 302 F. Supp. 3d 1047, 1053 (N.D. Cal. 2018) (quoting *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011)). With respect to the common-law right of access, courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "If a court record is not one that has traditionally been kept secret, one of two standards

is used to determine whether the presumption of public access may be overcome." *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-1389, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008). When a motion is "more than tangentially related to the merits of a case," the "compelling reasons" standard applies to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). For other motions, the party seeking sealing must make a "particularized showing" under the "good cause" standard. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138). Regardless of the procedural posture, requests to restrict public access must be narrowly tailored under Civil Local Rule 79-5, and Rule 79-5(e) emphasizes that "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances."

With respect to the First Amendment right of access to court proceedings, courts consider whether: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990). The Ninth Circuit has not squarely addressed the extent to which the First Amendment right of access applies in the civil context, as opposed to the criminal context, *see Perry*, 302 F. Supp. 3d at 1053, but district courts have analyzed it in connection with civil records and proceedings, *see, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-cv-4486, 2023 WL 5520771, at *4-6 (N.D. Cal. Aug. 24, 2023).

Court hearings are traditionally open to the public, and closing a courtroom is an extreme measure. This Court has previously applied the good cause standard to decide whether to conduct a discovery hearing under seal, *see* ECF 281, and at least one court in this district has applied the "compelling interest" standard in the context of a civil hearing, explaining: "While a court has the right to temporarily seal access to court records pending a hearing, the hearing may be closed to the public and the transcript sealed only when: '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *ConnectU*, 2008 WL 11357787, at *4 (quoting *Phoenix Newspapers, Inc. v. U.S. Dist.*

*Ct.*, 156 F.3d 940, 949 (9th Cir. 1998)).

## III. ARGUMENT

The Court should reject Meta's request to fully close the February 24 hearing. There is, of course, no basis to close the courtroom for discussion of non-confidential arguments and facts. As to the limited material that Meta has asked the Court to seal, the Court should deny sealing for the reasons explained in Plaintiff's response in opposition at ECF 315, and it should decline to close the hearing regardless, since any sealed material would likely be a small portion of the material argued and less restrictive alternatives are available. For the reasons explained below, the Court should deny Meta's motion.

First, the arguments and facts in the Letter Brief are largely non-confidential. The parties publicly filed the Letter Brief with limited redactions, and Meta's counsel has represented in a declaration that Meta seeks to seal "only limited portions . . . necessary to protect its proprietary and confidential information." ECF 310 ¶ 5.[1] Moreover, much of the relevant material is in the public domain, and recent reporting has made it a matter of public interest.[2] Indeed, Plaintiff learned of the deficiencies that gave rise to the Letter Brief only because Reuters broke a story on the subject, revealing the existence of responsive information that Meta had failed to disclose in discovery. *See* Quinn Decl. ¶ 7. In short, the parties have submitted a public filing on this matter, and their arguments on the filing should be open to the public.

Second, Meta's own description of the material fails to establish good cause for sealing, let alone a compelling interest in closing the courtroom. In support of its sealing request, Meta has

---

[1] Meta uses notably different language to describe the same conditionally sealed material in its request for sealing (filed February 17) and its motion to close the courtroom (filed February 19). In the declaration in support of sealing, which requires Meta to show that the request is narrowly tailored, Meta emphasizes that the conditionally sealed material is "limited" and involves only "specific technical and confidential details." ECF 310 ¶¶ 5-6. In the motion to close the courtroom, Meta describes the same Letter Brief as "rely[ing] in significant part on . . . Confidential Information" and as containing "considerable non-public details." ECF 312 at 1-2.

[2] *See, e.g.*, Jeff Horwitz, *Meta Is Earning a Fortune on a Deluge of Fraudulent Ads, Documents Show*, Reuters (Nov. 6, 2025), https://www.reuters.com/investigations/meta-is-earning-fortune-deluge-fraudulent-ads-documents-show-2025-11-06/; Jeff Horwitz, *Meta's "Trusted Experts" Helped Me Run Scam Ads on Facebook and Instagram*, Reuters (Dec. 15, 2025), https://www.reuters.com/investigations/metas-trusted-experts-helped-me-run-scam-ads-facebook-instagram-2025-12-15/.

4

PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S
ADMINISTRATIVE MOTION TO CLOSE FEBRUARY 24 HEARING | CASE NO. 22-CV-03699-PCP (VKD)

submitted a declaration from counsel that offers generic, unsupported statements regarding Meta's business and security interests. ECF 310. These conclusory statements are devoid of detail, and many are couched in hypothetical terms. *See, e.g., id.* ¶¶ 8-9. Such assertions fall far short of the "particularized showing" required under Rule 26(c). *See Kamakana*, 447 F.3d at 1180.

Third, less restrictive alternatives to closure are available. To the extent the Court determines that specific material is entitled to protection, the parties can simply avoid referencing it in open court. Just as there was no need to file the entire Letter Brief under seal, there is no need to close the entire hearing. And sidebar conferences are an option for any truly confidential material, though experience suggests that the parties will be able to adjust their arguments accordingly. For example, ahead of the August 2025 hearing, Meta insisted that only closure of the courtroom could protect its interests, ECF 250, but the parties were able to argue the matter in open court, and Meta did not request a single sidebar. This Letter Brief is similar to the August 2025 dispute, which the Court viewed as involving "a very high level" of generality and "many things that are already in the public domain." 8/12/25 Tr. 4:4-20.

Regardless of how the Court resolves Meta's sealing request and motion to close the hearing, Plaintiff respectfully requests that the Court permit his House Counsel, one of whom has traveled from Australia, Quinn Decl. ¶ 9, to remain in the courtroom and access the hearing transcript. The Protective Order permits Plaintiff's House Counsel to access Meta's "CONFIDENTIAL" Protected Material, but not Protected Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("HC-AEO Material"). *Id.* ¶¶ 10-11. In contrast to the October 2025 hearing, which the Court closed to facilitate a highly technical discussion involving HC-AEO Material, *see* ECF 281, the parties should not need to reference any HC-AEO Material in arguing this dispute. If the Court imposes any restrictions on the hearing, Plaintiff respectfully requests that it distinguish between "CONFIDENTIAL" and HC-AEO Material so that Plaintiff's House Counsel can participate to the fullest extent permitted by the Protective Order.

## IV.  CONCLUSION

For the reasons explained above, the Court should deny Meta's administrative motion.

5

PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CLOSE FEBRUARY 24 HEARING | CASE NO. 22-CV-03699-PCP (VKD)

Dated: February 23, 2025                      Respectfully submitted,

/s/ John C. Quinn
John C. Quinn (*pro hac vice*)                Leslie Brueckner (SBN: 140968)
jquinn@heckerfink.com                         lbrueckner@singletonschreiber.com
Hyatt Mustefa (*pro hac vice*)                **SINGLETON SCHREIBER, LLP**
hmustefa@heckerfink.com                       591 Camino de la Reina, Suite 1025
Jocelyn Hassel (*pro hac vice*)               San Diego, CA 92108
jhassel@heckerfink.com                        Telephone: (619) 573-1851
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com                       Elizabeth Ryan (*pro hac vice*)
Tanveer Singh (*pro hac vice*)                eryan@baileyglasser.com
tsingh@heckerfink.com                         **BAILEY & GLASSER LLP**
**HECKER FINK LLP**                           176 Federal Street, 5th Floor
350 Fifth Avenue, 63rd Floor                  Boston, MA 02110
New York, NY 10118                            Telephone: (617) 439-6730
T: 212.763.0883

Joshua Matz (*pro hac vice*)                  Derek G. Howard (SBN: 118082)
jmatz@heckerfink.com                          derek@derekhowardlaw.com
Joanne Grace Dela Peña (*pro hac vice*)       **DEREK G. HOWARD LAW FIRM, INC.**
jdelapena@heckerfink.com                      42 Miller Avenue
Kaitlin Konkel (*pro hac vice*)               Mill Valley, CA 94941
kkonkel@heckerfink.com                        Telephone: (415) 432-7192
Brian Remlinger (*pro hac vice*)              Facsimile: (415) 524-2419
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

*Attorneys for Plaintiff Dr. Andrew Forrest*

## CERTIFICATE OF SERVICE

I, John C. Quinn, hereby certify that on February 23, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

---

PLAINTIFF ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S
ADMINISTRATIVE MOTION TO CLOSE FEBRUARY 24 HEARING | CASE NO. 22-CV-03699-PCP (VKD)