UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-cv-03699-PCP   (VKD)<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO CLOSE FEBRUARY 24, 2026 HEARING**<br><br>Re: Dkt. No. 312 |

On February 19, 2026, defendant Meta Platforms, Inc. ("Meta") filed an administrative motion to close the courtroom during the hearing regarding the parties' joint discovery dispute letter (Dkt. No. 307), set for February 24, 2026. Dkt. No. 312. On February 23, 2026, plaintiff Andrew Forrest filed an opposition to Meta's administrative motion. Dkt. No. 316. As the administrative motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Meta asks the Court to conduct the discovery hearing under seal because the discovery dispute concerns "considerable non-public details relating to: (i) Meta's non-public, proprietary backend systems and processes for ad review, delivery, and optimization, including the internal names of those processes; and (ii) Meta's internal nonpublic corporate structure, including the specific groups into which its employees are organized." Dkt. No. 312 at 1. Dr. Forrest opposes Meta's request, arguing that the joint discovery dispute letter "consists primarily of publicly filed and non-confidential material." Dkt. No. 316 at 1. Dr. Forrest contends that recent news reporting reflects that much of the material is already public and is a matter of public interest. *Id.* at 4.

Dr. Forrest further argues that less restrictive alternatives to sealing the courtroom are available, such as conducting discussion of confidential matters at a "sidebar" during the hearing. *Id.* at 5. Dr. Forrest asks that, at a minimum, the Court conduct the hearing in a manner that permits his in-house counsel to attend. *Id.*

The Court finds that Meta has not shown good cause to conduct the entire hearing under seal. *See Kamakana*, 447 F.3d at 1179-80. While the hearing may include discussion of material that is Confidential and Highly Confidential – Attorneys' Eyes Only, the Court expects that most, if not all, of the discussion will not implicate any confidential information. For this reason, the Court will begin the hearing in public and will only seal the courtroom if necessary. The Court expects counsel to be sensitive to Meta's position regarding confidentiality as reflected in the pending motion to seal (Dkt. Nos. 308, 310), and to alert the Court of the need to disclose any provisionally sealed information *before* disclosing such information at the hearing, as the Court has not yet resolved the pending motion to seal.

As the Court has previously held, *see* Dkt. No. 281, it would be impractical for the Court to interrupt the hearing to conduct "sidebar" proceedings every time Confidential or Highly Confidential – Attorneys' Eyes Only material is mentioned. As there is no need for Dr. Forrest's in-house counsel to participate in the hearing (or even attend the hearing), the Court will not structure the hearing solely to accommodate Dr. Forrest's in-house counsel's attendance. Accordingly, the parties are forewarned that the Court may choose to seal the courtroom during the hearing depending on the arguments presented and questioning from the Court.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Virginia K. DeMarchi
United States Magistrate Judge