1   Karen L. Dunn (*pro hac vice*)
    kdunn@dirllp.com
2   Melissa F. Zappala (*pro hac vice*)
    mzappala@dirllp.com
3   **DUNN ISAACSON RHEE LLP**
    401 9th Street NW
4   Washington, DC 20004
    Telephone: (202) 240-2900
5   Facsimile: (202) 240-2050

6   Meredith R. Dearborn (SBN: 268312)
    mdearborn@dirllp.com
7   **DUNN ISAACSON RHEE LLP**
    345 California Street, Suite 600
8   San Francisco, CA 94104-2671
    Telephone: (202) 240-2900
9   Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

13   *Attorneys for Defendant Meta Platforms, Inc.*

15   **UNITED STATES DISTRICT COURT**

16   **NORTHERN DISTRICT OF CALIFORNIA**

17   **SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>             Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>             Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON PLAINTIFF'S SPOLIATION MOTION AND THE CASE SCHEDULE**<br><br>The Honorable P. Casey Pitts |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Civil Procedure 6 and 16 and Local Civil Rules 6-3, 7-11, and 16-2(d), Defendant Meta Platforms, Inc. ("Meta") respectfully submits this Motion to modify the briefing schedule on Plaintiff's Motion for Sanctions Re: Spoliation of Evidence (ECF 314) ("Spoliation Motion") and the case schedule set forth in the Court's December 10, 2025 Order Granting Motion to Extend the Case Schedule, As Modified (ECF 301).

## I.    STATEMENT OF RELEVANT FACTS

Phase I fact discovery closed on February 13.  (Declaration of Walter F. Brown, Jr. ("Brown Decl.") ¶ 4.)  Pursuant to Magistrate Judge DeMarchi's discovery orders concerning the additional data investigation sought by Plaintiff (ECF 289, ECF 303) and this Court's December 10, 2025 order regarding the case schedule (ECF 301), Meta completed its additional data investigation, substantially completed production of the materials resulting from that investigation on January 30, 2026, and fully completed production of those materials on February 6.  (Brown Decl. ¶ 4.)  Then, on February 17, Plaintiff's counsel informed Meta by email that Plaintiff intended to file a motion for sanctions concerning Meta's alleged spoliation of evidence in the next three days.  (*Id.* ¶ 5.)

During the parties' meet-and-confer on February 19, Plaintiff previewed his Spoliation Motion, including the categories of evidence he alleges Meta destroyed or allowed to be destroyed and the sanctions he would be seeking.  (*Id.* ¶ 6.)  These contemplated sanctions included an adverse inference concerning the allegedly spoliated data and a determination that there is a triable issue of fact on Meta's Section 230 defense, which would preclude summary judgment in Meta's favor altogether.  (*Id.*)  This meet-and-confer was the first time that Plaintiff asked to discuss with particularity what data he was alleging had been spoliated and what relief he therefore sought.  (*Id.* ¶ 7.)

During the February 19 meet-and-confer, the parties discussed, for the first time, whether there was a possible compromise that would resolve Plaintiff's alleged concerns since an approach was proposed by Judge DeMarchi at the October 21, 2025 hearing whereby Plaintiff could assume that optimizations created for the advertisements at issue in the case were in fact delivered to end-

users in the absence of delivery data for those advertisements. (*See* Hr'g Tr. 19:13–24; 21:2–22.) (Brown Decl. ¶ 8.) Meta expressed a willingness to discuss such a compromise with Plaintiff, but noted that Plaintiff's timing—informing Meta that he would be filing a spoliation motion in just three days—did not provide a real opportunity for the parties to confer and reach agreement. (Brown Decl. ¶ 8.)

Plaintiff's counsel claimed that Plaintiff could not have filed his Spoliation Motion until after the close of fact discovery, a reading of the Local Rules Meta disagrees with. (*Id.* ¶ 9.) Instead, Plaintiff was required to file his Spoliation Motion as soon as practicable after learning about the circumstances that he claims make the motion appropriate (L.R. 7-8(c)), which was many months ago. (Brown Decl. ¶ 9.) Meta disputes Plaintiff's contention that he could not have filed his motion until February 20, because the allegedly spoliated evidence was known to him by no later than October 2025. (*Id.*) But even so, he could have begun the meet-and-confer process long before he did, which would have given Meta a better understanding of exactly what allegedly spoliated data was at issue and the relief he was planning to seek, and given the parties a meaningful opportunity to attempt to resolve the dispute without the Court's intervention. (*Id.*)

Plaintiff further explained that he planned to file his Spoliation Motion with this Court—not Judge DeMarchi, who is designated to handle pre-trial discovery-related disputes in this matter and who this Court previously noted would be the appropriate person to address preservation-related issues (*see* Oct. 31, 2024 Hr'g Tr. 11:19–12:4)—because the motion would impact any summary judgment ruling. (Brown Decl. ¶ 10.)

During the meet-and-confer, Meta sought Plaintiff's agreement to an extension of the case schedule, given that Plaintiff's Spoliation Motion would be bound to raise issues that would directly and significantly impact summary judgment, and it would therefore make more sense for the court to resolve those issues before the parties brief summary judgment. (*Id.* ¶¶ 11, 13.) Meta proposed that its summary judgment brief be due 30 days after the resolution of the Spoliation Motion. (*Id.* ¶ 13.) Meta also asked that Plaintiff agree to an extension of the briefing schedule on Plaintiff's Spoliation Motion. (*Id.*) Plaintiff's counsel indicated that Meta might receive 30

days for its opposition, and Plaintiff 15 days for reply, but stated they would have to confer with their client on that, as well as the case schedule extension.  (*Id.*)

On February 20, 2026, Plaintiff filed his Spoliation Motion.  (ECF 314.)  The Motion raises numerous factual issues and seeks sanctions that, if granted, would have a profound impact on the parties' summary judgment arguments.  (*Id.*; Brown Decl. ¶ 12.)  Plaintiff noticed the motion for hearing on April 2, 2026, which is two days *after* the deadline for Meta's motion for summary judgment under the current schedule.  (Brown Decl. ¶ 12.)

On February 23, 2026, Plaintiff notified Meta by email that it would not agree to either extension.  (*Id.* ¶ 15.)  Meta thus immediately filed the instant motion.

## II.   ARGUMENT

Meta respectfully requests the Court to modify the briefing schedule regarding Plaintiff's Spoliation Motion.  Federal Rule 6 provides that "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time" upon a motion before the original time expires.  Fed. R. Civ. P. 6(b)(1).  Requests for extensions pursuant to Rule 6 made before the applicable deadline "should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Ahanchian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citing Wright & Miller, Fed. Prac. and Proc. § 1165 (3d ed. 2004)) (quotations removed).  Meta's request for an extension of the briefing schedule on Plaintiff's Spoliation Motion satisfies this liberal standard.

Meta also requests the Court to modify the case schedule.  Federal Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Under Rule 16, "good cause requires a showing of due diligence."  *Jacobs* v. *Sullivan*, 05-cv-01625-LJO (GSA), 2012 U.S. Dist. LEXIS 88378, *2 (E.D. Cal. June 26, 2012) (citing *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  The court may also consider the prejudice to the other party.  *Id.*  Here, good cause exists for an extension of the case schedule due to Meta's diligence and the lack of prejudice to Plaintiff.

Meta has been diligent in seeking both extensions.  After months of previewing preservation questions (Brown Decl. ¶ 7), Plaintiff filed his Spoliation Motion giving only three

days' notice to Meta (*id.* ¶¶ 5, 8–9). Upon receiving such notice from Plaintiff, Meta conferred with Plaintiff as soon as possible to discuss potential avenues to resolve Plaintiff's motion and to discuss the timing challenges raised by the motion, despite that Plaintiff had not provided a realistic timeframe to resolve the issues raised by the planned motion. (*Id.* ¶¶ 6–8.) Plaintiff's counsel stated that they would have to consult with their client as to any requested extension (*id.* ¶ 13), and followed up today, February 23, 2026, refusing to agree to any extension of the Spoliation Motion briefing or the case schedule (*id.* ¶ 15). Meta immediately filed this motion to seek the extensions to which Plaintiff would not agree. Meta has therefore been diligent in pursuing the requested extensions.

Both extensions are necessary to ensure a complete record on these critical, case-dispositive issues. Indeed, as Plaintiff acknowledged, his Spoliation Motion would impact any summary judgment ruling, which is why he filed the motion before this Court. (*Id.* ¶ 10.) Accordingly, Meta has proposed a short, reasonable extension of the Spoliation Motion briefing schedule to ensure that the numerous factual issues Plaintiff has raised are fully investigated and addressed in its opposition brief and supporting documents. Despite having alluded to preservation issues for months, the parties' meet-and-confer the day before the filing of Plaintiff's motion represents the first time Plaintiff asked to discuss with particularity what data he alleges was spoliated and what relief he therefore sought. (*Id.* ¶ 7.) Meta now needs sufficient time to investigate and respond to Plaintiff's allegations, many of which were raised for the first time in Plaintiff's Spoliation Motion. Given the potential for Plaintiff's Spoliation Motion (through the sanctions he seeks) to effectively decide Meta's Section 230 defense on summary judgment, Meta would be prejudiced by not having the opportunity to fully develop the factual record for its response.

Meta also proposes extending the summary judgment briefing schedule until after the resolution of Plaintiff's Spoliation Motion, which has raised critical issues concerning the evidence on which the parties would rely in summary judgment briefing. Setting aside that Plaintiff seeks sanctions that would effectively preclude summary judgment, Plaintiff seeks adverse inferences that would virtually invalidate the results of Meta's additional data investigation and production,

which Meta believes provide evidence highly relevant to the summary judgment inquiry. It would be more efficient for the Court and for the parties to bring those issues to a final resolution before the parties expend significant effort developing and submitting summary judgment arguments without the benefit of the Court's guidance on the evidentiary considerations Plaintiff raised.

Plaintiff will not be prejudiced by either extension. Meta's proposed extension to the Spoliation Motion briefing schedule benefits both parties—giving Plaintiff an extension as well as Meta—and helps ensure that both parties will be able to give the issues raised by the motion the careful treatment they deserve. Nor will Plaintiff be prejudiced by the extension of the case schedule. Again, both parties benefit from having clarity about the scope of the evidentiary record before expending significant effort developing summary judgment arguments that could be impacted, if not mooted, by this Court's decision on the Spoliation Motion

### III.    CONCLUSION

For the above-stated reasons, good cause exists to modify the case schedule, and Meta respectfully requests that this Court grant the proposed extension of briefing deadlines for Plaintiff's Spoliation Motion and the extension of the case schedule.


Dated:  February 23, 2026

By: */s/ Walter F. Brown, Jr.*
Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

1

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

2

I, Walter F. Brown, Jr., am the ECF User whose ID and password are being used to file this

3

document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4

signatories identified above has concurred in this filing.

5

6

Dated: February 23, 2026

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

7

8

By: */s/ Walter F. Brown, Jr.*
Walter F. Brown, Jr.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28