UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW FORREST,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-03699-PCP (VKD)<br><br>**ORDER FOR STATUS REPORT REGARDING FEBRUARY 9, 2026 DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 307 |

The Court held a hearing held on February 24, 2026 regarding the parties' February 9, 2026 discovery dispute. As discussed at the hearing, Meta shall provide to Dr. Forrest information sufficient to explain what, if any, review for violation of Meta's fraud or scam policies Meta undertakes of:

(1) an Advertisement after an advertiser completes the Ad Creation process and clicks "publish" and

    (a) before at least some, if not all, optimizations/enhancements are applied to the Advertisement, or

    (b) before Meta generates one or more variants of the Advertisement; and

(2) the version of the Advertisement after optimizations/enhancements are applied to the Advertisement or after variants of the Advertisement are generated, but before the Advertisement (or variants of it) is delivered to the user as an impression.[1]

If, in connection with such review, Meta uses some type of scoring to rate or assess an

---

[1] *See* Meta's supplemental response to Interrogatory No. 1. Dkt. Nos. 307-4, 308-4.

Advertisement, and if such scoring includes or reflects (in whole or in part) an assessment of whether or to what extent an Advertisement violates or is likely to violate Meta's fraud or scam policies, Meta shall provide Dr. Forrest information sufficient to explain that scoring. The information may, at Meta's election, be provided informally (i.e., not as a formal discovery response) to counsel for Dr. Forrest and access to the information may be restricted, if appropriate, under the protective order.

The parties should keep in mind that the goal of the information exchange contemplated by this order is to permit the parties to determine whether Meta has any information that might inform whether the optimizations/enhancements applied to an Advertisement contribute to the relevant content of the Advertisement and whether that contribution is material. *See* Dkt. No. 121 at 8-9.

By **March 10, 2026**, the parties shall file a joint status report advising the Court of (1) the status of the exchange of information described above, and (2) their agreed or respective proposals for resolving the discovery dispute, including whether supplemental briefing or further hearing is required. The joint status report may not exceed 1000 words total, and it may not include attachments or argument.

**IT IS SO ORDERED.**

Dated: February 24, 2026

Virginia K. DeMarchi
United States Magistrate Judge