John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.<br><br>　　　　　　Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON PLAINTIFF'S SPOLIATION MOTION AND THE CASE SCHEDULE (ECF 318)**<br><br>The Honorable P. Casey Pitts |

1    Plaintiff Dr. Andrew Forrest respectfully submits this opposition to Meta's Motion to Extend, ECF 318.  Meta seeks a revised case schedule that would push off summary judgment briefing for months, reasoning that the parties cannot even start that process (scheduled to begin March 31) until the Court has ruled on the parties' spoliation briefing (scheduled to conclude March 13).  While Meta claims it has been diligent, neither motion is a new development—indeed, Meta has known of these specific briefing obligations for months.  Nor will Meta suffer any prejudice if the Court declines to revise the case schedule, since the existing schedule already accommodates the necessary briefing by the parties and review by the Court.

As to the parties, there is no obstacle to briefing summary judgment before the Court issues a spoliation ruling.  The two motions are complementary but distinct: summary judgment concerns what is *in* the record and whether Meta has carried its burdens as the moving party, while spoliation involves what is *not* in the record due to Meta's destruction of evidence, along with any inferences and other consequences that properly flow from that destruction.  Thus, litigants routinely brief these issues simultaneously or with overlapping schedules, even when the requested spoliation sanctions include adverse inferences or other potentially dispositive relief.

As to the Court, there is likewise no need to alter the schedule.  While the spoliation ruling will, of course, bear on the Court's resolution of summary judgment, that means only that the Court must decide spoliation before or alongside summary judgment—not that it must resolve spoliation before summary judgment briefing can even begin.  And Plaintiff is not asking the Court to reopen discovery to cure the spoliation, since Meta (by its own account) has already exhausted efforts to identify and produce non-spoliated Scam Ad data.  Accordingly, Plaintiff's spoliation motion seeks adverse inferences at summary judgment and trial, rather than any additional discovery.

For the reasons explained below, the Court should reject Meta's latest effort at delay.

I.    **RELEVANT BACKGROUND**

In June 2024, the Court denied Meta's motion to dismiss, holding that there was a "factual dispute regarding whether Meta's ad systems . . . themselves contributed to the content of the ads, including to the aspects of the content that are allegedly illegal." ECF 121 at 8-9.  The Court

ordered the parties to proceed with discovery and summary judgment on a bifurcated schedule, limiting "Phase One" to Meta's Section 230 immunity defense. *See* 8/22/24 Tr. 42:6-21.

The parties submitted a proposed case schedule and appeared for a case management conference in October 2024. *See* ECFs 164, 165. At that hearing, the Court urged the parties to shorten the proposed timelines for Phase One. *See* 10/31/24 Tr. 6:14-17. Since then, consistent with the Court's guidance, Plaintiff has looked for opportunities to expedite discovery and move this case toward summary judgment. For example, Plaintiff proposed and obtained Meta's agreement to a stipulation that would "allow the Parties to take depositions in parallel with summary judgment briefing," rather than at the end of fact discovery. ECF 286-1 ¶ 5.

In mid-2025, Meta revealed that it had failed to preserve critical Scam Ad data. Quinn Decl. ¶ 2. Plaintiff promptly sought court intervention to compel Meta to investigate and produce the remaining data, expressly reserving his rights as to "any preservation failures relating to data associated with the Scam Ads." *See* ECF 262 at 3 n.4; *see also* ECF 293 at 2. The parties litigated these issues between August and October, and Judge DeMarchi entered a series of orders directing Meta to undertake additional investigation and productions. *See* ECFs 259, 270, 276, 284, 289, 293. In October, Meta disclosed new preservation failures, *see* ECF 293 at 2 n.2, and it continued to disclose others up until the close of fact discovery, *see* Quinn Decl. ¶ 4; ECF 314-1 ¶ 42.

Following an October hearing, this Court and Judge DeMarchi entered deadlines for Meta's remaining investigation and production, and both courts granted Meta's December request to extend the deadlines further. *See* ECFs 287, 289, 301, 303. Throughout this period, Plaintiff repeatedly raised the preservation issues with Meta, *see* ECF 293 at 2, and he stated unambiguously in a December filing that he intended to file a spoliation motion once fact discovery had concluded—the point at which he would be in a position to assess, based on the full record, whether the facts and law supported such relief, ECF 304 at 2 (describing "increasingly troubling indications of serious preservation failures" that "Dr. Forrest expects to address in a spoliation motion once Meta has completed its remaining investigation and document production").

Ultimately, Meta's investigation and production continued through February 2026. Quinn Decl. ¶ 7. On February 13, the last day of fact discovery, Meta made a final document production

2

PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON PLAINTIFF'S SPOLIATION MOTION AND THE CASE SCHEDULE | CASE NO. 22-CV-03699-PCP (VKD)

and served supplemental interrogatory responses describing the new data it had produced, as well as the extent of the data it could not produce because of its spoliation. *Id.* Plaintiff anticipated these last-minute productions, as Meta had often waited until shortly before the operative deadline to produce documents or serve discovery responses (or to disclose that it would not do so). *Id.* Thus, Plaintiff was prepared to review Meta's new production and discovery responses immediately after fact discovery closed, and Plaintiff's counsel reached out to Meta the next business day (Tuesday, February 17) to provide notice of the contemplated spoliation motion and offer to meet and confer on Wednesday or Thursday, ahead of the Friday deadline for any spoliation motion. *Id.* ¶¶ 7-8; Civil L.R. 37-3. Meta's counsel chose the later of the two days, and the parties met by video call on Thursday afternoon. *Id.* ¶ 8. As required by Local Rule 37, Plaintiff filed his spoliation motion on Friday, February 20. *Id.*

## II.    ARGUMENT

There is no good cause for a lengthy, unbounded extension of the case schedule, and the Court should deny Meta's request. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Meta argues that good cause exists "due to Meta's diligence and the lack of prejudice to Plaintiff," and it emphasizes that "both parties benefit" from the requested extensions, which are "necessary to ensure a complete record." ECF 318 at 3-5. For the reasons explained below, the record flatly contradicts these claims.

First, Meta has not been diligent. Meta seeks to upend the entire case schedule, yet it has known since December that it would need to file its summary judgment motion by March 31 and respond to a spoliation motion at the close of fact discovery. *See* ECFs 301 (December 10 case schedule); ECF 304 at 2 (Plaintiff's December 19 statement that he anticipates filing "a spoliation motion once Meta has completed its remaining investigation and document production"); Civil L.R. 37-3 (providing that "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off"). Meta can hardly be surprised that once discovery closed, the parties would pivot to discovery-related motions and then summary judgment.

Second, because the schedule already accommodates the briefing by the parties and review by the Court, modification is unnecessary—and delaying summary judgment by months, with no

good reason, is self-evidently prejudicial to Plaintiff. As to the parties' briefing, Meta insists that the Court must rule on spoliation before Meta can determine what to argue on summary judgment, but that is not the case. In reality, the two motions involve distinct issues: the spoliation motion concerns the evidence that Meta destroyed (which therefore is not part of the record), while summary judgment involves whether Meta has carried its burden—based on the evidence that *is* in the record—to "demonstrate that no reasonable trier of fact could find" for Plaintiff. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). These issues come together at the time of the Court's summary judgment decision, not the underlying briefing. *See* ECF 314 at 1 (asking the Court to draw adverse inferences at summary judgment and instruct the jury it may do so at trial). Regardless, because the spoliation motion will be fully briefed over two weeks before Meta's summary judgment motion is due, Meta can address these issues together if it so wishes.

Moreover, proceeding under the current schedule will not hinder the Court's review. In fact, it will give the Court additional flexibility to sequence and decide these issues as it sees fit, taking into account any interplay between the summary judgment record, the applicable burdens, and the requested inferences. Under Meta's proposed schedule, spoliation briefing would conclude on April 7, and the case would enter a holding period as the parties stand by and await a decision from this Court. Only once there is a "final decision"[1] on Plaintiff's spoliation motion would the countdown to summary judgment briefing begin. ECF 318-2. Meta would then have another 30 days to finalize its summary judgment motion, and the entire schedule would be pushed out by a minimum of eight weeks (25 days for spoliation and 30 for summary judgment), plus the number of days it takes the Court to rule on spoliation. *See id.*

By contrast, the current schedule leaves the Court with options. Once the spoliation briefing has concluded (along with any hearing the Court might order), the Court can rule on that motion at any time.[2] Alternatively, the Court could wait until the conclusion of all briefing and

---

[1] It is unclear from Meta's phrasing whether it would view this Court's decision as "final," or whether there may be additional delays as Meta seeks an interlocutory appeal.

[2] Of course, should the Court rule on the spoliation motion and hold, for example, that a triable issue of fact exists on account of Meta's spoliation, or grant other relief, the parties can address at that time whether any modification to the briefing schedule is warranted.

decide the two motions together, as district courts routinely do.  *See, e.g.*, *Ousdale v. Target Corp.*, No. 2:17-cv-2749, 2019 WL 3502887 (D. Nev. Aug. 1, 2019) (resolving separately briefed sanctions and summary judgment motions in the same decision, and granting adverse-inference jury instruction as a spoliation sanction); *Dykes v. BNSF Ry. Co.*, No. 2:17-cv-1549, 2019 WL 1128521 (W.D. Wash. Mar. 12, 2019) (same); *Est. of Hill ex rel. Grube v. NaphCare, Inc.*, No. 2:20-cv-410, 2022 WL 1464830 (E.D. Wash. May 9, 2022) (resolving separately briefed sanctions and summary judgment motions in the same decision, and granting default judgment as a spoliation sanction).  And, of course, if the Court finds that the two sets of briefing do not cover all points that would be useful to its analysis, it can order targeted supplemental briefing—a far more tailored and time-efficient approach than pushing off the entire summary judgment schedule.

In some spoliation matters, deferring a decision is not possible because the remedies at issue are discovery-related, but that is not an obstacle here.  Plaintiff laid the necessary groundwork before the close of fact discovery: after learning in mid-2025 that Meta had failed to preserve certain types of Scam Ad data, he raised the issue with Judge DeMarchi and secured a series of orders requiring Meta to produce other types of data (data that Meta was then refusing to search for or produce) to ensure that Meta had exhausted all avenues for replacement data and that the parties could determine whether Meta's additional productions restored or replaced the spoliated data.  *See* ECFs 259, 270, 276, 284, 289, 293; *see also* ECF 314 at 9-10 (describing spoliation standard).  Meta completed its production on the last day of fact discovery, but it never provided a complete and fair substitute for the data it had destroyed.  Quinn Decl. ¶¶ 7-8.  Plaintiff's requested spoliation remedies are thus limited to inferences at summary judgment and trial, not requests for additional discovery.  *See* ECF 314-18.

Finally, the Court should deny Meta's request for additional time to investigate the spoliated Scam Ad data and respond to Plaintiff's spoliation motion.  Judge DeMarchi ordered Meta to investigate the sources of Scam Ad data months ago, and Meta said it had done so.  Quinn Decl. ¶ 9.  There is no need to delay the briefing schedule for Meta to conduct further investigation.

### III.  CONCLUSION

For the reasons explained above, the Court should deny Meta's motion.

5

PLAINTIFF DR. ANDREW FORREST'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON PLAINTIFF'S SPOLIATION MOTION AND THE CASE SCHEDULE | CASE NO. 22-CV-03699-PCP (VKD)

Dated: February 26, 2026

Respectfully submitted,

*/s/ John C. Quinn*
John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

## CERTIFICATE OF SERVICE

I, John C. Quinn, hereby certify that on February 26, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

/s/ *John C. Quinn*
John C. Quinn