| | |
|---|---|
| Karen L. Dunn (*pro hac vice*) <br> kdunn@dirllp.com <br> Melissa F. Zappala (*pro hac vice*) <br> mzappala@dirllp.com <br> **DUNN ISAACSON RHEE LLP** <br> 401 9th Street NW <br> Washington, DC 20004 <br> Telephone: (202) 240-2900 <br> Facsimile (202) 240-2050 <br><br> Meredith R. Dearborn (SBN: 268312) <br> mdearborn@dirllp.com <br> **DUNN ISAACSON RHEE LLP** <br> 345 California Street, Suite 600 <br> San Francisco, CA 94104-2671 <br> Telephone: (202) 240-2900 <br> Facsimile: (202) 240-2050 | Walter F. Brown, Jr. (SBN: 130248) <br> wbrown@paulweiss.com <br> **PAUL, WEISS, RIFKIND,** <br> **WHARTON & GARRISON LLP** <br> 535 Mission Street, 25th Floor <br> San Francisco, CA 94105 <br> Telephone: (628) 432-5100 <br> Facsimile: (628) 232-3101 <br><br> Amy L. Barton (*pro hac vice*) <br> abarton@paulweiss.com <br> T. Patrick Cordova (*pro hac vice*) <br> pcordova@paulweiss.com <br> Anne Simons (*pro hac vice*) <br> asimons@paulweiss.com <br> Paloma Rivera (*pro hac vice*) <br> privera@paulweiss.com <br> **PAUL, WEISS, RIFKIND,** <br> **WHARTON & GARRISON LLP** <br> 1285 Avenue of the Americas <br> New York, NY 10019-6064 <br> Telephone: (212) 373-3000 <br> Facsimile: (212) 757-3990 |

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 22-CV-03699-PCP (VKD) <br><br> **DEFENDANT META PLATFORMS, INC.'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> The Honorable Virginia K. DeMarchi |

At this Court's invitation, *see* Dkt. 319, Meta Platforms, Inc. ("Meta") submits this reply in further support of its request that this Court grant Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Administrative Motion"), s*ee* Dkt. 308.

On February 9, 2026, Plaintiff filed the Administrative Motion. *See* Dkt. 308. On February 17, in support of the Administrative Motion, Meta filed the Declaration of Walter F. Brown, Jr. (the "Brown Declaration"), which sets forth the legal basis for Meta's proposed redactions to the parties' Joint Discovery Letter Brief and certain exhibits attached thereto, *see* Dkt. 310 (citing Dkts. 307, 307-4, 307-5, 307-6). On February 23, Plaintiff filed an opposition to the Administrative Motion, asserting multiple claims as to why Meta's proposed redactions do not warrant confidential treatment. *See* Dkt. 315. As detailed below and in Exhibit 1 attached hereto, Meta disagrees.

*First*, Plaintiff asserts that Meta's proposed redactions lack good cause "because much of the information . . . is already in the public domain." Dkt. 315 at 4 (internal quotation marks omitted). In particular, he claims that the information Meta seeks to seal "corresponds to information that was disclosed in" recent reporting by Reuters and on Meta's public webpages. *See, e.g.*, Dkt. 315-1 at 1. That is unpersuasive. Confidential information should remain under seal where, as here, it is "far more detailed than the publicly available information." *Economus v. City & County of San Francisco*, 2019 WL 3842008, at *4 (N.D. Cal. Aug. 15, 2019). Thus, for example, while Reuters' reporting and Meta's public webpages describe Meta's ad delivery process at a high level, Meta's Supplemental Response to Interrogatory No. 1 provides a detailed, step-by-step walk through of the components of the Ad Delivery Stack, including how those components specifically operate, and the confidential internal terminology Meta uses to refer to them. *Compare* Dkt. 315-2 at 8 n.12 (citing sources), *with* Dkt. 307-4 at 7-9.

Moreover, as this Court observed at the February 24 hearing, the Reuters reporting on which Plaintiff relies "may or may not be accurate." Dkt. 324 at 42:25-43:7. Any inaccurate public reporting on a given topic cannot justify the release of Meta's confidential information on the same topic. And, similarly, the release of Meta's confidential information could harm Meta

by potentially verifying public reporting on topics Meta has not spoken publicly about, which may incentivize strategic leaks and media manipulation.

*Second*, Plaintiff argues that Meta has "fail[ed] to make the particularized showing required to seal confidential business information" because the Brown Declaration "offers generic, unsupported statements regarding Meta's business and security interests." Dkt. 315 at 5. But this Court has previously sustained prior requests by Meta to seal confidential information that contained a very similar level of detail. *Compare, e.g.*, Dkt. 277-1 at 8 ("This text should be redacted because it refers to backend processes for ad creation, which reveals specific, nonpublic information about Meta's proprietary ad creation systems and processes. If this information were disclosed, it may competitively harm Meta and enable bad actors to exploit Meta's systems."), *with, e.g.*, Dkt. 315-2 at 2 ("This text should be redacted because it refers to the backend process of ad review, which reveals specific information about Meta's proprietary ad review systems and processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems."). Nevertheless, Meta has provided additional details in the attached Exhibit 1.

*Third*, Plaintiff claims that Meta seeks to "seal ordinary words and phrases that are not specific to Meta's proprietary systems and processes." Dkt. 315 at 6. That certain terms may be "ordinary," however, does not mean Meta's *use* of those terms in context is not confidential or proprietary. And for many of Meta's proposed redactions, Plaintiff does not identify which "words and phrases" he claims to be "ordinary" and thus not worthy of protection. *See, e.g.*, Dkt. 315-2 at 8 (asserting that "[m]uch of the referenced material involves ordinary language rather than proprietary terms and phrases," without identifying that material).

Regardless, Meta has continued to review the materials and information that it proposes be redacted. Attached to this reply brief are updated versions of the Joint Discovery Letter Brief and exhibits thereto: the Joint Discovery Letter Brief (Exhibit 2); Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 8 (Exhibit 3); Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 4, 6, 7 (Exhibit 4); and META-0105928 (Exhibit 5). They remove certain proposed redactions and, like the prior versions, are

"narrowly tailored to sealable material." *Allen* v. *City of Oakland*, 2012 WL 5949619, at *2 (N.D. Cal. Nov. 28, 2012).

For the reasons explained above and in the Brown Declaration, the Administrative Motion should be granted.

| | |
|---|---|
| Dated:  February 27, 2026 | By: */s/ Walter F. Brown, Jr.*  <br>Walter F. Brown, Jr. (SBN: 130248)<br>wbrown@paulweiss.com<br>**PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP**<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Telephone: (628) 432-5100<br>Facsimile: (628) 232-3101<br><br>Amy L. Barton (*pro hac vice*)<br>abarton@paulweiss.com<br>T. Patrick Cordova (*pro hac vice*)<br>pcordova@paulweiss.com<br>Anne Simons (*pro hac vice*)<br>asimons@paulweiss.com<br>Paloma Rivera (*pro hac vice*)<br>privera@paulweiss.com<br>**PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br><br>Karen L. Dunn (*pro hac vice*)<br>kdunn@dirllp.com<br>Melissa F. Zappala (*pro hac vice*)<br>mzappala@dirllp.com<br>**DUNN ISAACSON RHEE LLP**<br>401 9th Street NW<br>Washington, DC 20004<br>Telephone: (202) 240-2900<br>Facsimile: (202) 240-2050<br><br>Meredith R. Dearborn (SBN: 268312)<br>mdearborn@dirllp.com<br>**DUNN ISAACSON RHEE LLP**<br>345 California Street, Suite 600<br>San Francisco, CA 94104-2671<br>Telephone: (202) 240-2900<br>Facsimile: (202) 240-2050 |

|    |                                                          |
|----|----------------------------------------------------------|
| 1  |                                                          |
| 2  | Jacob M. Heath (SBN: 238959)                             |
|    | jheath@orrick.com                                        |
| 3  | **ORRICK, HERRINGTON &**                                 |
|    | **SUTCLIFFE LLP**                                        |
| 4  | 1000 Marsh Road                                          |
|    | Menlo Park, CA 94025-1015                                |
| 5  | Telephone: (650) 614-7400                                |
|    | Facsimile: (650) 614-7401                                |

*Attorneys for Defendant Meta Platforms, Inc.*