Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 5:22-CV-03699-PCP<br><br>**DECLARATION OF WALTER F. BROWN, JR. IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>**[WITH PUBLICLY-FILED EXHIBITS]**<br><br>The Honorable P. Casey Pitts |

W. Brown Declaration in Support of
Plaintiff's Administrative Motion To
Consider Whether Another Party's
Material Should Be Sealed

Case No. 5:22-cv-03699-PCP

I, Walter F. Brown, Jr., declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner at the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in this action. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta in this action.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration pursuant to Civil Local Rules 79-5(f)(3) in support of Plaintiff Andrew Forrest's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Plaintiff's Administrative Motion"). *See* Dkt. 313. Plaintiff filed under seal his Motion for Sanctions Re: Spoliation of Evidence (the "Motion") and accompanying attachments to this Court on February 20, 2026. *See* Dkts. 313—313-16. Meta seeks to seal narrowly tailored portions of the Motion (Dkt. 313-3) and the accompanying exhibits, namely the Declaration of John Quinn In Support Of Plaintiff's Motion (Dkt. 313-4), Appendix 1 (Dkt. 313-5), Exhibit G (Dkt. 313-9), Exhibit H (Dkt. 313-10), Exhibit J (Dkt. 313-11), Exhibit K (Dkt. 313-12), Exhibit L (Dkt. 313-13), Exhibit M (Dkt. 313-14), Exhibit N (Dkt. 313-15), and Exhibit O (Dkt. 313-16) (collectively, the "Motion and Exhibits"). These portions relate to specific, non-public content in the Motion and Exhibits that reflect confidential business information. Meta seeks to redact information about Meta's non-public, proprietary ad creation and optimization processes, including backend names and processes for optimizations, as well as its backend systems and processes for ad delivery, including the internal names of those processes. Meta also seeks to redact the following specific information about Meta's proprietary data storage systems: (a) the names of Hive tables; (b) Hive table field names; (c) the availability of particular data or information in Hive tables; and (d) the retention of data in certain Hive tables. Lastly, Meta

---

[1] Judge DeMarchi has granted a motion to seal in this case on the basis of a declaration of counsel submitted pursuant to Civil Local Rule 79-5. *See* Dkt. 289 at 3 n.2; *see also, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580-WHO (VKD), Dkt. 466 (N.D. Cal. Apr. 25, 2024). If this Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

seeks to redact information related to its advertising clients (collectively, the "Confidential Information"). The Confidential Information is outlined in Exhibit 1, attached hereto. Because Meta is narrowing portions of Plaintiff's original sealing request and proposing additional portions to be sealed, Meta submits a proposed order granting Plaintiff's Administrative Motion as modified by the sealing requested herein. Meta also attaches to this declaration as exhibits updated versions of the Motion and accompanying exhibits with proposed modified sealing material: Exhibit 2 (Plaintiff's Motion); Exhibit 3 (Declaration of John Quinn In Support Of Plaintiff's Motion); Exhibit 4 (Exhibit M); and Exhibit 5 (Exhibit O).[2]

3.       Pursuant to Federal Rule of Civil Procedure 26(c), a "court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *M.A. Mobile Ltd.* v. *Indian Inst. of Tech. Kharagpur*, No. C-08-02658-RMW (HRL), 2014 WL 12821694, at *1 (N.D. Cal. Apr. 4, 2014) (citing Fed. R. Civ. P. 26(c)(1)(G)). Courts in this Circuit apply the stricter "compelling reasons" standard when deciding motions to seal information contained within spoliation motions. *See, e.g., Charles* v. *Target Corp.*, No. 20-CV-07854-HSG, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (applying compelling reasons standard to motion for spoliation sanctions); *Edifecs, Inc.* v. *Welltok, Inc.*, No. C18-1086JLR, 2019 WL 5618822, at *1 (W.D. Wash. Oct. 31, 2019) (applying compelling reasons standard to a motion for evidentiary sanctions).

4.       Upon a showing of "compelling reasons," information can be sealed that overrides the public's right to inspect and assess court records. *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1097 (9th Cir. 2016). Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Relevant factors in determining whether compelling reasons exist to overcome the public's interest in

---

[2]   Where Meta seeks to narrow Plaintiff's original sealing request, Meta has designated this material in green. Where Meta seeks to seal additional material, Meta has designated this material in pink.

disclosure include "the public interest in understanding the judicial process" and "whether disclosure of the material could result in improper use of the material for . . . infringement upon trade secrets." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018).

5.    Meta has several compelling reasons to seal the Confidential Information.

6.    *First*, Meta seeks to seal only limited portions of the Motion and Exhibits that are necessary to protect its proprietary confidential information.  Meta asks this Court to seal the portions of the Motion and Exhibits that reveal specific, proprietary, and confidential information about Meta's ad creation, optimization, and delivery processes, and Meta's  data storage systems.

7.    *Second*, sealing these limited portions of the Motion and Exhibits will not impede the public's understanding of the judicial process, as this specific, proprietary information is not essential to the public's understanding of the merits of this dispute or this case.  Meta is leaving unsealed general descriptions of its ad creation, optimization, delivery systems and processes and its data storage systems—it only seeks to protect from disclosure specific technical and confidential details.

8.    *Third*, disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage or otherwise cause Meta competitive harm.  "Where document[s] contain sources of business information that might harm [a party's] competitive standing, the need for public access to the records is lessened." *Algarin* v. *Maybelline, LLC*, No. 12-cv-03000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (citing *Nixon* v. *Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "[C]ourts have found compelling reasons" to seal "proprietary and confidential business information" that would cause competitive harm, including "information regarding a company's proprietary technology." *Snapkeys, Ltd.* v. *Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting cases) (citations and internal quotations omitted).  In addition, courts within this District routinely grant motions to seal confidential product operation information.  *See, e.g., Jam Cellars, Inc.* v. *Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons to seal "confidential business and proprietary information relating to the operations of both

W. Brown Declaration in Support of Plaintiff's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed

- 3 -

Case No. 5:22-cv-03699-PCP

Plaintiff and Defendant"); *Finjan, Inc.* v. *Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Kumandan* v. *Google LLC*, No. 19-CV-04286-BLF, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (same); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons" to seal specific information about "how Gmail operates," where Google contended that if the information was disclosed, competitors could "duplicate features of Gmail," and "cause competitive harm"). Courts in this District have also granted motions to seal information relating to a business' customers. *See True Health Chiropractic Inc.* v. *McKesson Corporation*, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019) (finding compelling reasons to seal customer lists because "there is little public interest in the release of the customer lists, the particular contents of which have little to do with the merits of this case"); *Activision Publ'g, Inc.* v. *EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[T]here are compelling reasons to seal the various parties' customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy.").

9.   Meta operates in an intensely competitive marketplace where competitors are likely to exploit any release of Meta's detailed, proprietary information as well as its client lists to gain a competitive advantage. Disclosure of the Confidential Information would provide competitors with insight into how Meta's ad creation, optimization, , and delivery systems and processes are designed, organized, and operated, and how Meta's data storage systems are designed, organized, and operate, which may give competitors the ability to imitate Meta's systems and processes, thereby causing competitive harm. *See In re Google Inc. Gmail*, 2013 WL 5366963, at *3. Compelling reasons therefore exist to seal this information. *See id.*

10.   Furthermore, disclosure of the Confidential Information could be used by bad actors to infiltrate, exploit, and misuse Meta's internal processes. Such security concerns create "a compelling reason to seal." *Music Grp. Macao Com. Offshore Ltd.* v. *Foote*, No. 14-cv-03078-

JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (granting motion to seal server data where its disclosure "may harm [plaintiff] by encouraging another cyber attack, or at least making it feasible"); *see In re Google Inc. Gmail*, 2013 WL 5366963, at *3 (sealing information about messaging system because "hackers and spammers could use this information to circumvent Google's anti-virus and anti-spam mechanisms"). Bad actors could use the information concerning Meta's ad creation, optimization, ad review, and delivery systems and processes, as well as Meta's data storage systems, to infiltrate and exploit those systems and processes.

11. For the foregoing reasons, courts within this District have protected the type of information that Meta seeks to seal here. Courts have sealed information about the operation of proprietary systems. *In re Google Inc. Gmail*, 2013 WL 5366963, at *3 (finding "compelling reasons" to seal specific information about how Gmail operates); *Jam Cellars*, 2020 WL 5576346, at *2 (finding compelling reasons to seal "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"). Courts have also protected information about proprietary databases, including database or table names, and data fields and descriptions of the data within them, have been sealed. *Laatz* v. *Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2025 WL 460065, at *3 (N.D. Cal. Jan. 27, 2025) (finding "compelling reasons to seal information that would reveal confidential information about Zazzle's database, proprietary electronic systems, [and] internal procedures"); *Bottoms* v. *Block, Inc.*, No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (holding compelling interests warranted sealing "the confidential name of a [company] database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Courts in this District have also found compelling reasons to seal customer information. *Activision*, 2023 WL 2347134, at *1 ("[T]here are compelling reasons to seal the various parties' customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy."); *Icon-IP Pty Ltd.* v. *Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at

W. BROWN DECLARATION IN SUPPORT OF
PLAINTIFF'S ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

- 5 -

CASE NO. 5:22-CV-03699-PCP

1   *2 (N.D. Cal. Mar. 4, 2015) (noting that under Ninth Circuit law, "customer usage information,

2   when kept confidential by a company, is appropriately sealable under the 'compelling reasons'

3   standard where that information could be used to the company's competitive disadvantage").

4          12.    For the foregoing reasons, pursuant to Civil Local Rules 79-5(c)(1) and (f)(3), Meta

5   respectfully requests that this Court grant Plaintiff's Administrative Motion.  Meta does not

6   otherwise object to the public filing of any other portions of the Motion and Exhibits.

7

8          I declare under penalty of perjury under the laws of the United States that the foregoing is

9   true and correct.  Executed this 27th day of February, 2026 in San Francisco, CA.

10                          */s/ Walter F. Brown, Jr.*

W. Brown Declaration in Support of
Plaintiff's Administrative Motion To
Consider Whether Another Party's          - 6 -                    Case No. 5:22-cv-03699-PCP
Material Should Be Sealed