# Exhibit 4

# [REDACTED]

# EXHIBIT M

# FILED UNDER SEAL

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DR. ANDREW FORREST,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 22-CV-03699-PCP (VKD)

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS NOS. 6-17**

The Honorable P. Casey Pitts

Pursuant to Federal Rules of Civil Procedure 26 and 36, and the Court's December 5, 2025 Order Re November 24, 2025 Discovery Dispute Re Plaintiff's Request to Serve RFAs (the "December 2025 RFA Order"), Defendant Meta Platforms, Inc. ("Meta"), by its undersigned counsel, responds and objects to Plaintiff's December 5, 2025 First Set of Requests for Admission (the "Requests," and each Request set forth therein, a "Request"), Requests Nos. 6-17, and the definitions and instructions contained therein:

**GENERAL OBJECTIONS**

1. Meta objects to the Requests, and the definitions and instructions contained therein, to the extent they are inconsistent with or premature due to the bifurcated discovery schedule focusing first on Meta's Section 230 defense, as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303.

2. Meta objects to the Requests, and the definitions and instructions contained therein, to the extent they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

3. Meta objects to the Requests, and the definitions and instructions therein, to the extent they are inconsistent with the agreement of the parties under the Second Amended Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, entered by the Court on July 23, 2025 (the "Protective Order"), the Stipulation and Order Pursuant to Federal Rule of Evidence 502(d), entered by the Court on December 31, 2024 (the "502(d) Order"), and the Stipulation and Order re: Discovery of Electronically Stored Information, entered by the Court on December 31, 2024 (the "ESI Protocol"), or other Order of the Court in this case.

4. Meta objects to the Requests to the extent they seek information that is in whole or in part protected from disclosure under the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege; was prepared in anticipation of litigation or for trial; or is subject to any other privilege or exemption from discovery under applicable laws or

rules. Meta will not produce information protected by such privileges or protections. Nothing contained in these Responses is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. Specific Objections contained in the Responses below on the grounds of privilege are provided for emphasis and clarity only, and the absence of such an objection is neither intended, nor should be interpreted, as evidence that Meta does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is not intended to waive those privileges and protections. Any such disclosure shall be handled consistent with the agreement of the parties under the Protective Order, the 502(d) Order, the ESI Protocol, or other Order of the Court in this case.

5. Meta objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this case. These Responses are not intended to be, and should not be construed as, an agreement or concurrence by Meta with Plaintiff's characterization of any facts, circumstances, and/or legal obligations. Meta reserves the right to contest any such characterization as inaccurate.

6. Meta objects to the Requests to the extent they seek admissions that would be inadmissible at trial or otherwise for any reason, including without limitation, admissions that are irrelevant. By responding, Meta does not waive any objection to, or admit the relevancy, materiality, or admissibility of any Request or the matters that are the subject of any Request. Meta reserves all rights to object on any ground to the admissibility and use of the Requests, Responses, and matters related thereto.

7. Meta's Responses as part of phase one of the bifurcated discovery schedule, which focuses on Meta's Section 230 defense, should not be construed as an admission of relevancy or lack of overbreadth, vagueness, ambiguity, burden, or privilege with respect to requests served in phase two.

8. Meta objects to the Requests to the extent they seek information beyond the time period of0020January 1, 2019 to January 31, 2025.

9. To the extent the Requests seek information that is Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code under the Protective Order, such information will be provided in accordance with the Protective Order.

10. Meta reserves all rights and objections, whether or not stated herein, including, without limitation, the right to supplement, modify, or amend its Responses and Objections.

## OBJECTIONS TO DEFINITIONS

1. Meta objects to the Definitions as vague and ambiguous because they reference other Definitions, and because they purport to use terms that Meta does not use in the ordinary course of its business.

2. Pursuant to the December 2025 RFA Order, Meta is responding to only Requests Nos. 6-17. Meta herein provides objections, if any, only to those Definitions used in those Requests or as part of a Definition used in those Requests. For avoidance of doubt, those Requests include Definitions Nos. 4, 7, 10, 12, 14, 16, 17, 19, 21, 23, and 24. Meta reserves its right to object to any other Definition. By not addressing Definitions not included in Requests Nos. 6-17, Meta is not conceding or otherwise stating that those Definitions are not objectionable.

3. Meta objects to the definition of "Advertisement" as overbroad and unduly burdensome because it includes "any message, notice or other content that appears on any Meta platform (*e.g.*, Facebook, Instagram), and/or on any other website or application through Meta's Audience Network." Meta will construe "Advertisement" to refer to an advertisement created using Ads Manager that appears on Meta's Facebook and Instagram services in exchange for a payment to Meta.

4. Meta objects to the definition of "End-User" as overbroad because it includes "any individual(s) to whom a Scam Ad was displayed, presented, targeted, transmitted, or communicated." Meta further objects to this definition because "presented, targeted, transmitted, or communicated" is vague and ambiguous. Meta will construe "End-User" to refer to individual(s) to whom a Scam Ad was displayed.

5. Meta objects to the definition of "Impression" as overbroad because it includes "each instance where Meta Renders an Advertisement on an End-User's device." Meta objects to

"device" as vague and ambiguous. Meta will construe "Impression" as each instance where Meta Renders an Advertisement to an End-User's screen.

6. Meta objects to the definition of "Meta" as overbroad and unduly burdensome because it includes "Defendant Meta Platforms, Inc. . . . and all of its agents, assigns, employees, principals, members, officers, directors, executives, representatives, subsidiaries, affiliates, related companies, predecessor companies, attorneys and/or all persons authorized to act or purporting to act on its behalf." Meta will construe "Meta" to refer to Defendant Meta Platforms, Inc., individuals and entities within Meta Platforms, Inc.'s control, and the entity formerly known as Facebook, Inc.

7. Meta objects to the definition of "Render" or "Rendered" as overbroad and unduly burdensome because it includes "the process by which Meta's ad delivery system determines which Advertisement iteration (including which image and video) to show to an End-User and which additional Creative Optimizations to apply and in what variations; applies those selections; and displays the Advertisement as an Impression on the End-User's device." Meta will construe "Render" and "Rendered" to refer to Meta's display of an Advertisement.

8. Meta objects to the definition of "Scam Ads" as overbroad and unduly burdensome because it includes all "Advertisements that use Plaintiff's name or likeness, including . . . all drafts, versions, and iterations thereof." Meta will construe "Scam Ads" or "Scam Ad" to be referring to the 28,296 ads Meta identified that received impressions in Australia from January 1, 2019 to January 31, 2025.

9. Meta objects to the definition of "You," "Your," or "Yourself" as overbroad and unduly burdensome because it includes the definition of "Meta" and "anyone authorized to or purporting to act on its behalf." Meta will construe "You," "Your," or "Yourself" to refer to Defendant Meta Platforms, Inc., individuals and entities within Meta Platforms, Inc.'s control, and the entity formerly known as Facebook, Inc.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of the foregoing General Objections and Objections to Definitions (collectively, "General Objections"), which are incorporated by reference into each of

the following specific responses and objections, Meta responds and objects to the Requests as follows:

**REQUEST FOR ADMISSION NO. 6:**

Admit that the [redacted] table captures and contains information [redacted].

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request because the word "captures" is vague and ambiguous as used in this Request, in that it is unclear what that word means in this context.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits [redacted] is a Hive table that contains information [redacted]. Meta otherwise denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the [redacted] table has a retention period of [redacted]

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits [redacted] is a Hive table that has a retention period of [redacted] as of December 17, 2025.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You did not suspend, alter, extend, or otherwise change the retention period for the [redacted] table upon receiving a letter from Plaintiff, dated September 13, 2019, in which Plaintiff informed You that if no solution were proposed and agreed

with respect to misleading advertisements on Your platforms, Plaintiff was "determined (and has the resources) to end the ongoing misleading Campaign, now knowingly facilitated by Facebook in Australia, by the commencement of proceedings."

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "suspend, alter, extend, or otherwise change" as unclear and vague. Meta further objects to this Request to the extent it suggests that Meta had an obligation to "suspend, alter, extend, or otherwise change the retention period for the [redacted] table." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Meta also objects to this Request to the extent it mischaracterizes the September 13, 2019 letter and refers to that letter for the entirety of its content.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits that, at the time Meta received a letter from Plaintiff, dated September 13, 2019, it did not change the retention period for the [redacted] Hive table, which contains [redacted] but denies that any obligation to do so existed. Meta otherwise denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You did not suspend, alter, extend, or otherwise change the retention period for the [redacted] table upon the filing of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive

table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "suspend, alter, extend, or otherwise change" as unclear and vague. Meta further objects to this Request to the extent it suggests Meta had an obligation to "suspend, alter, extend, or otherwise change the retention period for the [redacted] table." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits that, at the time the Complaint was filed, it did not change the retention period for the [redacted] Hive table, which contains information [redacted], but denies that any obligation to do so existed. Meta otherwise denies this Request for Admission.

**<u>REQUEST FOR ADMISSION NO. 10:</u>**

Admit that You did not preserve Scam Ad [redacted] data contained in the [redacted] table beyond the retention period.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 10:</u>**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the preservation of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "Scam Ad [redacted] data" because it is vague and ambiguous as used in this Request, in that it is unclear what data is being referenced. Meta further objects to the phrase "beyond the retention period" as vague and ambiguous. Meta further objects to this Request to the extent it assumes the [redacted] table contained "Scam Ad [redacted] data." Meta further objects to this Request to the extent it suggests that Meta had an obligation to "preserve Scam Ad [redacted] data contained in the [redacted] table beyond

the retention period." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, after reasonable inquiry, Meta cannot admit or deny that Meta did not preserve data associated with the Scam Ads in the [redacted] Hive table because the table contains information [redacted]

**REQUEST FOR ADMISSION NO. 11:**

Admit that Meta no longer possesses data concerning Scam Ad [redacted] that had been captured and contained in the [redacted] table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "data concerning Scam Ad [redacted]" because it is vague and ambiguous as used in this Request, in that it is unclear what data is being referenced. Meta further objects to this Request because the word "captured" is vague and ambiguous as used in this Request, in that it is unclear what that word means in this context. Meta further objects to this Request to the extent it assumes the [redacted] table "captured" or contained "data concerning Scam Ad [redacted]." Meta further objects to this Request to the extent it suggests that Meta had an obligation to preserve "data concerning Scam Ad [redacted] that had been captured and contained in the [redacted] table." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, after reasonable inquiry, Meta cannot admit or deny that Meta no longer possesses data associated with the Scam Ads in the [redacted] Hive table because it contains information [redacted]

**<u>REQUEST FOR ADMISSION NO. 12:</u>**

Admit that the [redacted] table captures and contains information about [redacted]

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 12:</u>**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request because the word "captures" is vague and ambiguous as used in this Request, in that it is unclear what that word means in this context.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits [redacted] is a Hive table that contains information [redacted] Meta otherwise denies this Request for Admission.

**<u>REQUEST FOR ADMISSION NO. 13:</u>**

Admit that the [redacted] table has a retention period of [redacted].

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 13:</u>**

Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta

admits [redacted] is a Hive table that has a retention period of [redacted] as of December 17, 2025.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You did not suspend, alter, extend, or otherwise change the retention period for the [redacted] table upon receiving Plaintiff's September 13, 2019 letter. *See* Request No. 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "suspend, alter, extend, or otherwise change" as unclear and vague. Meta further objects to this Request to the extent it suggests that Meta had an obligation to "suspend, alter, extend, or otherwise change the retention period for the [redacted]." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Meta also objects to this Request to the extent it mischaracterizes the September 13, 2019 letter and refers to that letter for the entirety of its content.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits that, at the time Meta received a letter from Plaintiff, dated September 13, 2019, it did not change the retention period for the [redacted] Hive table, which contains information [redacted] but denies that any obligation to do so existed. Meta otherwise denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You did not suspend, alter, extend, or otherwise change the retention period for the [redacted] table upon the filing of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the retention of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta further objects to the phrase "suspend, alter, extend, or otherwise change" as unclear and vague. Meta further objects to this Request to the extent it suggests that Meta had a obligation to "suspend, alter, extend, or otherwise change the retention period for the [redacted] table." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, Meta admits that, at the time the Complaint was filed, it did not change the retention period for the [redacted] Hive table, which contains information [redacted], but denies that any obligation to do so existed. Meta otherwise denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You did not preserve Scam Ad [redacted] data from the [redacted] table beyond the retention period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the preservation of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta objects to the phrase "Scam Ad [redacted] data" because it is vague and ambiguous as used in this Request, in that it is unclear what data is being referenced. Meta further objects to the phrase "beyond the retention period" as vague and ambiguous. Meta further objects to this Request to the extent it assumes the

[redacted] table contained "Scam Ad [redacted] data." Meta further objects to this Request to the extent it suggests that Meta had an obligation to "preserve Scam Ad Impression data from the [redacted] table beyond the retention period." Meta further objects to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, after reasonable inquiry, Meta cannot admit or deny that Meta did not preserve data associated with the Scam Ads in the [redacted] Hive table because the table contains information [redacted]

**REQUEST FOR ADMISSION NO. 17:**

Admit that Meta no longer possesses data concerning Scam Ad [redacted] that had been captured and contained in the [redacted] table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Meta incorporates its Objections to the defined terms used in this Request. Meta objects to this Request to the extent that it seeks information relating to the preservation of data in a Hive table as not relevant to Meta's Section 230 defense in accordance with the bifurcated schedule as ordered by the Court. *See* Dkts. 172; 192; 276; 289; 301; 303. Meta objects to the phrase "data concerning Scam Ad [redacted]" because it is vague and ambiguous as used in this Request, in that it is unclear what data is being referenced. Meta further objects to this Request because the word "captured" is vague and ambiguous as used in this Request, in that it is unclear what that word means in this context. Meta further objects to this Request to the extent it assumes the [redacted] table "captured" or contained "data concerning Scam Ad [redacted]" Meta further objects to this Request to the extent it suggests that Meta had an obligation to preserve "data concerning Scam Ad [redacted] that had been captured and contained in the [redacted] table." Meta further objects to this Request to the extent it seeks the

disclosure of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Subject to and without waiving any of the foregoing General and Specific Objections, after reasonable inquiry, Meta cannot admit or deny that Meta no longer possesses data associated with the Scam Ads in the [redacted] Hive table because it contains information [redacted]

Dated: January 5, 2026

Respectfully submitted,

By: /s/ Walter F. Brown Jr.
Walter F. Brown Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of 18 years and not a party to this action. My business address is Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064.

On January 5, 2026, I caused the following document(s) to be served:

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS NOS. 6-17**

via electronic mail delivery to the person(s), address(es), and email address(es) set forth below:

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joyce Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
John Roddy (*pro hac vice*)
jroddy@baileyglasser.com
**BAILEY & GLASSER LLP**
101 Arch Street, 8th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Katherine E. Charonko (*pro hac vice*)
kcharonko@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capital Street
Charleston, WV 25301
Telephone: (304) 345-6555

Elizabeth L. Stryker (*pro hac vice*)
estryker@baileyglasser.com
**BAILEY & GLASSER LLP**
94 Long Street, Suite 200
Westover, WV 26501
Telephone: (304) 594-0087

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192

*Attorneys for Plaintiff Dr. Andrew Forrest*

The party on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 5, 2026 at New York, New York.

*/s/ Paloma Rivera*