John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313)**<br><br>The Honorable P. Casey Pitts |

Pursuant to Civil L.R. 79-5(f)(4), Plaintiff Dr. Andrew Forrest respectfully submits this response in opposition to the sealing requests made by Defendant Meta Platforms, Inc. ("Meta") pursuant to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* ECF 313; ECF 328. Meta seeks to seal portions of Plaintiff's Notice of Motion and Motion for Sanctions re: Spoliation of Evidence and Memorandum of Points and Authorities in Support Thereof and the accompanying attachments (the "Spoliation Motion"), which are the subject of an April 16 hearing before the Court.

The Ninth Circuit recognizes a strong presumption in favor of public access to court records, and Meta has failed to show "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *5 (N.D. Cal. Nov. 1, 2007) (applying "compelling reasons" standard to material regarding spoliation). First, much of the material is already in the public domain; second, as to the majority of sealing requests, Meta has not made the particularized showing required to seal confidential business information; and third, in many instances, Meta seeks to seal ordinary terms and phrases that are not confidential or proprietary. Accordingly, as set forth more fully below and in the attached chart (Exhibit A), the Court should deny the majority of Meta's sealing requests. Plaintiff does not oppose the sealing of specific table names, references to Meta clients, and other specific terms and phrases, as set forth below and in Exhibit A.

**I.   BACKGROUND**

The Spoliation Motion seeks relief in connection with Meta's destruction of evidence that bears on its claimed Section 230 immunity. *See* ECF 314 (redacted motion and attachments); ECF 313-3 to 313-16 (conditionally sealed motion and attachments). Given the extent and severity of Meta's spoliation, the Spoliation Motion asks the Court to order specific evidentiary sanctions under Rule 37(e), including holding that a triable issue of fact exists with respect to Meta's assertion of Section 230 immunity. *See* ECF 314 at 1. Plaintiff also asks the Court to draw certain adverse inferences at summary judgment and instruct the jury it may do so at trial. *Id.*

1

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) |
CASE NO. 22-CV-03699-PCP (VKD)

1    On February 20, 2026, Plaintiff filed two versions of the Spoliation Motion: a public, redacted version (ECF 314) and an unredacted, highlighted version filed under conditional seal (ECF 313). Consistent with Section 14.4 of the Protective Order, Plaintiff filed under conditional seal excerpts of the Spoliation Motion that Meta had designated or might seek to designate Protected Material, while reserving "all rights to challenge Defendant's sealing requests and confidentiality designations." ECF 313 at 2.

On February 27, Meta filed a declaration in support of sealing. ECF 328. Meta asked the Court to seal significant portions of the Spoliation Motion, pointing to allegations about potential harm to Meta's business and security interests. ECF 328 ¶¶ 8-10. Counsel stated that "disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage" and "could be used by bad actors." *Id.* Meta's filing also included a chart listing the portions of the Spoliation Motion for which Meta is requesting sealing. ECF 328-1. For each item, Meta asserted that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." *Id.* at 1-26 (repeating this language in 74 of the 75 entries).

## II.    LEGAL STANDARD

Courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). When a motion is "more than tangentially related to the merits of a case," courts apply the "compelling reasons" standard—rather than the lower "good cause" standard—to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). Because they are more than tangentially related to the merits, the "compelling reasons" standard applies to information contained within spoliation motions. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, No. 19-CV-07562-PJH, 2023 WL 2622155, at *14 (N.D. Cal. Mar. 22, 2023). Accordingly, Meta concedes that the compelling reasons standard applies here. *See* ECF 328 ¶ 3.

Under the compelling reasons standard, the movant "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors*

2

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) |
CASE NO. 22-CV-03699-PCP (VKD)

*Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (cleaned up) ("hypothesis and conjecture" do not suffice). A sufficient compelling reason may exist where disclosure could result in improper use of the material "for scandalous or libelous purposes or infringement upon trade secrets." *Id.* n.6 (cleaned up). By contrast, the mere "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation does not merit sealing." *Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 696 (N.D. Cal. 2025) (cleaned up).

Finally, "[p]arties seeking to seal filings in this district . . . must 'narrowly tailor' requests to seal 'only the sealable material.'" *X Corp. v. Bright Data Ltd.*, No. C 23-03698 WHA, 2025 WL 81577, at *4 (N.D. Cal. Jan. 12, 2025) (quoting Civil L.R. 79-5(c)(3)).

### III.    ARGUMENT

Meta has not overcome the strong presumption of public access with a showing of compelling reasons that could support specific factual findings with respect to most of the material it asks the Court to seal. *See Pintos*, 605 F.3d at 679. To the contrary, much of the material it seeks to seal is either: (1) already in the public domain; (2) not eligible for sealing because Meta has failed to make the required particularized showing; or (3) ordinary language that is not confidential or proprietary. Plaintiff has attached a reproduced version of Meta's chart (ECF 328-1) that includes a column with his position for each entry. *See* Ex. A. For the reasons explained below and in the attached chart, the Court should deny the majority of Meta's sealing requests.

First, many of the terms, concepts, and other information in the Spoliation Motion that Meta seeks to seal are already a matter of public record, having been previously disclosed in public filings by the parties, Meta's public web pages, or public news reporting. Quinn Decl. ¶ 4. It is well-settled that there is no compelling reason—nor even good cause—to seal information that "is already in the public domain." *In re Twitter Inc. Sec. Litig.*, No. 16-cv-5314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (collecting cases). Once material designated as confidential has been disclosed to the public, the rationale for sealing—that public access should be restricted because disclosure would result in harm—no longer applies. *See, e.g., Southcentral Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-CV-00018-TMB, 2018 WL 11352150, at *7 (D. Alaska Sept. 17, 2018) (finding no compelling reasons to seal publicly disclosed compensation

information); *see also* Protective Order, ECF 234 ¶ 3 (excluding from protection "any information that . . . becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order"). Here, the declaration of Meta's counsel and accompanying chart do not even acknowledge that much of the material it seeks to seal has already been publicly disclosed, let alone "explain how what it proposes to seal here differs from the material that is already publicly available." *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155, 2023 WL 5667891, at *2 (N.D. Cal. Aug. 21, 2023); *see also X Corp.*, 2025 WL 81577, at *4 (concluding that compelling reasons standard was not met where, among other things, the party attempted to seal material it disclosed elsewhere). As described in more detail in Exhibit A, the Court should deny sealing of all material that is already public—whether through the parties' prior filings, Meta's public pages, or news reporting.

Second, as to most of the remaining sealing requests, Meta fails to make the particularized showing required to support the "specific factual findings" this Court would have to make in order to seal the material. *See Pintos*, 605 F.3d at 679. In support of these requests, Meta has submitted a declaration from counsel that offers generic, unsupported statements regarding Meta's business and security interests. ECF 328. These boilerplate, conclusory statements are devoid of detail, and many are couched in hypothetical terms. *See, e.g., id.* ¶ 9 (stating that disclosures "*may* give competitors the ability to imitate Meta's systems and processes" (emphasis added)); *id.* ¶ 10 (asserting that disclosures "*could* be used by bad actors to infiltrate, exploit, and misuse Meta's internal processes" (emphasis added)). "But vague boilerplate language or nebulous assertions of potential harm won't do." *X Corp.*, 2025 WL 81577, at *1; *see also id.* at *3 ("Generic rationales invite general rejection."). The compelling reason standard can be met "only on the basis of articulable facts," "not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (cleaned up)); *de Jesus v. UnitedHealth*, No. CV-22-00532, 2025 WL 2958559, at *2 (D. Ariz. Oct. 17, 2025) (fear that "unspecified" "data may be exploited lacks the specificity needed to outweigh the public's right to access court documents").

The chart attached to Meta's declaration, while ostensibly submitted to provide item-by-item substantiation for Meta's sealing requests, only underscores these deficiencies. Each entry

4

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) |
CASE NO. 22-CV-03699-PCP (VKD)

(with one exception) recites the same conclusory language—"[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems"—with no specifics as to how or why disclosure of the referenced material would lead to that result. *See* ECF 328-1 at 1-26. This Court rightly rejected that sort of boilerplate recitation in *X Corp.* and should do so again here. As the Court there explained: "A party with compelling reasons to seal does not leave to chance that the district court will pick through its mine run, perhaps not find, and reject by mistake any purported nuggets." 2025 WL 81577, at *3. Moreover, as the Court explained, "the approach limits the results possible: Generic rationales invite general rejection." *Id*. (citing Civil L.R. 79-5(c), (f)(6), (g)(2), and *Kamakana*, 447 F.3d at 1182).

Third, Meta asks this Court to seal ordinary words and phrases that are not specific to Meta's proprietary systems and processes. But "generic" and "overbroad redactions of basic concepts must be rejected" as compelling reasons, particularly where such concepts form the "main subject" of the matter at issue. *Splunk Inc. v. Cribl, Inc.*, No. C 22-07611, 2024 WL 3912261, at *4 (N.D. Cal. Aug. 19, 2024). Indeed, courts have rejected Meta's efforts to seal this information even under the good cause standard, *see In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. May 21, 2025), ECF 1030 at 2 (no good cause to seal "generic or high-level references to publicly or commonly known terms and concepts . . . , untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is *proprietary* or *confidential* to its business." (emphasis added)).

Finally, this is not a blanket opposition. Plaintiff recognizes that in some instances there are compelling reasons to seal, and Plaintiff does not oppose sealing table names, references to Meta clients, and other specific terms and phrases, as set forth in Exhibit A. Plaintiff reserves all rights to challenge Meta's sealing requests and confidentiality designations in the future.

Because Meta has not met its burden as to the remaining sealing requests, the Court should deny sealing. If the Court grants Meta's sealing requests in part, Plaintiff respectfully requests that the Court order Meta to refile the Spoliation Motion with updated redactions.

### IV.    CONCLUSION

For the reasons explained above, the Court should deny Meta's administrative motion.

5

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) | CASE NO. 22-CV-03699-PCP (VKD)

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 3, 2026 | Respectfully submitted, |
| 3 | | |
| 4 | */s/ John C. Quinn* | Leslie Brueckner (SBN: 140968) |
|   | John C. Quinn (*pro hac vice*) | lbrueckner@singletonschreiber.com |
| 5 | jquinn@heckerfink.com | **SINGLETON SCHREIBER, LLP** |
|   | Hyatt Mustefa (*pro hac vice*) | 591 Camino de la Reina, Suite 1025 |
| 6 | hmustefa@heckerfink.com | San Diego, CA 92108 |
|   | Jocelyn Hassel (*pro hac vice*) | Telephone: (619) 573-1851 |
| 7 | jhassel@heckerfink.com | |
|   | Tayonna Ngutter (*pro hac vice*) | |
| 8 | tngutter@heckerfink.com | Elizabeth Ryan (*pro hac vice*) |
|   | Tanveer Singh (*pro hac vice*) | eryan@baileyglasser.com |
| 9 | tsingh@heckerfink.com | **BAILEY & GLASSER LLP** |
|   | **HECKER FINK LLP** | 176 Federal Street, 5th Floor |
| 10 | 350 Fifth Avenue, 63rd Floor | Boston, MA 02110 |
|   | New York, NY 10118 | Telephone: (617) 439-6730 |
| 11 | T: 212.763.0883 | |
| 12 | | Derek G. Howard (SBN: 118082) |
|   | Joshua Matz (*pro hac vice*) | derek@derekhowardlaw.com |
| 13 | jmatz@heckerfink.com | **DEREK G. HOWARD LAW FIRM, INC.** |
|   | Joanne Grace Dela Peña (*pro hac vice*) | 42 Miller Avenue |
| 14 | jdelapena@heckerfink.com | Mill Valley, CA 94941 |
|   | Kaitlin Konkel (*pro hac vice*) | Telephone: (415) 432-7192 |
| 15 | kkonkel@heckerfink.com | Facsimile: (415) 524-2419 |
| 16 | Brian Remlinger (*pro hac vice*) | |
|   | bremlinger@heckerfink.com | |
| 17 | **HECKER FINK LLP** | |
|   | 1050 K Street NW | Suite 1040 | |
| 18 | Washington, DC 20001 | |
|   | T: 212.763.0883 | |
| 19 | | |
| 20 | | *Attorneys for Plaintiff Dr. Andrew Forrest* |

6

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) |
CASE NO. 22-CV-03699-PCP (VKD)

## **CERTIFICATE OF SERVICE**

I, John C. Quinn, hereby certify that on March 3, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

7

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 313) |
CASE NO. 22-CV-03699-PCP (VKD)