UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANDREW FORREST,

    Plaintiff,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 22-cv-03699-PCP   (VKD)

**ORDER RE ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 308

    Plaintiff Andrew Forrest filed an administrative motion to consider whether another party's material should be sealed in connection with the parties' February 9, 2026 discovery dispute (Dkt. No. 307). Dkt. No. 308. Meta filed a statement in support of sealing the material at issue, Dkt. No. 310, and Dr. Forrest filed a response in opposition to sealing Meta's material, Dkt. No. 315. At the Court's request, *see* Dkt. No. 319, Meta filed a reply to Dr. Forrest's opposition and narrowed its sealing request. Dkt. No. 326. The Court considers Meta's narrowed sealing request.

    For the reasons discussed below, the Court grants in part and denies in part Meta's narrowed sealing request.

**I.    LEGAL STANDARD**

    As the sealing motion relates to a discovery matter, the good cause standard applies. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard requires a "particularized showing," *Kamakana*, 447 F.3d at 1180, "that specific prejudice or harm will result" if no protective order is granted, *In re Roman Cath. Archbishop of Portland in Oregon*, 661

1  F.3d 417, 424 (9th Cir. 2011). "Broad allegations of harm, unsubstantiated by specific examples
2  or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476
3  (9th Cir. 1992). The party who seeks to maintain certain materials under seal has the burden of
4  establishing that sealing is warranted. *Kamakana*, 447 F.3d at 1179-80.

## II. DISCUSSION

Meta's statement in support of its sealing request argues that Meta's material should be sealed because it concerns "Meta's non-public, proprietary backend systems and processes for ad review, delivery, and optimization" and "Meta's internal nonpublic corporate structure, including the specific groups into which its employees are organized." Dkt. No. 310 at 1. Meta explains that disclosure of the material "would provide competitors with unfair insight into how Meta's ad review, optimization, and delivery systems and processes are designed, organized, and operated, as well as how Meta's corporate structure is organized, which may give competitors the ability to imitate Meta's systems and processes, thereby causing competitive harm." *Id.* at 3.

Dr. Forrest objects to Meta's sealing request on the grounds that (1) the material is already in the public domain; (2) Meta has failed to make the required particularized showing; and (3) the material is not confidential or proprietary. Dkt. No. 315 at 3. In its reply, Meta explains that the material it seeks to seal is "far more detailed than the publicly available information"; the disclosure of the material "could harm Meta by potentially verifying public reporting on topics Meta has not spoken publicly about, which may incentivize strategic leaks and media manipulation"; and Meta's use of certain terms is confidential and proprietary, even if some of those terms are otherwise "ordinary." Dkt. No. 326 at 1, 2; Dkt. No. 326-1 at 2.

Having considered the parties' arguments and the information now before the Court, the Court agrees with Meta that good cause exists to seal certain non-public information about Meta's systems and processes for ad review, delivery, and optimization as well as information revealing the details of Meta's internal corporate organization. However, the Court concludes that Meta has not demonstrated good cause to seal high-level, generic statements regarding its ad review, optimization, and delivery systems and processes and general corporate organization.

Accordingly, the Court grants in part and denies in part Meta's narrowed request to seal

(Dkt. No. 326) as follows:

| Document | Portion for Which Sealing is Sought and Ruling |
|---|---|
| Dkt. No. 307 (Joint Discovery Dispute Letter ("JDL")) | Passages on pages:<br>• 3 **GRANTED**<br>• 4 **DENIED**<br>• 5 **GRANTED**<br>• 6 **GRANTED**<br>• 7 **GRANTED** |
| Dkt. No. 307-4 (Ex. 4 to the JDL) | Passages on pages:<br>• 2 **GRANTED**<br>• 5 **GRANTED**<br>• 6 **GRANTED**<br>• 7 **GRANTED**<br>• 8 **GRANTED** |
| Dkt. No. 307-5 (Ex. 5 to the JDL) | Passages on pages:<br>• 8 **GRANTED, only as to lines 22-23, 25-27**<br>• 9 **GRANTED, only as to lines 2-7**<br>• 10 **GRANTED, only as to lines 3, 6-7, 10-12**<br>• 11 **GRANTED** |
| Dkt. No. 304-6 (Ex. 6 to the JDL) | Entire exhibit except one sentence on page 1 **GRANTED** |

### III. CONCLUSION

Where the Court has denied Meta's request to seal, Meta shall file revised public versions of the documents at issue, with appropriate redactions, in accordance with the determinations above, by **March 27, 2026**.

**IT IS SO ORDERED.**

Dated: March 12, 2026

Virginia K. DeMarchi
United States Magistrate Judge