John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>                        Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC.<br><br>                        Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS OPPOSITION AND SUPPORTING DOCUMENTS (ECF 337)**<br><br>The Honorable P. Casey Pitts |

Pursuant to Local Rule 7-11(b), Plaintiff Dr. Andrew Forrest respectfully submits this response in opposition to the sealing requests made by Defendant Meta Platforms, Inc. ("Meta") in connection with portions of its opposition to Plaintiff's pending Spoliation Motion (the "Spoliation Opposition" and, collectively with the supporting documents, the "Spoliation Opposition Papers"). *See* ECFs 337, 338. Specifically, Meta requests the sealing of 114 portions of the Spoliation Opposition Papers, as set forth in its administrative sealing motion and accompanying chart. *See* ECFs 337, 337-2. Plaintiff has prepared a revised chart, attached as Exhibit A, which includes both his positions and Meta's positions on the sealing requests.

The Ninth Circuit recognizes a strong presumption in favor of public access to court records. For many of the 114 sealing requests, Meta has failed to show "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *5 (N.D. Cal. Nov. 1, 2007). Plaintiff therefore opposes these requests and sets forth his reasoning in Exhibit A—explaining, for example, that the information at issue has already been disclosed to the public, that Meta has not made the particularized showing required to seal the information, or that the request involves ordinary terms and phrases that are not confidential or proprietary. Importantly, though, Plaintiff does not oppose sealing where Meta has limited its request to specific proprietary and non-public information, such as the names of particular data tables. For the reasons explained below and in Exhibit A, the Court should grant in part and deny in part Meta's sealing requests.

## I.    BACKGROUND

On February 20, 2026, Plaintiff filed a Spoliation Motion seeking relief in connection with Meta's destruction of evidence that bears on its claimed Section 230 immunity. *See* ECF 314. Meta sought to seal portions of the Spoliation Motion, and the parties have fully briefed those sealing requests. *See* ECFs 313, 328-330.

On March 23, 2026, Meta filed the Spoliation Opposition Papers. *See* ECF 338. Meta's administrative sealing motion claims that it seeks "to seal only the portions of the Opposition

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS OPPOSITION AND SUPPORTING DOCUMENTS (ECF 337) | CASE NO. 22-CV-03699-PCP (VKD)

Papers that reveal specific, proprietary, and confidential information about Meta's ad creation, optimization, and delivery systems and processes, and Meta's data storage systems." *See* ECF 337 at 4. In a supporting declaration, Meta's counsel similarly asserts that "Meta seeks to redact narrowly tailored portions of its Opposition Motion and accompanying papers." ECF 337-1 ¶ 4. Meta's accompanying chart contains entries for 114 portions of the Spoliation Opposition Papers. ECF 337-2. For nearly every item, Meta includes some variation of the assertion that "[i]f this information were disclosed, it [may/could] competitively harm Meta and enable bad actors to exploit [and/or infiltrate] Meta's [proprietary] systems." *Id.*

## II.    LEGAL STANDARD

Courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). When a motion is "more than tangentially related to the merits of a case," courts apply the "compelling reasons" standard—rather than the lower "good cause" standard—to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). Because spoliation motions are more than tangentially related to the merits, the "compelling reasons" standard applies. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, No. 19-CV-07562-PJH, 2023 WL 2622155, at *14 (N.D. Cal. Mar. 22, 2023). Accordingly, Meta concedes that the compelling reasons standard applies here. *See* ECF 337 at 3-4.

Under the compelling reasons standard, the movant "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (cleaned up) ("hypothesis and conjecture" do not suffice). A sufficient compelling reason may exist where disclosure could result in improper use of the material "for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at n.6 (cleaned up). By contrast, the mere "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation does not merit sealing." *Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 696 (N.D. Cal. 2025) (cleaned up).

Finally, "[p]arties seeking to seal filings in this district . . . must 'narrowly tailor' requests to seal 'only the sealable material.'" *X Corp. v. Bright Data Ltd.*, No. C 23-03698 WHA, 2025 WL 81577, at *1 (N.D. Cal. Jan. 12, 2025) (quoting Civil L.R. 79-5(c)(3)).

## III.    ARGUMENT

With respect to most of the sealing requests, Meta has not overcome the strong presumption of public access with a showing of compelling reasons that could support specific factual findings. *See Pintos*, 605 F.3d at 679. To the contrary, much of the material it seeks to seal is either: (1) already in the public domain; (2) not eligible for sealing because Meta has failed to make the required particularized showing; or (3) ordinary language that is not confidential or proprietary. Plaintiff has attached an updated version of Meta's chart (ECF 337-2) that includes a column with his position for each entry. *See* Ex. A. For the reasons explained below and in the attached chart, the Court should deny the majority of Meta's sealing requests.

*First*, many of the terms, concepts, and other information in the Spoliation Opposition Papers that Meta seeks to seal are already a matter of public record, having been previously disclosed in public filings by the parties, Meta's public web pages, or public news reporting. Quinn Decl. ¶ 5. It is well-settled that there is no compelling reason—nor even good cause—to seal information that "is already in the public domain." *In re Twitter Inc. Sec. Litig.*, No. 16-cv-5314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (collecting cases). Once material designated as confidential has been disclosed to the public, the rationale for sealing—that public access should be restricted because disclosure would result in harm—no longer applies. *See, e.g.*, *Southcentral Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-CV-00018-TMB, 2018 WL 11352150, at *7 (D. Alaska Sept. 17, 2018) (finding no compelling reasons to seal publicly disclosed compensation information); *see also* Protective Order, ECF 234 ¶ 3. Here, the administrative sealing motion, declaration of Meta's counsel, and accompanying chart do not even acknowledge that much of the material it seeks to seal has already been publicly disclosed, let alone "explain how what it proposes to seal here differs from the material that is already publicly available." *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155 VKD, 2023 WL 5667891, at *2 (N.D. Cal. Aug. 21, 2023); *see also X Corp.*, 2025 WL 81577, at *4 (concluding that compelling

3

reasons standard was not met where, among other things, the party attempted to seal material it disclosed elsewhere). As described in Exhibit A, the Court should deny sealing of all material that is already public—whether through prior filings, Meta's web pages, or news reporting.

*Second*, as to most of the remaining sealing requests, Meta fails to make the particularized showing required to support the "specific factual findings" this Court would have to make in order to seal the material. *See Pintos*, 605 F.3d at 679. In support of these requests, Meta offers generic, unsupported statements regarding Meta's business and security interests. ECF 337. These boilerplate, conclusory statements are devoid of detail, and many are couched in hypothetical terms. *See, e.g.*, *id.* at 5 (stating "Meta operates in an intensely competitive marketplace where competitors are likely to exploit any release of Meta's detailed, proprietary information to gain a competitive advantage."). "But 'vague boilerplate language or nebulous assertions of potential harm' won't do." *X Corp.*, 2025 WL 81577, at *1; *see also id*. at *3 ("Generic rationales invite general rejection."). The compelling reasons standard can be met "only on the basis of articulable facts," "not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (cleaned up)); *de Jesus v. UnitedHealth*, No. CV-22-00532, 2025 WL 2958559, at *2 (D. Ariz. Oct. 17, 2025) (fear that "unspecified" "data may be exploited lacks the specificity needed to outweigh the public's right to access court documents").

The chart attached to Meta's declaration, while ostensibly submitted to provide item-by-item substantiation for Meta's sealing requests, only underscores these deficiencies. Each entry (with one exception) recites some variation of the same conclusory language—"[i]f this information were disclosed, it [may/could] competitively harm Meta and enable bad actors to exploit [and/or infiltrate] Meta's [proprietary] systems"—with no specifics as to how or why disclosure of the referenced material would lead to that result. *See* ECF 337-2 at 2-37. This Court rightly rejected that sort of boilerplate recitation in *X Corp.* and should do so again here. As the Court there explained: "A party with compelling reasons to seal does not leave to chance that the district court will pick through its mine run, perhaps not find, and reject by mistake any purported nuggets." 2025 WL 81577, at *3. Moreover, as the Court explained, "[g]eneric rationales invite general rejection." *Id*. (citing Civil L.R. 79-5(c), (f)(6), (g)(2), and *Kamakana*, 447 F.3d at 1182).

4

*Third*, Meta asks this Court to seal ordinary words and phrases that are not specific to Meta's proprietary systems and processes. But "generic" and "overbroad redactions of basic concepts must be rejected" under the compelling reasons standard, particularly where such concepts form the "main subject" of the matter at issue. *Splunk Inc. v. Cribl, Inc.*, No. C 22-07611 WHA, 2024 WL 3912261, at *4 (N.D. Cal. Aug. 19, 2024). Indeed, courts have rejected Meta's efforts to seal this information even under the good cause standard, *see In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. May 21, 2025), ECF 1030 at 2 (no good cause to seal "generic or high-level references to publicly or commonly known terms and concepts . . . , untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is *proprietary* or *confidential* to its business" (emphasis added)). Moreover, while Meta argues that its proposed redactions will not impede public understanding of the issues, *see* ECF 337 at 5, a review of its own chart makes clear that much of what Meta seeks to redact is important to the public's ability to understand the parties' arguments on spoliation, which—according to Meta itself—is fundamental to the resolution of summary judgment. *See* ECF 318 at 3 (arguing that Plaintiff's Spoliation Motion would "raise issues that would directly and significantly impact summary judgment").

Finally, this is not a blanket opposition. Plaintiff recognizes that in some instances there are compelling reasons to seal, and Plaintiff does not oppose sealing table names, and other specific terms and phrases, as set forth in Exhibit A.[1] Plaintiff reserves all rights to challenge Meta's sealing requests and confidentiality designations in the future, including at summary judgment or trial. The Court should grant or deny sealing as set forth in Exhibit A.

## IV.    CONCLUSION

For the reasons explained above, the Court should grant in part and deny in part Meta's administrative motion. If the Court denies any of Meta's requests, Plaintiff respectfully requests that the Court order Meta to refile the Spoliation Opposition Papers with updated redactions.

---

[1] In analyzing each sealing request and considering his position, Plaintiff also took guidance from Judge DeMarchi's recent ruling on Meta's sealing requests, while mindful that this ruling applied the lower good cause standard. *See* ECF 333.

Dated: March 27, 2026

Respectfully submitted,

*/s/  John C. Quinn*

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

6

## CERTIFICATE OF SERVICE

I, John C. Quinn, hereby certify that on March 27, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS OPPOSITION AND SUPPORTING DOCUMENTS (ECF 337) | CASE NO. 22-CV-03699-PCP (VKD)