John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 344)**<br><br>The Honorable Virginia K. DeMarchi |

Pursuant to Civil L.R. 79-5(f)(4), Plaintiff Dr. Andrew Forrest respectfully submits this response to the sealing requests made by Meta pursuant to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  *See* ECF 344 (administrative motion); ECF 350 (Meta's declaration in support of sealing).  Meta seeks to seal portions of the parties' Supplemental Joint Discovery Letter Brief re: Fraud Scoring and the accompanying exhibits (the "Supplemental Letter Brief"), which are the subject of an April 14, 2026 discovery hearing before this Court.  Meta has failed to establish good cause to seal certain portions of the Supplemental Letter Brief because, as detailed in the attached chart (Exhibit A), the material is already in the public domain, Meta has not made the particularized showing required to seal the information, and/or the request involves ordinary terms and phrases that are not confidential or proprietary.  In opposing Meta's requests to seal these particular portions of the Supplemental Letter Brief, Plaintiff has taken account of both this Court's prior sealing order (ECF 333) and Judge Pitts' recent order directing the parties' spoliation briefing to be unsealed in full (ECF 352), and he has tailored his position accordingly.  For the reasons set forth below and detailed in Exhibit A, the Court should grant in part and deny in part Meta's sealing requests.

## I.   BACKGROUND

This discovery dispute originally arose after Plaintiff learned from Reuters reporting—sourced from internal Meta documents—that Meta had failed to disclose responsive information in discovery related to its fraud-scoring processes.  *See* ECF 307 at 2-3; ECF 343 at 1.  Following a February 24, 2026 hearing, the Court ordered Meta to provide specific additional information to Plaintiff.  ECF 322.  The parties met and conferred and submitted a joint status report. ECF 334.  Pursuant to the Court's March 18, 2026 order, ECF 336, the parties submitted the Supplemental Letter Brief on April 3, 2026.  ECF 343.

The parties filed two versions of the Supplemental Letter Brief: a public, redacted version (ECF 343) and an unredacted version filed under conditional seal (ECF 344).  Prior to filing, Meta requested redaction of specific portions pursuant to the Second Amended Protective Order, ECF 234 (the "Protective Order").  Thus, as required by Section 14.4 of the Protective Order,

1

Plaintiff filed those parts of the Letter Brief under conditional seal, reserving "all rights to challenge Defendant's sealing requests and confidentiality designations." ECF 344 at 2.

On April 10, Meta filed a declaration in support of sealing. ECF 350. Meta urged the Court to seal material conditionally redacted from the Letter Brief, pointing to potential harm to Meta's business and security interests. ECF 350 ¶¶ 8-10. Counsel represented that "disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage" and "could be used by bad actors." *Id.* Meta's filing also included a chart listing the portions of the Letter Brief for which Meta is requesting sealing. ECF 350-1. For each item, Meta asserted that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." *Id.* at 1-8 (repeating this language verbatim in each of the 17 entries).

## II.    LEGAL STANDARD

"The law recognizes two qualified rights of access to judicial proceedings and records": "a common-law right of access to inspect and copy judicial records and documents" and "a First Amendment right of access to criminal proceedings." *Perry v. Schwarzenegger*, 302 F. Supp. 3d 1047, 1053 (N.D. Cal. 2018) (quoting *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011)). With respect to the common-law right of access, courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "If a court record is not one that has traditionally been kept secret, one of two standards is used to determine whether the presumption of public access may be overcome." *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-1389, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008). When a motion is "more than tangentially related to the merits of a case," the "compelling reasons" standard applies to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). For other motions, the party seeking sealing must make a "particularized showing" under the "good cause" standard. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138). Regardless of the procedural posture, requests to restrict public access must be narrowly tailored under Civil

2

Local Rule 79-5, and Rule 79-5(e) emphasizes that "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances."

### III.    ARGUMENT

Meta has not shown good cause to restrict public access to certain conditionally sealed material.  To the contrary, some of the material it seeks to seal is either: (1) already in the public domain; (2) not eligible for sealing because Meta has failed to make the required particularized showing; or (3) ordinary language that is not confidential or proprietary.  Plaintiff has attached a reproduced version of Meta's chart (ECF 350-1) that includes a column with his position for each entry.  *See* Ex. A.  In opposing certain of Meta's sealing requests, Plaintiff has accounted for the Court's prior ruling, *see* ECF 333, and Judge Pitts' recent ruling to publicly file all spoliation briefing, *see* ECF 352.  For the reasons explained below and detailed in the attached chart, the Court should deny the subset of sealing requests that Plaintiff challenges in Exhibit A.

First, Meta cannot establish "good cause to uphold the confidential designations of the documents" because much of "the information . . . is already in the public domain."  *In re Twitter Inc. Sec. Litig.*, No. 16-cv-5314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (quoting *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-4984, 2015 WL 1006534, at *6 (N.D. Cal. Mar. 6, 2015)).  Once material designated as confidential has been disclosed to the public (or is required to be disclosed to the public by court order, as is the case with some of the material now being unsealed pursuant to Judge Pitts' order issued earlier today, ECF 352), the rationale for sealing—that public access should be restricted because disclosure would result in harm—no longer applies.  *See, e.g.*, *Dangaard v. Instagram, LLC*, No. 22-1101, 2024 WL 5097420, at *1 (N.D. Cal. Dec. 12, 2024) (denying Meta's sealing requests where information was "readily available in the public record and does not warrant sealing"); Protective Order, ECF 234 ¶ 3 (excluding from protection "any information that . . . becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order").  Here, the declaration of Meta's counsel and accompanying chart do not acknowledge the Reuters reporting, let alone "explain how what it proposes to seal here differs from the material that is already publicly available."  *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155, 2023 WL 5667891, at *2 (N.D. Cal. Aug. 21,

3

2023).  Nor does Meta acknowledge the prior disclosure of much of this material on its own webpages.[1]  As explained in more detail in Exhibit A, the Court should deny sealing of all material that is already public—whether through news reporting, Meta's prior disclosures, or some other source, including the parties' public filing of the briefing associated with Plaintiff's motion for spoliation sanctions. *See* ECFs 352, 353, 354, 355.

Second, Meta fails to make the particularized showing required to seal certain confidential business information.  In support of its sealing request, Meta has submitted a declaration from counsel that offers generic, unsupported statements regarding Meta's business and security interests.  ECF 350.  These boilerplate, conclusory statements are devoid of detail, and many are couched in hypothetical terms.  *See, e.g.*, *id.* ¶ 9 (stating that disclosures "*may* give competitors the ability to imitate Meta's systems and processes" (emphasis added)); *id.* ¶ 10 (asserting that disclosures "*could* be used by bad actors to infiltrate, exploit, and misuse Meta's internal processes" (emphasis added)).  Such assertions fall far short of the "particularized showing" required under Rule 26(c).  *See Kamakana*, 447 F.3d at 1180.  Indeed, "supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm" to justify sealing; instead, they "must explain with particularity why any document or portion thereof remains sealable." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-8103, 2022 WL 4074653, at *1 (N.D. Cal. Sep. 5, 2022) (citation modified).

The chart attached to Meta's declaration, while ostensibly submitted to provide item-by-item substantiation for Meta's sealing requests, only underscores their deficiencies.  Each entry recites the same conclusory language—"[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems"—with no specifics as to how or why disclosure of the referenced material would lead to that result.  *See* ECF 350-1 at 1-8.  A litigant cannot establish good cause based on "assertions of harm [that] are generic and do not address the potential effects of the disclosure of the *particular* identifiers and processes."

---

[1]  *See, e.g.*, *About Ads in Review*, Meta, https://www.facebook.com/business/help/204798856225114?id=649869995454285; *About Ad Delivery*, Meta, https://www.facebook.com/business/help/1000688343301256?id=561906377587030; *Frauds, Scams, and Deceptive Practices*, Meta, https://transparency.meta.com/policies/community-standards/fraud-and-scams/.

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 344) | CASE NO. 22-CV-03699-PCP (VKD)

*Google RTB Consumer Priv. Litig.*, 2023 WL 5667891, at *2 (emphasis added).

Finally, in some instances, Meta asks this Court to seal ordinary words and phrases that are not specific to Meta's proprietary systems and processes and that go beyond this Court's prior ruling. But a party does not have "good cause to seal generic technical terms and other commonly used phrases," *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-cv-3745, 2025 WL 2856297, at *2 (N.D. Cal. Oct. 8, 2025) (DeMarchi, J.), and courts have previously rejected Meta's efforts to seal this type of information, *see In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. May 21, 2025), ECF 1030 at 2 ("Meta has also not demonstrated good cause to generic or high-level references to publicly or commonly known terms and concepts . . . , untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is *proprietary* or *confidential* to its business." (emphasis added)).

Because Meta has not met its burden as to specific sealing requests identified in Exhibit A, the Court should deny those requests. If the Court finds that Meta has shown good cause to seal some subset of the information (for example, the names of specific systems or processes), Plaintiff respectfully requests that the Court order Meta to refile the Supplemental Letter Brief with updated redactions.

## IV.   CONCLUSION

For the reasons explained above, the Court should grant and deny sealing as set forth in Exhibit A.

Dated: April 13, 2025                                 Respectfully submitted,


*/s/ John C. Quinn*
John C. Quinn (*pro hac vice*)                        Leslie Brueckner (SBN: 140968)
jquinn@heckerfink.com                                 lbrueckner@singletonschreiber.com
Hyatt Mustefa (*pro hac vice*)                        **SINGLETON SCHREIBER, LLP**
hmustefa@heckerfink.com                               591 Camino de la Reina, Suite 1025
Jocelyn Hassel (*pro hac vice*)                       San Diego, CA 92108
jhassel@heckerfink.com                                Telephone: (619) 573-1851
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com                               Elizabeth Ryan (*pro hac vice*)
Tanveer Singh (*pro hac vice*)                        eryan@baileyglasser.com
tsingh@heckerfink.com

PLAINTIFF DR. ANDREW FORREST'S RESPONSE RE: ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 344) |
CASE NO. 22-CV-03699-PCP (VKD)

**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

6

## CERTIFICATE OF SERVICE

I, John C. Quinn, hereby certify that on April 13, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

7