**Plaintiff's Response to Meta's Sealing Requests**

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Unredacted Joint Discovery Brief | Highlighted text in bottom paragraph on page 1, and first three paragraphs on page 2 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad review process. In particular, it includes confidential information about how ad review specifically operates, what it assesses, and how it relates to other of Meta's ad processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent that Meta seeks to seal specific nomenclature that it contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to seal the surrounding information for multiple reasons.<br><br>Prior public disclosure: The referenced material corresponds to information publicly disclosed in the November 6, 2025 Reuters article[1] and on Meta webpages.[2] Further, the first two sentences on page 2 describe general ad processes that Judge Pitts ordered publicly disclosed as part of the parties' spoliation briefing.[3] |

---

[1] Jeff Horwitz, *Meta Is Earning a Fortune on a Deluge of Fraudulent Ads, Documents Show*, Reuters (Nov. 6, 2025), https://www.reuters.com/investigations/meta-is-earning-fortune-deluge-fraudulent-ads-documents-show-2025-11-06/ ("November 2025 Reuters article").

[2] *See, e.g., About Ads in Review*, Meta, https://www.facebook.com/business/help/204798856225114?id=649869995454285; *About Ad Delivery*, Meta, https://www.facebook.com/business/help/1000688343301256?id=561906377587030; *About Ad Quality*, https://www.facebook.com/business/help/423781975167984; *Frauds, Scams, and Deceptive Practices*, Meta, https://transparency.meta.com/policies/community-standards/fraud-and-scams/.

[3] *See* ECF 352 (denying sealing of spoliation briefing and directing the parties to file unredacted copies); ECF 355 at 6-7 (Meta's publicly filed opposition to spoliation sanctions describing same processes).

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Ordinary language and non-confidential concepts: Aside from the specific nomenclature noted above, the referenced material uses generic terms to discuss non-confidential processes.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Discovery Brief | Highlighted text in fourth paragraph on page 2 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad delivery process. In particular, it includes confidential information about a component of the ad delivery process and related data. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent this request seeks to seal specific nomenclature that Meta contends is proprietary in the first highlighted phrase, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to seal portions of the other two highlighted phrases.<br><br>Prior public disclosure: The referenced material corresponds to information publicly disclosed on a Meta webpage.[4] |

---

[4] *See About Ads in Review*, Meta, https://www.facebook.com/business/help/204798856225114?id=649869995454285.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Ordinary language and non-confidential concepts: The referenced material consists of generic terms.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Discovery Brief | Highlighted text in fifth and sixth paragraphs on page 2, footnote 1 on page 2, and paragraph (1) of the Proposed Resolution on page 3 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad review process. In particular, it includes confidential information about how ad review specifically operates, what it assesses, and how it relates to other of Meta's ad processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent this request seeks to seal specific nomenclature related to Meta's ad review process that Meta contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to seal the remaining portions of the excerpt, which describe the operation of other aspects of Meta's ad processes.<br><br>Prior public disclosure: Judge Pitts ordered public disclosure of these processes as part of the parties' spoliation briefing.[5]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the |

[5] *See supra* n.3.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Discovery Brief | Highlighted text in the bottom two paragraphs of page 3, footnote 2 on page 3, on page 4, and in footnote 3 on page 4 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad review process. In particular, it includes confidential information about how ad review specifically operates, what it assesses and does not assess, what it is capable and not capable of, and how it relates to other of Meta's ad processes. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent that Meta seeks to seal specific nomenclature that Meta contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to seal the surrounding information.<br><br>Prior public disclosure: The remaining material corresponds to information disclosed in the December 15, 2025 Reuters article,[6] on Meta's webpages,[7] and in previous court filings.[8] Further, portions of the highlighted text describing the operation of Meta's general ad processes correspond to material that Judge |

---

[6] Jeff Horwitz, *Meta's "Trusted Experts" Helped Me Run Scam Ads on Facebook and Instagram*, Reuters (Dec. 15, 2025), https://www.reuters.com/investigations/metas-trusted-experts-helped-me-run-scam-ads-facebook-instagram-2025-12-15/ ("December 2025 Reuters article").

[7] *Supra* n.2.

[8] ECF 307 at 5 (publicly filed dispute letter noting that Meta "creates different ad versions, alters and optimizes those versions, and renders outputs (final ads) to End-Users"); ECF 293 (publicly filed dispute letter describing Meta's January 2025 representation that "finished ads rendered to End-Users are 'retained indefinitely'"); ECF 274-1 ¶¶ 15-16 (publicly filed declaration describing how Meta's "dynamic" ad tools display an ad to "an individual End-User, and based on information Meta retains about that unique End-User"); ECF 340-1 at 4-5 (publicly filed discovery responses by Meta, in response to the Court's order at ECF 333, confirming that "Advantage+ creative enhancements" generate "variations" of the input provided by the advertiser and acknowledges that ads "may appear" differently than previewed).

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Pitts ordered publicly disclosed as part of the parties' spoliation briefing.[9]<br><br>Ordinary language and non-confidential concepts: Aside from the specific nomenclature noted above, the referenced material uses generic terms to discuss non-confidential processes.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the first subheading on page 2, the second full paragraph on 2, and footnote 1 on page 2 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad creation process. In particular, it includes confidential information about the circumstances under which ad variants are created and the name of one of Meta's optimizations. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent that Meta seeks to seal specific nomenclature and processes that the Court permitted to be sealed in ECF 333, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing footnote 1 on page 2, as these ad-creation processes have been publicly disclosed, the name of Meta's optimization has been publicly disclosed, and Meta has failed to make the required showing. |

[9] *See supra* n.3.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Prior public disclosure: The highlighted phrase corresponds to a feature that Meta has publicly discussed on its webpages[10] and in court filings.[11] Further, the description of Meta's ad-creation processes corresponds to material that Judge Pitts has ordered publicly disclosed as part of the parties' spoliation briefing.[12] <br><br> Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the bottom 3 paragraphs on page 2 and first paragraph on page 3 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad review process. In particular, it includes confidential information about how ad review specifically operates, what it assesses and does not assess, what it is capable and not capable of, and how it relates to other of Meta's ad processes. If | To the extent that Meta seeks to seal specific nomenclature that it contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing generic descriptions of its ad review process that have been publicly disclosed, and Meta has failed to make the required showing. |

[10] *See, e.g.*, *Generate Image Variations in Meta Ads Manager*, Meta, https://www.facebook.com/business/help/1684513971952814 ("Image generation is a generative AI feature in Advantage+ creative").

[11] *See, e.g.*, ECF 338-12 at 2 (publicly filed, redacted declaration of Qiliang Zhu stating that "[a]dvertisers can opt into various optimizations for use on the ad content they supply," including "[i]mage generation").

[12] *See supra* n.3; ECF 355 at 10 & n.11.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | Prior public disclosure: Portions of the general information Meta now seeks to seal have appeared on its webpages[13] and in public reporting.[14]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the second, third, and fourth paragraphs on page 3 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's Ad Delivery Stack. In particular, it includes confidential information about components of the Ad Delivery Stack, including the names of those components, how they operate, and how they relate to the ad review process. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent that Meta seeks to seal specific nomenclature that it contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing generic, publicly known descriptions of its ad delivery processes, and Meta has failed to make the required showing.<br><br>Prior public disclosure: Meta has already disclosed portions of the general information it |

---

[13] *See, e.g.*, *supra* n.2.

[14] *See* November 2025 Reuters article.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | now seeks to seal on its webpages,[15] and that information has appeared in public reporting.[16] Further, the general description of Meta's ad-creation processes and its Ad Delivery Stack corresponds to material that Judge Pitts ordered publicly disclosed as part of the parties' spoliation briefing.[17]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the second subheading on page 3, and bottom two paragraphs on page 3 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad delivery process. In particular, it includes confidential information about a component of the ad delivery process and related data and what it is and is not capable of. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent Meta seeks to seal information regarding a metric that it contends is proprietary and not publicly known, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing with respect to the remaining material. Such information is publicly known, and Meta has failed to make the required showing. |

---

[15] *See, e.g.*, *supra* n.2.

[16] *See* November 2025 Reuters article; December 2025 Reuters article.

[17] *See supra* n.3.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Prior public disclosure: Portions of the general information regarding ad variants have been disclosed in court filings.[18]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the first and third paragraphs on page 4 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad delivery and review processes. In particular, it includes confidential information about what those processes are not capable of doing.  If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent Meta seeks to seal information regarding a metric that it contends is proprietary and not publicly known, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing with respect to the remaining material. Such information is publicly known, and Meta has failed to make the required showing.<br><br>Prior public disclosure: Portions of the general information regarding how optimizations might apply to an ad variant |

[18] *See supra* n.2; Meta, *The Ad Auction Explained,* https://www.facebook.com/business/ads/ad-auction; ECF 340 at 2-3 (publicly filed, redacted February 9, 2026 discovery letter brief noting that "Meta did not deny that it conducts ad-specific fraud scoring post-optimization and pre-output"); *id.* at 4 ("Meta's productions confirm that Meta creates different variants of ads and applies different creative optimizations, in different ways, to those variants."); ECF 355 at 6-7 (Meta discussing its Ad Delivery Stack in its opposition to Plaintiff's spoliation motion).

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | have been disclosed in court filings.[19]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 1, March 5, 2026 letter from Walter F. Brown, Jr. | Highlighted text in the fifth paragraph on page 4, and on page 5, and in footnotes 2 and 3 on page 5 | This text should be redacted because it provides detailed and non-public proprietary information about Meta's ad delivery and review processes. In particular, it includes confidential information about how those processes operate, what they do and do not assess, and what data associated with them exists. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent Meta seeks to seal information regarding a metric that it contends is proprietary and not publicly known, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing the remaining material. Such information is publicly known, involves ordinary concepts, and Meta has failed to make the required showing of harm.<br><br>Prior public disclosure: Meta has already disclosed portions of the general information regarding pre- and post-optimization ads, as well its fraud review system, in court filings[20] and on public webpages.[21] |

---

[19] *Id.*; *see also supra* n.3.

[20] *Id.*

[21] *See supra* n.2.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | Moreover, it was the subject of the Reuters reporting.[22]<br><br>Ordinary language and non-confidential concepts: Aside from the specific terminology referenced above, the referenced material uses generic terms to discuss non-confidential processes regarding ad review.<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | Highlighted text on page 3 | This text should be redacted because it provides Meta's confidential, non-public terminology for an Advertisement, Ad Set, and Campaign. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | In light of the Court's ruling at ECF 333, Plaintiff does not oppose at this time. |

---

[22] *See* December 2025 Reuters article.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | Highlighted text on page 6, and the first four paragraphs of page 7 | This text should be redacted because it provides detailed and non-public information about how the Ad Delivery Stack operates, which includes a step-by-step description of its components, which uses Meta's internal terminology. This step-by-step description provides details about the capabilities and functions of each of the components of the Ad Delivery Stack, and how those components relate to each other.  If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent this request seeks to seal specific nomenclature related to Meta's ad review process that Meta contends is proprietary, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to seal the remaining portions of the excerpt, which describe the operation of other aspects of Meta's ad processes. <br><br> Prior public disclosure: These processes correspond to material that Judge Pitts ordered publicly disclosed as part of the parties' spoliation briefing.[23] <br><br> Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's | Highlighted text in the bottom paragraph of page 7 | This text should be redacted because it provides Meta's confidential, non-public terminology for an Advertisement, Ad Set, and Campaign. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | In light of the Court's ruling at ECF 333, Plaintiff does not oppose at this time. |

---

[23] *See supra* n.3; *see also* ECF 355 at 10 n.11.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | | | |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | Highlighted text on pages 11 through 14 | This text should be redacted because it provides detailed and non-public information about how the Ad Delivery Stack operates, which includes a step-by-step description of its components, which uses Meta's internal terminology. This step-by-step description provides details about the capabilities and functions of each of the components of the Ad Delivery Stack and how those components relate to each other. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | To the extent that Meta seeks to seal specific nomenclature and processes the Court permitted to be sealed in ECF 333, Plaintiff does not oppose at this time. However, Meta has failed to demonstrate good cause to justify sealing overbroad language that refers to concepts publicly and actively litigated.<br><br>Prior public disclosure: The descriptions of how Meta's Ad Delivery Stack operates correspond to material that Judge Pitts ordered publicly disclosed as part of the parties' spoliation briefing.[24] With respect to language that refers to generative AI, creative enhancements, optimizations, and ad tools, those concepts have been repeatedly publicly disclosed by the parties.[25]<br><br>Ordinary language and non-confidential concepts: Aside from internal-only terminology, the material uses generic terms to |

[24] *See supra* n.3; *see also* ECF 355 at 6-7, 9-10, 17-19.

[25] *Supra* n.8.

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| | | | discuss non-confidential processes regarding ad delivery.<br><br>Failure to make required showing: Outside of presumptive harm associated with specific names of Ents and internal terminology that the Court credited at ECF 333, Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | Highlighted text on page 17, and the first and third full paragraphs on page 18. | This text should be redacted because it provides detailed and non-public information about how a particular part of the Ad Delivery Stack operates, which uses Meta's internal terminology. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | In light of the Court's ruling at ECF 333, Plaintiff does not oppose at this time. |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to | Highlighted text in footnote 4 on page 18 | This text should be redacted because it provides detailed information about references in Meta's source code, as well as the relationship between those references and Meta's optimizations for advertisements. If this information were disclosed, it could competitively harm Meta and | Meta has failed to demonstrate good cause to seal the full generic description of enums because this information was publicized on the docket, and because Meta has offered no particularized basis for its assertions of harm. |

14

| Document | Portions of Document to Be Sealed | Reason for Sealing | Plaintiff's Position |
|---|---|---|---|
| Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | | enable bad actors to exploit Meta's systems. | Prior public disclosure: The bulk of the referenced material references an underlying concept, specifically "enums," that has been publicly disclosed.[26]<br><br>Failure to make required showing: Meta has provided no particularized basis for its assertions of harm, instead relying on the boilerplate statement that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems." |
| Unredacted Joint Letter Brief Exhibit 2, Meta's Supplemental Responses and Objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 6, and 9, dated February 13, 2026 | Highlighted text on page 46 | This text should be redacted because it includes Meta's internal terminology for tables of data about advertising running on Meta's services. If this information were disclosed, it could competitively harm Meta and enable bad actors to exploit Meta's systems. | In light of the Court's ruling at ECF 333, Plaintiff does not oppose at this time. |

---

[26] *See generally* ECF 274.