Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
Thomas Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**DECLARATION OF WALTER F. BROWN, JR. IN SUPPORT OF PLAINTIFF DR. ANDREW FORREST'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 347)**<br><br>**[WITH EXHIBITS FILED UNDER SEAL]**<br><br>The Honorable P. Casey Pitts |

W. Brown Declaration in Support of Admin.
Motion To Consider Whether Another
Party's Material Should Be Sealed

Case No. 5:22-cv-03699-PCP (VKD)

I, Walter F. Brown, Jr., declare as follows:

1.     I am an attorney licensed to practice in the State of California. I am a partner at the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in this action. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta in this action.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     I submit this declaration pursuant to Civil Local Rules 79-5(f)(3) in support of Plaintiff Andrew Forrest's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Plaintiff's Administrative Motion"). *See* Dkt. 347. Plaintiff filed under seal his Reply In Support Of Plaintiff's Motion for Sanctions Re: Spoliation of Evidence (the "Reply") and accompanying papers to this Court on April 7, 2026. *See* Dkts. 347–347-6. On April 12, 2026, the Court ordered the parties to file unredacted copies of Plaintiff's Motion for Sanctions Re: Spoliation of Evidence, Meta's opposition thereto, and the Reply. Dkt. 352. The parties filed unredacted copies of these papers on April 13, 2026. Dkts. 353–355. Meta seeks to seal narrowly tailored portions of the Declaration of James Mickens In Support Of Plaintiff's Reply (Dkt. 347-6) (the "Mickens Declaration"). These portions relate to specific, non-public content in the Mickens Declaration that reflect confidential business information. Meta seeks to redact information about Meta's non-public, proprietary, backend systems and processes for ad delivery. Meta also seeks to redact the non-public name of a production store (collectively, the "Confidential Information"). The Confidential Information is outlined in Exhibit 1, attached hereto. Because Meta is narrowing portions of Plaintiff's original sealing request, Meta submits a new proposed order. Meta also attaches to this declaration as Exhibit 2 an updated version of the Mickens Declaration with proposed modified sealing material.

---

[1]   Judge DeMarchi has granted a motion to seal in this case on the basis of a declaration of counsel submitted pursuant to Civil Local Rule 79-5. *See* Dkt. 289 at 3 n.2; *see also, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580-WHO (VKD), Dkt. 466 (N.D. Cal. Apr. 25, 2024). If this Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

3.      Pursuant to Federal Rule of Civil Procedure 26(c), a "court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *M.A. Mobile Ltd.* v. *Indian Inst. of Tech. Kharagpur*, No. C-08-02658-RMW (HRL), 2014 WL 12821694, at \*1 (N.D. Cal. Apr. 4, 2014) (citing Fed. R. Civ. P. 26(c)(1)(G)).  Courts in this Circuit apply the stricter "compelling reasons" standard when deciding motions to seal information contained within spoliation motions. *See, e.g.*, *Charles* v. *Target Corp.*, No. 20-CV-07854-HSG, 2022 WL 3205047, at \*3 (N.D. Cal. July 6, 2022) (applying compelling reasons standard to motion for spoliation sanctions); *Edifecs, Inc.* v. *Welltok, Inc.*, No. C18-1086JLR, 2019 WL 5618822, at \*1 (W.D. Wash. Oct. 31, 2019) (applying compelling reasons standard to a motion for evidentiary sanctions).

4.      Upon a showing of "compelling reasons," information can be sealed that overrides the public's right to inspect and assess court records.  *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1097 (9th Cir. 2016).  Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Relevant factors in determining whether compelling reasons exist to overcome the public's interest in disclosure include "the public interest in understanding the judicial process" and "whether disclosure of the material could result in improper use of the material for . . . infringement upon trade secrets." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018).

5.      Meta has several compelling reasons to seal the Confidential Information.

6.      *First*, Meta seeks to seal only limited portions of the Mickens Declaration that are necessary to protect its proprietary confidential information.  Meta asks this Court to seal the portions of the Mickens Declaration that reveal specific, proprietary, and confidential information about Meta's ad delivery processes and Meta's data storage systems.

7.      *Second*, sealing these limited portions of the Mickens Declaration will not impede the public's understanding of the judicial process, as this specific, proprietary information is not essential to the public's understanding of the merits of this dispute or this case.  Meta is leaving

unsealed general descriptions of its ad delivery systems and processes and its data storage systems—it only seeks to protect from disclosure specific technical and confidential details.

8.    *Third*, disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage or otherwise cause Meta competitive harm.  Where "document[s] contain sources of business information that might harm [a party's] competitive standing, the need for public access to the records is lessened." *Algarin* v. *Maybelline, LLC*, No. 12-cv-03000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (citing *Nixon* v. *Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "[C]ourts have found compelling reasons" to seal "proprietary and confidential business information" that would cause competitive harm, including "information regarding a company's proprietary technology." *Snapkeys, Ltd.* v. *Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting cases) (citations and internal quotations omitted).  In addition, courts within this District routinely grant motions to seal confidential product operation information. *See, e.g.*, *Jam Cellars, Inc.* v. *Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons to seal "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Finjan, Inc.* v. *Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Kumandan* v. *Google LLC*, No. 19-CV-04286-BLF, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (same); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons" to seal specific information about "how Gmail operates," where Google contended that if the information was disclosed, competitors could "duplicate features of Gmail," and "cause competitive harm").

9.    Meta operates in an intensely competitive marketplace where competitors are likely to exploit any release of Meta's detailed, proprietary information to gain a competitive advantage. Disclosure of the Confidential Information would provide competitors with insight into how Meta's ad delivery systems and processes are designed, organized, and operated, and how Meta's data storage systems are organized, which may give competitors the ability to imitate Meta's

systems and processes, thereby causing competitive harm. *See In re Google Inc. Gmail*, 2013 WL 5366963, at *3. Compelling reasons therefore exist to seal this information. *See id.*

10. Furthermore, disclosure of the Confidential Information could be used by bad actors to infiltrate, exploit, and misuse Meta's ad delivery systems and processes, as well as Meta's data storage systems. Such security concerns create "a compelling reason to seal." *Music Grp. Macao Com. Offshore Ltd.* v. *Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (granting motion to seal server data where its disclosure "may harm [plaintiff] by encouraging another cyber attack, or at least making it feasible"); *see In re Google Inc. Gmail*, 2013 WL 5366963, at *3 (sealing information about messaging system because "hackers and spammers could use this information to circumvent Google's anti-virus and anti-spam mechanisms").

11. For the foregoing reasons, courts within this District have protected the type of information that Meta seeks to seal here. Courts have sealed information about the operation of proprietary systems. *In re Google Inc. Gmail*, 2013 WL 5366963, at *3 (finding "compelling reasons" to seal specific information about how Gmail operates); *Jam Cellars*, 2020 WL 5576346, at *2 (finding compelling reasons to seal "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"). Courts have also protected information about proprietary databases, including database names. *Bottoms* v. *Block, Inc.*, No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (holding compelling interests warranted sealing "the confidential name of a [company] database used to store information related to the Cash App Invite Friends program").

12. This Court has also sealed information in exhibits submitted with briefing that has been ordered to be filed without redactions. *See Alpha & Omega Semiconductor Ltd.* v. *Force MOS Tech. Co., Ltd.*, No. 22-CV-05448-PCP, 2025 WL 1894838, at *4–5 (N.D. Cal. July 9, 2025) (denying administrative motion to seal as to the parties' briefing on motion to amend but permitting the parties to renew their sealing requests for the exhibits submitted with the briefing, subject to complying with Local Rule 79-5(a)); *Alpha*, No. 22-CV-05448-PCP, Dkt. 128 (Aug. 4, 2025) (granting administrative motion to seal information in certain exhibits).

13. For the foregoing reasons, pursuant to Civil Local Rules 79-5(c)(1) and (f)(3), Meta respectfully requests that this Court grant Plaintiff's Administrative Motion as modified by this declaration and accompanying exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of April, 2026, in San Francisco, CA.

*/s/ Walter F. Brown, Jr.*

W. Brown Declaration in Support of Admin.
Motion To Consider Whether Another                 - 5 -                CASE No. 5:22-cv-03699-PCP (VKD)
Party's Material Should Be Sealed