John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S REQUESTS TO SEAL PORTIONS OF EXPERT DECLARATION IN SUPPORT OF PLAINTIFF'S SPOLIATION REPLY (ECF 360)**<br><br>The Honorable P. Casey Pitts |

Pursuant to Local Rule 79-5(f), Plaintiff Dr. Andrew Forrest respectfully submits this response to the sealing requests made by Defendant Meta Platforms, Inc. ("Meta"), *see* ECF 360, pursuant to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, *see* ECF 347.

On April 12, 2026, ahead of the public hearing on Plaintiff's motion for sanctions (the "Spoliation Motion"), the Court ruled on Meta's sealing requests in part, ordering the parties to file unredacted copies of Plaintiff's Spoliation Motion, Meta's opposition (the "Spoliation Opposition"), and Plaintiff's reply (the "Spoliation Reply"). ECF 352. The Court's order addressed only the briefs, not the supporting declarations and exhibits, and accordingly Meta's requests as to those supporting documents remain pending. In connection with the Spoliation Reply, Meta now seeks to seal four portions of the supporting declaration of Professor James Mickens (the "Mickens Declaration"), which is central to Plaintiff's spoliation arguments and was referenced in open court during the April 16 hearing. *See* ECFs 360-1, 369.

Plaintiff opposes three of Meta's four sealing requests (two entirely and one in substantial part) on the ground that it has failed to show "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In each instance, Meta cannot meet the "compelling reasons" standard because: (1) information about the same purportedly confidential processes is already publicly available; (2) Meta has not made the required particularized showing of harm; (3) the challenged language involves ordinary terms and phrases that are not confidential or proprietary; and (4) the information is important to understanding the parties' positions. At this time, Plaintiff does not oppose Meta's requests to seal the names of specific systems and repositories, as set forth in portions of Meta's third sealing request and in Meta's fourth sealing request. For the reasons explained below, the Court should grant in part and deny in part Meta's sealing requests.

## I.   BACKGROUND

Plaintiff filed the Spoliation Motion on February 20, 2026, and Meta filed the Spoliation Opposition on March 23. *See* ECFs 314, 338. Meta sought to seal portions of those briefs and

1

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S
REQUESTS TO SEAL PORTIONS OF EXPERT DECLARATION IN SUPPORT OF PLAINTIFF'S
SPOLIATION REPLY (ECF 360) | CASE NO. 22-CV-03699-PCP (VKD)

attachments, and Plaintiff opposed sealing in part. *See* ECFs 313, 328-330, 337, 341.

On April 7, 2026, Plaintiff filed his Spoliation Reply, along with supporting declarations and exhibits. *See* ECF 346. Because Meta sought to seal portions of the documents, Plaintiff conditionally redacted those portions and filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* ECF 347.

On April 12, 2026, the Court denied sealing as to the spoliation briefing and ordered the parties to file unredacted copies of the Spoliation Motion, Spoliation Opposition, and Spoliation Reply on the public docket, which the parties did on April 13. *See* ECFs 352-355. The Court has not yet addressed Meta's requests to seal portions of the supporting declarations and exhibits linked to the Spoliation Motion and Spoliation Opposition. *Id.*

On April 14, 2026, Meta's counsel filed a declaration in support of sealing, asking the Court to seal four portions of the Mickens Declaration filed in support of Plaintiff's Spoliation Reply. *See* ECF 360 (declaration of Meta's counsel); ECF 360-1 (chart providing Meta's "Reason[s] for Sealing"). For each item, Meta states that "[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to infiltrate Meta's proprietary systems." ECF 360-1 at 1-2. As to the requests Plaintiff is opposing (the "Opposed Requests"), Meta contends that "this information is not otherwise *disclosed in the briefing*" and argues that "the detailed description is not necessary for the public to understand the issues raised by Plaintiff's motion for sanctions." *Id.* (emphasis added).

On April 16, 2026, the Court held a hearing on the Spoliation Motion. Counsel for both parties referenced Plaintiff's expert, Professor James Mickens, in open court. *See* ECF 369.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit apply a strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When a motion is "more than tangentially related to the merits of a case," courts apply the "compelling reasons" standard—rather than the lower "good cause" standard—to a request for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). The "compelling reasons" standard applies to spoliation motions. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, No. 19-CV-

07562-PJH, 2023 WL 2622155, at *14 (N.D. Cal. Mar. 22, 2023); *see* ECF 352 (applying "compelling reasons" standard to spoliation briefing here).

Under the compelling reasons standard, the movant "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (cleaned up) (explaining that hypothesis and conjecture do not suffice). A sufficient compelling reason may exist where disclosure could result in improper use of the material "for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (cleaned up). By contrast, the mere "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation does not merit sealing." *Smahi v. STMicroelectronics, Inc.*, 789 F. Supp. 3d 690, 696 (N.D. Cal. 2025) (cleaned up).

## III.    ARGUMENT

With respect to the Opposed Requests, all of which are part of the Mickens Declaration, Meta has not overcome the strong presumption of public access with a showing of compelling reasons that could support specific factual findings. *See Pintos*, 605 F.3d at 679. To the contrary, each of the Opposed Requests concerns information that is: (1) already in the public domain; (2) not eligible for sealing because Meta has failed to make the required particularized showing; (3) comprised of ordinary language that is not confidential or proprietary; and (4) important to understanding the parties' positions. Plaintiff has attached an updated version of Meta's chart (ECF 360-1) that includes a column with his positions. *See* Ex. A. For the reasons explained below and in Exhibit A, the Court should deny the Opposed Requests.

*First*, while Meta contends that the information at issue has not been "disclosed in the briefing," ECF 360-1, each of the Opposed Requests contains information that has been disclosed in public filings, web pages, or news reporting. It is well-settled that there is no compelling reason to seal information that "is already in the public domain." *In re Twitter Inc. Sec. Litig.*, No. 16-cv-5314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (collecting cases). Once material designated as confidential has been disclosed to the public, the rationale for sealing no longer applies. *See, e.g.*, *Southcentral Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-CV-

18, 2018 WL 11352150, at *7 (D. Alaska Sept. 17, 2018); *see also* Protective Order, ECF 234 ¶ 3. Here, Meta's chart asserts that the "information is not otherwise disclosed in the briefing," ECF 360-1 at 1-2, but Meta does not "explain how what it proposes to seal here differs from the material that is already publicly available," *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155, 2023 WL 5667891, at *2 (N.D. Cal. Aug. 21, 2023) (DeMarchi, J.). Nor can Meta do so. The first Opposed Request concerns how ads are shown to specific users, but that process is disclosed at a similar level of detail in Meta's web pages. *See* Ex. A at 1 n.1. The other two Opposed Requests involve general information about Meta's practice of caching ads—a concept publicly disclosed on the docket, *see* ECF 354 at 7-8, and a well-known component of online advertising. *See* Ex. A at 3-4 nn.4-7.  That alone is reason to deny sealing.

*Second*, as to all of the Opposed Requests, Meta fails to make the particularized showing required to support the "specific factual findings" this Court would have to make in order to seal the material. *See Pintos*, 605 F.3d at 679. Meta offers generic statements regarding its business and security interests. ECF 360. These boilerplate, conclusory statements are devoid of detail and couched in hypotheticals. *See, e.g.*, Brown Decl. ¶ 9 (stating "Meta operates in an intensely competitive marketplace where competitors are likely to exploit any release of Meta's detailed, proprietary information to gain a competitive advantage"). "But vague boilerplate language or nebulous assertions of potential harm won't do." *X Corp. v. Bright Data Ltd.*, No. C 23-3698, 2025 WL 81577, at *1 (N.D. Cal. Jan. 12, 2025) (cleaned up). The compelling reasons standard can be met "only on the basis of articulable facts," "not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (cleaned up); *de Jesus v. UnitedHealth*, No. CV-22-00532, 2025 WL 2958559, at *2 (D. Ariz. Oct. 17, 2025) (fear that "unspecified . . . data may be exploited lacks the specificity needed to outweigh the public's right to access court documents" (cleaned up)).

The chart attached to Meta's declaration underscores these deficiencies. Each entry recites the same conclusory language—"[i]f this information were disclosed, it could competitively harm Meta and enable bad actors to infiltrate Meta's proprietary systems"—with no specifics as to how or why disclosure of the referenced material would lead to that result. *See* ECF 360-1 at 1-3. This

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S REQUESTS TO SEAL PORTIONS OF EXPERT DECLARATION IN SUPPORT OF PLAINTIFF'S SPOLIATION REPLY (ECF 360) | CASE NO. 22-CV-03699-PCP (VKD)

Court rightly rejected that sort of boilerplate recitation in *X Corp.* and should do so again here. *See* 2025 WL 81577, at *3 ("A party with compelling reasons to seal does not leave to chance that the district court will pick through its mine run, perhaps not find, and reject by mistake any purported nuggets."). Moreover, as the Court explained, "[g]eneric rationales invite general rejection." *Id*. (citing Civil L.R. 79-5(c), (f)(6), (g)(2); *Kamakana*, 447 F.3d at 1182).

*Third*, the Opposed Requests involve ordinary words and phrases that are not confidential or proprietary. But "generic" and "overbroad redactions of basic concepts must be rejected" under the compelling reasons standard, particularly where such concepts form the "main subject" of the matter at issue. *Splunk Inc. v. Cribl, Inc.*, No. C 22-7611, 2024 WL 3912261, at *4 (N.D. Cal. Aug. 19, 2024). Indeed, courts have rejected Meta's efforts to seal this information even under the good cause standard. *See In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580 (N.D. Cal. May 21, 2025), ECF 1030 at 2 (no good cause to seal "generic or high-level references to publicly or commonly known terms and concepts . . . , untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is *proprietary* or *confidential* to its business" (emphasis added)).

*Finally*, while Meta argues that the information at issue "is not necessary for the public to understand the issues raised by Plaintiff's motion for sanctions," *see* ECF 360 at 1-2, that argument is at odds with the record. The Mickens Declaration is central to the parties' arguments, which is why counsel for both parties referenced Plaintiff's expert and his opinions at the April 16 hearing.

As noted, this is not a blanket opposition. Plaintiff does not oppose the portion of Meta's third request that seeks to seal only internal names of databases and repositories. Plaintiff also does not oppose Meta's fourth request, which is likewise limited to the name of a repository. Plaintiff reserves all rights to challenge Meta's sealing requests and confidentiality designations in the future, including at summary judgment and trial.

## IV.    CONCLUSION

For the reasons explained above, the Court should grant in part and deny in part Meta's sealing requests. If the Court permits any information to remain under seal, Plaintiff respectfully requests that the Court order Meta to refile the Mickens Declaration with updated redactions.

5

Dated: April 20, 2026

Respectfully submitted,

*/s/ John C. Quinn*

John C. Quinn (*pro hac vice*)
jquinn@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
hmustefa@heckerfink.com
Jocelyn Hassel (*pro hac vice*)
jhassel@heckerfink.com
Tayonna Ngutter (*pro hac vice*)
tngutter@heckerfink.com
Tanveer Singh (*pro hac vice*)
tsingh@heckerfink.com
**HECKER FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, NY 10118
T: 212.763.0883

Joshua Matz (*pro hac vice*)
jmatz@heckerfink.com
Joanne Grace Dela Peña (*pro hac vice*)
jdelapena@heckerfink.com
Kaitlin Konkel (*pro hac vice*)
kkonkel@heckerfink.com
Brian Remlinger (*pro hac vice*)
bremlinger@heckerfink.com
**HECKER FINK LLP**
1050 K Street NW | Suite 1040
Washington, DC 20001
T: 212.763.0883

Leslie Brueckner (SBN: 140968)
lbrueckner@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 573-1851

Elizabeth Ryan (*pro hac vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730

Derek G. Howard (SBN: 118082)
derek@derekhowardlaw.com
**DEREK G. HOWARD LAW FIRM, INC.**
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419

*Attorneys for Plaintiff Dr. Andrew Forrest*

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S
REQUESTS TO SEAL PORTIONS OF EXPERT DECLARATION IN SUPPORT OF PLAINTIFF'S
SPOLIATION REPLY (ECF 360) | CASE NO. 22-CV-03699-PCP (VKD)

**<u>CERTIFICATE OF SERVICE</u>**

I, John C. Quinn, hereby certify that on April 20, 2026, the foregoing document and attachments were electronically filed using the Court's CM/ECF system.

*/s/ John C. Quinn*
John C. Quinn

---

PLAINTIFF DR. ANDREW FORREST'S RESPONSE TO DEFENDANT META PLATFORMS, INC.'S REQUESTS TO SEAL PORTIONS OF EXPERT DECLARATION IN SUPPORT OF PLAINTIFF'S SPOLIATION REPLY (ECF 360) | CASE NO. 22-CV-03699-PCP (VKD)