Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DR. ANDREW FORREST,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-CV-03699-PCP (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMIN. MOTION TO SEAL PORTIONS OF THE FEBRUARY 24 AND APRIL 14, 2026 HEARING TRANSCRIPTS [DKTS. 324, 364, 370]**<br><br>The Honorable Virginia K. DeMarchi |

Pursuant to Civil Local Rules 7-11 and 79-5(c) of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Meta") respectfully submits this Administrative Motion to Seal Portions of the February 24 and April 14, 2026 Hearing Transcripts (the "Transcripts"), Dkts. 324, 364, and 370.[1]  This administrative motion is accompanied by (1) the Declaration of Walter F. Brown, Jr. (the "Brown Declaration") and accompanying exhibits (including highlighted Transcripts, with highlighted portions indicating proposed redactions); (2) the parties' stipulation in support of the request to seal; and (3) a proposed order.

This Court held hearings on February 24 and April 14, 2026 to address the parties' discovery dispute letters concerning "fraud scoring" (the "Hearings").  *See* Dkts. 308-3, 344-3.  At the Hearings, the parties agreed to meet and confer concerning confidentiality redactions for the Transcripts of those Hearings.  *See* Dkt. 324 at 3:24-4:18; Dkt. 364 at 4:5-5:1; Dkt. 370 at 3:24-4:18.  Having done so, Meta now seeks to redact narrowly tailored portions of the Transcripts, as outlined in Exhibit 1 to the Brown Declaration.  Those portions reflect specific, non-public confidential business information.  Specifically, Meta seeks to redact information about Meta's non-public, proprietary ad review, ad quality, optimization, and delivery systems and processes, including information about the backend of those systems and processes (the "Confidential Information").  This Court has repeatedly granted requests to seal similar information—including in the discovery dispute letters at issue at the Hearings.  *See* Dkts. 333, 374.  Plaintiff confirmed that he does not oppose this motion, and has stipulated to the filing of the Confidential Information under seal.

## I.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(c), a "court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *M.A. Mobile Ltd.* v. *Indian Inst. of Tech. Kharagpur*, No. 08-cv-02658-RMW (HRL), 2014 WL 12821694, at *1 (N.D. Cal. Apr. 4, 2014) (quoting Fed. R. Civ. P. 26(c)(1)(G)).  When courts in this Circuit consider a motion to seal

---

[1] Dkt. 324 is the transcript from the February 24 hearing.  Dkt. 370 is the amended transcript from the February 24 hearing.  Dkt. 364 is the transcript from the April 14 hearing.

information that is only "tangentially related to the merits of a case," like the Confidential Information at issue here, they apply "the less exacting 'good cause' standard." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097–101 (9th Cir. 2016) (citation omitted). In line with this authority, this Court previously held that the "good cause standard" applied to sealing information concerning the same "discovery matter" in this case. Dkt. 333 at 1 ("As the sealing motion relates to a discovery matter, the good cause standard applies."); *see In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2023 WL 5667891, at *1 (N.D. Cal. Aug. 21, 2023) ("The discovery hearing at issue here does not address the merits of either party's claims or defenses, so the Court will apply the 'good cause' standard of Rule 26(c).").

## II.    **META'S MATERIAL SHOULD BE SEALED**

Good cause exists to seal the Confidential Information.

*First*, Meta seeks to seal only limited portions of the Transcripts that are necessary to protect its proprietary confidential information. Meta asks this Court to seal only the portions of the Transcripts that reveal specific, proprietary, and confidential information about Meta's ad review, ad quality, optimization, and delivery systems and processes. *See* Brown Decl. Ex. 1. Meta's request is therefore "narrowly tailored to sealable material." *Allen* v. *City of Oakland*, No. 00–cv–04599-TEH (NC), 2012 WL 5949619, at *2 (N.D. Cal. Nov. 28, 2012); *see* N.D. Cal. Civ. L.R. 79-5(c)(3).

*Second*, sealing the Confidential Information will not impede the public's understanding of the judicial process, as this specific, proprietary information is not essential to the public's understanding of the merits of this dispute or this case. Meta is leaving unsealed general descriptions of its ad review, ad quality, optimization, and delivery systems and processes—it only seeks to protect from disclosure specific technical and confidential details about those systems and processes.

*Third*, disclosure of the Confidential Information is likely to place Meta at a competitive disadvantage or otherwise cause Meta competitive harm. Where a document "contain[s] sources of business information that might harm [a party's] competitive standing, the need for public access to the records is lessened." *Algarin* v. *Maybelline, LLC*, No. 12-cv-03000-AJB (DHB),

2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (citing *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "[C]ourts have found compelling reasons"—and, *a fortiori*, good cause— to seal "proprietary and confidential business information" that would cause competitive harm, including "information regarding a company's proprietary technology." *Snapkeys, Ltd.* v. *Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting cases) (citations and internal quotations omitted).  In addition, courts within this District "routinely grant motions to seal confidential . . . product operation information." *SanDisk3d IP Holdings Ltd.* v. *Viasat, Inc.*, No. 22-cv-04376-HSG, 2025 WL 835034, at *2 (N.D. Cal. Mar. 17, 2025) (collecting cases); *see Campbell* v. *Facebook Inc.*, No. 13-cv-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (finding good cause to seal "(1) information regarding the processes and functionality of Facebook's security and antiabuse products and systems, (2) source code, and (3) the names of internal tables in Facebook's database") (citation omitted); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons" to seal specific information about how Gmail operates, where Google contended that if the information was disclosed, competitors could "duplicate features of Gmail . . . which would cause competitive harm").

Meta operates in an intensely competitive marketplace where competitors are likely to exploit any release of Meta's detailed, proprietary information to gain a competitive advantage. Brown Decl. ¶ 5.  Disclosure of the Confidential Information would provide competitors with insight into how Meta's ad review, ad quality, optimization, and delivery systems and processes are designed, organized, and operate, which may give competitors the ability to imitate Meta's systems and processes, thereby causing competitive harm.  *See id.*

*Fourth*, disclosure of the Confidential Information could be used by bad actors to infiltrate, exploit, and misuse Meta's internal processes. *See Music Grp. Macao Com. Offshore Ltd.* v. *Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (granting motion to seal server data where its disclosure "may harm [a party] by encouraging another cyber attack, or at least making it feasible"); *In re Google Inc. Gmail*, 2013 WL 5366963, at *3 (sealing information about Google's messaging system because "hackers and spammers could use this

information to circumvent Google's anti-virus and anti-spam mechanisms"). Bad actors could use the information concerning Meta's ad review, ad quality, optimization, and delivery systems and processes to infiltrate and exploit those systems and processes. Brown Decl. ¶ 6.

For the foregoing reasons, courts within this District have protected the type of information that Meta seeks to seal here. *See Calhoun* v. *Google LLC*, No. 20-cv-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (concluding redactions met good cause standard where they were "[n]arrowly tailored to protect confidential technical information regarding sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Campbell*, 2016 WL 7888026, at *2; *In re Google Inc. Gmail*, 2013 WL 5366963, at *3. That includes this Court's orders finding good cause to seal similar information concerning Meta's ad review, ad quality, optimization, and delivery systems and processes, including as part of the same discovery dispute concerning "fraud scoring."[2] *See* Dkt. 289 at 3 n.2 (citing Dkts. 275, 275-4, 275-5); Dkt. 333 at 3 (citing Dkts. 307, 307-4, 307-5, 307-6); Dkt. 374 (citing Dkts. 337-1, 337-2, 337-3).

Actions short of sealing would be insufficient to protect Meta's legitimate interests. Accordingly, there is good cause to seal the Confidential Information, and there are no less restrictive means of protecting Meta's legitimate interest in maintaining confidentiality.

### III.   CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant Meta's unopposed Administrative Motion.

Dated: May 26, 2026

By: */s/ Walter F. Brown, Jr.*

Walter F. Brown, Jr. (SBN: 130248)
wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND,**

---

[2] This Court previously declined another of Meta's sealing requests, concluding that the materials Meta sought to seal were "at a very high level of generality and do not reveal sensitive, non-public information." Dkt. 259 at 1 n.1. That cannot be said of the Confidential Information at issue here.

**WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*pro hac vice*)
abarton@paulweiss.com
T. Patrick Cordova (*pro hac vice*)
pcordova@paulweiss.com
Anne Simons (*pro hac vice*)
asimons@paulweiss.com
Paloma Rivera (*pro hac vice*)
privera@paulweiss.com
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Karen L. Dunn (*pro hac vice*)
kdunn@dirllp.com
Melissa F. Zappala (*pro hac vice*)
mzappala@dirllp.com
**DUNN ISAACSON RHEE LLP**
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Meredith R. Dearborn (SBN: 268312)
mdearborn@dirllp.com
**DUNN ISAACSON RHEE LLP**
345 California Street, Suite 600
San Francisco, CA 94104-2671
Telephone: (202) 240-2900
Facsimile: (202) 240-2050

Jacob M. Heath (SBN: 238959)
jheath@orrick.com
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant Meta Platforms, Inc.*